

**Richard M. Williams, State Bar No. 68032**
**Lyn D. Tadlock, State Bar No. 161277**
**GRAY • DUFFY, LLP**
**702 Marshall St., Suite 600**
**Redwood City, California 94063**
**Phone (650) 365-7343**
**Facsimile: (650) 365-6225**
**E-Mail: rwilliams@grayduffylaw.com**
**E-Mail: ltadlock@grayduffylaw.com**

Attorneys for Defendants Jack Henry & Associates, Inc., a Delaware Corporation dba Profitstars and First National Bank of Central Texas, a Texas Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MEJ

AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons,

Plaintiff(s),

vs.

ZAAZOOM SOLUTIONS, LLC, a Delaware Limited Liability Company, ZAZA PAY LLC, a Delaware Limited Liability Company dba DISCOUNT WEB MEMBER SITES, LLC, Unlimited Local Savings LLC, WEB DISCOUNT CLUB, WEB CREDIT REPT. CO., MEGAONLINECLUB, LLC, and RAISEMONEY FOR ANYTHING; MULTIECOM, LLC, a Colorado Limited Liability Company dba ONLINE DISCOUNT MEMBERSHIP, WEB DISCOUNT COMPANY, and LIBERTY DISCOUNT CLUB; ONLINE RESOURCE CENTER, LLC, a Delaware Limited Liability Company dba Web Coupon Site, USAVE COUPON, and UCLIP, MOE TASSOUDJI, an individual, BILL CUEVAS, an individual, FIRST BANK OF DELAWARE, a Delaware Corporation; FIRST NATIONAL BANK OF CENTRAL TEXAS, a Texas Corporation; SUNFIRST BANK, a Utah Corporation; JACK HENRY & ASSOCIATES, INC., a Delaware Corporation dba PROFITSTARS; AUTOMATED

Case No. CV 11 5226

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**

**San Francisco County Superior Court Case No. CGC-11-510815**

ELECTRONIC CHECKING, INC., a Nevada Corporation; DATA PROCESSING SYSTEMS, LLC, a Delaware Limited Liability Company and DOES 1-10, inclusive,

Defendant(s).

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants First National Bank of Central Texas, a Texas Corporation and Jack Henry & Associates, Inc., a Delaware Corporation dba Profitstars hereby remove to this Court, the state court action described below.

1. On May 9, 2011 an action was commenced in the Superior Court of the State of California in and for the County of San Francisco, entitled AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons, vs. ZAAZOOM SOLUTIONS, LLC, a Delaware Limited Liability Company, et al., Case No. CGC-11-510815. Attached to this Notice as Exhibit "A", "B" and "C", respectively, are a true and correct complete copy of the Complaint filed on May 9, 2011, the First Amended Complaint filed on July 22, 2011, and the Second Amended Complaint filed on September 23, 2011, which last names as Defendants the First National Bank of Central Texas, a Texas Corporation and Jack Henry & Associates, Inc., a Delaware Corporation dba Profitstars.

2. The Defendant FIRST NATIONAL BANK OF TEXAS, a Texas Corporation, was named a defendant to the action through the Second Amended Complaint filed on September 23, 2011.

3. The first date upon which defendant FIRST NATIONAL BANK OF CENTRAL TEXAS, a Texas Corporation, received a notice of the action and a copy of the said Second Amended Complaint was on September 26, 2011, when defendant First National Bank of Central Texas, a Texas Corporation was served with a copy of the said Second Amended Complaint and a summons. The proof of service of the summons is entered in the San Francisco County Superior Court register of actions, but was not scanned. A true and correct copy of the entry in the San Francisco County Superior Court register of actions is attached as Exhibit "D".

4. The Defendant JACK HENRY & ASSOCIATES, INC., a Delaware Corporation dba PROFITSTARS, was named a defendant to the action through the Second Amended Complaint filed on September 23, 2011.

5. The first date upon which defendant Jack Henry & Associates, Inc., a Delaware Corporation dba Profitstars, received a notice of the action and a copy of the said Second Amended Complaint was on September 26, 2011, when defendant Jack Henry & Associates, Inc., a Delaware Corporation dba Profitstars was served with a copy of the said Second Amended Complaint and a summons. A true and correct copy of the proof opf service of the summons is attached hereto as Exhibit "E".

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by defendant(s) pursuant to the provisions of 28 U.S.C. 51441(b) in that it is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and the parties are of diverse citizenship. Further, none of the defendants is a citizen of the state in which this action is pending.

4. Complete diversity of citizenship exists as follows.

a. Plaintiffs: Plaintiff AMBER KRISTI MARSH is an individual residing in Palm Desert, California. Plaintiff STACIE EVANS is an individual residing in Palmdale, California. [Second Amended Complaint, ¶39 and ¶40, respectively.] Moreover, each Plaintiff, at the time this action was commenced, was and still is a citizen of and domiciled in California. Further, neither of the Plaintiffs are, or were at the time this action was commenced, citizens of or domiciled in Nevada, Delaware, Texas, Colorado, New York, Utah, or Arizona.

b. Defendants: Defendant Zaazoom Solutions, LLC, at the time this action was commenced, was and still is a Delaware limited liability company, with its principal place of business in the State of Arizona.

Defendant Zaza Pay LLC, at the time this action was commenced, was and still is a Delaware limited liability company with its principal place of business in the State of Arizona, and operates under the fictitious business names Discount Web Member Sites, LLC, Unlimited Local Savings, LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and

RaiseMoneyForAnything.

Defendant MultiECom, LLC at the time this action was commenced, was and still is a Colorado limited liability company with its principal place of business in the State of Arizona, and operates under the fictitious business names Online Discount Membership, Web Discount Company, and Liberty Discount Club.

Defendant Online Resource Center, LLC at the time this action was commenced, was and still is a Delaware limited liability company with its principal place of business in the State of Arizona, and operates under the fictitious business names Web Coupon Site, USave Coupon, and UClip.

At the time this action was commenced, Defendants Moe Tassoudji and Bill Cuevas were and still are Defendant Zaazoom's sole principals and members.

Defendant First Bank of Delaware at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Delaware and a Delaware chartered bank with its principal place of business in the State of Delaware.

Defendant First National Bank of Central Texas at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Texas and a national bank with its principal place of business in the State of Texas.

Defendant Sun First Bank at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Utah and a Utah chartered bank with its principal place of business in the State of Utah.

Defendant Jack Henry & Associates, Inc. at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Missouri and conducts business under the name of one of its divisions, ProfitStars.

Defendant Automated Electronic Checking, Inc. at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Nevada with its principal place of business in the State of Nevada.

Defendant Data Processing Systems, LLC at the time this action was commenced, was and still is a Delaware limited liability company with its principal place of business in the State of New

York.

5. None of the parties in interest properly joined and served as defendants is a citizen, i.e. is incorporated in and/or has its principal placed of business in, of the state in which the action is brought, California.

6. The defendants seeking removal are not citizens of California. Defendant Jack Henry & Associates, Inc. is a Delaware Corporation dba Profitstars with its principal place of business in Monett, Missouri. Defendant First National Bank of Central Texas is a Texas Corporation with its principal place of business in Waco, Texas.

7. Plaintiffs have alleged in their complaint that they have been damaged as a result of Defendants' alleged conduct in an amount of $5,000,000.00. [Complaint, ¶ 19] Plaintiffs are also seeking restitution [Prayer ¶3], an award of punitive and exemplary damages [Prayer ¶3], and an award of attorneys' fees pursuant to statute. [Prayer ¶ 3].

8. Removal of this action to this District and Division is proper under 28 USC §1441(a) because this is the District and Division which embraces the County where this action was filed and is pending. [28 USC §84(a); Northern District Civil Local Rule 3-2(d).]

9. On or about September 26, 2011, plaintiffs served the Complaint on Defendants First Bank of Delaware, a Delaware Corporation, Online Resource Center, LLC, a Delaware Limited Liability Company dba Web Coupon Site, USave Coupon, and UClip, Sunfirst Bank, a Utah Corporation, and Data Processing Systems, LLC, a Delaware Limited Liability Company. On or about September 28, 2011, Plaintiffs served the Complaint on Defendant MultiECom, LLC, a Colorado Limited Liability Company dba Online Discount Membership, Web Discount Company, and Liberty Discount Club.

10. As of the date of filing of this Notice of Removal of Action, the contact information, as well as that of their respective counsel of record, of the parties identified in Paragraph No. 7 of this Notice of Removal are unknown to the parties seeking removal.

11. The identity of the members of a limited liability company is not public information.

12. Defendants Zaazoom Solutions, LLC, Zaza Pay LLC dba Discount Web Member Sites LLC, Unlimited Local Savings LLC, Web Discount Club, Web Credit Rept. Co., Megaonlineclub,

Case4:11-cv-05226-YGR Document1 Filed10/26/11 Page6 of 82

LLC, and RaiseMoneyforAnything, and Automated Electronic Checking, Inc. have Joined in the Notice of Removal.

DATED: October 25, 2011

GRAY • DUFFY, LLP

By: [signature]

RICHARD M. WILLIAMS
LYN D. TADLOCK
Attorneys for Defendants Jack Henry & Associates, Inc., a Delaware Corporation dba Profitstars and First National Bank of Central Texas, a Texas Corporation

GRAY • DUFFY, LLP

10/25 4:46
G:\Marsh\Notice of Removal - Diversity 10-17-11.wpd

6

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

Zaazoom Solutions, LLC, a Delaware Limited Liability Company
Does 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Amber Kristi Marsh and Stacie Evans, individually and on behalf of a class of similarly situated persons,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER: *(Número del Caso):* CGC-11-510815

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karl S. Kronenberger, Kronenberger Burgoyne, LLP, 150 Post St., Ste 520, San Francisco, CA 94108

DATE: *(Fecha)* MAY - 9 2011 CLERK OF THE COURT Clerk, by *(Secretario)* P. NATT, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Karl S. Kronenberger (Bar No. 226112)
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
TELEPHONE NO.: (415) 955-1155 FAX NO.: (415) 955-1158
ATTORNEY FOR (Name): Plaintiffs Amber Kristi Marsh & Stacie Evans

FOR COURT USE ONLY

FILED
Superior Court of California
County of San Francisco

MAY - 9 2011

CLERK OF THE COURT
BY: Param Natt
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center

CASE NAME:
Marsh, et al. v. Zaazoom Solutions, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CGC-11-510815 |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: One (1)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 9, 2011
Karl S. Kronenberger
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Henry M. Burgoyne, III (CA Bar No. 203748)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiffs
AMBER KRISTI MARSH AND STACIE EVANS

SUMMONS ISSUED
FILED
San Francisco County Superior Court
MAY - 9 2011
CLERK OF THE COURT
BY: P. Nait Deputy Clerk
P. NAIT

**SUPERIOR COURT OF CALIFORNIA**
**FOR SAN FRANCISCO COUNTY**

**AMBER KRISTI MARSH** and **STACIE EVANS**, individually and on behalf of a class of similarly situated persons,

Plaintiffs,

vs.

**ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company, and **DOES 1-10**, inclusive,

Defendants.

CGC-11-510815
Case No.

**COMPLAINT FOR VIOLATION OF BUS. & PROF. C. §17200**

**DEMAND FOR JURY TRIAL**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Plaintiffs Amber Kristi Marsh and Stacie Evans, bring this action individually and on behalf of a class of similarly situated persons, by and through their undersigned counsel, and allege as follows:

## INTRODUCTION

1. This complaint addresses Defendant Zaazoom Solutions, LLC ("Zaazoom")'s theft of money from those who need it the most. Zaazoom operates a scam where it lures people into applying for payday loans on Internet websites. Zaazoom takes the information it gathers from the payday loan applications—including the applicants' banking information—and uses this information to forge checks on behalf of the applicants. These checks are fakes; they are created without the applicants' knowledge or consent. These checks supposedly pay for Zaazoom's online coupon services, though no applicant ever agreed to buy such services. In fact, the idea that a cash-strapped, payday loan applicant would spend money on Zaazoom's coupon service, the purpose of which is to encourage a person to spend additional money with Zaazoom's coupons, is absurd. The money is transferred from the applicants' checking accounts to Zaazoom's account before the applicants realize that the forged checks have been drawn or that withdrawals have been made. Defendant has performed this scam thousands of times, and robbed people in a frail financial condition of their remaining money.

2. Plaintiffs Stacie Evans and Amber Kristi Marsh separately applied for payday loans on different payday loan websites in November 2010 and January 2011, respectively.

3. As part of the online application process, each Plaintiff entered her personal information into the payday loan website, including her checking account number and bank routing number.

4. During the application process, both Plaintiffs specifically avoided registering for any third party offers that were advertised on the payday loan websites.

5. On information and belief, these payday loan websites were operated by Zaazoom or by Zaazoom's affiliates.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

6. Without Plaintiffs' knowledge or consent, Zaazoom obtained Plaintiffs' personal information from these payday loan websites.

7. Without Plaintiffs' knowledge or consent, Zaazoom used Plaintiffs' personal information to register Plaintiffs for Zaazoom's online coupon services.

8. However, Plaintiffs had never heard of Zaazoom's coupon services, let alone registered for these services.

9. Zaazoom then drafted remotely created checks from Plaintiffs' checking accounts, making them payable to Zaazoom for Zaazoom's coupon services. Plaintiffs never authorized Zaazoom to draft these checks.

10. Zaazoom deposited the checks in Zaazoom's depositary bank account.

11. Zaazoom's bank authenticated the remotely created checks and sent the checks to Plaintiffs' banks for settlement.

12. Zaazoom's bank received the funds identified in the remotely created checks and deposited those funds in Zaazoom's account.

