1  Dennis A. Winston (068049)
   DENNIS A. WINSTON
2  A PROFESSIONAL LAW CORPORATION
   12823 Dewey Street
3  Los Angeles, California 90066
   Tel. (310) 313-4300 Fax (310) 572-4622
4  E-mail: denniswinston@yahoo.com

5  Attorneys for Defendants
   ZAAZOOM SOLUTIONS, LLC; ZAZA PAY LLC;
6  AUTOMATED ELECTRONIC PROCESSING SYSTEMS, INC

7

8              UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA
9
               SAN FRANCISCO DIVISION
10

11

12  **AMBER KRISTI MARSH** and **STACIE**        )   Case No.:  C 11-05226 MEJ
    **EVANS**, individually and on behalf of a class  )
13  of similarly situated persons,                )   San Francisco Sup. Ct.
                                                  )   Case No.: CGC-11-510815
14              Plaintiffs,                        )
                                                  )
15              v.                                 )   DEFENDANTS ZAAZOOM SOLUTIONS,
                                                  )   LLC, ZAZA PAY LLC, AND AUTOMATED
16  **ZAAZOOM SOLUTIONS, LLC**, a Delaware        )   ELECTRONIC PROCESSING SYSTEMS,
    Limited Liability Company, **ZAZA PAY LLC**,  )   INC.'S MOTION TO DISMISS PURSUANT
17  a Delaware Limited Liability Company dba       )   TO F.R.Civ.P. 12(b)(1) and (6) IN RESPONSE
    Discount Web Member Sites, LLC, Unlimited      )   TO SECOND AMENDED COMPLAINT;
18  Local Savings, LLC, Web Discount Club, Web     )   MEMORANDUM OF POINTS AND
    Credit Rpt. Co., MegaOnlineClub, LLC, and      )   AUTHORITIES IN SUPPORT
19  RaiseMoneyForAnything; **MULTIECOM,**          )
    **LLC**, a Colorado limited Liability Company  )   [Complaint Filed May 9, 2011]
20  dba Online Discount Membership, Web            )
    Discount Company, and Liberty Discount         )   Hg. Date:  December 15, 2011,
21  Club; **ONLINE RESOURCE CENTER,**             )   Hg. Time: 10:00 a.m.
    **LLC**, a Delaware Limited Liability Company  )   Hg. Dept.: Courtroom "B" 15th Flr
22  dba Web Coupon Site, USave Coupon, and         )
    UClip; **MOE TASSOUDJI**, an individual;       )
23  **BILL CUEVAS**, an individual; **FIRST BANK** )
    **OF DELAWARE**, a Delaware Corporation;       )
24  **FIRST NATIONAL BANK OF CENTRAL**            )
    **TEXAS**, a Texas Corporation; **SUNFIRST**   )
25  **BANK**, a Utah Corporation; **JACK HENRY**   )
    **& ASSOCIATES, INC.**, a Delaware             )
26  Corporation dba PROFITSTARS;                   )
                                                  )
27

28

---

FILED

2011 NOV -8 P 2: 38

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2  **AUTOMATED ELECTRONIC**
   **PROCESSING SYSTEMS, INC.,** a
3  Delaware Limited Liability Company, and
   **DOES 1 through 10**, inclusive,
4

5              Defendants.

6

7

8

9      **PLEASE TAKE NOTICE** that that on December 15, 2011, at 10:00 a.m., in

10 Courtroom "B" (Fifteenth Floor) of the above-referenced Federal Court located at 450 Golden

11 Gate Avenue, San Francisco, California 94102, before the Hon. Maria-Elena James, Chief

12 Magistrate Judge, Defendants ZAAZOOM SOLUTIONS, LLC, a Delaware Limited Liability

13 Company, ZAZA PAY LLC a Delaware Limited liability Company ("ZAAZOOM") and

14 AUTOMATED ELECTRONIC PROCESSING SYSTEMS, INC. ("AE PROCESSING") will

15 move the Court to dismiss the First, Second, Fourth and Fifth Claims for Relief asserted in the

