**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Virginia A. Sanderson (CA Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Plaintiffs
AMBER KRISTI MARSH AND STACIE EVANS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AMBER KRISTI MARSH** and **STACIE EVANS**, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>**ZAAZOOM SOLUTIONS, LLC**, *et al.*,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No. 3:11-cv-05226-RS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, AND AUTOMATED ELECTRONIC CHECKING, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & 12(B)(6)**<br><br>DATE:   TBD<br>TIME:    1:30 PM<br>CTRM:   3, 17th Floor<br>JUDGE:  The Hon. Richard Seeborg |

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................... 1

BACKGROUND ..................................................................................................... 2

ROSCA .................................................................................................................. 3

PROCEDURAL BACKGROUND ............................................................................ 4

ARGUMENT .......................................................................................................... 4

    A. Moving Defendants fail to explain how ROSCA supposedly preempts Plaintiffs' state law claims ................................................................................. 5

        1. Contrary to Moving Defendants' argument, ROSCA does not contain an express preemption clause ............................................................... 6

        2. Congress has not shown any intent to occupy the entire field of consumer protection or online commerce such that all state laws in this area are impliedly preempted ......................................................................... 8

        3. ROSCA does not conflict with Plaintiffs' state law claims or California law, and thus conflict preemption does not apply ................................. 9

        4. Moving Defendants' preemption authority is inapposite ...................... 11

    B. Plaintiffs have standing to bring their claims ................................................. 13

CONCLUSION ..................................................................................................... 14

KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KRInternetLaw.com

**TABLE OF AUTHORITIES**

*Aguayo v. U.S. Bank,* 653 F.3d 912 (9th Cir. 2011) ...................................................................... 5

*Bank of Am. v. City & County of San Francisco,* 309 F.3d 551 (9th Cir. 2002) ............... 5

*Chamber of Commerce of U.S. v. Whiting,* 131 S. Ct. 1968 (2011) .............................. 10

*Chamberlan v. Ford Motor Co.*, 314 F. Supp. 2d 953 (N.D. Cal. 2004) ..................... 9, 10

*Chicanos Por La Causa, Inc. v. Napolitano,* 558 F.3d 856 (9th Cir. 2009) .................... 10

*Cipollone v. Liggett Group, Inc.,* 505 U.S. 504 (1992) ...................................................... 11

*Consumer Justice Ctr. v. Olympian Labs, Inc.,* 99 Cal. App. 4th 1056 (2002) ............ 2, 6

*Dorsett v. Sandoz, Inc.,* 699 F. Supp. 2d 1142 (C.D. Cal. 2010) ...................................... 6

*English v. General Electric Co.*, 496 U.S. 72, 79 (1990) ............................................. 8, 9

*Gaeta v. Perrigo Pharm. Co.,* 562 F. Supp. 2d 1091 (N.D. Cal. 2008) ......................... 10

*Geier v. Am. Honda Motor Co., Inc.,* 529 U.S. 861 (2000) ........................................ 9, 10

*Hines v. Davidowitz*, 312 U.S. 52 (1941) ...................................................................... 10

*Holeman v. Neils,* 803 F. Supp. 237 (D. Ariz. 1992) ...................................................... 14

*In re Tobacco Cases II,* 41 Cal. 4th 1257 (2007) ........................................................... 11

*Integral Dev. Corp. v. Weissenbach,* 99 Cal. App. 4th 576 (2002) ............................... 13

*Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996) ................................................................... 5

*Miller v. Bank of American, N.A. (U.S.A.)*, 170 Cal. App. 4th 980 (2009) ...................... 12

*Oracle Corp. v. SAP AG,* 734 F. Supp. 2d 956 (N.D. Cal. 2010) .................................. 13

*Pac. Merch. Shipping Ass'n v. Goldstene,* 639 F.3d 1154 (9th Cir. 2011) ...................... 8

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.,* 642 F. Supp. 2d 1112 (C.D. Cal. 2009) ................................................................................................................. 8, 12