13. As a result of Zaazoom's misconduct, Plaintiffs and those similarly situated to Plaintiffs have been damaged.

14. On information and belief, Zaazoom has engaged in this same misconduct with respect to thousands of other individuals who are similarly situated to Plaintiffs, where: a) these individuals applied for a loan on a payday loan website where they entered their checking account information, b) these individuals never authorized Zaazoom to draft remotely created checks from their checking accounts, c) Zaazoom used the individuals' personal information to draft remotely created checks without the individuals' authorization, and d) Zaazoom deposited these remotely created checks.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this matter under the California Constitution, Article VI, section 10.

16. This Court has personal jurisdiction over Defendant because a substantial part of Defendant's misconduct that gave rise to this action occurred in California.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

17. Venue is proper pursuant to Code of Civil Procedure section 395.5 because Defendant's liability arises in this county and the acts alleged took place in this county. Moreover, because Defendant is a foreign corporation that is not qualified to conduct business in California under Corporations Code section 2105, venue is proper in any county in the State.

## PARTIES

18. On information and belief, Defendant Zaazoom is a Delaware limited liability company with its principal office in Scottsdale, Arizona.

19. Plaintiff Amber Kristi Marsh is an individual residing in Palm Desert, California.

20. Plaintiff Stacie Evans is an individual residing in Palmdale, California.

21. Plaintiffs are uncertain of the true names and capacities of those defendants sued by the fictitious names DOES 1 through 10, who also are responsible and liable for the injuries alleged in this complaint and who proximately caused damages to Plaintiff and the members of the Class. Plaintiffs will amend this complaint to add the true names and capacities of the DOES when they become known.

22. Upon information and belief, at all times all Defendants were the principals, agents, affiliates, partners, and/or co-conspirators of each other, and each acted within the course, scope, and authority of such relationships so that, as a result, all Defendants are jointly and severally liable for the acts alleged herein.

## FACTUAL ALLEGATIONS

### Remotely Created Checks

23. A remotely created check is a check that is not created by the paying bank and that does not bear the signature of the payor. Rather, a remotely created check is a check that is: a) created by the payee, b) that is drawn on the payor's bank account, and c) that does not bear the signature of the payor in the format agreed to between the paying bank and payor.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

24. A remotely created check is typically created when the holder of a checking account (the payor) authorizes a payee to draft a check on the payor's account, but where the payor does not actually sign the check.

25. In place of the signature of the payor, a remotely created check typically bears the customer's printed or typed name or bears a statement that the payor has authorized the check.

26. Thus, with the payor's authorization, the payee may create a remotely created check payable to itself. Instead of obtaining the payor's actual signature on the check, the payee inserts the statement that the payor has authorized the remotely created check. The payee then deposits the remotely created check in the payee's bank account.

27. After evaluating the authenticity of the check, the payee's bank sends the remotely created check to the payor's bank for settlement. If the payor's bank accepts the check, it will provide the funds identified in the check to the payee's bank. The payee's bank, in turn, will deposit those funds in the payee's account. All of these steps may occur before the payor sees the remotely created check or even knows that a withdrawal has been made from his or her bank account.

28. Remotely created checks can be a useful payment device. For example, a debtor can authorize a service provider to draft a remotely created check by telephone, which may enable the debtor to pay his or her bill in a timely manner and avoid late charges.

29. On the other hand, remotely created checks are vulnerable to fraud because they do not bear the payor's signature or other readily verifiable indication of authorization.

30. As the Federal Trade Commission has noted, the banking community and lawmakers have recognized that with remotely created checks, the burden of ensuring that the check is authorized is properly placed on the bank whose customer deposited the check. This is true because this bank—*i.e.* the depositary bank—is in the best position to detect fraud, and this burden provides an economic incentive for the depositary bank to monitor customers that deposit remotely created checks, and thus, to

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

limit the number of fraudulent remotely created checks that are introduced into the check collection system. Thus, the depositary bank has a duty to examine a remotely created check for authenticity before sending the check to the paying bank for settlement.

31. Remotely created checks are subject to state law on negotiable instruments, and specifically Articles 3 and 4 of the Uniform Commercial Code, as adopted by California in Commercial Code sections 3101 *et seq.* and 4101 *et seq.*

**Zaazoom Misappropriated Personal Information and Drafted Fraudulent Remotely Created Checks Using that Information**

32. Zaazoom provides online coupon services though various Internet websites, such as <libertydiscountclub.com> and <uclipusave.com> (collectively, the "Zaazoom Websites").

33. Members of the Zaazoom Websites can download and/or print coupons from these websites, which can then be redeemed with various merchants.

34. A person may sign up to become a member of a Zaazoom Website by entering his or her name, address, email address, and phone number into the website's application screen. Additionally, to become a member of a Zaazoom Website, a person must enter his or her checking account number and bank routing number into the websites' application screen.[1] Once registered, Zaazoom drafts remotely created checks from the member's checking account to pay for Zaazoom's coupon services.

35. Despite the foregoing process, most members of the Zaazoom Websites did not become members voluntarily. Rather, Zaazoom registered most people without their knowledge or consent.

36. In particular, Zaazoom obtained information regarding individuals ("Applicants") from various websites that allow individuals to apply for short-term cash

[1] Instead of checking account information, a user of a Zaazoom Website can enter credit card information; however the default setting is for the user to enter his or her checking account information.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

advances, all referred to as payday loans or paycheck loans (collectively, the "Payday Loan Websites").[2]

37. On information and belief, the Payday Loan Websites were created, maintained, and operated by Zaazoom or Zaazoom's affiliates. The affiliates are third parties with whom Zaazoom contracts to collect Applicants' personal information through the operation of the Payday Loan Websites.

38. When applying for a payday loan on a Payday Loan Website, an Applicant was required to enter his or her personal information, including, name, address, email address, and telephone number. Additionally, an Applicant was required to enter his or her checking account number and bank routing number. The Payday Loan Websites would not allow the Applicant to proceed with the application process unless a valid checking account number and bank routing number were entered. With varying language, the Payday Loan Websites stated that the Applicant's checking account information is necessary to fund the loan.

39. Without the Applicants' knowledge or consent, the operators of the Payday Loan Websites transferred the Applicants' personal information—including the Applicants' checking account information—to Zaazoom.

40. Without the Applicants' knowledge or consent, Zaazoom used the Applicants' personal information to register the Applicants for memberships with a Zaazoom Website(s), such as such as <libertydiscountclub.com> (the "Liberty Website") and <uclipusave.com> (the "U-Clip Website").

41. The Applicants never consented to registering for any membership with any Zaazoom Website.

42. Without the Applicants' knowledge or consent, after Zaazoom registered the Applicants as members of the Zaazoom Website(s), Zaazoom drafted remotely

[2] A payday loan (also called a paycheck advance or payday advance) is a small, short-term loan intended to cover immediate expenses until the loan applicant's next paycheck arrives, where payment and repayment are made directly to and from the recipient's checking account.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

created checks from the Applicants' checking accounts payable to Liberty Discount Club, U-Clip Coupon, or other Zaazoom coupon services. The Applicants were unaware that Zaazoom was drafting or depositing these remotely created checks.

43. Zaazoom deposited these remotely created checks in Zaazoom's depositary bank account.

44. Zaazoom's bank authenticated these checks as legitimate and then sent them to the Applicants' banks for settlement.

45. Upon receiving the settled funds from the Applicants' banks, Zaazoom's bank deposited the funds in Zaazoom's account.

46. As a result of Zaazoom's misconduct, money was wrongfully withdrawn from the Applicants' bank accounts.

**Plaintiff Marsh**

47. Plaintiff Marsh has never applied to be a member of the Liberty Website or the U-Clip Website. Marsh never provided her checking account number or her bank routing number to either the Liberty Website or the U-Clip Website.

48. On or around January 16, 2011, Marsh applied for a payday loan on a Payday Loan Website.

49. In applying for a payday loan, the Payday Loan Website presented Marsh with online offers for unrelated goods and services. However, Marsh specifically chose not to participate in any of those offers or to make any purchases. Given Marsh's financial situation, it was not possible for Marsh to consider participating in such offers, and she automatically rejected all such offers.

50. In order to apply for a payday loan, the Payday Loan Website required Marsh to enter her checking account number and her bank routing number into the Payday Loan Website's application screen. Marsh entered this information into the Payday Loan Website.

51. On information and belief, without Marsh's knowledge or consent, the Payday Loan Website transferred Marsh's personal information—including her checking

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

account number and bank routing number—to Zaazoom.

52. Without Marsh's knowledge or consent, Zaazoom used Marsh's personal information—including her account number and bank routing number—to enroll Marsh as a member of the Liberty Website and/or the U-Clip Website.

53. On or around January 16, 2011, without Marsh's knowledge or consent, Zaazoom generated a remotely created check from Marsh's checking account, payable to Liberty Discount Club, in the amount of $49.98.

54. Zaazoom deposited this remotely created check in Zaazoom's depositary bank account.

55. As a result, money was wrongfully withdrawn from Marsh's account and Marsh has been damaged.

**Plaintiff Evans**

56. Plaintiff Evans has never applied to be a member of the Liberty Website or the U-Clip Website. Evans never provided her checking account number or her bank routing number to either the Liberty Website or the U-Clip Website.

57. On or around October 25, 2010, Evans applied for a payday loan on a Payday Loan Website.

58. In applying for a payday loan, the Payday Loan Website presented Evans with online offers for unrelated goods and services. However, Evans specifically chose not to participate in any of those offers or to make any purchases. Given Evans's financial situation, it was not possible for Evans to consider participating in such offers, and she automatically rejected all such offers.

59. In order to apply for a payday loan, the Payday Loan Website required Evans to enter her checking account number and her bank routing number into the Payday Loan Website's application screen. Evans entered this information into the Payday Loan Website.

60. On information and belief, without Evans's knowledge or consent, the Payday Loan Website transferred Evans's personal information—including her checking

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

account number and bank routing number—to Zaazoom.

61. Without Evans's knowledge or consent, Zaazoom used Evans's personal information—including her account number and bank routing number—to enroll Evans as a member of the Liberty Website and/or the U-Clip Website.

62. On or around October 25, 2010, without Evans's knowledge or consent, Zaazoom generated a remotely created check from Evans's checking account, payable to Liberty Discount Club, in the amount of $49.98.

63. On or around October 22, 2010, without Evans's knowledge or consent, Zaazoom generated a remotely created check from Evans's checking account, payable to Discount Web Member Site, in the amount of $22.99.

64. On or around November 1, 2010, without Evans's knowledge or consent, Zaazoom generated a remotely created check from Evans's checking account, payable to UClip Coupon, in the amount of $12.99.

65. On or around December 3, 2010, without Evans's knowledge or consent, Zaazoom generated a remotely created check from Evans's checking account, payable to UClip Coupon, in the amount of $12.99.

66. Zaazoom deposited these remotely created checks in Zaazoom's depositary bank account.

67. As a result, money was wrongfully withdrawn from Evans's account and Evans has been damaged.

**CLASS ACTION ALLEGATIONS**

68. Pursuant to Code of Civil Procedure section 382 and Rules of Court 3.760-3.771, Plaintiffs Marsh and Evans bring this action on their own behalves and as representatives of all California residents: a) whose checking accounts were drawn on by way of remotely created checks created by Zaazoom for the Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by Zaazoom after May 6, 2007, and b) who never consented to the creation of a remotely created check to pay for Zaazoom's services on the Liberty Website and/or U-Clip Website and/or other

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

online coupon or discount service operated by Zaazoom.

69. A class action is appropriate here because there exists an ascertainable class and a well-defined community of interest in the questions of law and fact involved.

70. The Class is readily ascertainable from Zaazoom's records of members of Zaazoom's Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by Zaazoom.

71. A class action is the superior method of adjudicating this controversy because: a) the Class is so numerous that the joinder of all members is impracticable, b) there are questions of law and fact common to the Class predominate over any question affecting only individual Class members, and c) the claims of the representative Plaintiffs are typical of the claims of the Class, and the representative Plaintiffs will fairly and adequately protect the interests of the Class.

72. The common questions of law and fact include:

- Whether Zaazoom used information from Payday Loan Websites to draft remotely created checks.
- Whether Zaazoom obtained authorization to create remotely created checks from the information it obtained from Payday Loan Websites.
- Whether Zaazoom's unauthorized creation of remotely created checks from the Class's checking accounts violated California Business & Professions Code section 17200.

73. Plaintiffs can and will fairly and adequately represent and protect the interests of the Class because:

- All of the questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of Defendant to all Class members;
- Without the representation provided by Plaintiffs, it is unlikely that

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

any Class members would receive legal representation and/or obtain recourse for the misconduct carried out by Defendant; and

- Plaintiffs have retained competent attorneys who are experienced both in the conduct of class actions and the law governing online advertising, e-contracting, and online payment systems. Plaintiffs and their counsel have the necessary resources to litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the Class members and are determined to discharge those duties to obtain the best possible recovery for the Class.

**FIRST CLAIM FOR RELIEF**

**(Violation of California Business and Professions Code section 17200—against Defendant Zaazoom)**

74. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 73.

75. Without the authorization or consent of Plaintiffs or the other Class members, Zaazoom obtained Marsh's, Evans's, and other Class members' personal information—including their checking account numbers and bank routing numbers—from one or more Payday Loan Websites.

76. Without the authorization or consent of Plaintiffs or the other Class members, Zaazoom registered the Class members for membership with the Liberty Website and/or the U-Clip Website, using the personal information Zaazoom had obtained from one or more Payday Loan Websites.

77. Without the authorization or consent of Plaintiffs or the other Class members, Zaazoom drafted remotely created checks drawn on the Class members' checking accounts.

78. Without the authorization or consent of Plaintiffs or the other Class members, Zaazoom deposited in its depositary bank account the remotely created checks drawn on the Class members' checking accounts.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

79. Without the authorization or consent of Plaintiffs or the other Class members, money was transferred from the Class members' checking accounts to Zaazoom's depositary bank account.

80. Zaazoom has engaged in an unlawful, unfair, and/or fraudulent business act in violation of California Business and Professions Code section 17200.