16 Second Amended Complaint in this action (the "Action").

17      Said motion will be asserted pursuant to *Federal Rules of Civil Procedure 12(b)(1) and*

18 *(6)* on the grounds that:

19      (1) the court has no jurisdiction over the subject matter of the First, Second, Fourth and

20 Fifth Claims for Relief to the extent they are alleged to have taken place after December 31,

21 2010, because those claims are preempted by federal law (15 U.S.C. §§ 8401 et seq.; *In re*

22 *Tobacco Cases II* (2007) 41 Cal. 4th 1257; *Riegel v. Medtronic, Inc.* (2008) 552 U.S. 312, 169

23 L. Ed. 2d 892; *Tanen v. Southwest Airlines Co.* (2010) 187 Cal. App. 4th 1156; *Miller v. Bank*

24 *of America, N.A. (USA)* (2009) 170 Cal. App. 4th 980);

25      (2) Plaintiff Amber Kristie Marsh fails to state a claim upon which relief can be granted

26 under the First, Second, Fourth or Fifth Claims for Relief because Marsh does not have the

27 legal standing to bring these claims because the acts giving rise to these claims took place after

28

1   December 31, 2010, and are preempted by federal law. *Friendly Village Community*
2   *Association, Inc., No. IV v. Silva & Hill Construction Co.* (1973) 31 Cal. App. 3d 220;

3       (3) the First, Second, Fourth and Fifth Claims for Relief fail to state claims upon which
4   relief can be granted because the facts stated do not allege that the actions taken by the parties
5   occurred in California (First, Fourth and Fifth) (*Sullivan v. Oracle Corp.* (2011) 51 Cal. 4th
6   1191) or in Arizona (Second) (*A.R.S. 44-1523*; *Fernandez v. Takata Seat Belts, Inc.* (2005)
7   210 Ariz. 138;

8       (4)  the Second Claim for Relief fails to state a claim upon which relief can be granted
9   because the acts alleged were not in violation of Arizona law because the acts alleged were not
10  in violation of Federal Trade Commission Regulations.  (*A.R.S. 44-1523*.)

11      Said motion to dismiss will be based on this Notice, the attached Memorandum of
12  Points and Authorities, the complete files and records in this action, and such other papers and
13  oral argument as the court may allow.

14
15  Dated: November 5, 2011                    DENNIS A. WINSTON,
                                               A PROFESSIONAL LAW CORPORATION
16
17                                   By *Dennis A. Winston*
18                                       Dennis A. Winston Attorneys for
                                         Defendants Zaazoom Solutions LLC; Zaza Pay LLC;
19                                       Automated Electronic Processing Systems, LLC
20
21
22
23
24
25
26
27
28

DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, AND AUTOMATED CHECKING, INC.'S MOTION
TO DISMISS PURSUANT TO F.R.Civ.P. 12(b)(1) and (6) IN RESPONSE TO SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No.: C 11-05226 MEJ

## 1. INTRODUCTION AND SUMMARY OF ARGUMENT

The Congress finds the following:

(1) The Internet has become an important channel of commerce in the United States, accounting for billions of dollars in retail sales every year. Over half of all American adults have now either made an online purchase or an online travel reservation.

(2) Consumer confidence is essential to the growth of online commerce. To continue its development as a market-place, the Internet must provide consumers with clear, accurate information and give sellers an opportunity to fairly compete with one another for consumers' business.

(3) An investigation by the Senate Committee on Commerce, Science, and Transportation found abundant evidence that the aggressive sales tactics many companies use against their online customers have undermined consumer confidence in the Internet and thereby harmed the American economy.

*15 U.S.C. § 8401* (Restore Online Shoppers' Confidence Act ("ROSCA").)

Distilled to essentials, Plaintiffs Stacie Evans and Amber Kristi Marsh ("Class Plaintiffs") allege a class action ("Action") on information and belief asserting that Defendants ZaaZoom Solutions, LLC, ZaZa Pay LLC ("ZaaZoom") and Automated Electronic Processing Systems, Inc. ("AE Processing") committed unfair business practices (*Business & Professions Code § 17200, "Section 17200"*) by operating websites that used information supplied online from class members to apply for payday loans to also register (and process the payments for) class members to subscribe for online coupon services without the customer's permission.