*Smith v. Chase Mortg. Credit Group,* 653 F. Supp. 2d 1035 (E.D. Cal. 2009) ................ 7

*Smith v. Wells Fargo Bank, N.A.*, 135 Cal. App. 4th 1463 (2005) ................................... 7

*Tanen v. Southwest Airlines Co.,* 187 Cal. App. 4th 1156 (2010) ................................. 11

*VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673 F. Supp. 2d 1073 (E.D. Cal. 2009) 7

KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KRInternetLaw.com

*Wyeth v. Levine,* 555 U.S. 555 (2009) .............................................................................. 5

*Yu v. Signet Bank/Virginia,* 69 Cal. App. 4th 1377 (1999) ............................................. 13

## Federal Statutes and Other Authorities

15 U.S.C. §8401 *et seq*. ............................................................................................. *passim*

16 C.F.R. §310.2(u) ........................................................................................................ 3

Airline Deregulation Act .............................................................................................. 11

Arizona's Consumer Fraud Act, Ariz. Rev. Stat. §44-1521 *et seq*. ............................... 13

California Business and Professions Code section 17200 ..................................... *passim*

Fed. R. Civ. P. 12(b) ...................................................................................................... 1

Federal Cigarette Labeling and Advertising Act ........................................................ 11

Federal Trade Commission Act .................................................................................... 6

Petroleum Marketing Practices Act .............................................................................. 7

Real Estate Settlement Procedures Act ........................................................................ 7

S. R<small>EP</small>. N<small>O</small>. 111-240 (2010) ......................................................................................... 9

Plaintiffs Amber Kristi Marsh and Stacie Evans, by and through their counsel of record, respectfully submit the following memorandum of points and authorities in opposition to Defendants Zaazoom Solutions, LLC, Zaza Pay LLC, and Automated Electronic Checking, Inc. (collectively, "Moving Defendants")'s motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants operate a scam where they lure people into applying for payday loans on Internet websites. Defendants take the information they gather from the payday loan applications—including the applicants' banking information—and use this information to forge checks on behalf of the applicants. These checks are fakes; they are created without the applicants' knowledge or consent. These checks supposedly pay for the Defendants' online coupon services, though no applicant ever agreed to buy such services. The money is transferred from the applicants' checking accounts to Defendants before the applicants realize that the forged checks have been drawn or that withdrawals have been made. Defendants have performed this scam thousands of times, and robbed people, already in a frail financial condition, of their remaining money.

Moving Defendants make two arguments in their motion to dismiss. First, Moving Defendants argue that Plaintiffs' state law claims are preempted by the Restore Online Shoppers' Confidence Act, 15 U.S.C. §§8401 *et seq.* ("ROSCA"). Second, Moving Defendants argue that Plaintiffs do not have standing to assert claims under California law because, according to Moving Defendants, their misconduct occurred outside of California.

Both of Moving Defendants' arguments fail. First, contrary to Moving Defendants' argument, the lack of a private cause of action in ROSCA does not result in the preemption of California laws that do provide a private right of action. To the contrary, "the absence of a private cause of action means that Congress has obviously left plenty of room for the states to supplement the [statute] by providing for private causes of

Case No. 3:11-cv-05226-RS  1  **PLAINTIFFS' OPP TO DEFS' MOTION TO DISMISS COMPLAINT**

action." *Consumer Justice Ctr. v. Olympian Labs, Inc.*, 99 Cal. App. 4th 1056, 1059-60 (2002). Second, California law is clear that Plaintiffs are entitled to rely on California law to redress Defendants' misconduct, even if that misconduct occurred outside of California, where it resulted in injury to Plaintiffs in California.

For these reasons, and as explained more fully below, the Court should deny Moving Defendants' motion to dismiss.