81. As a result of Zaazoom's misconduct, Plaintiffs and the other Class members were damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment as follows:

1. That the Court enter a judgment finding that Defendant Zaazoom has violated California Business and Professions Code section 17200;

2. That the Court enter a preliminary and permanent injunction restraining Defendant from drafting or depositing remotely created checks without the payor's authorization and consent.

3. That the Court award damages and monetary relief as follows:

   a. Damages in an amount to be determined at trial in the form of the Class members' actual damages;

   b. Damages in an amount to be determined at trial in the form of restitution of the money wrongfully withdrawn from the Class members' checking accounts;

   c. Plaintiff's costs;

4. Such other relief that the Court determines is just and proper.

Respectfully Submitted,

DATED: May 9, 2011

**KRONENBERGER BURGOYNE, LLP**

By: ______________________
Karl S. Kronenberger

Attorneys for Plaintiffs

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## REQUEST FOR JURY TRIAL

Plaintiffs hereby demand a trial of this action by jury.

DATED: May 9, 2011

KRONENBERGER BURGOYNE, LLP

By: ____________________
Karl S. Kronenberger

Attorneys for Plaintiffs

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

# Exhibit B

**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Henry M. Burgoyne, III (CA Bar No. 203748)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiffs
AMBER KRISTI MARSH AND STACIE EVANS

FILED
Superior Court of California
County of San Francisco

JUL 22 2011

CLERK OF THE COURT
BY: [signature]
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**FOR SAN FRANCISCO COUNTY**

**AMBER KRISTI MARSH** and **STACIE EVANS**, individually and on behalf of a class of similarly situated persons,

Plaintiffs,

vs.

**ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company, **ZAZA PAY LLC**, a Delaware Limited Liability Company *dba* **WEB DISCOUNT CLUB** and **DISCOUNT WEB MEMBER SITES, MOE TASSOUDJI**, an individual, **BILL CUEVAS**, an individual, and **DOES 1-10**, inclusive,

Defendants.

**CLASS ACTION**

Case No. CGC-11-510815

**FIRST AMENDED COMPLAINT FOR VIOLATION OF BUS. & PROF. C. §17200**

**DEMAND FOR JURY TRIAL**

**BY FAX**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Plaintiffs Amber Kristi Marsh and Stacie Evans bring this action individually and on behalf of a class of similarly situated persons, by and through their undersigned counsel, and allege as follows:

## INTRODUCTION

1. This complaint addresses Defendants' theft of money from those who need it the most. Defendants operate a scam where they lure people into applying for payday loans on Internet websites. Defendants take the information they gather from the payday loan applications—including the applicants' banking information—and use this information to forge checks on behalf of the applicants. These checks are fakes; they are created without the applicants' knowledge or consent. These checks supposedly pay for Defendants' online coupon services, though no applicant ever agreed to buy such services. In fact, the idea that a cash-strapped, payday loan applicant would spend money on Defendants' coupon service, the purpose of which is to encourage a person to spend additional money with Defendants' coupons, is absurd. The money is transferred from the applicants' checking accounts to Defendants' accounts before the applicants realize that the forged checks have been drawn or that withdrawals have been made. Defendants have performed this scam thousands of times, and robbed people in a frail financial condition of their remaining money.

2. Plaintiffs Stacie Evans and Amber Kristi Marsh separately applied for payday loans on different payday loan websites in November 2010 and January 2011, respectively.

3. As part of the online application process, each Plaintiff entered her personal information into the payday loan website, including her checking account number and bank routing number.

4. During the application process, both Plaintiffs specifically avoided registering for any third party offers that were advertised on the payday loan websites.

5. On information and belief, these payday loan websites were operated by Defendants or by Defendants' affiliates.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

6. Without Plaintiffs' knowledge or consent, Defendants obtained Plaintiffs' personal information from these payday loan websites.

7. Without Plaintiffs' knowledge or consent, Defendants used Plaintiffs' personal information to register Plaintiffs for Defendants' online coupon services.

8. However, Plaintiffs had never heard of Defendants' coupon services, let alone registered for these services.

9. Defendants then drafted remotely created checks from Plaintiffs' checking accounts, making them payable to Defendants for Defendants' coupon services. Plaintiffs never authorized Defendants to draft these checks.

10. Defendants deposited the checks in Defendants' depositary bank accounts.

11. Defendants' banks authenticated the remotely created checks and sent the checks to Plaintiffs' banks for settlement.

12. Defendants' banks received the funds identified in the remotely created checks and deposited those funds in Defendants' accounts.

13. As a result of Defendants' misconduct, Plaintiffs and those similarly situated to Plaintiffs have been damaged.

14. On information and belief, Defendants have engaged in this same misconduct with respect to thousands of other individuals who are similarly situated to Plaintiffs, where: a) these individuals applied for a loan on a payday loan website where they entered their checking account information, b) these individuals never authorized Defendants to draft remotely created checks from their checking accounts, c) Defendants used the individuals' personal information to draft remotely created checks without the individuals' authorization, and d) Defendants deposited these remotely created checks.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this matter under the California Constitution, Article VI, section 10.

16. This Court has personal jurisdiction over Defendants because a substantial part of Defendants' misconduct that gave rise to this action occurred in California.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

17. Venue is proper pursuant to Code of Civil Procedure section 395.5 because Defendants' liability arises in this county and the acts alleged took place in this county. Moreover, because Defendants Zaazoom Solutions, LLC ("Zaazoom") and Zaza Pay LLC ("Zaza Pay") are foreign corporations that are not qualified to conduct business in California under Corporations Code section 2105, venue is proper in any county in the State.

18. The matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, is a class action in which one or more members of the Class (as defined below) is a citizen of a state different from each Defendant, and no Defendant is a citizen of California.

**PARTIES**

19. On information and belief, Defendant Zaazoom is a Delaware limited liability company with its principal office in Scottsdale, Arizona.

20. On information and belief, Defendant Zaza Pay is a Delaware limited liability company with its principal office in Scottsdale, Arizona.

21. On information and belief, Zaazoom is the sole member and principal of Zaza Pay.

22. On information and belief, Zaza Pay operates under the fictitious business names Discount Web Member Sites and Web Discount Club.

23. On information and belief, Zaazoom's sole principals and members are Defendants Moe Tassoudji and Bill Cuevas.

24. On information and belief, Tassoudji and Cuevas run the day-to-day operations of Zaazoom and Zaza Pay, and also make all significant strategic decisions for Zaazoom and Zaza Pay.

25. On information and belief, Tassoudji and Cuevas were aware of and actively participated in all of the actions, activities, and events alleged herein.

26. Plaintiff Amber Kristi Marsh is an individual residing in Palm Desert, California.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

27. Plaintiff Stacie Evans is an individual residing in Palmdale, California.

28. Plaintiffs are uncertain of the true names and capacities of those defendants sued by the fictitious names DOES 1 through 10, who also are responsible and liable for the injuries alleged in this complaint and who proximately caused damages to Plaintiff and the members of the Class. Plaintiffs will amend this complaint to add the true names and capacities of the DOES when they become known.

29. Upon information and belief, at all times all Defendants were the principals, agents, affiliates, partners, and/or co-conspirators of each other, and each acted within the course, scope, and authority of such relationships so that, as a result, all Defendants are jointly and severally liable for the acts alleged herein.

## FACTUAL ALLEGATIONS

### Remotely Created Checks

30. A remotely created check is a check that is not created by the paying bank and that does not bear the signature of the payor. Rather, a remotely created check is a check that is: a) created by the payee, b) that is drawn on the payor's bank account, and c) that does not bear the signature of the payor in the format agreed to between the paying bank and payor.

31. A remotely created check is typically created when the holder of a checking account (the payor) authorizes a payee to draft a check on the payor's account, but where the payor does not actually sign the check.

32. In place of the signature of the payor, a remotely created check typically bears the customer's printed or typed name or bears a statement that the payor has authorized the check.

33. Thus, with the payor's authorization, the payee may create a remotely created check payable to itself. Instead of obtaining the payor's actual signature on the check, the payee inserts the statement that the payor has authorized the remotely created check. The payee then deposits the remotely created check in the payee's bank account.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

34. After evaluating the authenticity of the check, the payee's bank sends the remotely created check to the payor's bank for settlement. If the payor's bank accepts the check, it will provide the funds identified in the check to the payee's bank. The payee's bank, in turn, will deposit those funds in the payee's account. All of these steps may occur before the payor sees the remotely created check or even knows that a withdrawal has been made from his or her bank account.

35. Remotely created checks can be a useful payment device. For example, a debtor can authorize a service provider to draft a remotely created check by telephone, which may enable the debtor to pay his or her bill in a timely manner and avoid late charges.

36. On the other hand, remotely created checks are vulnerable to fraud because they do not bear the payor's signature or other readily verifiable indication of authorization.

37. As the Federal Trade Commission has noted, the banking community and lawmakers have recognized that with remotely created checks, the burden of ensuring that the check is authorized is properly placed on the bank whose customer deposited the check. This is true because this bank—*i.e.* the depositary bank—is in the best position to detect fraud, and this burden provides an economic incentive for the depositary bank to monitor customers that deposit remotely created checks, and thus, to limit the number of fraudulent remotely created checks that are introduced into the check collection system. Thus, the depositary bank has a duty to examine a remotely created check for authenticity before sending the check to the paying bank for settlement.

38. Remotely created checks are subject to state law on negotiable instruments, and specifically Articles 3 and 4 of the Uniform Commercial Code, as adopted by California in Commercial Code sections 3101 *et seq.* and 4101 *et seq.*

**Defendants Misappropriated Personal Information and Drafted Fraudulent Remotely Created Checks Using that Information**

39. Defendants provide online coupon services though various Internet websites, including but not limited to <libertydiscountclub.com>, <777discountclub.com>,

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

<247discountclub.com>, <grocerysavingsdirect.com>, <couponsinyourmailbox.com>, and <uclipusave.com> (collectively, the "Defendants' Websites").

40. Members of the Defendants' Websites can download and/or print coupons from these websites, which can then be redeemed with various merchants.

41. A person may sign up to become a member of one of Defendants' Websites by entering his or her name, address, email address, and phone number into the website's application screen. Additionally, to become a member of one of Defendants' Websites, a person must enter his or her checking account number and bank routing number into the websites' application screen.[1] Once registered, Defendants draft remotely created checks from the member's checking account to pay for Defendants' coupon services.

42. Despite the foregoing process, most members of Defendants' Websites did not become members voluntarily. Rather, Defendants registered most people without their knowledge or consent.

43. In particular, Defendants obtained information regarding individuals ("Applicants") from various websites that allow individuals to apply for short-term cash advances, all referred to as payday loans or paycheck loans (collectively, the "Payday Loan Websites").[2]

44. On information and belief, the Payday Loan Websites were created, maintained, and operated by Defendants or Defendants' affiliates. The affiliates are third parties with whom Defendants contract to collect Applicants' personal information through the operation of the Payday Loan Websites.

---

[1] Instead of checking account information, a user of one of Defendants' Websites can enter credit card information; however the default setting is for the user to enter his or her checking account information.

[2] A payday loan (also called a paycheck advance or payday advance) is a small, short-term loan intended to cover immediate expenses until the loan applicant's next paycheck arrives, where payment and repayment are made directly to and from the recipient's checking account.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

45. When applying for a payday loan on a Payday Loan Website, an Applicant was required to enter his or her personal information, including, name, address, email address, and telephone number. Additionally, an Applicant was required to enter his or her checking account number and bank routing number. The Payday Loan Websites would not allow the Applicant to proceed with the application process unless a valid checking account number and bank routing number were entered. With varying language, the Payday Loan Websites stated that the Applicant's checking account information is necessary to fund the loan.

46. Without the Applicants' knowledge or consent, the operators of the Payday Loan Websites transferred the Applicants' personal information—including the Applicants' checking account information—to Defendants.

47. Without the Applicants' knowledge or consent, Defendants used the Applicants' personal information to register the Applicants for memberships with Defendants' Website(s), such as such as <libertydiscountclub.com> (the "Liberty Website") and <uclipusave.com> (the "U-Clip Website").

48. The Applicants never consented to registering for any membership with any one of Defendants' Websites.

49. Without the Applicants' knowledge or consent, after Defendants registered the Applicants as members of the Defendants' Website(s), Defendants drafted remotely created checks from the Applicants' checking accounts payable to Liberty Discount Club, U-Clip Coupon, or other coupon service(s) owned and operated by Defendants. The Applicants were unaware that Defendants were drafting or depositing these remotely created checks.

50. Defendants deposited these remotely created checks in Defendants' depositary bank accounts.

51. Defendants' banks authenticated these checks as legitimate and then sent them to the Applicants' banks for settlement.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

52. Upon receiving the settled funds from the Applicants' banks, Defendants' banks deposited the funds in Defendants' accounts.

53. As a result of Defendants' misconduct, money was wrongfully withdrawn from the Applicants' bank accounts.

**Plaintiff Marsh**

54. Plaintiff Marsh has never applied to be a member of the Liberty Website or the U-Clip Website. Marsh never provided her checking account number or her bank routing number to either the Liberty Website or the U-Clip Website.

55. On or around January 16, 2011, Marsh applied for a payday loan on a Payday Loan Website.

56. In applying for a payday loan, the Payday Loan Website presented Marsh with online offers for unrelated goods and services. However, Marsh specifically chose not to participate in any of those offers or to make any purchases. Given Marsh's financial situation, it was not possible for Marsh to consider participating in such offers, and she automatically rejected all such offers.

57. In order to apply for a payday loan, the Payday Loan Website required Marsh to enter her checking account number and her bank routing number into the Payday Loan Website's application screen. Marsh entered this information into the Payday Loan Website.

58. On information and belief, without Marsh's knowledge or consent, Defendants intercepted Marsh's personal information from the Payday Loan Website, including her checking account number and bank routing number.

59. Without Marsh's knowledge or consent, Defendants used Marsh's personal information—including her account number and bank routing number—to enroll Marsh as a member of the Liberty Website and/or the U-Clip Website.