As of January 1, 2011, federal law preempts actions by the class members to enforce state statutes governing such internet schemes. (*15 U.S.C. §§ 8402, 8404.*) Enforcement of such schemes is limited to the federal government and state attorneys general (upon notice to the Federal Trade Commisssion). (*15 U.S.C. § 8405.*)

According to the Second Amended Complaint ("SAC"), Class Plaintiff Marsh did not apply for her payday loan until January 16, 2011 (SAC ¶ 99); therefore, all claims she seeks to assert pursuant to the First, Second, Fourth and Fifth Claims are preempted in their entirety.

The First, Second, Fourth and Fifth Causes of Action fail to state claims over which this Court has jurisdiction because the facts stated do not allege that the actions giving rise to liability occurred in California (First, Fourth and Fifth) or in Arizona (Second). (***Sullivan v. Oracle Corp.*** (2011) 51 Cal. 4th 1191); *A.R.S. 44-1523*.)

The Second Claim for Relief fails to state a claim for relief because the acts alleged were not in violation of Arizona law because the acts alleged were not in violation of Federal Trade Commission Regulations outside the purview of applicable federal law. (*Arizona Revised Statutes (A.R.S.) 44-1523; 15 U.S.C. § 8405.*)

## 2.   STATEMENT OF FACTS

Plaintiffs have filed a class action based upon information and belief alleging that ZaaZoom has committed unfair business practices by operating websites that used information supplied online from members of the class for payday loans to also generate checks to pay for online coupons for other services (e.g., coupon clubs) without plaintiffs' knowledge or permission. (SAC ¶¶ 8, 10, 57-66.)

In the First Cause of Action, California subclass plaintiffs assert claims of violations of unfair business practices under *Section 17200*. In a Second Cause of Action, class plaintiffs assert claims of consumer fraud pursuant to *A.R.S. §§ 44-1521*. In the Third Cause of Action, class plaintiffs assert a claim for violations of federal wiretapping statutes. *18 U.S.C. §§ 2510, et seq.* In their Fourth Cause of Action, class plaintiffs assert claims for conversion and aiding and abetting conversion of their banking information. In a Fifth Cause of Action, class plaintiffs assert claims of negligence against the processors of checks and Depository Banks which assisted the remaining defendants' schemes.

## 3.   FEDERAL LAW PREEMPTS THE FIRST, SECOND, FOURTH AND FIFTH CAUSES OF ACTION

Pursuant to *Federal Rules of Civil Procedure 12(b)(1)*, a defense will lie if the court "lack[s] subject-matter jurisdiction." Effective January 1, 2011, federal law (ROSCA) preempts the state law claims upon which class plaintiffs purport to assert their First, Second, Fourth and Fifth Causes of Action.

As the California Supreme Court explained (consonant with federal authorities) in *In re Tobacco Cases II* (2007) 41 Cal. 4th 1257, 1265:

[F]ederal preemption arises in three circumstances: First, Congress can define explicitly the extent to which its enactments pre-empt state law....Pre-emption fundamentally is a question of congressional intent,...and when Congress has made its intent known through explicit statutory language, the courts' task is an

5

easy one. [] Second, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively. ... [] Finally, state law is pre-empted to the extent that it actually conflicts with federal law.[1]

In *In re Tobacco Cases II*, our Supreme Court ruled that federal law governing cigarette advertising preempted *Section 17200* claims because the language used by Congress led to that conclusion. *In re Tobacco Cases II*, 41 Cal.4th at 1262.  Federal preemption also includes preemption of state common law claims. *Riegel v. Medtronic, Inc.* (2008) 552 U.S. 312, 169 L. Ed. 2d 892.

In *Tanen v. Southwest Airlines Co.* (2010) 187 Cal. App. 4th 1156, federal preemption based upon the Airline Deregulation Act of 1978 (*49 U.S.C. § 4173*) justified the sustaining of Southwest Airlines' demurrer to a claim alleging that the expiration date on a travel certificate violated *Civil Code § 1749.5*, which makes it unlawful to sell a gift certificate that contains an expiration date.