## BACKGROUND

Defendants Zaazoom Solutions, LLC, Zaza Pay LLC, MultiECom, LLC, and Online Resource Center, LLC (collectively, the "Zaazoom Defendants") provide online coupon services though various Internet websites, including but not limited to <libertydiscountclub.com>, <777discountclub.com>, <247discountclub.com>, <grocerysavingsdirect.com>, <couponsinyourmailbox.com>, <websavingsclub.com>, <savingclub247.com>, <discountclub247.com>, and <uclipusave.com> (collectively, the "Defendants' Websites"). (Second Amended Complaint ("SAC") ¶55.) Theoretically, a consumer can sign up to become a member of one of Defendants' Websites voluntarily, by entering his or her contact and banking information. (SAC ¶57.)

Despite the foregoing process, the members of the Zaazoom Defendants' Websites did not become members voluntarily. (SAC ¶58.) Rather, the Zaazoom Defendants registered people without their knowledge or consent. (SAC ¶58.) Specifically, the Zaazoom Defendants obtained information regarding individuals ("Applicants") from payday loan websites. (SAC ¶59.) Without the Applicants' knowledge or consent, the operators of the Payday Loan Websites transferred the Applicants' personal information—including the Applicants' checking account information—to the Zaazoom Defendants. (SAC ¶62.) The Zaazoom Defendants then used the Applicants' personal information to register the Applicants for memberships with Defendants' Websites. (SAC ¶63.) Next, the Zaazoom Defendants drafted remotely created checks from the Applicants' checking accounts payable to the Zaazoom

Defendants. (SAC ¶65.) The Applicants were completely unaware that the Zaazoom Defendants were drafting or depositing these remotely created checks. (SAC ¶65.)

The Zaazoom Defendants engaged payment processors to assist with the creation, batching, and depositing of the remotely created checks. (SAC ¶72.) Defendants Jack Henry & Associates, Inc. *dba* ProfitStars, Data Processing Systems, LLC, and Automated Electronic Checking, Inc. (collectively, the "Processors") served as payment processors for the Zaazoom Defendants. (SAC ¶73.) The Processors deposited these remotely created checks in the Zaazoom Defendants' depositary bank accounts with Defendants First Bank of Delaware, First National Bank of Central Texas, and SunFirst Bank (collectively, the "Depositary Banks"). (SAC ¶¶87-89.)

Defendants' scam has injured consumers throughout the country, and in California in particular. Each of the Plaintiffs resides in California. (SAC ¶¶39-40.) Each Plaintiff had her banking information wrongfully taken by Defendants and used to forge remotely created checks made payable to the Zaazoom Defendants. (SAC ¶¶98-126.) Plaintiffs are far from alone. Defendants have used this scam to take advantage of thousands-upon-thousands of people, including thousands-upon-thousands of California residents. (SAC ¶15.) In total, Defendants have drawn more than 1,121,141 remotely created checks in perpetrating their scam, including 101,494 checks on Californians.

**ROSCA**

On December 29, 2010, President Obama signed into law the Restore Online Shoppers' Confidence Act, 15 U.S.C. §§8401 *et seq.* Section 2 of ROSCA, 15 U.S.C. §8401, contains Congressional findings and a declaration of policy. This section states that consumer confidence is essential to the growth of e-commerce, but that numerous companies have been taking advantage of consumers in the online context by using aggressive sales tactics, such as passing consumers' billing information to third parties and using negative option features.[1]

---

[1] ROSCA, 15 U.S.C. §8403, incorporates the definition of "negative option" from the Federal Trade Commission's Telemarketing Sales Rule, 16 C.F.R. §310.2(u), which defines a negative option as, "in an offer or agreement to sell or provide any goods or

Case No. 3:11-cv-05226-RS     3     **PLAINTIFFS' OPP TO DEFS' MOTION TO DISMISS COMPLAINT**

Section 4 of ROSCA, 15 U.S.C. §8403, sets forth the requirements for online merchants to use negative options. Specifically, before a merchant can use a negative option, the merchant must: a) provide text that clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information, b) obtain the consumer's express informed consent before charging the consumer, and c) provide simple mechanisms for a consumer to stop recurring charges. *See* 15 U.S.C. §8403.