60. On or around January 16, 2011, without Marsh's knowledge or consent, Defendants generated a remotely created check from Marsh's checking account, payable to Liberty Discount Club, in the amount of $49.98.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

61. Defendants deposited this remotely created check in Defendants' depositary bank account.

62. As a result, money was wrongfully withdrawn from Marsh's account and Marsh has been damaged.

**Plaintiff Evans**

63. Plaintiff Evans has never applied to be a member of the Liberty Website or the U-Clip Website. Evans never provided her checking account number or her bank routing number to either the Liberty Website or the U-Clip Website.

64. On or around October 25, 2010, Evans applied for a payday loan on a Payday Loan Website.

65. In applying for a payday loan, the Payday Loan Website presented Evans with online offers for unrelated goods and services. However, Evans specifically chose not to participate in any of those offers or to make any purchases. Given Evans's financial situation, it was not possible for Evans to consider participating in such offers, and she automatically rejected all such offers.

66. In order to apply for a payday loan, the Payday Loan Website required Evans to enter her checking account number and her bank routing number into the Payday Loan Website's application screen. Evans entered this information into the Payday Loan Website.

67. On information and belief, without Evans's knowledge or consent, Defendants intercepted Evans's personal information from the Payday Loan Website, including her checking account number and bank routing number.

68. Without Evans's knowledge or consent, Defendants used Evans's personal information—including her account number and bank routing number—to enroll Evans as a member of the Liberty Website and/or the U-Clip Website.

69. On or around October 25, 2010, without Evans's knowledge or consent, Defendants generated a remotely created check from Evans's checking account, payable to Liberty Discount Club, in the amount of $49.98.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

70. On or around October 28, 2010, without Evans's knowledge or consent, Defendants generated a remotely created check from Evans's checking account, payable to Discount Web Member Site, in the amount of $22.99.

71. On or around November 1, 2010, without Evans's knowledge or consent, Defendants generated a remotely created check from Evans's checking account, payable to UClip Coupon, in the amount of $12.99.

72. On or around December 3, 2010, without Evans's knowledge or consent, Defendants generated a remotely created check from Evans's checking account, payable to UClip Coupon, in the amount of $12.99.

73. Defendants deposited these remotely created checks in Defendants' depositary bank accounts.

74. As a result, money was wrongfully withdrawn from Evans's account and Evans has been damaged.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**CLASS ACTION ALLEGATIONS**

75. Pursuant to Code of Civil Procedure section 382 and Rules of Court 3.760-3.771, Plaintiffs Marsh and Evans bring this action on their own behalves and as representatives of all persons: a) whose checking accounts were drawn on by way of remotely created checks created by Defendants for the Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by Defendants after May 6, 2007, and b) who never consented to the creation of a remotely created check to pay for Defendants' services on the Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by Defendants (the "Class").

76. Pursuant to Code of Civil Procedure section 382 and Rules of Court 3.760-3.771, Plaintiffs Marsh and Evans bring this action on their own behalves and as representatives of all California residents: a) whose checking accounts were drawn on by way of remotely created checks created by Defendants for the Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by Defendants after May 6, 2007, and b) who never consented to the creation of a remotely created

check to pay for Defendants' services on the Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by Defendants (the "California Subclass").

77. A class action is appropriate here because there exists an ascertainable Class and California Subclass, and a well-defined community of interest in the questions of law and fact involved.

78. The Class and California Subclass are readily ascertainable from Defendants' records of members of Defendants' Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by Defendants.

79. A class action is the superior method of adjudicating this controversy because: a) the Class and California Subclass are so numerous that the joinder of all members is impracticable, b) there are questions of law and fact common to the Class and California Subclass that predominate over any question affecting only individual Class and California Subclass members, and c) the claims of the representative Plaintiffs are typical of the claims of the Class and California Subclass, and the representative Plaintiffs will fairly and adequately protect the interests of the Class and California Subclass.

80. The common questions of law and fact include:

- Whether Defendants intercepted the personal information that Applicants submitted to the Payday Loan Websites, as the term "intercepted" is used in 18 U.S.C. §2510(4);
- Whether Defendants used information from Payday Loan Websites to draft remotely created checks;
- Whether Defendants obtained authorization to draft remotely created checks from Plaintiffs and the other Class members;
- Whether Defendants' unauthorized creation of remotely created checks from the California Subclass members' checking accounts violated California Business & Professions Code section 17200

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

- Whether Defendants' unauthorized creation of remotely created checks from the Class members' checking accounts violated Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§44-1521 *et. seq.* and constituted conversion of the Class members' money; and
- Whether Defendants' unauthorized use of the Class members' personal banking information, obtained through the interception of an electronic communication, violated the federal Electronic Communications Privacy act, 18 U.S.C. §§2510 *et seq.*

81. Plaintiffs can and will fairly and adequately represent and protect the interests of the Class and California Subclass because:

- All of the questions of law and fact regarding the liability of Defendants are common to the Class and California Subclass and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of Defendants to all Class and California Subclass members;
- Without the representation provided by Plaintiffs, it is unlikely that any Class or Subclass members would receive legal representation and/or obtain recourse for the misconduct carried out by Defendants; and
- Plaintiffs have retained competent attorneys who are experienced both in the conduct of class actions and the law governing online advertising, e-contracting, and online payment systems. Plaintiffs and their counsel have the necessary resources to litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the Class and California Subclass members and are determined to discharge those duties to obtain the best possible recovery for the Class and California Subclass.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**FIRST CLAIM FOR RELIEF**

**(Violation of California Business and Professions Code §17200—brought by Marsh and Evans Individually and on behalf of the California Subclass against all Defendants)**

82. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 81.

83. Without the authorization or consent of Plaintiffs or the other California Subclass members, Defendants obtained the California Subclass members' personal information—including their checking account numbers and bank routing numbers—from one or more Payday Loan Websites.

84. Without the authorization or consent of Plaintiffs or the other California Subclass members, Defendants registered the California Subclass members for membership with the Liberty Website and/or the U-Clip Website, using the personal information Defendants had obtained from one or more Payday Loan Websites.

85. Without the authorization or consent of Plaintiffs or the other California Subclass members, Defendants drafted remotely created checks drawn on the California Subclass members' checking accounts.

86. Without the authorization or consent of Plaintiffs or the other California Subclass members, Defendants deposited in their depositary bank accounts the remotely created checks drawn on the California Subclass members' checking accounts.

87. Without the authorization or consent of Plaintiffs or the other California Subclass members, money was transferred from the California Subclass members' checking accounts to Defendants' depositary bank accounts.

88. Defendants have engaged in an unlawful, unfair, and/or fraudulent business act in violation of California Business and Professions Code section 17200.

89. As a result of Defendants' misconduct, Plaintiffs and the other California Subclass members were damaged.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**SECOND CLAIM FOR RELIEF**

**(Violation of Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§44-1521 *et. seq.*— brought by Marsh and Evans Individually and on behalf of the Class against all Defendants)**

90. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 89.

91. Plaintiffs and the other Class members applied for payday loans on various Payday Loan Websites, which on information and belief, were operated by Defendants and/or Defendants' affiliates.

92. Before Defendants obtained Plaintiffs' and the other Class members' personal information through the Payday Loan Websites, neither Defendants nor their affiliates informed the Class members that Defendants would draft remotely created checks from the Class members' checking accounts using the information collected on the Payday Loan Websites.

93. Without the authorization or consent of Plaintiffs or the other Class members, Defendants obtained the Class members' personal information—including their checking account numbers and bank routing numbers—from one or more Payday Loan Websites.

94. Without the authorization or consent of Plaintiffs or the other Class members, Defendants registered the Class members for membership with the Liberty Website and/or the U-Clip Website, using the personal information Defendants had obtained from one or more Payday Loan Websites.

95. Without the authorization or consent of Plaintiffs or the other Class members, Defendants drafted remotely created checks drawn on the Class members' checking accounts.

96. Without the authorization or consent of Plaintiffs or the other Class members, Defendants deposited in their depositary bank accounts the remotely created checks drawn on the Class members' checking accounts.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

97. Without the authorization or consent of Plaintiffs or the other Class members, money was transferred from the Class members' checking accounts to Defendants' depositary bank accounts.

98. In engaging in the above-described misconduct, Defendants used deception, deceptive acts and practices, fraud, false pretenses, false promises, misrepresentations, concealment, and the suppression or omission of material facts with intent that others rely upon such concealment, in connection with the sale or advertisement of objects, wares, goods, intangibles, and services in violation of Arizona Revised Statutes sections 44-1521.

99. Defendants' misconduct was wanton, reckless, showed spite and ill will, and demonstrated a reckless indifference to the interests of others.

100. As a result of Defendants' misconduct, Plaintiffs and the other Class members were damaged.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**THIRD CLAIM FOR RELIEF**

**(Violation of Electronic Communications Privacy Act, 18 U.S.C. §§2510 *et seq.*— brought by Marsh and Evans Individually and on behalf of the Class against all Defendants)**

101. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 100.

102. Plaintiffs and the other Class members applied for payday loans on various Payday Loan Websites, which on information and belief, were operated by Defendants and/or Defendants' affiliates.

103. Plaintiffs and the other Class members submitted their personal banking information to the Payday Loan Websites with the understanding that such information would be used only to apply for and fund a payday loan.

104. Plaintiffs' and the other Class members' submission of personal information to the Payday Loan Websites constituted "electronic communications" as that term is defined in 18 U.S.C. §2510.

105. Without the authorization or consent of Plaintiffs or the other Class members, Defendants intercepted the Class members' personal information—including their checking account numbers and bank routing numbers—from one or more Payday Loan Websites.

106. Without the authorization or consent of Plaintiffs or the other Class members, Defendants registered the Class members for membership with the Liberty Website and/or the U-Clip Website, using the personal information Defendants had obtained from one or more Payday Loan Websites.

107. Without the authorization or consent of Plaintiffs or the other Class members, Defendants drafted remotely created checks drawn on the Class members' checking accounts.

108. Without the authorization or consent of Plaintiffs or the other Class members, Defendants deposited in their depositary bank accounts the remotely created checks drawn on the Class members' checking accounts.

109. Without the authorization or consent of Plaintiffs or the other Class members, money was transferred from the Class members' checking accounts to Defendants' depositary bank accounts.

110. By engaging in the above-described conduct, Defendants intentionally used and endeavored to use the contents of an electronic communication, knowing or having reason to know that the information was obtained through the interception of an electronic communication in violation of 18 U.S.C. §2511.

111. Defendants intercepted and used Plaintiffs' and the other Class members' electronic communications for the purpose of committing criminal and tortious acts in violation of the laws of the United States and other states.

112. As a result of Defendants' misconduct, Plaintiffs and the other Class members were damaged.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**FOURTH CLAIM FOR RELIEF**

**(Conversion—brought by Marsh and Evans individually and on behalf of the Class against all Defendants)**

113. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 112.

114. Without the authorization or consent of Plaintiffs or the other Class members, Defendants obtained the Class members' personal information—including their checking account numbers and bank routing numbers—from one or more Payday Loan Websites.

115. Without the authorization or consent of Plaintiffs or the other Class members, Defendants registered the Class members for membership with the Liberty Website and/or the U-Clip Website, using the personal information Defendants had obtained from one or more Payday Loan Websites.

116. Without the authorization or consent of Plaintiffs or the other Class members, Defendants drafted remotely created checks drawn on the Class members' checking accounts.

117. Without the authorization or consent of Plaintiffs or the other Class members, Defendants deposited in their depositary bank accounts the remotely created checks drawn on the Class members' checking accounts.

118. Without the authorization or consent of Plaintiffs or the other Class members, money was transferred from the Class members' checking accounts to Defendants' depositary bank accounts.

119. Plaintiffs and the other Class members owned the money in their bank accounts that was wrongfully transferred by Defendants through the use of remotely created checks.

120. Defendants transferred Plaintiffs' and the other Class members' money to Defendants willfully, without legal justification, and in a manner that was inconsistent with and violated the Class members' rights to their money.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

121. The money wrongfully transferred by Defendants is a specific, identifiable sum.

122. As a result of Defendants' misconduct, Plaintiffs and the other Class members were damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment as follows:

1. That the Court enter a judgment finding that Defendants have:

   a. violated California Business and Professions Code §17200;

   b. violated Arizona Revised Statutes §44-1521;

   c. violated 18 U.S.C. §2511; and

   d. committed conversion.

2. That the Court enter a preliminary and permanent injunction restraining Defendants from drafting or depositing remotely created checks without the payor's authorization and consent.

3. That the Court award damages and monetary relief as follows:

   a. Damages in an amount to be determined at trial in the form of the Class members' actual damages;

   b. Damages in an amount to be determined at trial in the form of restitution of the money wrongfully withdrawn from the Class members' checking accounts pursuant to Cal. Bus. & Prof. C. §17200 and Arizona Revised Statutes §44-1521;

   c. The greater of the Class members' actual damages on the one hand and statutory damages of $10,000 per violation as for each Class member on the other hand pursuant to 18 U.S.C. §2520(c);

   d. Punitive damages of $10,000 per violation or other appropriate punitive damages under Arizona Revised Statutes §44-1531;

   e. Punitive damages pursuant to 18 U.S.C. §2520(a);

   f. Exemplary damages pursuant to California Civil Code §3294;

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

# Exhibit C



KRONENBERGER BURGOYNE, LLP
Karl S. Kronenberger (CA Bar No. 226112)
Henry M. Burgoyne, III (CA Bar No. 203748)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

ENDORSED FILED
Superior Court of California
County of San Francisco

SEP 23 2011

CLERK OF THE COURT
BY: MICHAEL RAYRAY
Deputy Clerk

Attorneys for Plaintiffs
AMBER KRISTI MARSH AND STACIE EVANS

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

**AMBER KRISTI MARSH** and **STACIE EVANS**, individually and on behalf of a class of similarly situated persons,

Plaintiffs,

vs.

**ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company; **ZAZA PAY LLC**, a Delaware Limited Liability Company *dba* Discount Web Member Sites, LLC, Unlimited Local Savings, LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and RaiseMoneyForAnything; **MULTIECOM, LLC**, a Colorado Limited Liability Company *dba* Online Discount Membership, Web Discount Company, and Liberty Discount Club; **ONLINE RESOURCE CENTER, LLC**, a Delaware Limited Liability Company *dba* Web Coupon Site, USave Coupon, and UClip; **MOE TASSOUDJI**, an individual; **BILL CUEVAS**, an individual; **FIRST BANK OF DELAWARE**, a Delaware Corporation; **FIRST NATIONAL BANK OF CENTRAL TEXAS**, a Texas

**CLASS ACTION**

Case No. CGC-11-510815

**SECOND AMENDED COMPLAINT FOR:**

- **VIOLATION OF BUS. & PROF. C. §17200;**
- **VIOLATION OF ARIZ. REV. STAT. §§44-1521 *et seq.*;**
- **VIOLATION OF 18 U.S.C. §2510 *et seq.*;**
- **CONVERSION AND AIDING AND ABETTING CONVERSION;**
- **NEGLIGENCE**

**DEMAND FOR JURY TRIAL**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Corporation; **SUNFIRST BANK**, a Utah Corporation; **JACK HENRY & ASSOCIATES, INC.**, a Delaware Corporation *dba* PROFITSTARS; **AUTOMATED ELECTRONIC CHECKING, INC.**, a Nevada Corporation; **DATA PROCESSING SYSTEMS, LLC,** a Delaware Limited Liability Company, and **DOES 1-10**, inclusive,

Defendants.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Plaintiffs Amber Kristi Marsh and Stacie Evans bring this action individually and on behalf of a class of similarly situated persons, by and through their undersigned counsel, and allege as follows:

**INTRODUCTION**

1. This complaint addresses Defendants' theft of money from those who need it the most. Defendants Zaazoom Solutions, LLC, Zaza Pay LLC, MultiECom, LLC, Online Resource Center, LLC, Moe Tassoudji, and Bill Cuevas (collectively, the "Zaazoom Defendants") operate a scam where they lure people into applying for payday loans on Internet websites. The Zaazoom Defendants take the information they gather from the payday loan applications—including the applicants' banking information—and use this information to forge checks on behalf of the applicants. These checks are fakes; they are created without the applicants' knowledge or consent. These checks supposedly pay for the Zaazoom Defendants' online coupon services, though no applicant ever agreed to buy such services. In fact, the idea that a cash-strapped, payday loan applicant would spend money on the Zaazoom Defendants' coupon service, the purpose of which is to encourage a person to spend additional money with the Zaazoom Defendants' coupons, is absurd. The money is transferred from the applicants' checking accounts to the Zaazoom Defendants' bank accounts before the applicants realize that the forged checks have been drawn or that withdrawals have been made. The Zaazoom Defendants have performed this scam thousands of times, and robbed people in a frail financial condition of their remaining money.

2. Defendants Jack Henry & Associates, Inc., Automated Electronic Checking, Inc., and Data Processing Systems, LLC (the "Processors") and Defendants First Bank of Delaware, First National Bank of Central Texas, and SunFirst Bank (the "Depositary Banks") serve as the payment processors and depositary banks for the Zaazoom Defendants. The Processors and Depositary Banks provided material assistance to the Zaazoom Defendants knowing that, or in reckless disregard of the fact that, the Zaazoom Defendants were engaging in wrongful and unlawful conduct.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

3. Plaintiffs Stacie Evans and Amber Kristi Marsh separately applied for payday loans on different payday loan websites in November 2010 and January 2011, respectively.

4. As part of the online application process, each Plaintiff entered her personal information into the payday loan website, including her checking account number and bank routing number.

5. During the application process, both Plaintiffs specifically avoided registering for any third party offers that were advertised on the payday loan websites.

6. On information and belief, these payday loan websites were operated by the Zaazoom Defendants or by the Zaazoom Defendants' affiliates.

7. Without Plaintiffs' knowledge or consent, the Zaazoom Defendants obtained Plaintiffs' personal information from these payday loan websites.

8. Without Plaintiffs' knowledge or consent, the Zaazoom Defendants used Plaintiffs' personal information to register Plaintiffs for the Zaazoom Defendants' online coupon services.

9. However, Plaintiffs had never heard of the Zaazoom Defendants' coupon services, let alone registered for these services.

10. The Zaazoom Defendants—with the knowing and material assistance of the Processors—then drafted remotely created checks from Plaintiffs' checking accounts, making them payable to the Zaazoom Defendants for the Zaazoom Defendants' coupon services. Plaintiffs never authorized the Zaazoom Defendants or the Processors to draft these checks.

11. The Zaazoom Defendants—with the knowing and material assistance of the Processors—deposited the checks in the Zaazoom Defendants' accounts with the Depositary Banks.

12. While knowing about—or in reckless disregard of—the Zaazoom Defendants' scam, the Depositary Banks authenticated the remotely created checks and sent the checks to Plaintiffs' banks for settlement.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

13. The Depositary Banks received the funds identified in the remotely created checks and deposited those funds in the Zaazoom Defendants' accounts.

14. As a result of Defendants' misconduct, Plaintiffs and those similarly situated to Plaintiffs have been damaged.

15. On information and belief, Defendants have engaged in this same misconduct with respect to thousands of other individuals who are similarly situated to Plaintiffs, where: a) these individuals applied for a loan on a payday loan website where they entered their checking account information, b) these individuals never authorized Defendants to draft remotely created checks from their checking accounts, c) Defendants used the individuals' personal information to draft remotely created checks without the individuals' authorization, and d) Defendants deposited these remotely created checks.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter under the California Constitution, Article VI, section 10.

17. This Court has personal jurisdiction over Defendants because a substantial part of Defendants' misconduct that gave rise to this action occurred in California.

18. Venue is proper pursuant to Code of Civil Procedure section 395.5 because Defendants' liability arises in this county and the acts alleged took place in this county. Moreover, because on information and belief Defendants Zaazoom Solutions, LLC and Zaza Pay LLC, MultiECom, LLC, Online Resource Center, LLC, First Bank of Delaware, First National Bank of Central Texas, SunFirst Bank, Jack Henry & Associates, Inc., Data Processing Sytems, LLC, and Automated Electronic Checking, Inc. are foreign corporations that are not qualified to conduct business in California under Corporations Code section 2105, venue is proper in any county in the State.

19. The matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, is a class action in which one or more members of the Class (as defined below) is a citizen of a state different from each Defendant, and no Defendant is a citizen of California.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**PARTIES**

20. On information and belief, Defendant Zaazoom Solutions, LLC ("Zaazoom") is a Delaware limited liability company with its principal office in Scottsdale, Arizona.

21. On information and belief, Defendant Zaza Pay LLC ("Zaza Pay") is a Delaware limited liability company with its principal office in Scottsdale, Arizona.

22. On information and belief, Zaazoom is the sole member and principal of Zaza Pay.

23. On information and belief, Zaza Pay operates under the fictitious business names Discount Web Member Sites, LLC; Unlimited Local Savings, LLC; Web Discount Club; Web Credit Rpt. Co.; MegaOnlineClub, LLC; and RaiseMoneyForAnything.

24. On information and belief, Defendant MultiECom, LLC is a Colorado limited liability company with its principal office in Scottsdale, Arizona.

25. On information and belief, Zaza Pay is the sole member and principal of MultiECom, LLC.

26. On information and belief, MultiECom, LLC operates under the fictitious business names Online Discount Membership, Web Discount Company, and Liberty Discount Club.

27. On information and belief, Defendant Online Resource Center, LLC is a Delaware Limited Liability Company with its principal office in Scottsdale, Arizona.

28. On information and belief, ZaZa Pay is the sole member and principal of Online Resource Center, LLC.

29. On information and belief, Defendant Online Resource Center, LLC operates under the fictitious business names Web Coupon Site, USave Coupon, and UClip.

30. On information and belief, Zaazoom's sole principals and members are Defendants Moe Tassoudji and Bill Cuevas.

//

//

31. On information and belief, Tassoudji and Cuevas run the day-to-day operations of Zaazoom, Zaza Pay, MultiECom, LLC, and Online Resource Center, LLC and also make all significant strategic decisions for these Defendants.

32. On information and belief, Tassoudji and Cuevas were aware of and actively participated in all of the actions, activities, and events alleged herein.

33. On information and belief, Defendant First Bank of Delaware is a Delaware corporation and a Delaware chartered bank based in Wilmington, Delaware.

34. On information and belief, Defendant First National Bank of Central Texas is a Texas corporation and a national bank based in Waco, Texas.

35. On information and belief, Defendant SunFirst Bank is a Utah corporation and a Utah chartered bank based in Saint George, Utah.

36. On information and belief, Defendant Jack Henry & Associates, Inc. is a Delaware corporation based in Monett, Missouri. On information and belief, Jack Henry & Associates, Inc. conducts business under the name of one of its divisions, ProfitStars.

37. On information and belief, Defendant Automated Electronic Checking, Inc. is a Nevada corporation based in Reno, Nevada.

38. On information and belief, Defendant Data Processing Systems, LLC is a Delaware limited liability company based in Riverdale, New York.

39. Plaintiff Amber Kristi Marsh is an individual residing in Palm Desert, California.

40. Plaintiff Stacie Evans is an individual residing in Palmdale, California.

41. Plaintiffs are uncertain of the true names and capacities of those defendants sued by the fictitious names DOES 1 through 10, who also are responsible and liable for the injuries alleged in this second amended complaint and who proximately caused damages to Plaintiff and the members of the Class. Plaintiffs will amend this complaint to add the true names and capacities of the DOES when they become known.

42. Upon information and belief, at all times all Defendants were the principals, agents, affiliates, partners, and/or co-conspirators of each other, and each acted within

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

the course, scope, and authority of such relationships so that, as a result, all Defendants are jointly and severally liable for the acts alleged herein.

## FACTUAL ALLEGATIONS

### Remotely Created Checks

43. A remotely created check is a check that is not created by the paying bank and that does not bear the signature of the payor. Rather, a remotely created check is a check that: a) is created by the payee, b) is drawn on the payor's bank account, and c) does not bear the signature of the payor in the format agreed to between the paying bank and payor.

44. A remotely created check is typically created when the holder of a checking account (the payor) authorizes a payee to draft a check on the payor's account, but where the payor does not actually sign the check.

45. In place of the signature of the payor, a remotely created check typically bears the customer's printed or typed name or bears a statement that the payor has authorized the check.

46. Thus, with the payor's authorization, the payee may create a remotely created check payable to itself. Instead of obtaining the payor's actual signature on the check, the payee inserts the statement that the payor has authorized the remotely created check. The payee then deposits the remotely created check in the payee's bank account.

47. After evaluating the authenticity of the check, the payee's bank sends the remotely created check to the payor's bank for settlement. If the payor's bank accepts the check, it will provide the funds identified in the check to the payee's bank. The payee's bank, in turn, will deposit those funds in the payee's account. All of these steps may occur before the payor sees the remotely created check or even knows that a withdrawal has been made from his or her bank account.

48. Remotely created checks can be a useful payment device. For example, a debtor can authorize a service provider to draft a remotely created check by telephone, which may enable the debtor to pay his or her bill in a timely manner and avoid late charges.

49. On the other hand, remotely created checks are vulnerable to fraud because they do not bear the payor's signature or other readily verifiable indication of authorization.

50. As the Federal Trade Commission has noted, the banking community and lawmakers have recognized that with remotely created checks, the burden of ensuring that the check is authorized is properly placed on the bank whose customer deposited the check. This is true because this bank—*i.e.* the depositary bank—is in the best position to detect fraud, and this burden provides an economic incentive for the depositary bank to monitor customers that deposit remotely created checks, and thus, to limit the number of fraudulent remotely created checks that are introduced into the check collection system. Thus, the depositary bank has a duty to examine a remotely created check for authenticity before sending the check to the paying bank for settlement.

51. Remotely created checks are subject to state law on negotiable instruments, and specifically Articles 3 and 4 of the Uniform Commercial Code, as adopted by California in Commercial Code sections 3101 *et seq.* and 4101 *et seq.*

52. If a remotely created check is not honored by the paying bank (or drawee), the check is deemed "returned."

53. A remotely created check may be returned for a variety of reasons, including where the drawer account does not exist or is closed, where the drawer account has insufficient funds to settle the check, or where the check is a forgery or otherwise fraudulent.

54. For the past several years, the Federal Reserve has reported that the average total return rate for checks is about 0.5%.

**The Zaazoom Defendants Misappropriated Personal Information and Drafted Fraudulent Remotely Created Checks Using that Information**

55. The Zaazoom Defendants provide online coupon services though various Internet websites, including but not limited to <libertydiscountclub.com>, <777discountclub.com>, <247discountclub.com>, <grocerysavingsdirect.com>,

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

<couponsinyourmailbox.com>, <websavingsclub.com>, <savingclub247.com>, <discountclub247.com>, and <uclipusave.com> (collectively, the "Zaazoom Defendants' Websites").

56. Members of the Zaazoom Defendants' Websites can download and/or print coupons from these websites, which can then be redeemed with various merchants.

57. A person may sign up to become a member of one of the Zaazoom Defendants' Websites by entering his or her name, address, email address, and phone number into the website's application screen. Additionally, to become a member of one of the Zaazoom Defendants' Websites, a person must enter his or her checking account number and bank routing number into the websites' application screen.[1] Once registered, the Zaazoom Defendants draft remotely created checks from the member's checking account to pay for the Zaazoom Defendants' coupon services.

58. Despite the foregoing process, most members of the Zaazoom Defendants' Websites did not become members voluntarily. Rather, the Zaazoom Defendants registered most people without their knowledge or consent.