In *Miller v. Bank of America, N.A. (USA)* (2009) 170 Cal. App. 4th 980, the court affirmed the sustaining of Bank of America's demurrer to plaintiff's claims that the bank's use of federal instead of state holiday statutes for calculating credit card payments was an unfair business practice under *Section 17200*.

Pursuant to ROSCA, (*15 U.S.C. § 8402*), in pertinent part:

(a) ...It shall be unlawful for any post-transaction third party seller to charge or attempt to charge any consumer's credit card, debit card, bank account, or other financial account for any good or service sold in a transaction effected on the Internet, unless--
   (1) before obtaining the consumer's billing information, the post-transaction third party **seller has clearly and conspicuously disclosed to the consumer all material terms of the transaction**, including
      (A) a description of the goods or services being offered;
      (B) the fact that the post-transaction third party seller is not affiliated with the initial merchant, which may include disclosure of the name of the post-transaction third party in a manner that clearly differentiates the post-transaction third party seller from the initial merchant; and
      (C) the cost of such goods or services; and

---

[1]     Unless otherwise indicated, all emphasis supplied all internal quotation marks omitted.

(2) the post-transaction third party **seller has received the express informed consent for the charge from the consumer whose credit card, debit card, bank account, or other financial account will be charged by--**
    (A) obtaining from the consumer--
      (i) the full account number of the account to be charged; and
      (ii) the consumer's name and address and a means to contact the consumer; and
    (B) **requiring the consumer to perform an additional affirmative action, such as clicking on a confirmation button or checking a box that indicates the consumer's consent to be charged the amount disclosed.**
 (b) …It shall be unlawful for an initial merchant to disclose a credit card, debit card, bank account, or other financial account number, or to disclose other billing information that is used to charge a customer of the initial merchant, to any post-transaction third party seller for use in an Internet-based sale of any goods or services from that post-transaction third party seller.

These provisions of ROSCA track the class plaintiffs' claims that they were sold participation in "coupon clubs" for services, using their banking information, without their knowledge or permission. (SAC ¶¶ 8, 10, 57-66, inclusive, 73-75.)

Enforcement of ROSCA is left to the Federal Trade Commission and to state attorneys general (with notice to the FTC), unless the FTC has already initiated proceedings. *15 U.S.C. § 8405(a),(b) and (e)* ("No separate suit shall be brought under this section if, at the time the suit is brought, the same alleged violation is the subject of a pending action by the Federal Trade Commission or the United States under this Act.")

As of January 1, 2011, class plaintiffs' claims under the First, Second, Fourth and Fifth Causes of Action are preempted by ROSCA.

**4.**    **<u>PLAINTIFF MARSH DOES NOT HAVE THE LEGAL STANDING TO BRING THE FIRST, SECOND, FOURTH OR FIFTH CLAIMS BECAUSE ALL OF THE ACTS ALLEGED IN SUPPORT OF HER CLAIMS TOOK PLACE AFTER DECEMBER 31, 2010, AND ARE PREEMPTED BY FEDERAL LAW</u>**

Plaintiff Marsh did not apply for a payday loan until 2011. (SAC ¶ 99.) Pursuant to *Federal Rules of Civil Procedure 12(b)(1)* Her claims under the First, Second, Fourth and Fifth Causes of Action are completely preempted.

In affirming the sustaining of defendant's demurrer without leave the court in ***Friendly Village Community Association, Inc., No. IV v. Silva & Hill Construction Co.*** (1973) 31 Cal. App. 3d 220, 224 explained:

> There is a difference between the capacity to sue, which is the right to come into court, and the standing to sue, which is the right to relief in court. [Citations omitted.] Thus, although a plaintiff may have 'capacity' to sue, if the complaint shows that he is not a real party in interest and therefore lacks 'standing' to sue, a 'general' demurrer will be sustained.

There is no reason to afford Marsh an opportunity to amend her pleadings.