Sections 5 and 6 of ROSCA, 15 U.S.C. §§8403-8404, describe the authority of the FTC and the states' attorneys general to enforce ROSCA through civil actions. Despite Defendants' claim, ROSCA does not contain an express preemption clause.

**PROCEDURAL BACKGROUND**

On May 9, 2011 Plaintiffs filed their initial complaint in the California Superior Court for San Francisco County. On September 23, Plaintiffs filed their Second Amended Complaint, which added Moving Defendants as parties. On, October 26, Defendant Jack Henry & Associates, Inc. removed this action to this Court. On November 8, Moving Defendants filed their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [D.E. No. 12.]

**ARGUMENT**

Moving Defendants offer two arguments in their motion. First, Moving Defendants argue that ROSCA preempts Plaintiffs' state law claims because ROSCA does not have a private right of action. Moving Defendants have cited no authority for their claim that a federal law's lack of a private right of action results in the preemption of otherwise consistent state laws. To the contrary, courts in this Circuit have consistently held the exact opposite: that the lack of a private right of action in a federal law does not result in the preemption of otherwise consistent state laws. Thus, federal and state courts in California routinely allow the use of federal laws without private causes of action as

---

services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer."

KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KRInternetLaw.com

predicates for violations of California Business & Professions Code section 17200—a law that borrows violations of other laws and treats them as independently actionable unlawful practices. Thus, the Court should deny Moving Defendants' motion to dismiss to the extent it is based on preemption.

Moving Defendants also argue that Plaintiffs lack standing to assert claims under California law because, according to Moving Defendants, the claims in this case arose elsewhere. This argument fails where the SAC specifically alleges that Plaintiffs are California residents who suffered harm in California. As California case law makes clear, California law applies to wrongful conduct that results in injury in California, regardless of whether the conduct occurred out-of-state.

For these reasons, and as explained more fully below, the Court should deny Moving Defendants' motion to dismiss.

### A. Moving Defendants fail to explain how ROSCA supposedly preempts Plaintiffs' state law claims.

Moving Defendants argue that ROSCA preempts Plaintiffs' state law claims. There are two cornerstones of preemption analysis. *Wyeth v. Levine,* 555 U.S. 555, 565 (2009). First, the purpose of Congress is the ultimate touchstone in every preemption case. *Id.* (quoting *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485 (1996)). Second, in all preemption cases, and particularly in those in which Congress has legislated in a field which the states have traditionally occupied, courts must start their analysis with the assumption that the historic police powers of the states are not to be superseded by the federal law unless that was the clear and manifest purpose of Congress. *Id.* (quoting *Medtronic,* 518 U.S. at 485).

A federal law may preempt a state law in three ways. First, Congress may preempt a state law by expressly explaining the preemptive effect of the federal statute in the statute itself. *See Aguayo v. U.S. Bank*, 653 F.3d 912, 918 (9th Cir. 2011) (quoting *Bank of Am. v. City & County of San Francisco*, 309 F.3d 551, 558 (9th Cir. 2002)). Second, preemption may be inferred when federal regulation in a particular field is so

pervasive as to make reasonable the inference that Congress left no room for the states to supplement it. *See id.* Third, preemption may be implied when a state law actually conflicts with the federal law. *See id.* The party contending that federal law preempts a state law bears the burden of establishing preemption. *See Dorsett v. Sandoz, Inc.*, 699 F. Supp. 2d 1142, 1155 (C.D. Cal. 2010). Here, Defendants have made no such showing.