59. In particular, the Zaazoom Defendants obtained information regarding individuals ("Applicants") from various websites that allow individuals to apply for short-term cash advances, all referred to as payday loans or paycheck loans (collectively, the "Payday Loan Websites").[2]

60. On information and belief, the Payday Loan Websites were created, maintained, and operated by the Zaazoom Defendants or the Zaazoom Defendants' affiliates. The affiliates are third parties with whom the Zaazoom Defendants contract to

[1] Instead of checking account information, a user of one of Defendants' Websites can enter credit card information; however the default setting is for the user to enter his or her checking account information.

[2] A payday loan (also called a paycheck advance or payday advance) is a small, short-term loan intended to cover immediate expenses until the loan applicant's next paycheck arrives, where payment and repayment are made directly to and from the recipient's checking account.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

collect Applicants' personal information through the operation of the Payday Loan Websites.

61. When applying for a payday loan on a Payday Loan Website, an Applicant was required to enter his or her personal information, including, name, address, email address, and telephone number. Additionally, an Applicant was required to enter his or her checking account number and bank routing number. The Payday Loan Websites would not allow the Applicant to proceed with the application process unless a valid checking account number and bank routing number were entered. With varying language, the Payday Loan Websites stated that the Applicant's checking account information is necessary to fund the loan.

62. Without the Applicants' knowledge or consent, the operators of the Payday Loan Websites transferred the Applicants' personal information—including the Applicants' checking account information—to the Zaazoom Defendants.

63. Without the Applicants' knowledge or consent, the Zaazoom Defendants used the Applicants' personal information to register the Applicants for memberships with Defendants' Website(s), such as <libertydiscountclub.com> (the "Liberty Website") and <uclipusave.com> (the "U-Clip Website").

64. The Applicants never consented to registering for any membership with any one of the Zaazoom Defendants' Websites.

65. Without the Applicants' knowledge or consent, after the Zaazoom Defendants registered the Applicants as members of the Zaazoom Defendants' Website(s), the Zaazoom Defendants drafted remotely created checks from the Applicants' checking accounts payable to Liberty Discount Club, U-Clip Coupon, or other coupon service(s) owned and operated by the Zaazoom Defendants. The Applicants were unaware that the Zaazoom Defendants were drafting or depositing these remotely created checks.

66. The Zaazoom Defendants deposited these remotely created checks in the Zaazoom Defendants' depositary bank accounts.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

67. The Zaazoom Defendants' banks authenticated these checks as legitimate and then sent them to the Applicants' banks for settlement.

68. Upon receiving the settled funds from the Applicants' banks, the Zaazoom Defendants' banks deposited the funds in Defendants' accounts.

69. On information and belief, Defendants Tassoudji and Cuevas knew about, controlled, orchestrated, and actively participated in the above-described misconduct as principals, officers, and employees of Zaazoom, Zaza Pay, MultiECom, LLC, and Online Resource Center, LLC.

70. The return rate for the Zaazoom Defendants' remotely created checks was extraordinarily high. On information and belief, the total return rate for the Zaazoom Defendants' remotely created checks exceeded 50%, or over 100 times the national average for returned checks.

71. As a result of the Zaazoom Defendants' misconduct, money was wrongfully withdrawn from the Applicants' bank accounts.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**The Processors Knew About or Recklessly Disregarded the Zaazoom Defendants' Unlawful Practices**

72. On information and belief, for nearly all of the remotely created checks drawn from the Applicants' checking accounts, the Zaazoom Defendants engaged payment processors to facilitate the creation, batching, and/or depositing of the remotely created checks.

73. On information and belief, Defendants Jack Henry & Associates, Inc. *dba* ProfitStars, Data Processing Systems, LLC, and Automated Electronic Checking, Inc. (collectively, the "Processors") served as payment processors for the Zaazoom Defendants.

74. On information and belief, the Processors had the opportunity to examine the Zaazoom Defendants' current businesses model and past finances before the Processors agreed to work with the Zaazoom Defendants.

//

75. On information and belief, the Zaazoom Defendants entered into contracts with the Processors, whereby the Processors agreed to facilitate the creation, batching, and/or depositing of the Zaazoom Defendants' remotely created checks in return for receiving a fee for each check.

76. On information and belief, the Zaazoom Defendants transferred the personal information for the Applicants to the Processors.

77. On information and belief, the Processors created remotely created checks using the Applicants' personal information on behalf of the Zaazoom Defendants.

78. The Processors deposited these remotely created checks in the Zaazoom Defendants' depositary bank accounts.

79. On information and belief, the Processors had access to and monitored the Zaazoom Defendants' depositary bank accounts.

80. On information and belief, the Processors were notified when one of the Zaazoom Defendants' remotely created checks was returned as not payable by the paying bank (or drawee).

81. On information and belief, the Processors maintained aggregate data for the Zaazoom Defendants' remotely created checks, including the total number of checks deposited, the total dollar amount deposited, the total number of returned checks, and the reasons for the returned checks.

82. The Processors knew that the return rate for the Zaazoom Defendants' remotely created checks far exceeded an acceptable return rate by as much as 100 times.

83. The Processors knew that thousands of purported drawers of the Zaazoom Defendants' remotely created check had reported that the checks were forgeries to the paying banks (drawees).

84. Based on these circumstances, the Processors knew or should have known the Zaazoom Defendants were engaging in wrongful and unlawful conduct.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

85. Despite this knowledge—or reckless disregard of the truth—the Processors knowingly provided material assistance to the Zaazoom Defendants in depositing their remotely created checks.

86. As a result of the Processors' misconduct, money was wrongfully withdrawn from the Applicants' bank accounts.

**The Depositary Banks Knew About or Recklessly Disregarded the Zaazoom Defendants' Unlawful Practices**

87. The Zaazoom Defendants—either in their own name, or in the name of the Processors—maintain depositary bank accounts with Defendants First Bank of Delaware, First National Bank of Central Texas, and SunFirst Bank (collectively, the "Depositary Banks").

88. As described above, the Zaazoom Defendants took the information they gathered from the payday loan applications, and used that information to forge remotely created checks on behalf of the Applicants without the Applicants' knowledge or consent.

89. The Zaazoom Defendants—with the assistance of the Processors—deposited these remotely created checks in the Zaazoom Defendants' accounts with the Depositary Banks.

90. The Depositary Banks had access to and monitored the Zaazoom Defendants' bank accounts.

91. The Depositary Banks were notified when one of the Zaazoom Defendants' remotely created checks was returned as not payable by the paying bank (or drawee).

92. The Depositary Banks maintained aggregate data for the Zaazoom Defendants' accounts, including the total number of checks deposited, the total dollar amount deposited, the total number of returned checks, and the reasons for the returned checks.

93. The Depositary Banks knew that the return rate for the Zaazoom Defendants' remotely created checks far exceeded an acceptable return rate, by as much as 100 times.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

94. The Depositary Banks knew that thousands of purported drawers of the Zaazoom Defendants' remotely created check had reported that the checks were forgeries to the paying banks (or drawees).

95. Based on these circumstances, the Depositary Banks knew or should have known the Zaazoom Defendants were engaging in wrongful and unlawful conduct.

96. Despite the Depositary Banks' knowledge—or reckless disregard of the Zaazoom Defendants' unlawful practices—the Depositary Banks provided material assistance to the Zaazoom Defendants in depositing and settling their remotely created checks.

97. As a result of the Depositary Banks' misconduct, money was wrongfully withdrawn from the Applicants' bank accounts.

**Plaintiff Marsh**

98. Plaintiff Marsh has never applied to be a member of the Liberty Website or the U-Clip Website or any other one of the Zaazoom Defendants' websites. Marsh never provided her checking account number or her bank routing number to either the Liberty Website or the U-Clip Website or any other one of the Zaazoom Defendants' websites.

99. On or around January 16, 2011, Marsh applied for a payday loan on a Payday Loan Website.

100. In applying for a payday loan, the Payday Loan Website presented Marsh with online offers for unrelated goods and services. However, Marsh specifically chose not to participate in any of those offers or to make any purchases. Given Marsh's financial situation, it was not possible for Marsh to consider participating in such offers, and she automatically rejected all such offers.

101. In order to apply for a payday loan, the Payday Loan Website required Marsh to enter her checking account number and her bank routing number into the Payday Loan Website's application screen. Marsh entered this information into the Payday Loan Website.

102. On information and belief, without Marsh's knowledge or consent, the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Zaazoom Defendants intercepted Marsh's personal information from the Payday Loan Website, including her checking account number and bank routing number.

103. Without Marsh's knowledge or consent, the Zaazoom Defendants used Marsh's personal information—including her account number and bank routing number—to enroll Marsh as a member of the Liberty Website and/or the U-Clip Website.

104. On or around January 16, 2011, without Marsh's knowledge or consent, the Zaazoom Defendants generated a remotely created check from Marsh's checking account, payable to Liberty Discount Club, in the amount of $49.98 (the "Marsh Check").

105. On information and belief, Defendants Jack Henry & Associates, Inc. and Data Processing Systems, LLC served as the payment processors for the Marsh Check.

106. On information and belief, Defendants Jack Henry & Associates, Inc. and Data Processing Systems, LLC, on behalf of the Zaazoom Defendants, deposited the Marsh Check in the Zaazoom Defendants' depositary account with Defendant First National Bank of Central Texas.

107. On information and belief, Defendants Jack Henry & Associates, Inc., Data Processing Systems, LLC, and First National Bank of Central Texas knew about or recklessly disregarded the fact that the Marsh Check was a forgery.

108. On information and belief, Defendants Jack Henry & Associates, Inc., Data Processing Systems, LLC, and First National Bank of Central Texas provided the Zaazoom Defendants with material assistance in creating, depositing, and settling the Marsh Check.

109. As a result of Defendants' misconduct, money was wrongfully withdrawn from Marsh's account and Marsh has been damaged.

**Plaintiff Evans**

110. Plaintiff Evans has never applied to be a member of the Liberty Website, the U-Clip Website, or any other one of the Zaazoom Defendants' websites. Evans never provided her checking account number or her bank routing number to either the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Liberty Website or the U-Clip Website or any other one of the Zaazoom Defendants' websites.

111. On or around October 25, 2010, Evans applied for a payday loan on a Payday Loan Website.

112. In applying for a payday loan, the Payday Loan Website presented Evans with online offers for unrelated goods and services. However, Evans specifically chose not to participate in any of those offers or to make any purchases. Given Evans's financial situation, it was not possible for Evans to consider participating in such offers, and she automatically rejected all such offers.

113. In order to apply for a payday loan, the Payday Loan Website required Evans to enter her checking account number and her bank routing number into the Payday Loan Website's application screen. Evans entered this information into the Payday Loan Website.

114. On information and belief, without Evans's knowledge or consent, the Zaazoom Defendants intercepted Evans's personal information from the Payday Loan Website, including her checking account number and bank routing number.

115. Without Evans's knowledge or consent, the Zaazoom Defendants used Evans's personal information—including her account number and bank routing number—to enroll Evans as a member of the Liberty Website and/or the U-Clip Website.

116. On or around October 25, 2010, without Evans's knowledge or consent, the Zaazoom Defendants generated a remotely created check from Evans's checking account, payable to Liberty Discount Club, in the amount of $49.98 (the "Evans 10/25 Check").

117. On or around October 28, 2010, without Evans's knowledge or consent, the Zaazoom Defendants generated a remotely created check from Evans's checking account, payable to Discount Web Member Site, in the amount of $22.99 (the "Evans 10/28 Check").

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

118. On or around November 1, 2010, without Evans's knowledge or consent, the Zaazoom Defendants generated a remotely created check from Evans's checking account, payable to UClip Coupon, in the amount of $12.99 (the "Evans 11/01 Check").

119. On or around December 3, 2010, without Evans's knowledge or consent, the Zaazoom Defendants generated a remotely created check from Evans's checking account, payable to UClip Coupon, in the amount of $12.99 (the "Evans 12/03 Check").

120. On information and belief, Defendant Automated Electronic Checking, Inc. served as the payment processor for the Evans 10/25 Check.

121. On information and belief, Defendant Automated Electronic Checking, Inc., on behalf of the Zaazoom Defendants, deposited the Evans 10/25 Check in the Zaazoom Defendants' depositary account with Defendant SunFirst Bank.

122. On information and belief, Defendants Automated Electronic Checking, Inc. and SunFirst Bank knew about or recklessly disregarded the fact that the Evans 10/25 Check was a forgery.

123. On information and belief, the Zaazoom Defendants—either by themselves or with the material assistance of a payment processor—deposited the Evans 10/28 Check, the Evans 11/01 Check, and the Evans 12/03 Check in the Zaazoom Defendants' depositary account with Defendant First Bank of Delaware.

124. On information and belief, Defendant First Bank of Delaware knew about or recklessly disregarded the fact that the Evans 10/28 Check, the Evans 11/01 Check, and the Evans 12/03 Check were forgeries.

125. Defendants Automated Electronic Checking, Inc., SunFirst Bank, and First Bank of Delaware provided the Zaazoom Defendants with material assistance in creating, depositing, and settling the Evans 10/25 check, the Evans 10/28 Check, the Evans 11/01 Check, and the Evans 12/03 Check.

126. As a result of Defendants' misconduct, money was wrongfully withdrawn from Evans's account and Evans has been damaged.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**CLASS ACTION ALLEGATIONS**

127. Pursuant to Code of Civil Procedure section 382 and Rules of Court 3.760-3.771, Plaintiffs Marsh and Evans bring this action on their own behalves and as representatives of all persons: a) whose checking accounts were drawn on by way of remotely created checks created by the Zaazoom Defendants for the Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by the Zaazoom Defendants after May 6, 2007, and b) who never consented to the creation of a remotely created check to pay for the Zaazoom Defendants' services on the Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by the Zaazoom Defendants (the "Class").