**5.   THE FIRST, SECOND, FOURTH AND FIFTH CLAIMS FAIL BECAUSE THE FACTS STATED DO NOT ALLEGE THAT THE ACTIONS OCCURRED IN CALIFORNIA (FIRST, FOURTH AND FIFTH) OR IN ARIZONA (SECOND)**

Pursuant to *Federal Rules of Civil Procedure 12(b)(6)*, a defense lies with a failure to state a claim upon which relief can be granted. Despite taking up one hundred eighty-eight paragraphs (188), class plaintiffs do not allege facts essential to their claims.

At the outset, from the SAC the actions of *defendants* upon which the causes of action apparently took place outside California. (SAC ¶¶ 18, 19, 20-30, inclusive, 43-47, 55-71, inclusive, 127, 136-137, 145.) In none of these allegations do plaintiffs allege that the actions of defendants took place in California (while ZaaZoom is alleged to be an Arizona corporation, we do not know where the internet connections were). Likewise, the SAC also does not allege that the actions of plaintiffs took place in California either (the fact that class plaintiffs Marsh and Evans reside in California is not sufficient to prove the acts alleged took place in California).

As the California Supreme Court explained in ***Sullivan v. Oracle Corporation*** (2011) 51 Cal. 4th 1191, a claim for violation of California's wage and hour laws does not lie for work performed outside California (even if the plaintiff is a California resident) and no *Section 17200* claim would lie. ***Sullivan***, 51 Cal.4th at 1194.

ation

**6.    THE SECOND CLAIM FOR RELIEF FAILS TO STATE A CLAIM BECAUSE THE ACTS ALLEGED WERE NOT IN VIOLATION OF ARIZONA LAW BECAUSE THE ACTS ALLEGED WERE NOT IN VIOLATION OF FEDERAL TRADE COMMISSION REGULATIONS OUTSIDE THE PURVIEW OF ROSCA**

Under Arizona's consumer protection laws, "nothing contained in this article shall apply to any advertisement which is subject to and complies with the rules and regulations of, and the statutes administered by the federal trade commission." (*A.R.C. § 44-1523*.)  As discussed above, ROSCA specifically governs the internet schemes alleged in the SAC and is to be enforced by the FTC and state attorneys general.

Class Plaintiffs do not allege any violations of FTC regulations that would *not* be enforced under ROSCA and the FTC.  As a consequence, the Second Claim fails.

**7.    CONCLUSION**

For the foregoing reasons, ZAAZOOM and AE PROCESSING's motion to dismiss specified claims in the Second Amended Complaint should be sustained with leave (as to Claim nos. 1, 2, 4 and 5) and sustained without leave (as to Marsh).

Dated: November 5, 2011

DENNIS A. WINSTON,
A PROFESSIONAL LAW CORPORATION

By *Dennis Q. Winston*

Dennis A. Winston Attorney for
Defendants ZaaZoom Solutions LLC, ZaZa Pay
LLC and Automated Electronic Processing
Systems, Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3221 Carter Ave., Apt. 444, Marina Del Rey, California 90292.

    On November 5,, 2011, I served the foregoing document described as DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC and AUTOMATED ELECTRONIC PROCESSING SYSTEMS,INC.'S MOTION TO DISMISS  on all parties in this action by placing a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Jeffrey Rosenfield | Richard Williams, Esq. |
| KRONENBERG BURGOYNE, LLP | Gray • Duffy, LLP |
| 150 Post Street | 702 Marshall St., Suite 600 |
| San Francisco, California 94108 | Redwood City, California 94063 |
| for Class Plaintiffs |  for Defendant Jack Henry& Associates, Inc. a Delaware Corporation dba Profitstars and First National Bank of Central Texas, a Texas Corp. |

_____BY MESSENGER SERVICE     -- A copy of the above described documents were hand served on interested parties in this action by an agent from an attorney service employed to deliver a true and correct copy thereof during normal business hours, which was enclosed in a sealed envelope and which was placed for hand delivery by upon delivery of said documents, a proof of service will be signed by the messenger, confirming receipt and delivery of same.

_X__      BY MAIL     -- I deposited such envelopes in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

_X_  (Federal) I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

    Executed on November _5_, 2011, at Los Angeles, California.

Dennis A. Winston _____                _Dennis A. Winston_
(Typed or Printed Name)                  (Signature)