### 1. Contrary to Moving Defendants' argument, ROSCA does not contain an express preemption clause.

Moving Defendants appear to argue that ROSCA expressly preempts Plaintiffs' state law claims because ROSCA does not have a private right of action. This argument fails. Courts have routinely found that federal laws, which do not include private rights of action, do not preempt otherwise consistent state laws that do provide a private right of action. In fact, California state and federal courts routinely use federal statutes without private rights of action as predicates for section 17200 claims. As examples:

- <u>*Consumer Justice Ctr. v. Olympian Labs, Inc.*, 99 Cal. App. 4th 1056 (2002)</u>: In this case, the court found that "it is also clear (indeed, as stressed by defendants here) that there is no private right of action under the Federal Trade Commission Act." *Id.* at 1060. The court went on to state "our Supreme Court specifically noted that, while the Federal Trade Commission Act and California's unfair competition law both prohibit a wide range of unfair practices, the federal law has no private enforcement provision comparable to California's. The obvious conclusion to be drawn from the absence of a private cause of action is that Congress did not intend the Federal Trade Commission to occupy the field of redressing false advertising claims." *Id.* (internal quotations omitted). Thus, the court specifically rejected the argument that the Federal Trade Commission Act preempted the plaintiff's 17200 claim, stating that "the absence of a private cause of action means that Congress has obviously left plenty of room for the states to

'supplement' the Federal Trade Act by providing for private causes of action." *Id.* at 1061.

- *VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673 F. Supp. 2d 1073 (E.D. Cal. 2009): In this case, the court found that the plaintiff's section 17200 claim was not preempted by the Petroleum Marketing Practices Act. *See id.* at 1081-82. The court went on to state that "California has provided that any unlawful business practices, including violations of laws for which there is no direct private right of action, may be redressed by private action under the UCL; it is not necessary that the predicate law provide for private civil enforcement." *Id.* at 1081.

- *Smith v. Chase Mortg. Credit Group*, 653 F. Supp. 2d 1035 (E.D. Cal. 2009): In this case, the court found that the Real Estate Settlement Procedures Act ("RESPA") did not preempt the plaintiff's section 17200 claim. *See id.* at 1044-45. The Court also stated that the fact that RESPA did not provide a private right of action was not relevant to whether the statute could serve as a basis for the plaintiff's section 17200 claim. *See id.*

- *Smith v. Wells Fargo Bank, N.A.*, 135 Cal. App. 4th 1463 (2005): In this case, the court found that that regulations issued by the Office of the Comptroller of the Currency ("OCC") did not preempt the plaintiff's section 17200 claim. *See id.* at 1471-88. The court also stated that plaintiffs may bring section 17200 actions even when the conduct violates a statute for which there is no private right of action. *See id.* at 1479-80. "By borrowing violations of other laws, the UCL deems those violations 'unfair competition' independently actionable under the UCL. Virtually any law—federal, state or local—can serve as a predicate for a section 17200 action. Therefore, a violation of a federal law or regulation may serve as a predicate for a [UCL] action." *Id.* at 1480. (internal quotations and citations omitted).

As the above-described case law makes clear, a federal law's limitation on private rights of action is irrelevant to the preemption inquiry. Where Congress wants to preempt

a state law expressly, it uses clear language to that effect. *See, e.g.*, *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F. Supp. 2d 1112, 1121 (C.D. Cal. 2009) (analyzing express preemption clause from Federal Food, Drug, and Cosmetic Act). Because ROSCA does not contain an express preemption clause, Moving Defendants are simply incorrect that ROSCA expressly preempts Plaintiffs' state law claims.

### 2. Congress has not shown any intent to occupy the entire field of consumer protection or online commerce such that all state laws in this area are impliedly preempted.

Moving Defendants do not contend that ROSCA preempts Plaintiffs' state law claims under a theory of field preemption. Nonetheless, Plaintiffs dispose of this argument to the extent the Court wishes to consider it.