128. Pursuant to Code of Civil Procedure section 382 and Rules of Court 3.760-3.771, Plaintiffs Marsh and Evans bring this action on their own behalves and as representatives of all California residents: a) whose checking accounts were drawn on by way of remotely created checks created by the Zaazoom Defendants for the Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by the Zaazoom Defendants after May 6, 2007, and b) who never consented to the creation of a remotely created check to pay for the Zaazoom Defendants' services on the Liberty Website and/or U-Clip Website and/or other online coupon or discount service operated by the Zaazoom Defendants (the "California Subclass").

129. A class action is appropriate here because there exists an ascertainable Class and California Subclass, and a well-defined community of interest in the questions of law and fact involved.

130. The Class and California Subclass are readily ascertainable from Defendants' records of members of the Zaazoom Defendants' Liberty Website and/or U-Clip Website and/or other online coupon or discount services operated by the Zaazoom Defendants as well as from the remotely created check records of the Processors and the Depositary Banks.

131. A class action is the superior method of adjudicating this controversy

because: a) the Class and California Subclass are so numerous that the joinder of all members is impracticable, b) there are questions of law and fact common to the Class and California Subclass that predominate over any question affecting only individual Class and California Subclass members, and c) the claims of the representative Plaintiffs are typical of the claims of the Class and California Subclass, and the representative Plaintiffs will fairly and adequately protect the interests of the Class and California Subclass.

132. The common questions of law and fact include:

- Whether the Zaazoom Defendants intercepted the personal information that Applicants submitted to the Payday Loan Websites, as the term "intercepted" is used in 18 U.S.C. §2510(4);
- Whether the Zaazoom Defendants used information from Payday Loan Websites to draft remotely created checks;
- Whether the Zaazoom Defendants obtained authorization to draft remotely created checks from Plaintiffs and the other Class members;
- Whether the Processors and Depositary Banks knew about or acted in reckless disregard of the Zaazoom Defendants' misconduct, and whether the Processors and Depositary Banks provided the Zaazoom Defendants with substantial assistance in carrying out their misconduct;
- Whether the Zaazoom Defendants' unauthorized creation of remotely created checks from the California Subclass members' checking accounts—and the Processors' and Depositary Banks' substantial assistance in doing the same—violated California Business & Professions Code section 17200;
- Whether Defendants' unauthorized creation of remotely created checks from the Class members' checking accounts—and the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Processors' and Depositary Banks' substantial assistance in doing the same—violated Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§44-1521 *et. seq.* and constituted conversion of the Class members' money;

- Whether Defendants' unauthorized use of the Class members' personal banking information, obtained through the interception of an electronic communication, violated the federal Electronic Communications Privacy act, 18 U.S.C. §§2510 *et seq.*; and

- Whether the Processors' and Depositary Banks' material assistance to the Zaazoom Defendants constituted a breach of their duty of ordinary care and negligence.

133. Plaintiffs can and will fairly and adequately represent and protect the interests of the Class and California Subclass because:

- All of the questions of law and fact regarding the liability of Defendants are common to the Class and California Subclass and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of Defendants to all Class and California Subclass members;

- Without the representation provided by Plaintiffs, it is unlikely that any Class or Subclass members would receive legal representation and/or obtain recourse for the misconduct carried out by Defendants; and

- Plaintiffs have retained competent attorneys who are experienced both in the conduct of class actions and the law governing online advertising, e-contracting, and online payment systems. Plaintiffs and their counsel have the necessary resources to litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the Class and California Subclass members and are

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

determined to discharge those duties to obtain the best possible recovery for the Class and California Subclass.

**FIRST CLAIM FOR RELIEF**

**(Violation of California Business and Professions Code §17200—brought by Marsh and Evans individually and on behalf of the California Subclass against all Defendants)**

134. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 133.

135. Without the authorization or consent of Plaintiffs or the other California Subclass members, the Zaazoom Defendants obtained the California Subclass members' personal information—including their checking account numbers and bank routing numbers—from one or more Payday Loan Websites.

136. Without the authorization or consent of Plaintiffs or the other California Subclass members, the Zaazoom Defendants registered the California Subclass members for membership with the Liberty Website, the U-Clip Website, and/or one of the other Zaazoom Defendants' Websites using the personal information the Zaazoom Defendants had obtained from one or more Payday Loan Websites.

137. Without the authorization or consent of Plaintiffs or the other California Subclass members, the Zaazoom Defendants drafted remotely created checks drawn on the California Subclass members' checking accounts.

138. Without the authorization or consent of Plaintiffs or the other California Subclass members, the Zaazoom Defendants deposited in their depositary bank accounts the remotely created checks drawn on the California Subclass members' checking accounts.

139. Without the authorization or consent of Plaintiffs or the other California Subclass members, money was transferred from the California Subclass members' checking accounts to the Zaazoom Defendants' depositary bank accounts.

140. The Processors and Depositary Banks provided substantial assistance to the Zaazoom Defendants in their commission of the above-described misconduct.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

141. The Processors and Depositary Banks provided substantial assistance to the Zaazoom Defendants, while knowing about or in reckless disregard of the wrongfulness and unlawfulness of the Zaazoom Defendants' misconduct.

142. Defendants have engaged in an unlawful, unfair, and/or fraudulent business act in violation of California Business and Professions Code section 17200.

143. As a result of Defendants' misconduct, Plaintiffs and the other California Subclass members were damaged.

**SECOND CLAIM FOR RELIEF**

**(Violation of Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§44-1521 *et. seq.*— brought by Marsh and Evans Individually and on behalf of the Class against all Defendants)**

144. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 143.

145. Plaintiffs and the other Class members applied for payday loans on various Payday Loan Websites, which on information and belief, were operated by the Zaazoom Defendants and/or the Zaazoom Defendants' affiliates.

146. Before the Zaazoom Defendants obtained Plaintiffs' and the other Class members' personal information through the Payday Loan Websites, neither the Zaazoom Defendants nor their affiliates informed the Class members that the Zaazoom Defendants would draft remotely created checks from the Class members' checking accounts using the information collected on the Payday Loan Websites.

147. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants obtained the Class members' personal information—including their checking account numbers and bank routing numbers—from one or more Payday Loan Websites.

148. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants registered the Class members for membership with the Liberty Website, the U-Clip Website, and/or one of the other Zaazoom Defendants'

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Websites, using the personal information the Zaazoom Defendants had obtained from one or more Payday Loan Websites.

149. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants drafted remotely created checks drawn on the Class members' checking accounts.

150. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants deposited in their depositary bank accounts the remotely created checks drawn on the Class members' checking accounts.

151. Without the authorization or consent of Plaintiffs or the other Class members, money was transferred from the Class members' checking accounts to the Zaazoom Defendants' depositary bank accounts.

152. The Processors and Depositary Banks provided substantial assistance to the Zaazoom Defendants in their commission of the above-described misconduct.

153. The Processors and Depositary Banks provided substantial assistance to the Zaazoom Defendants, while knowing about or in reckless disregard of the wrongfulness and unlawfulness of the Zaazoom Defendants' misconduct.

154. In engaging in the above-described misconduct, Defendants used deception, deceptive acts and practices, fraud, false pretenses, false promises, misrepresentations, concealment, and the suppression or omission of material facts with intent that others rely upon such concealment, in connection with the sale or advertisement of objects, wares, goods, intangibles, and services in violation of Arizona Revised Statutes section 44-1521.

155. Defendants' misconduct was wanton, reckless, showed spite and ill will, and demonstrated a reckless indifference to the interests of others.

156. As a result of Defendants' misconduct, Plaintiffs and the other Class members were damaged.

//

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**THIRD CLAIM FOR RELIEF**

**(Violation of Electronic Communications Privacy Act, 18 U.S.C. §§2510 *et seq.*—brought by Marsh and Evans individually and on behalf of the Class against all Defendants)**

157. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 156.

158. Plaintiffs and the other Class members applied for payday loans on various Payday Loan Websites, which on information and belief, were operated by the Zaazoom Defendants and/or the Zaazoom Defendants' affiliates.

159. Plaintiffs and the other Class members submitted their personal banking information to the Payday Loan Websites with the understanding that such information would be used only to apply for and fund a payday loan.

160. Plaintiffs' and the other Class members' submission of personal information to the Payday Loan Websites constituted "electronic communications" as that term is defined in 18 U.S.C. §2510.

161. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants intercepted Plaintiffs and the other Class members' personal information—including their checking account numbers and bank routing numbers—from one or more Payday Loan Websites.

162. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants registered the Class members for membership with the Liberty Website, the U-Clip Website, and/or one of the other Zaazoom Defendants' Websites, using the personal information the Zaazoom Defendants had obtained from one or more Payday Loan Websites.

163. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants drafted remotely created checks drawn on the Class members' checking accounts.

164. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants deposited in their depositary bank accounts the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

remotely created checks drawn on the Class members' checking accounts.

165. Without the authorization or consent of Plaintiffs or the other Class members, money was transferred from the Class members' checking accounts to the Zaazoom Defendants' depositary bank accounts.

166. The Processors and Depositary Banks provided substantial assistance to the Zaazoom Defendants in their commission of the above-described misconduct.

167. The Processors and Depositary Banks provided substantial assistance to the Zaazoom Defendants, while knowing about or in reckless disregard of the wrongfulness and unlawfulness of the Zaazoom Defendants' misconduct.

168. By engaging in the above-described conduct, Defendants intentionally used and endeavored to use the contents of an electronic communication, knowing or having reason to know that the information was obtained through the interception of an electronic communication in violation of 18 U.S.C. §2511.

169. Defendants intercepted and used Plaintiffs' and the other Class members' electronic communications for the purpose of committing criminal and tortious acts in violation of the laws of the United States and other states.

170. As a result of Defendants' misconduct, Plaintiffs and the other Class members were damaged.

**FOURTH CLAIM FOR RELIEF**

**(Conversion & Aiding and Abetting Conversion—brought by Marsh and Evans Individually and on behalf of the Class against all Defendants)**

171. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 170.

172. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants obtained the Class members' personal information—including their checking account numbers and bank routing numbers—from one or more Payday Loan Websites.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

173. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants registered the Class members for membership with the Liberty Website, the U-Clip Website, and/or one of the other Zaazoom Defendants' Websites, using the personal information the Zaazoom Defendants had obtained from one or more Payday Loan Websites.

174. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants drafted remotely created checks drawn on the Class members' checking accounts.

175. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants deposited in their depositary bank accounts the remotely created checks drawn on the Class members' checking accounts.

176. Without the authorization or consent of Plaintiffs or the other Class members, money was transferred from the Class members' checking accounts to the Zaazoom Defendants' depositary bank accounts.

177. The Processors and Depositary Banks provided substantial assistance to the Zaazoom Defendants in their commission of the above-described misconduct.

178. The Processors and Depositary Banks provided substantial assistance to the Zaazoom Defendants, while knowing about or in reckless disregard of the wrongfulness and unlawfulness of the Zaazoom Defendants' misconduct.

179. Plaintiffs and the other Class members owned the money in their bank accounts that was wrongfully transferred by Defendants through the use of remotely created checks.

180. Defendants transferred Plaintiffs' and the other Class members' money to Defendants willfully, without legal justification, and in a manner that was inconsistent with and violated the Class members' rights to their money.

181. The money wrongfully transferred by Defendants is a specific, identifiable sum.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

182. As a result of Defendants' misconduct, Plaintiffs and the other Class members were damaged.

**FIFTH CLAIM FOR RELIEF**

**(Negligence—brought by Marsh and Evans individually and on behalf of the Class against the Processors and the Depositary Banks)**

183. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 182.

184. Defendants Processors and Depositary Banks owed a duty of reasonable care to Plaintiffs and the other Class members, where they deposited and collected checks purportedly drawn on the Class members' accounts.

185. Without the authorization or consent of Plaintiffs or the other Class members, the Zaazoom Defendants drafted remotely created checks drawn on the Class members' checking accounts.

186. The Processors and Depositary Banks breached their duty of care when they provided substantial assistance to the Zaazoom Defendants in their commission of the above-described misconduct.

187. The Processors and Depositary Banks knew or should have known that their assistance to the Zaazoom Defendants was likely to cause injury to Plaintiffs and the other Class members, as the risk to the Class members was apparent.

188. As a result of Defendants' breaches of duty, Plaintiffs and the other Class members were damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment as follows:

1. That the Court enter a judgment finding that Defendants have:

a. violated California Business and Professions Code §17200;

b. violated Arizona Revised Statutes §44-1521;

c. violated 18 U.S.C. §2511;

d. committed conversion; and

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

e. committed negligence.

2. That the Court enter a preliminary and permanent injunction restraining Defendants from drafting or depositing remotely created checks without the payor's authorization and consent.

3. That the Court award damages and monetary relief as follows:

a. Damages in an amount to be determined at trial in the form of the Class members' actual damages;

b. Damages in an amount to be determined at trial in the form of restitution of the money wrongfully withdrawn from the Class members' checking accounts pursuant to Cal. Bus. & Prof. C. §17200 and Arizona Revised Statutes §44-1521;

c. The greater of the Class members' actual damages on the one hand and statutory damages of $10,000 per violation as for each Class member on the other hand pursuant to 18 U.S.C. §2520(c);

d. Punitive damages of $10,000 per violation or other appropriate punitive damages under Arizona Revised Statutes §44-1531;

e. Punitive damages pursuant to 18 U.S.C. §2520(a);

f. Exemplary damages pursuant to California Civil Code §3294;

g. Plaintiffs' and the other Class members' attorneys' fees under Arizona Revised Statutes §44-1534 and 18 U.S.C. §2520(a); and

h. Plaintiffs' and the other Class members' costs.

4. Such other relief that the Court determines is just and proper.

Respectfully submitted,

DATED: August 31, 2011

**KRONENBERGER BURGOYNE, LLP**

By: [signature]
Jeffrey M. Rosenfeld

Attorneys for Plaintiffs

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby demand a trial of this action by jury.