Even absent an express preemption clause, Congress may still intend to preempt state laws where it has adopted a scheme of federal regulation so pervasive as to occupy the entire field of regulation. *See English v. General Electric Co.,* 496 U.S. 72, 79 (1990). Field preemption exists only where the intent of Congress is clearly manifested, or implicit from a pervasive scheme of federal regulation that leaves no room for state supplementation, or implicit from the fact that the federal law touches a field, such as foreign affairs, in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject. *Pac. Merch. Shipping Ass'n v. Goldstene*, 639 F.3d 1154, 1165 (9th Cir. 2011).

No field preemption exists with respect to ROSCA because Congress has not shown any intent to occupy the field of consumer protection. Consumer protection is a field traditionally regulated concurrently by both the states and the federal government. *See Pom Wonderful LLC*, 642 F. Supp. 2d at 1122 (stating that "consumer protection laws fall within the states' historic police powers to protect the health and welfare of their citizens"). Based on this authority, California has adopted a number of consumer protection statutes and has developed a robust set of jurisprudence interpreting those statutes. In fact, California has adopted Business & Professions Code section 17600 *et seq.* which closely tracks the requirements of ROSCA.

ROSCA is a short consumer protection statute, which addresses the specific issues of negative options and third party sellers in online commerce. Nothing in ROSCA evidences an intent to displace the states' traditional roles in protecting consumers. *See* 15 U.S.C. §§8401 *et seq.* Nor does anything in ROSCA's legislative history suggest that the statute was intended to preempt state consumer protection laws. To the contrary, both the legislative history and ROSCA itself contain Congressional findings that the statute is designed to protect consumers in online transactions. *See* S. REP. NO. 111-240 at *passim* (2010) (stating ROSCA "would protect online consumers from unfair and deceptive sales tactics on the Internet"). It would be patently absurd for Congress to enact a consumer protection statute with the purpose of depriving consumers the right to protect themselves under the law.

Because there is literally no evidence of any Congressional intent to occupy the entire field of consumer protection in online commerce, ROSCA does not impliedly preempt Plaintiffs' claims under a field preemption theory.

### 3. ROSCA does not conflict with Plaintiffs' state law claims or California law, and thus conflict preemption does not apply.

Moving Defendants do not contend that ROSCA preempts Plaintiffs' state law claims under a theory of conflict preemption. Nonetheless, Plaintiffs dispose of this argument to the extent the Court wishes to consider it.

Where Congress has not entirely displaced state regulation in a specific area, state law will still be preempted to the extent it actually conflicts with federal law. *See Chamberlan v. Ford Motor Co.*, 314 F. Supp. 2d 953, 957 (N.D. Cal. 2004) (quoting *Geier v. Am. Honda Motor Co., Inc.,* 529 U.S. 861, 884 (2000)). Thus, conflict preemption turns on the presence of an actual conflict. *Id.* There are two bases for conflict preemption. First, state law will be conflict-preempted where it is impossible for a private party to comply with both state and federal requirements. *See English v. Gen. Elec. Co.,* 496 U.S. 72, 79 (1990). Second, state law will be conflict-preempted where that law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of

1  Congress. *Hines v. Davidowitz,* 312 U.S. 52, 67 (1941). In order for conflict-preemption
2  to exist, there must be clear evidence of the conflict; a speculative or hypothetical conflict
3  is not sufficient. *See Chicanos Por La Causa, Inc. v. Napolitano*, 558 F.3d 856, 863 (9th
4  Cir. 2009) *aff'd sub nom. Chamber of Commerce of U.S. v. Whiting*, 131 S. Ct. 1968
5  (2011).

6  Because of the presumption against implied preemption, the defendant bears the
7  burden of showing that it was Congress's clear and manifest intent to preempt state law.
8  *Chamberlan v. Ford Motor Co.*, 314 F. Supp. 2d 953, 962 (N.D. Cal. 2004); *see Chamber
9  of Commerce of U.S. v. Whiting*, 131 S. Ct. 1968, 1985 (2011) (stating that a high
10 threshold must be met if a state law is to be preempted for conflicting with the purposes
11 of a federal act). The Supreme Court and courts in the Ninth Circuit have identified the
12 narrow set of circumstances that warrant conflict preemption. As examples:

13 - <u>*Geier v. Am. Honda Motor Co., Inc.,* 529 U.S. 861, 874-83 (2000)</u>: The Supreme
14   Court held that a lawsuit that sought to force a manufacturer to install airbags in
15   all of its automobiles conflicted with a Department of Transportation's regulation
16   that permitted a range of choices among different passive restraint devices and
17   thus provided for a nuanced, gradual introduction of airbags over time.