DATED: August 31, 2011

**KRONENBERGER BURGOYNE, LLP**

By: ______________________
Jeffrey M. Rosenfeld

Attorneys for Plaintiffs

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.K3InternetLaw.com

**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Henry M. Burgoyne, III (CA Bar No. 203748)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

ENDORSED
FILED
Superior Court of California
County of San Francisco

SEP 23 2011

CLERK OF THE COURT
BY: MICHAEL RAYRAY
Deputy Clerk

Attorneys for Plaintiffs
AMBER KRISTI MARSH AND STACIE EVANS

**SUPERIOR COURT OF CALIFORNIA**
**FOR SAN FRANCISCO COUNTY**

**AMBER KRISTI MARSH** and **STACIE EVANS**, individually and on behalf of a class of similarly situated persons,

Plaintiffs,

vs.

**ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company; **ZAZA PAY LLC**, a Delaware Limited Liability Company *dba* Discount Web Member Sites, LLC, Unlimited Local Savings, LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and RaiseMoneyForAnything; **MULTIECOM, LLC**, a Colorado Limited Liability Company *dba* Online Discount Membership, Web Discount Company, and Liberty Discount Club; **ONLINE RESOURCE CENTER, LLC**, a Delaware Limited Liability Company *dba* Web Coupon Site, USave Coupon, and UClip; **MOE TASSOUDJI**, an individual; **BILL CUEVAS**, an individual; **FIRST**

**CLASS ACTION**

Case No. CGC-11-510815

**PROOF OF SERVICE**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Exhibit D

**Superior Court of California, County of San Francisco**

Case Number: CGC-11-510815

Title: AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF et al VS. ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED et al

Cause of Action: BUSINESS TORT

Generated: Oct-25-2011 11:59 am PST

Register of Actions Parties Attorneys Calendar Payments Documents

## Register of Actions

Date Range: First Date May-09-2011 Last Date Oct-25-2011 (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence Submit

| Date | Proceedings | Document | Fee |
|---|---|---|---|
| OCT-11-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. SERVED SEP-26-2011, PERSONAL SERVICE ON DEFENDANT DATA PROCESSING SYSTEMS, LLC, A DELAWARE LIMITED LIABILITY COMPANY | View | |
| OCT-11-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. SERVED SEP-28-2011, PERSONAL SERVICE ON DEFENDANT MULITECOM, LLC, A COLORADO LIMITED LIABILITY COMPANY DBA ONLINE DISCOUNT MEMBERSHIP, WEB DISCOUNT COMPANY, AND LIBERTY DISCOUNT CLUB | View | |
| OCT-11-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. SERVED SEP-28-2011, SUBSTITUTE SERVICE ON NATURAL PERSON ON DEFENDANT AUTOMATED ELECTRONICS CHECKING, INC., A NEVADA CORPORATION | View | |
| OCT-11-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. SERVED SEP-26-2011, PERSONAL SERVICE ON DEFENDANT SUNFIRST BANK, A UTAH CORPORATION | View | |
| OCT-11-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. SERVED SEP-26-2011, PERSONAL SERVICE ON DEFENDANT JACK HENRY & ASSOCIATES, INC., A DELAWARE CORPORATION DBA PROFITSTARS | View | |
| OCT-11-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. SERVED SEP-27-2011, PERSONAL SERVICE ON DEFENDANT ONLINE RESOURCE CENTER, LLC, A DELAWARE LIMITED LIABILITY COMPANY DBA WEB COUPON SITE, USAVE COUPON, AND UCLIP | View | |
| OCT-11-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. SERVED SEP-26-2011, PERSONAL SERVICE ON DEFENDANT FIRST BANK OF DELAWARE, A DELAWARE CORPORATION | View | |
| OCT-11-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. SERVED SEP-26-2011, PERSONAL SERVICE ON DEFENDANT FIRST NATIONAL BANK OF CENTRAL TEXAS, A TEXAS CORPORATION | View | |
| SEP-27-2011 | LAW AND MOTION 301, PLAINTIFFS AMBER KRISTI MARSH AND STACIE EVANS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT IS OFF CALENDAR AS MOOT. STIPULATION AND ORDER FILED ON SEPTEMBER 21, 2011. JUDGE: ERNEST H. GOLDSMITH, REPORTER: MELANIE GHENO, CSR #7489 | | |
| SEP-27-2011 | MINI-MINUTES FOR SEP-27-2011 9:30 AM | | |
| SEP-23-2011 | CASE MANAGEMENT CONFERENCE OF OCT-07-2011 CONTINUED TO DEC-02-2011 AT 9:00 AM IN DEPARTMENT 610. NOTICE SENT BY COURT. | View | |
| SEP-23-2011 | SUMMONS ISSUED TO PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | View | |
| SEP-23-2011 | POS OF SECOND AMENDED COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | | |
| SEP-23-2011 | 2ND AMENDED COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS AS TO DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE | View | |

| | | | |
|---|---|---|---|
| | LIMITED LIABILITY COMPANY DOES 1 TO 10, INCLUSIVE TASSOUDJI, MOE CUEVAS, BILL ZAZA PAY LLC, A DELAWARE LIMITED LIABILITY COMPANY DBA DISCOUNT WEB MEMBER SITES, LLC, UNLIMITED LOCAL SAVINGS, LLC, WEB DISCOUNT CLUB, WEB CREDIT RPT. CO., MEGAONLINECLUB, LLC, AND RAISEMONYFOR ANYTHING MULITECOM, LLC, A COLORADO LIMITED LIABILITY COMPANY DBA ONLINE DISCOUNT MEMBERSHIP, WEB DISCOUNT COMPANY, AND LIBERTY DISCOUNT CLUB ONLINE RESOURCE CENTER, LLC, A DELAWARE LIMITED LIABILITY COMPANY DBA WEB COUPON SITE, USAVE COUPON, AND UCLIP FIRST BANK OF DELAWARE, A DELAWARE CORPORATION FIRST NATIONAL BANK OF CENTRAL TEXAS, A TEXAS CORPORATION SUNFIRST BANK, A UTAH CORPORATION JACK HENRY & ASSOCIATES, INC., A DELAWARE CORPORATION DBA PROFITSTARS AUTOMATED ELECTRONICS CHECKING, INC., A NEVADA CORPORATION DATA PROCESSING SYSTEMS, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | |
| SEP-21-2011 | STIPULATION AND ORDER TO GRANT LEAVE FOR PLAINTIFFS TO FILE SECOND AMENDED COMPLAINT FILED BY AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY ZAZA PAY LLC, A DELWARE LIMITED LIABILITY COMPANY DBA WEB DISCOUNT CLUB AND DISCOUNT WEB MEMBER SITES | View | |
| SEP-20-2011 | CASE MANAGEMENT STATEMENT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS ALSO FILED BY DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY ZAZA PAY LLC, A DELWARE LIMITED LIABILITY COMPANY DBA WEB DISCOUNT CLUB AND DISCOUNT WEB MEMBER SITES JURY DEMANDED | | |
| SEP-01-2011 | PROOF OF SERVICE OF STIP AND ORDER TO GRANT LEAVE SECOND AMENDED COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | | |
| SEP-01-2011 | FEE FOR STIP AND ORDER TO GRANT LEAVE SECOND AMENDED COMPLAINT FILED BY DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY ZAZA PAY LLC, A DELWARE LIMITED LIABILITY COMPANY DBA WEB DISCOUNT CLUB AND DISCOUNT WEB MEMBER SITES | | 410.00 |
| SEP-01-2011 | NOTICE OF CHANGE OF ADDRESS FILED BY ATTORNEY WINSTON, DENNIS A. | | |
| AUG-31-2011 | NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT;, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS HEARING SET FOR SEP-27-2011 AT 09:30 AM IN DEPT 301 | | 40.00 |
| AUG-15-2011 | MINI-MINUTES FOR AUG-15-2011 9:30 AM | | |
| AUG-15-2011 | DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED'S MOTION TO SET ASIDE DEFAULT/DEFAULT JUDGMENT/LEAVE TO DEFEND IS GRANTED. NO OPPOSITION FILED. PREVAILING PARTY TO SUBMIT A FORM OF ORDER. JUDGE: PETER J. BUSCH, REPORTER, CAROL A. KAREN, CSR # 8189. (301) | | |
| AUG-05-2011 | BALANCE OF FEE PAID FOR TRANSACTION R0911718F003 BY DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | 214.00 |
| AUG-03-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS SERVED AUG-01-2011, PERSONAL SERVICE ON DEFENDANT TASSOUDJI, MOE | View | |
| AUG-03-2011 | PROOF OF SERVICE OF SUMMOND; COMPLAINT; NOTICE; ADR PACKAGAE FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS SERVED JUL-27-2011, PERSONAL SERVICE ON DEFENDANT ZAZA PAY LLC, A DELWARE LIMITED LIABILITY COMPANY DBA WEB DISCOUNT CLUB AND DISCOUNT WEB MEMBER SITES | | |
| AUG-03-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS SERVED AUG-01-2011, PERSONAL SERVICE ON DEFENDANT CUEVAS, BILL | View | |
| JUL-27-2011 | DECLARATION OF JEFFERY M. ROSENFELD IN SUPPORT OF STATEMENT OF NON OPPOSITION TO MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT | | |

| | | | |
|---|---|---|---|
| | FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | | |
| JUL-27-2011 | STATEMENT OF NON OPPOSITION TO MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | | |
| JUL-22-2011 | SUMMONS ISSUED TO PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | View | |
| JUL-22-2011 | 1ST AMENDED COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS AS TO DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY DOES 1 TO 10, INCLUSIVE ZAZA PAY LLC, A DELWARE LIMITED LIABILITY COMPANY DBA WEB DISCOUNT CLUB AND DISCOUNT WEB MEMBER SITES TASSOUDJI, MOE CUEVAS, BILL | View | |
| JUL-18-2011 | MOTION TO SET ASIDE DEFAULT/DEFAULT JUDGMENT/LEAVE TO DEFEND, PROOF OF SERVICE ; REQUEST FOR JUDICIAL NOTICE; APPENDIX OF EXHIBITS FILED BY DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY HEARING SET FOR AUG-15-2011 AT 09:30 AM IN DEPT 301 | View | 221.00 |
| JUL-18-2011 | ISSUING COMMISSION TO TAKE DEPOSITION OUT OF STATE UNDER CCP 2026 FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | | 30.00 |
| JUL-18-2011 | PAYER NOTIFED OF PARTIAL PAYMENT OF FEE | View | |
| JUN-29-2011 | ISSUING COMMISSION TO TAKE DEPOSITION OUT OF STATE UNDER CCP 2026 FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | | 30.00 |
| JUN-22-2011 | REQUEST FOR ENTRY OF DEFAULT/DEFAULT ENTERED AS TO DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | |
| JUN-21-2011 | ISSUING COMMISSION TO TAKE DEPOSITION OUT OF STATE UNDER CCP 2026 FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | | 30.00 |
| JUN-15-2011 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS SERVED MAY-11-2011, PERSONAL SERVICE ON DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY | View | |
| JUN-14-2011 | REQUEST FOR DEFAULT REJECTED, NOTICE MAILED, SUBMITTED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS AS TO DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY | View | |
| JUN-14-2011 | REQUEST FOR ENTRY OF DEFAULT/DEFAULT JUDGMENT RECEIVED FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS AS TO DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | |
| MAY-09-2011 | NOTICE TO PLAINTIFF | View | |
| MAY-09-2011 | BUSINESS TORT, COMPLAINT FILED BY PLAINTIFF AMBER KRISTI MARSH, INDIVIDUALLY AND ON BEHALF CAPITAL ONE BANK (USA), N.A. STACIE EVANS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS AS TO DEFENDANT ZAAZOOM SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY DOES 1 TO 10, INCLUSIVE SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR OCT-07-2011 PROOF OF SERVICE DUE ON JUL-08-2011 CASE MANAGEMENT STATEMENT DUE ON SEP-22-2011 | View | 410.00 |

Exhibit E

Case4:11-cv-05226-YGR Document1 Filed10/26/11 Page81 of 82

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Karl S Kronenberger, 226112<br>KRONENBERGER BURGOYNE<br>150 Post St<br>San Francisco, CA 94108-4707<br>TELEPHONE NO.: (415) 955-1155<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>Superior Court of California<br>County of San Francisco<br>OCT 11 2011<br>CLERK OF THE COURT<br>BY: [signature] Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, San Francisco County<br>400 McAllister Street, Civil<br>San Francisco, CA 94102-0000 | |
| PLAINTIFF/PETITIONER: Marsh, et al.<br>DEFENDANT/RESPONDENT: Zaazoom Solutions, LLC. et al. | CASE NUMBER:<br>CGC-11-510815 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Zaazoom Solutions |

BY FAX

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Summons; Second Amended Complaint; Notice to Plaintiff; ADR Program Information Package

3. a. Party served: Jack Henry & Associates, Inc., a Delaware Corporation dba PROFITSTARS

   b. Person Served: LexisNexis Document Solutions Inc., Paul Mathews - Person authorized to accept service of process

4. Address where the party was served: 2711 Centerville Road Suite 400
   Wilmington, DE 19808

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 9/26/2011 (2) at (time): 3:42 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Jack Henry & Associates, Inc., a Delaware Corporation dba PROFITSTARS

   under: CCP 416.10 (corporation)

7. Person who served papers
   a. Name: Daniel Newcomb
   b. Address: One Legal - 194-Marin
   504 Redwood Blvd #223
   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 83.00
   e. I am:
   (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 9/28/2011

Daniel Newcomb
(NAME OF PERSON WHO SERVED PAPERS) (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

OL# 1762973

001M438044570.tif - 10/1/2011 1:45:51 PM



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Oct-11-2011 9:25 am

Case Number: CGC-11-510815

Filing Date: Oct-11-2011 9:24

Juke Box: 001    Image: 03348758

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

MARSH, INDIVIDUALLY AND ON BEHALF et al VS. ZAAZOOM SOLUTIONS, LLC, A DEL/

001C03348758

**Instructions:**
Please place this sheet on top of the document to be scanned.