18 - <u>*Gaeta v. Perrigo Pharm. Co.,*</u> 562 F. Supp. 2d 1091 (N.D. Cal. 2008): In this
19   case, the plaintiff suffered liver injuries allegedly caused by the defendant's
20   nonprescription drug. *See id.* at 1093. However, the FDA had already engaged in
21   a comprehensive review regarding the safety of that drug and specifically
22   determined that a warning for risk of liver injury was not scientifically supported by
23   the available data. *See id.* at 1098. In that instance, the plaintiff's lawsuit, brought
24   in part on a failure to warn theory, conflicted with the express judgment of the
25   FDA. *See id.*

26 Moving Defendants have not—and cannot—point to any conflicts between
27 ROSCA and the California laws that serve as the bases for Plaintiffs' claims. Neither
28 Plaintiffs' claims nor the California laws on which they are based impose obligations

KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KRInternetLaw.com

beyond those in ROSCA. Moving Defendants cannot argue that it is impossible for them to comply with both ROSCA and the California laws at issue. Nor can Moving Defendants argue that the California laws at issue somehow serve as an obstacle to the accomplishment of ROSCA's objectives. To the contrary, Plaintiffs seek to use ROSCA as a predicate for Moving Defendants' claims, including Moving Defendants' violation of California Business and Professions Code section 17200. To wit, by violating ROSCA, Defendants engaged in an unlawful business practice in violation of section 17200. Thus, the laws are entirely consistent.

Because there is no conflict between ROSCA and the California laws at issue in this case, there is no conflict preemption.

**4. Moving Defendants' preemption authority is inapposite.**

In support of their preemption argument, Moving Defendants cite to three cases, none of which is remotely similar to the issues in this action, and all of which rely on an express preemption clause.

- *In re Tobacco Cases II*, 41 Cal. 4th 1257 (2007): In this case, the court found that the plaintiff's section 17200 claim was preempted by the Federal Cigarette Labeling and Advertising Act ("FCLAA"). The U.S. Supreme Court had previously found that the FCLAA's ban on state regulation of advertising expressly preempted state common law actions accusing tobacco companies of failing to warn of the dangers of smoking. *See Cipollone v. Liggett Group, Inc.* 505 U.S. 504, 517 (1992). Based on the FCLAA's express preemption clause, the California Supreme Court found that the plaintiffs' unfair competition claim was preempted because it sought to impose on defendant tobacco companies a duty not to advertise in a way that would encourage minors to smoke, where such advertisements were based on concerns about the danger of smoking.
- *Tanen v. Southwest Airlines Co.*, 187 Cal. App. 4th 1156 (2010): In this case, a customer who purchased a travel gift certificate from the defendant airline sued the airline for violation of the California statute prohibiting the sale of gift

KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KRInternetLaw.com

1   certificates with expiration dates.  The court found that the plaintiff's claim was
2   expressly preempted by the Airline Deregulation Act, which stated "no State . . .
3   shall enact or enforce any law, rule, regulation, standard, or other provision having
4   the force and effect of law relating to rates, routes, or services of any air carrier . .
5   ."  The court found that the plaintiff's claims regarding travel gift certificates related
6   to "services of an air carrier," and thus were expressly preempted.

- *Miller v. Bank of American, N.A. (U.S.A.)*, 170 Cal. App. 4th 980 (2009):  In this case, credit card customers of the defendant bank brought a class action alleging that the bank's payment due dates violated state holiday statutes.  The court found that the National Banking Act and regulations promulgated under it by the Office of the Comptroller of the Currency expressly preempted certain state laws, where the federal regulations stated, "[e]xcept where made applicable by Federal law, state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized non-real estate lending powers are not applicable to national banks."

As the above descriptions make clear, Moving Defendants' cases involved an express preemption, which ROSCA does not have.  Moreover, each of Moving Defendants' cases involved a specific industry that is heavily regulated by the federal government (*i.e.* cigarette labeling, airlines, and banking).  By comparison, ROSCA is a consumer protections statute, a field traditionally regulated concurrently by both the states and the federal government.  *See Pom Wonderful LLC*, 642 F. Supp. 2d at 1122.  Finally, none of Moving Defendants' cases based preemption on the lack of a private right of action in the federal law.  Thus, Moving Defendants' authority is completely inapposite and has no bearing on this case.

In summary, because ROSCA does not contain an express preemption clause and does not otherwise evidence an intent to occupy the field of consumer protection, Moving Defendants have failed to meet their heavy burden of showing that ROSCA preempts Plaintiffs' claims.  Thus, the Court should deny Moving Defendants' motion to

KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KRInternetLaw.com

1 dismiss.

## B. Plaintiffs have standing to bring their claims.

Moving Defendants appear to argue that Plaintiffs do not have standing to bring claims under California and Arizona law because Plaintiffs have not alleged that the misconduct at issue occurred in these states or affected Plaintiffs in these states. This argument fails.

The complaint alleges that the Zaazoom Defendants are based in Arizona and perpetrated their misconduct from Arizona. The complaint alleges that each Plaintiff is a California resident and suffered harm in California as a result of Defendants' misconduct.[2]

Contrary to Moving Defendants' apparent argument, the fact that Defendants are located outside of California does not prevent Plaintiffs from relying on California laws where Plaintiffs were harmed in California. "In the absence of any federal preemption, a defendant who is subject to jurisdiction in California and who engages in out-of-state conduct that injures a California resident may be held liable for such conduct in a California court." *See Yu v. Signet Bank/Virginia*, 69 Cal. App. 4th 1377, 1391 (1999); *see also Oracle Corp. v. SAP AG*, 734 F. Supp. 2d 956, 968 (N.D. Cal. 2010) (stating that section 17200 "applies to wrongful conduct that occurs out-of-state but results in injury in California, regardless of the injured party's citizenship"). This line of reasoning applies to common law torts in addition to UCL claims. *See Integral Dev. Corp. v. Weissenbach*, 99 Cal. App. 4th 576, 591 (2002) ("California has a manifest interest in providing a local forum for its residents to redress injuries inflicted by out-of-state defendants.") Because Plaintiffs were harmed in California, where they reside, they are entitled to bring claims based on California law.

Similarly Plaintiffs are entitled to bring a claim under Arizona's Consumer Fraud

---

[2] To the extent there is any ambiguity about where Plaintiffs were when their banking information was misappropriated by Defendants and when Defendants forged checks from Plaintiffs' bank accounts, Plaintiffs are prepared to amend their complaint to state that they were in California.

KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KRInternetLaw.com

Act, Ariz. Rev. Stat. §44-1521 *et seq.*, where the Zaazoom Defendants are based in Arizona and perpetrated their misconduct from Arizona. *See Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992) ("The [Arizona] Consumer Fraud Act provides an injured consumer with an implied private right of action against the violator of the act.")

Because Plaintiffs are entitled to bring all of their state and federal claims, Moving Defendants' motion to dismiss should be denied.

## CONCLUSION

For all of the reasons set forth above, the Court should deny Moving Defendants' motion to dismiss.

Respectfully submitted,

DATED: November 22, 2011

**KRONENBERGER ROSENFELD, LLP**

By: s/Jeffrey M. Rosenfeld
Jeffrey M. Rosenfeld

Attorneys for Plaintiffs