1  PAUL J. HALL (SBN 066084)
   paul.hall@dlapiper.com
2  ISABELLE L. ORD (SBN 198224)
   isabelle.ord@dlapiper.com
3  ALEC CIERNY (SBN 275230)
   alec.cierny@dlapiper.com
4  DLA PIPER LLP (US)
   555 Mission Street, Suite 2400
5  San Francisco, CA  94105
   Tel:  415.836-2500
6  Fax:  415.836.2501

7  Attorneys for Defendant
   FIRST BANK OF DELAWARE
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

| | |
|---|---|
| AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons, | CASE NO.  3:11-cv-05226-RS |
| Plaintiffs, | **DEFENDANT FIRST BANK OF DELAWARE'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| v. | |
| **ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company, **ZAZA PAY LLC**, a Delaware Limited Liability Company dba Discount Web Member Sites, LLC, Unlimited Local Savings, LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and RaiseMoneyForAnything; **MULTIECOM, LLC**, a Colorado Limited Liability Company dba Online Discount Membership, Web Discount Company, and Liberty Discount Club; **ONLINE RESOURCE CENTER, LLC**, a Delaware Limited Liability Company dba Web Coupon Site, USave Coupon, and UClip; **MOE TASSOUDJI**, an individual, **BILL CUEVAS**, an individual, **FIRST BANK OF DELAWARE**, a Delaware Corporation, **FIRST NATIONAL BANK OF CENTRAL TEXAS**, a Texas Corporation; **SUNFIRST BANK**, a Utah Corporation; **JACK HENRY & ASSOCIATES, INC.**, a Delaware Corporation dba ProfitStars; **AUTOMATED ELECTRONIC CHECKING, INC.,** a Nevada Corporation;  **DATA PROCESSING SYSTEMS, LLC**, a Delaware Limited Liability Company and DOES 1-10, inclusive, | **(FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6), AND 12(E))**<br><br>**Date:        January 26, 2012**<br>**Time:        1:30 P.M.**<br>**Courtroom: 3** |
| Defendants. | |

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\225477780.8

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 26, 2012 at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable Richard Seeborg in Courtroom 3 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant First Bank of Delaware ("First Bank") will and hereby does move to dismiss the Second Amended Complaint (the "Complaint") of Plaintiffs AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons ("Plaintiffs"), and each claim for relief asserted therein, alleged against First Bank.  This Motion is made on the following grounds:

First Bank will and hereby does move to dismiss the Complaint and each claim for relief asserted therein under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that:

1.      Plaintiffs were not in privity with First Bank and fail to state a cause of action arising out of a contractual relationship with First Bank.  As a matter of law, First Bank does not owe a duty of care to non-depositors.  Software Design & Application LTD v. Hoefer & Arnett, Inc., 49 Cal.App.4th 472 (1996).  Plaintiffs (incorrectly) allege that First Bank was a depository bank for the Zaazoom Defendants (as defined below), but in any event "it has long been regarded as 'axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor . . . [a] debt is not a trust and there is not a fiduciary relation between debtor and creditor."  Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (Cal. App. 1989) (emphasis added),

2.      Plaintiffs' First Claim for Relief against First Bank for violation of California's Unfair Competition Law, Business & Profession Code Section 17200 *et seq.* (the "17200 Claim"), must be dismissed because Plaintiffs lack standing under California law.  See Bower v. AT & T Mobility, LLC, 196 Cal.App.4th 1545, 1554 (Cal.App. 2011).

3.      Plaintiffs' 17200 Claim must be dismissed because the remedy sought by Plaintiffs is a disguised claim for damages and constitutes indirect and non-restitutionary disgorgement from First Bank, which is precluded under Korea Supply Co. v. Lockheed Martin Corp., 29

1    Cal.4th 1134 (2003).

2         4.    Plaintiffs' 17200 Claim must be dismissed because Plaintiffs fail to establish a

3    predicate act of unfair, unlawful, or fraudulent conduct by First Bank.  To the extent Plaintiffs

4    rely on a predicate act of fraud—and the gravamen of their complaint appears to be fraud--

5    Plaintiffs fail to plead the fraud with the specificity required under Rule 9(b) of the Federal Rules

6    of Civil Procedure.  Alternatively, to the extent the claim is predicated on unlawful conduct,

7    Plaintiffs have not adequately alleged a statutory violation by First Bank.  Finally, to the extent

8    the claim is predicated on allegedly unfair conduct, as set forth herein, First Bank has not engaged

9    in and Plaintiffs fail to allege facts establishing any unfair conduct relating to Plaintiffs.

10        5.    Plaintiffs' Second Claim for Relief against First Bank for violation of the Arizona

11   Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521, *et seq.* (the "Arizona Statute"), must be

12   dismissed because Plaintiffs fail to allege any conduct by First Bank within Arizona that could

13   constitute a violation of the Arizona Statute, and even if Plaintiffs had pleaded such conduct,

14   Plaintiffs fail to plead the requisite fraud supporting a violation of the Arizona Statute with

15   sufficient particularity to satisfy the pleading requirements of Rule 9 of the Federal Rules of Civil

16   Procedure.

17        6.    Plaintiffs' Third Claim for Relief against First Bank for aiding and abetting a

18   violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq*. (the "Wiretap

19   Act") must be dismissed because, as a matter of law, there is no aiding and abetting liability under

20   the statute, and therefore no legally cognizable claim against First Bank.

21        7.    Plaintiffs' Fourth Claim for Relief against First Bank for aiding and abetting

22   conversion must be dismissed because Plaintiffs fail to allege facts sufficient to show that First

23   Bank aided and abetted conversion by the Zaazoom Defendants.  Plaintiffs' conclusory

24   allegations of aiding and abetting conversion against First Bank do not establish that First Bank

25   had actual knowledge of the alleged primary wrong of conversion purportedly committed by the

26   Zaazoom Defendants or that First Bank substantially assisted the Zaazoom Defendants in

27   converting funds from Plaintiffs.  Casey v. U.S. Bank, N.A., 127 Cal. App. 4th 1138 (2005).

28   Absent detailed and fact-specific pleading sufficient to establish actual knowledge of First Bank

1    and substantial assistance, the claim for relief for aiding and abetting conversion must be

2    dismissed.

3           8.      Plaintiffs' Fifth Claim for Relief for negligence against First Bank must be

4    dismissed because Plaintiffs do not and cannot allege that First Bank owed a duty of care to

5    Plaintiffs, who are not depository customers of First Bank and had no direct contact with First

6    Bank.  As a matter of law, First Bank does not owe a duty of care to non-depositors.  <u>Software

7    Design & Application LTD v. Hoefer & Arnett, Inc.</u>, 49 Cal.App.4th 472 (1996).

8           7.      Plaintiffs' claims against First Bank are also preempted under the Restore Online

9    Shoppers' Confidence Act under 15 U.S.C. §8401 ("ROSCA").  First Bank incorporates herein

10   the Motion to Dismiss filed by the Zaazoom Defendants and the related pleadings and papers and

11   specifically the preemption argument raised by the Zaazoom Defendants under ROSCA.

12         In the alternative, First Bank will and hereby does move for a more definite statement

13   pursuant to Rule 12(e) of the Federal Rules of Civil Procedure relating to the Complaint and each

14   cause of action therein alleged against First Bank, on the ground that Plaintiffs' claims against

15   First Bank are so vague and ambiguous that First Bank cannot reasonably prepare a response.

16   Plaintiffs' vague allegations against First Bank suffer from the following deficiencies in pleading

17   and are insufficient to put First Bank on notice of the purported claims against it:

18          1.      Plaintiffs fail to allege and cannot allege facts demonstrating that First Bank is in

19   privity with Plaintiffs or has conducted any direct business with Plaintiffs.

20          2.      Plaintiffs' First Claim for Relief against First Bank for the 17200 Claim fails to

21   allege whether First Bank's alleged conduct falls under the unfair, unlawful, or fraudulent prongs

22   of Section 17200.  While Plaintiffs gratuitously assert the alleged conduct could be unfair,

23   unlawful, or fraudulent, the gravamen of the Complaint appears to be fraud.  To the extent

24   Plaintiffs assert fraud as a predicate for the 17200 Claim, Plaintiffs fail to allege fraud with the

25   specificity required under Rule 9 of the Federal Rules of Civil Procedure.  To the extent Plaintiffs

26   rely on the unlawful prong, Plaintiffs fail to allege a predicate statutory violation.  Alternatively,

27   to the extent Plaintiffs rely on the unfair prong, Plaintiffs have not alleged any unfair competition

28   by First Bank involving Plaintiffs.

3.      Plaintiffs' Second Claim for Relief against First Bank for violation of the "Arizona Statute must be dismissed because Plaintiffs fail to allege any conduct by First Bank within Arizona that could constitute a violation of the Arizona Statute, and even if Plaintiffs had pleaded such conduct, Plaintiffs fail to plead the requisite fraud supporting a violation of the Arizona Statute with sufficient particularity to satisfy the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.

3.      Plaintiffs' Third Claim for Relief against First Bank for aiding and abetting a violation of the Wiretap Act does not allege a direct violation of the Wiretap Act by First Bank, and fails to allege any conduct of First Bank in intercepting electronic communications from Plaintiffs.  Plaintiffs allege only an aiding and abetting claim that fails as a matter of law.

4.      Plaintiffs' Fourth Claim for Relief for aiding and abetting conversion fails to allege the specific and detailed facts necessary to show that First Bank aided and abetted conversion by the Zaazoom Defendants.  Plaintiffs' conclusory allegations of aiding and abetting conversion against First Bank fail to establish that First Bank had actual knowledge of the alleged primary wrong of conversion of funds by remotely created checks purportedly committed by the Zaazoom Defendants or that First Bank substantially assisted the Zaazoom Defendants in converting funds from Plaintiffs. Casey, 127 Cal. App. 4th 1138.

5.      Plaintiffs' Fifth Claim for Relief for negligence fails to identify any legally cognizable duty owed by First Bank to Plaintiffs.

The Motion is based on this Notice of Motion and Motion of First Bank, the accompanying Motion to Strike Portions of the Complaint, the supporting Memorandum of Points and Authorities, any joinders that may be filed, the Motion to Dismiss filed by the Zaazoom Defendants and the related pleadings and papers, all pleadings and papers on file in this case, all matters of which this Court may take judicial notice, and the arguments of counsel.

1

2   Dated:  December 9, 2011                   Respectfully submitted,

3
                                              DLA PIPER LLP (US)
4

5                                             By:     /s/ Paul J. Hall
                                                    PAUL J. HALL
6
                                              Attorney for Defendant
7                                             FIRST BANK OF DELAWARE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   PAUL J. HALL (SBN 066084)
    paul.hall@dlapiper.com
2   ISABELLE L. ORD (SBN 198224)
    isabelle.ord@dlapiper.com
3   ALEC CIERNY (SBN 275230)
    alec.cierny@dlapiper.com
4   DLA PIPER LLP (US)
    555 Mission Street, Suite 2400
5   San Francisco, CA  94105
    Tel:  415.836-2500
6   Fax:  415.836.2501

7   Attorneys for Defendant
    FIRST BANK OF DELAWARE
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

| | |
|---|---|
| AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons, | CASE NO.  3:11-cv-05226-RS |
| Plaintiffs, | **DEFENDANT FIRST BANK OF DELAWARE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| v. | |
| **ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company, **ZAZA PAY LLC**, a Delaware Limited Liability Company dba Discount Web Member Sites, LLC, Unlimited Local Savings, LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and RaiseMoneyForAnything; **MULTIECOM, LLC**, a Colorado Limited Liability Company dba Online Discount Membership, Web Discount Company, and Liberty Discount Club; **ONLINE RESOURCE CENTER, LLC**, a Delaware Limited Liability Company dba Web Coupon Site, USave Coupon, and UClip; **MOE TASSOUDJI**, an individual, **BILL CUEVAS**, an individual, **FIRST BANK OF DELAWARE**, a Delaware Corporation, **FIRST NATIONAL BANK OF CENTRAL TEXAS**, a Texas Corporation; **SUNFIRST BANK**, a Utah Corporation; **JACK HENRY & ASSOCIATES, INC.,** a Delaware Corporation dba ProfitStars; **AUTOMATED ELECTRONIC CHECKING, INC.,** a Nevada Corporation;  **DATA PROCESSING SYSTEMS, LLC**, a Delaware Limited Liability Company and DOES 1-10, inclusive, | **(FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND 12(E))**<br><br>**Date:         January 26, 2012**<br>**Time:         1:30 P.M.**<br>**Courtroom: 3** |
| Defendants. | |

1

# TABLE OF CONTENTS

2

**Page**

3  MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

4  I.      INTRODUCTION ......................................................................................................... 1

    II.     BRIEF FACTUAL STATEMENT ............................................................................... 2

5           A.     Procedural History ........................................................................................... 2

6           B.     Relevant Allegations Against the Zaazoom Defendants.................................... 2

7           C.     Allegations against First Bank ......................................................................... 3

            D.     Plaintiffs' Allegations Create Only an Illusion of Wrongdoing by First

8                  Bank ................................................................................................................ 3

9  III.    PLAINTIFFS' CLAIMS FOR RELIEF AGAINST FIRST BANK MUST BE
           DISMISSED BECAUSE PLAINTIFFS' FAIL TO STATE ANY CLAIMS UPON
           WHICH RELIEF CAN BE GRANTED AND PLAINTIFFS' CLAIMS ARE

10         IMPERMISSIBLY VAGUE ........................................................................................ 5

11          A.     Legal Standard for Rule 12(b)(6) and 12(e) Motions ....................................... 5

12          B.     Plaintiffs Were Not in Privity with First Bank; First Bank Owes No Duty
                   of Care to Plaintiffs; and First Bank Did Not Own Plaintiffs' Funds................ 6

13          C.     Plaintiffs Fail to State a Claim Against First Bank for Unfair Competition
                   Under Business & Professions Code § 17200, et seq ....................................... 8

14                 1.      Plaintiffs Lack Standing Under the UCL to Assert the 17200 Claim ......... 9

15                 2.      Plaintiffs' 17200 Claim Is Prohibited Because It Seeks Non-
                           Restitutionary Disgorgement ...................................................................... 9

16                 3.      Plaintiffs' 17200 Claim Is Not Adequately Pleaded ................................ 10

17          D.     Plaintiffs' Common Law Claims Against First Bank Must be Dismissed
                   Because Plaintiffs Fail to Allege Facts Sufficient to State a Claim.................... 13

18                 1.      Plaintiffs Fail to State a Claim against First Bank for aiding and
                           abetting conversion ................................................................................... 13

19
                   2.      Plaintiffs' Negligence Claim Must be Dismissed Because First
20                         Bank Did Not Owe a Duty of Care to the Non-Depositor Plaintiffs ........ 15

21          E.     Plaintiffs Fail to State a Claim Against First Bank under Ariz. Rev. Stat.
                   §§44-1521, et seq., ......................................................................................... 16

22          F.     Plaintiffs Fail to State a Claim Against First Bank Under the Wiretap Act ......... 16

23 IV.     THE PLAINTIFFS' CLAIMS ARE PREEMPTED BY ROSCA ................................... 17

    V.     CONCLUSION ........................................................................................................... 18

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

4

American Nat. Bank v. Stanfill
(1988) 205 Cal. App. 3d 1089 .................................................. 15

5

6

Ballistreri v. Pacifica Police Dep't.,
901 F.2d 696 (9th Cir. 1988) .................................................. 5

7

8

Bower v. AT & T Mobility, LLC,
196 Cal.App.4th 1545 (Cal.App. 2011) ........................... 9, 11

9

Bowles v. Wheeler,
152 F.2d 34 (9th Cir.1945) .................................................. 6

10

11

Casey v. U.S. Bank, N.A.,
127 Cal. App. 4th 1138 (2005) ........................... 7, 13, 14, 15

12

13

Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,
20 Cal.4th 163 (1999) .................................................. 9

14

Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,
511 U.S. 164 (1994) .................................................. 16

15

16

Chazen v. Centennial Bank,
61 Cal.App.4th 532 (1998) .................................................. 6, 15

17

18

City of Atascadero v. Merrill Lynch,
68 Cal. App. 4th 445 (1998) .................................................. 11

19

20

Crowley v. CyberSource Corp.,
166 F.Supp.2d 1263 (N.D.Cal. 2001) .................................................. 16

21

Dodd v. Citizens Bank of Costa Mesa
(1990) 222 Cal. App. 3d 1624 .................................................. 15

22

23

Downey v. Humphreys,
102 Cal.App.2d 323 (1954) .................................................. 7

24

25

E.F. Hutton & Co. v. City National Bank,
149 Cal.App.3d 60 (1983) .................................................. 6, 15

26

Fidelity Financial Corp. v. Federal Home Loan Bank,
792 F.2d 1432 (9th Cir. 1986) .................................................. 5

27

28

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

Hill Transportation Co. v. Southwest Forest Industries, Inc.,
    266 Cal.App.2d 702 (1968)................................................................ 11

4

In re U.S. Aggregates, Inc. v. Securities Litig.,

5

    235 F.Supp.2d 1063 (N.D. Cal. 2002) ................................................ 5

6

Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.,
    2009 WL 440477 (N.D.Cal. 2009)...................................................... 6

7

Joffe v. United California Bank,

8

    141 Cal.App.3d 541 (1983).......................................................... 6, 15

9

Kendall Yacht Corp. v. United California Bank

10

    (1975) 50 Cal. App. 3d 949............................................................. 15

11

Kilgore v. Keybank,
    712 F.Supp.2d 939 (N.D. Cal. 2010) ................................................ 12

12

Korea Supply Co. v. Lockheed Martin Corp.,

13

    29 Cal.4th 1134 (2003) .......................................................... 8, 9, 10

14

Krause v. Trinity Management Services, Inc.,

15

    23 Cal.4th 116 (2000) ....................................................................... 10

16

Lazar v. Sup. Ct.,

17

    12 Cal.4th 631 (1996) ....................................................................... 11

18

McCarthy v. Mayo,
    827 F.2d 1310 (9th Cir. 1987)............................................................. 5

19

McGlinchy v. Shell Chem. Co.,

20

    845 F.2d 802 (9th Cir. 1988).............................................................. 5

21

Mills, et al. v. U.S. Bank,

22

    166 Cal.App.4th 871 (2008) ............................................................... 8

23

Morse v. Croker National Bank,
    142 Cal.App.3d 228 (1983)................................................................ 7

24

Neilson v. Union Bank of California, N.A.,

25

    290 F. Supp. 2d 1101 (C.D.Cal 2003) ............................................... 14

26

Otworth v. Southern Pacific Transp. Company,

27

    166 Cal. App. 3d 452 (1985)............................................................. 11

28

1

2

## TABLE OF AUTHORITIES
### (continued)

**Page**

3

4

Peavy v. WFAA–TV, Inc.,
  221 F.3d 158 (5th Cir. 2000)................................................................. 16

5

Price v. Wells Fargo Bank,
  213 Cal.App.3d 465 (Cal. App. 1989) ...................................................... 7

6

7

Reed v. King,
  145 Cal.App.3d 261 (1983)................................................................... 11

8

9

Renick v. Dun & Brandstreet Receivable Mgmt. Services,
  290 F.3d. 1055 (9th Cir. 2002)............................................................. 12

10

Scafidi v. Western Loan & Building Co.,
  72 Cal.App.2d 550 (1946).................................................................... 11

11

12

Shapiro v. Wells Fargo Realty Advisors,
  152 Cal.App.3d 467 (1984).................................................................. 11

13

14

Software Design and Application , Ltd. v. Hoefer & Arnett, Inc.,
  49 Cal.App.4th 472 (1996) ............................................................. 6, 15

15

Stinson v. Home Ins. Co.,
  690 F.Supp. 882 (N.D. Cal. 1988) ......................................................... 5

16

17

Tarmann v. State Farm Mut. Auto. Ins. Co.,
  2 Cal. App.4th 153 (1991) .................................................................. 11

18

19

Vess v. CIBA-Geigy Corp.,
  317 F.3d 1097 (9th Cir. 2003).................................................. 10, 11, 16

20

Western Mining Council v. Watt,
  643 F.2d 618 (9th Cir. 1981)................................................................. 5

21

22

Wilhelm v. Pray, Price, Williams & Russell,
  186 Cal.App.3d 1324 (1986)................................................................ 11

23

Williamson v. Allstate Ins. Co.,
  204 F.R.D. 641 (D.Ariz. 2001) ............................................................ 16

24

25

**STATUTES**

26

15 U.S.C. § 8401 *et seq.*........................................................................ 17

27

Ariz. Rev. Stat. §§44-1521, *et seq.* ........................................................ 16

28

DLA PIPER LLP (US)
LOS ANGELES

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    Business & Professions Code § 17200, *et seq.* ............................................................ 2, 8

4    Cal. Civ. Code § 1572 ........................................................................................... 11

5    Cal. Civ. Code § 1709 ........................................................................................... 11

6    Cal. Civ. Code § 1710 ........................................................................................... 11

7    California Commercial Code 4207-4208 .................................................................... 8

8    California Commercial Code §4207(a) ...................................................................... 8

9    Uniform Commercial Code ...................................................................................... 8

10   Wiretap Act, 18 U.S.C. § 2520 .............................................................................. 16

11

12

13   **RULES**

14   Fed. R. Civ. P. 8 ............................................................................................ 3, 5, 12

15   Fed. R. Civ. P. 9 ........................................................................................ 3, 9, 16, 18

16   Fed. R. Civ. P. 9(b) ................................................................................... 10, 12, 16

17   Fed. R. Civ. P. 12(b)(6) .................................................................................... 5, 18

18   Fed. R. Civ. P. 12(e) ...................................................................................... 5, 6, 18

19

20   **OTHER AUTHORITIES**

21   12 C.F.R. 229.34(d) ............................................................................................ 8

22   12 C.F.R. part 229, *et seq.* ................................................................................... 8

23   Federal Reserve Board Regulation CC ...................................................................... 8

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.    INTRODUCTION**

3      This case involves claims that funds of plaintiffs Amber Kristie Evans and Stacie Marsh,

4 putative class representatives (the "Plaintiffs"), were converted from their bank accounts by

5 internet merchants through unauthorized remotely created checks ("RCCs") when Plaintiffs

6 submitted their bank account information to pay day lender websites to apply for pay day loans.

7 Defendant First Bank of Delaware ("First Bank") is not alleged to have directly participated in

8 this conduct, and First Bank did not.  Plaintiffs concede that First Bank did not intercept their

9 bank account information and that First Bank has no direct relationship with Plaintiffs.

10      Plaintiffs' claims against First Bank are based only on theories of purported aiding and

11 abetting and alleged unfair competition by First Bank, which are legally insufficient to create a

12 cognizable claim against First Bank.  Plaintiffs have not and cannot allege they are in privity of

13 contract with First Bank, or that they had any business relationship or contact with First Bank.

14 Plaintiffs vaguely allege that First Bank was a depository bank for the allegedly unscrupulous

15 internet merchants *or* for intermediate check processors, but neither relationship would give rise

16 to a duty to Plaintiffs.  Plaintiffs fail to allege that First Bank had actual knowledge of and

17 substantially assisted in the alleged conversion by others, or engaged in unfair competition—their

18 allegations are fatally flawed by ambiguous "or" pleading and lack of specificity.  Additionally,

19 Plaintiffs' claims based on the WireTap Act and the Arizona Statute are not legally permissible.

20      Plaintiffs' allegations against First Bank are bare bones, conclusory, and fail to establish

21 the necessary facts to show that First Bank is culpable in any way.  Plaintiffs' Complaint devolves

22 into generalized, conclusory allegations against First Bank for an obvious reason:  there are no

23 specific, particular facts to plead against First Bank because Plaintiffs had no contact with First

24 Bank.  Simply put, Plaintiffs cannot allege that First Bank took any money from Plaintiffs or

25 aided and abetted those who did, and all of Plaintiffs' claims must fail as a matter of law.

26      In the alternative, First Bank's motion for a more definite statement should be granted

27 because Plaintiffs fail to plead facts establishing First Bank's alleged acts and knowledge

28 sufficient to put First Bank on notice of the basis for Plaintiffs' claims.

## II.   BRIEF FACTUAL STATEMENT

### A.   Procedural History

Plaintiffs filed an initial class action complaint on May 9, 2011 against defendant ZAAZOOM SOLUTIONS, LLC asserting violations of the California Unfair Competition Law, Business and Profession Code section 17200, on behalf of a California putative class.  On July 22, 2011, Plaintiffs filed the First Amended Complaint, which (i) added Defendants ZAZA PAY , WEB DISCOUNT CLUB, DISCOUNT WEB MEMBER SITES, MOE TASSOUDJI, an individual, and BILL CUEVAS, an individual.  On September 23, 2011, Plaintiffs filed the Second Amended Complaint (the "Complaint") which (i) added the remaining named defendants, including First Bank, (ii) added new claims for relief, including violations of the Arizona Consumer Fraud Act, Wiretap Act, aiding and abetting conversion, and negligence, (iii) and now asserts that the claims are on behalf of a nation-wide putative class with a California Subclass. The recently added defendants include both internet merchants (the "Zaazoom Defendants"), various "payment processors" (the "Processors"), and several alleged depository banks, including First Bank (the "Depository Banks").

### B.   Relevant Allegations Against the Zaazoom Defendants

Plaintiffs allege that the Zaazoom Defendants operated an unlawful scheme to intercept personal and banking information submitted to pay day lending websites, and then to use the information to create unauthorized RCCs drawn on personal bank accounts to make unauthorized purchases of on-line coupon services from the Zaazoom Defendants. (SAC ¶¶ 1, 6, 8-9, 55-71). Plaintiffs contend that the Zaazoom Defendants provided Plaintiffs' bank account information to the Processors, who created unauthorized RCCs with the information, then batched and deposited the checks into bank accounts in exchange for fees.  (SAC ¶75).  According to Plaintiffs, either the Zaazoom Defendants or the Processors maintained bank accounts at several Depository Banks where the RCCs were deposited.  (SAC ¶87)  The Complaint does not allege the contract terms to which Plaintiffs agreed on the pay day lending sites, does not provide any quotations from or screenshots of the on-line contract terms that could establish Plaintiffs' consent to the disputed transactions, and does not state whether funds were actually withdrawn from and not re-

DLA Piper LLP (US)
San Francisco

credited to Plaintiffs' bank accounts.

### C.   Allegations against First Bank

Plaintiffs' Complaint makes only general and conclusory allegations about First Bank, asserting that First Bank participated in the alleged scheme as a depository bank to the Zaazoom Defendants *or* the Processors.  Plaintiffs do not assert any direct relationship between Plaintiffs and First Bank or that First Bank knowingly processed or knowingly deposited Plaintiffs' purportedly unauthorized RCCs.  Plaintiffs contend only that First Bank knew about *or* recklessly disregarded the Zaazoom Defendants' allegedly fraudulent behavior because First Bank was *or* should have been aware of a very high rate of return on RCCs deposited at First Bank.  (SAC ¶¶ 87-97).  Plaintiffs allege that the First Bank knew *or* should have known about other defendants' alleged scheme despite the absence of any contact with Plaintiffs simply because First Bank was acting as a depository bank.[1]

The allegations against First Bank all fail because of its lack of privity or even any contact with Plaintiffs, nor representations to them, nor any duty of care to them.  However, one further and crucial failing of the Complaint is that it persistently makes "*or*" allegations of different legal concepts of actual knowledge or "*should have known*" against First Bank, which makes the Complaint fatally vague and in violation of Rules 8 and 9.  (SAC ¶¶ 2, 12, 95, 96, 124, 132, 141, 153, 167, 168, and 178).

### D.   Plaintiffs' Allegations Create Only an Illusion of Wrongdoing by First Bank

Plaintiffs attempt to create the veneer of misconduct by First Bank, but careful inspection of the allegations against First Bank reveals only that Plaintiffs allege the Zaazoom Defendants *or* the Processors had an untold number of depository bank accounts at various banks, one of which allegedly happened to be at First Bank.  (SAC ¶¶ 10, 87, and 123).  Plaintiffs' reference an unidentified 'depository bank' 12 separate times in the SAC. (SAC ¶¶ 66, 78, 79, 87, 138, 139, 150, 151, 164, 165, 175, and 176).  Plaintiffs go on to say that:

> As a result of the Depository Banks' misconduct, money was wrongfully withdrawn from the Applicant's bank account.

---

[1] Plaintiffs admit that First Bank was not the 'depository bank' for any conduct associated with plaintiff Marsh and Plaintiffs' claims against First Bank are limited only to plaintiff Evans.  (SAC ¶¶ 106-108).

1  (SAC ¶ 97).  Plaintiffs named First Bank as one of three Depository Banks, and, therefore, must

2  make specific allegations regarding alleged conduct of First Bank - not some other "depository

3  bank" that could hypothetically be First Bank.  This flaw in the Complaint vitiates Plaintiffs'

4  individual allegations against First Bank as Plaintiffs attempt to mask the very attenuated and

5  vague nature of their claims against First Bank.

6         **E.**      **Crucial Allegations Plaintiffs Do Not Make Against First Bank**

7        Plaintiffs' very general allegations against First Bank are not supported by specific facts

8  that would show whether there was a contract or other consent by Plaintiffs to the alleged acts of

9  the Zaazoom Defendants *or* the Processors of which Plaintiffs now complain.  Plaintiffs also fail

10  to allege that First Bank actually knew of the alleged misconduct by the Zaazoom Defendants *or*

11  the Processors, or that First Bank had any legal obligation to Plaintiffs.  Among other things,

12  ***Plaintiffs have not alleged***:

13          •   The specific bank or personal information submitted by Plaintiffs to the pay day

14               lender websites which was allegedly intercepted;

15          •   The contract terms, screenshots or specific content of the payday lender websites,

16               including whether there were disclosures of or affirmative consents to sharing of

17               information or the transactions of which Plaintiffs now complain;

18          •   The content and means of declining offers presented to Plaintiffs on the payday

19               lending sites that allegedly were declined by Plaintiffs (SAC ¶¶ 100 and 112);

20          •   The order confirmations that Plaintiffs received, and the terms thereof;

21          •   That First Bank participated at all in the interception of Plaintiffs' information;

22          •   How First Bank allegedly knew Plaintiffs' information had been intercepted by the

23               Zaazoom Defendants or that Processors had created unauthorized RCCs drawn on

24               Plaintiffs' accounts using the misappropriated information; or

25          •   That returns of RCCs on purported accounts at First Bank were caused by the

26               Zaazoom Defendants' interception of personal information from Plaintiffs and the

27               Processors' creation of unauthorized RCCs.

28  These and other crucial factual allegations against First Bank are missing from the Complaint,

1    and Plaintiffs' failure to plead these facts or to establish any direct relationship to First Bank

2    demonstrate that there is no legally cognizable claim against First Bank.

3    **III.  PLAINTIFFS' CLAIMS FOR RELIEF AGAINST FIRST BANK MUST BE**

4    **DISMISSED BECAUSE PLAINTIFFS' FAIL TO STATE ANY CLAIMS UPON**

5    **WHICH RELIEF CAN BE GRANTED AND PLAINTIFFS' CLAIMS ARE**

6    **IMPERMISSIBLY VAGUE.**

7    **A.   Legal Standard for Rule 12(b)(6) and 12(e) Motions**

8          A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

9    12(b)(6) should be granted when it appears that the plaintiff can prove no set of facts that would

10   entitle her to relief.  Fidelity Financial Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1435

11   (9th Cir. 1986); In re U.S. Aggregates, Inc. v. Securities Litig., 235 F.Supp.2d 1063, 1068 (N.D.

12   Cal. 2002).  Dismissal may be based on either a lack of cognizable legal theory or a lack of

13   sufficient facts alleged under a cognizable legal theory. See U.S. Aggregates Securities Litig., 235

14   F.Supp.2d at 1068; see also Ballistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

15   1988).  Plaintiffs must allege facts sufficient to state a claim for relief against First Bank, and

16   Plaintiffs must also establish that their claims are legally cognizable and may entitle them to

17   relief.  Here, Plaintiffs fail to allege either legally cognizable theories or sufficient facts to

18   establish any claim upon which relief could be granted.

19         Although Plaintiffs' material allegations must be taken as true at the motion to dismiss

20   stage, "conclusory allegations without more are insufficient to defeat a motion to dismiss for

21   failure to state a claim."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988);

22   McCarthy v. Mayo, 827 F.2d 1310, 1316 (9th Cir. 1987).  A plaintiff cannot avoid dismissal by

23   cloaking bare legal conclusions in the guise of facts to take advantage of the liberality with which

24   the court would otherwise view a pleading.  See Western Mining Council v. Watt, 643 F.2d 618,

25   624 (9th Cir. 1981); Stinson v. Home Ins. Co., 690 F.Supp. 882, 886 (N.D. Cal. 1988) (finding

26   that, "[a]lthough plaintiffs need to provide only a 'short and plain statement of the claim [under

27   FRCP 8,] ... [w]here the claims in a complaint are insufficiently supported by factual allegation,

28   the claims may be disposed of by summary dismissal").

1    Pleading allegations that are "so vague or ambiguous that a party cannot reasonably

2    prepare a response" are also subject to a motion for a more definite statement under Federal Rule

3    of Civil Procedure 12(e). See Bowles v. Wheeler, 152 F.2d 34 (9th Cir.1945); Infuturia Global

4    Ltd. v. Sequus Pharmaceuticals, Inc., 2009 WL 440477 * 5 (N.D.Cal. 2009). In the event the

5    Court does not dismiss Plaintiffs' claims against First Bank outright, First Bank requests a more

6    definite statement regarding the basis for each of Plaintiffs' claims against First Bank.

7         **B.      Plaintiffs Were Not in Privity with First Bank; First Bank Owes No Duty of**

8              **Care to Plaintiffs; and First Bank Did Not Own Plaintiffs' Funds**

9    Plaintiffs were not in privity with First Bank and fail to allege any facts to establish a legal

10   or equitable relationship between Plaintiffs and First Bank. Plaintiffs concede they do not have a

11   direct relationship with First Bank, and that, assuming Plaintiffs' allegations are true, they are at

12   least two steps removed from First Bank.

13   Under a common law analysis, First Bank does not owe a legal duty to Plaintiffs because

14   banks generally do not owe a duty of care to third party non-depositors. See Software Design and

15   Application , Ltd. v. Hoefer & Arnett, Inc., 49 Cal.App.4th 472, 478 (1996); see also Chazen v.

16   Centennial Bank, 61 Cal.App.4th 532, 541 (1998); Joffe v. United California Bank, 141

17   Cal.App.3d 541, 556 (1983); E.F. Hutton & Co. v. City National Bank, 149 Cal.App.3d 60, 68

18   (1983).

19   Plaintiffs' claims against First Bank are entirely predicated on a purported banking

20   relationship between First Bank and the Zaazoom Defendants *or* some unspecified Processor.

21   (SAC ¶87). Plaintiffs further concede that the Zazoom Defendants *or* a Processor created the

22   allegedly unauthorized RCCs and the Zaazoom Defendants, either on their own *or* with the

23   assistance of a Processor, deposited the checks into bank accounts at First Bank (among other

24   Depository Banks). (SAC ¶¶ 88-89, 123). Plaintiffs do not allege which of the several Zazoom

25   Defendants *or* Processors may be a depository customer of First Bank, let alone how such a

26   depository account might create a relationship with or a duty to Plaintiffs. First Bank cannot find

27   a single case in which a court has found liability for such an attenuated set of facts.

28   Plaintiffs do not even attempt to infer that traditional notions of express or implied privity

1    apply to such a circumstance, and instead merely lump First Bank into a generalized category of

2    allegedly bad actors.  It is clear from the face of the Complaint that First Bank's distance from the

3    alleged interactions between Plaintiffs and Zaazoom Defendants is so great that any theory of

4    liability is a factual and legal impossibility.  Absent allegations establishing a relationship of

5    privity, duty and or ownership of Plaintiffs' funds, each of Plaintiffs' claims against First Bank is

6    impermissibly vague and fails.

7         Plaintiffs' own allegations confirm the degrees of separation between Plaintiffs and First

8    Bank.  Plaintiffs make 12 separate references to an unidentified "depository bank" or "depository

9    bank account" in the SAC.  (See SAC ¶¶ 66, 78, 79, 87, 138, 139, 150, 151, 164, 165, 175, and

10   176).  First Bank concurrently moves to strike each of these references to an unidentified

11   "depository bank."  Plaintiffs make only 7 specific references to "First Bank" in the SAC.  (See

12   SAC ¶¶ 2, 18, 33, 87, 123, 124, and 125).

13        Plaintiffs (incorrectly) allege that First Bank was a depository bank for the Zaazoom

14   Defendants *or* unidentified Processors (which it was).  But even taking every one of Plaintiffs'

15   vague allegations as true, they do not establish any duty by First Bank to Plaintiffs, nor any

16   ownership by First Bank of Plaintiffs' funds.  Under California law "it has long been regarded as

17   axiomatic that the relationship between a bank and its depositor arising out of a general deposit is

18   that of a debtor and creditor . . . [a] debt is not a trust and there is not a fiduciary relation between

19   debtor and creditor."  Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (Cal. App. 1989)

20   (internal quotes omitted) (citing Morse v. Croker National Bank, 142 Cal.App.3d 228, 232

21   (1983), and Downey v. Humphreys, 102 Cal.App.2d 323, 332 (1954)).

22        Plaintiffs allege misconduct by the Zaazoom Defendants, but that still doesn't establish

23   any duty of care from First Bank to Plaintiffs because "***a bank owes no duty to non-depositors to***

24   ***investigate or disclose suspicious activities on the part of an account holder.***"  Casey v. U.S.

25   Bank, N.A., 127 Cal.App.4th 1138 at 1149 (emphasis added).  Thus, at common law, there is no

26   link of privity or other legal duty between Plaintiffs and First Bank that could provide the basis

27   for any claim against First Bank.

28

1    Cases involving checks normally turn on the Uniform Commercial Code, but here

2    Plaintiffs conspicuously don't allege any Commercial Code violations by First Bank—again

3    because, as at common law, there is no duty that runs from First Bank (the depository bank) to

4    Plaintiffs (who are not the customer of First Bank).  Under either Federal Reserve Board

5    Regulation CC, 12 C.F.R. part 229, *et seq.,* or under the California Commercial Code, as a

6    depository bank, First Bank may have a warranty duty to a transferee or subsequent collecting

7    bank, but not to the remote Plaintiffs.  Under California Commercial Code §4207(a), as under 12

8    C.F.R. 229.34(d), with regard to RCCs a "customer or collecting bank" makes warranties *"to the*

9    *transferee and to any subsequent collecting bank."*  No warranties are made to the customer from

10   whose account the funds were transferred.  Thus, the only duty owed by a depository bank is

11   owed to the *payor* bank (Plaintiff's bank), **not** to the *payor customer.*  See Mills, et al. v. U.S.

12   Bank, 166 Cal.App.4th 871, 881 (2008) (finding court properly sustained demurrer to customer

13   claim for breach of warranty of depository bank under California Commercial Code 4207-4208,

14   on grounds that duty is owed to the payor bank, not to the payor customer).

15       This does not leave Plaintiffs without a remedy: they have the right through their own

16   banks to reject allegedly unauthorized items presented for payment, and their banks (the payor

17   banks) in turn have warranty rights against depository or collecting banks (such as First Bank),

18   subject to First Bank's right to assert defenses.  Plaintiffs could return the RCCs as unauthorized;

19   Plaintiffs would have no alleged loss; and the warranty issue would be resolved bank to bank.

20   But First Bank's warranty duties run only to the transferee bank or any subsequent collecting

21   bank, and not to Plaintiffs, with whom they have no contractual privity nor statutory duty.

22   **C.     Plaintiffs Fail to State a Claim Against First Bank for Unfair Competition**

23           **Under Business & Professions Code § 17200, *et seq.***

24       Section 17200 gives a monetary remedy of restitution, not damages.  Plaintiffs' 17200

25   Claim against First Bank must be dismissed because Plaintiffs were not directly harmed by First

26   Bank, and they improperly seek non-restitutionary disgorgement prohibited under Korea Supply

27   Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1144 (2003).  Further, Plaintiffs fail to allege

28   facts sufficient to establish that First Bank's conduct was unlawful, unfair, or fraudulent under the

UCL.  To the extent Plaintiffs' 17200 Claim is predicated on fraud by First Bank, Plaintiffs fail to plead the predicate acts of fraud with sufficient particularity to satisfy the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.  Alternatively, to the extent the claim is predicated on unlawful conduct, Plaintiffs have not adequately alleged any statutory violations by First Bank.  Finally, to the extent the claim is predicated on allegedly unfair conduct, as set forth herein, First Bank has not engaged in any unfair conduct relating to Plaintiffs.

### 1.    Plaintiffs Lack Standing Under the UCL to Assert the 17200 Claim

Plaintiffs lack standing to assert the 17200 Claim against First Bank because Plaintiffs were not actually involved in a transaction with First Bank and have no direct and actual injury caused by First Bank.  "To have standing to bring a section 17200 cause of action, a plaintiff must (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." <u>Bower v. AT & T Mobility, LLC</u>, 196 Cal.App.4th 1545, 1554 (Cal.App. 2011).  The most Plaintiffs allege is that some of their money was deposited into another defendant's account at First Bank—but that is not the same as alleging that First Bank took their money or that First Bank has Plaintiffs' funds to restore to them.  Thus, the Plaintiffs' claim must be dismissed as to First Bank.

### 2.    Plaintiffs' 17200 Claim Is Prohibited Because It Seeks Non-Restitutionary Disgorgement

Plaintiffs' 17200 Claim against First Bank is also fatally defective because it seeks non-restitutionary disgorgement prohibited under <u>Korea Supply</u>.  Under the UCL, damages are not available and the "'[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'"  <u>Korea Supply</u>, 29 Cal.4th at 1144 (quoting <u>Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.</u>, 20 Cal.4th 163, 180 (1999)) (internal citations omitted).  Plaintiffs restrict their Prayer on the 17200 Claim to restitution from First Bank "in the form of restitution of the money wrongfully withdrawn from the Class Members' checking accounts pursuant to Cal. Bus. & Prof. C. § 17200."  (SAC, Prayer, 3.).  Under the facts of this case, however, Plaintiffs' 17200 Claim is a disguised claim for damages that improperly attempts to

1  by-pass the stricter requirements of pleading the elements of a tort.  See Korea Supply, 29 Cal.4th

2  at 1151 (noting the differences in pleading requirements for a UCL claim verses a tort claim).

3       Restitution from First Bank is not available to Plaintiffs because First Bank never obtained

4  any funds from Plaintiffs.  As the court recognized in Korea Supply, "an order for restitution is

5  one 'compelling a UCL defendant to return money obtained through an unfair business practice to

6  those persons in interest from whom the property was taken, that is, to a person who had an

7  ownership interest in the property or those claiming through that person.'"  Korea Supply, 29

8  Cal.4th at 1149 (quoting Krause v. Trinity Management Services, Inc., 23 Cal.4th 116, 121

9  (2000)).  Accordingly, "restitution is limited to restoring money or property to direct victims of an

10  unfair practice," and permitting non-restitutionary disgorgement to indirect victims of unfair

11  competition "would unfairly expose defendants to multiple suits and the risk of duplicative

12  liability without the traditional limitations on standing."  Korea Supply, 29 Cal.4th at 1151

13  (emphasis added).

14       Even if First Bank acted as the depository bank for the Zaazoom Defendants or Processors

15  and funds taken from Plaintiffs by those other defendants were deposited into bank accounts at

16  First Bank, First Bank itself never received any funds from Plaintiffs.  Rather, any funds allegedly

17  taken from Plaintiffs by unfair competition were taken by others.  If customers of First Bank

18  deposited those funds into bank accounts at First Bank, that routine banking transaction did not

19  result in First Bank obtaining funds from Plaintiffs by unfair competition that can now be restored

20  by restitution.

21              **3.        Plaintiffs' 17200 Claim Is Not Adequately Pleaded**

22       Plaintiffs assert that the allegedly unfair business practices were fraudulent, unfair, or

23  unlawful, but Plaintiffs fail to allege facts sufficient to state a claim upon which relief can be

24  granted under any of the three prongs of their 17200 Claim.

25       To the extent Plaintiffs rely on allegedly fraudulent conduct by First Bank as the predicate

26  for their 17200 Claim, "the claim is said to be grounded in fraud or to sound in fraud, and the

27  pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."  Vess v.

28  CIBA-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003).  "[I]f particular averments of fraud

-10-

1    are insufficiently pled under Rule 9(b), a district court should disregard those averments, or strip

2    them from the claim.  The court should then examine the allegations that remain to determine

3    whether they state a claim." Id. at 1105.  Here, they do not.

4         To state a cause of action for fraud as a predicate offense under the UCL: a plaintiff must

5    allege: (1) a false representation or concealment of a material fact susceptible of knowledge; (2)

6    made with the intent to defraud or induce reliance; (3) justifiable reliance; and (4) resulting

7    damage.  Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (Cal. App. 2011)

8    (quoting City of Atascadero v. Merrill Lynch, 68 Cal. App. 4th 445, 481-482 (1998)); Cal. Civ.

9    Code §§ 1572, 1709-10.  The facts and circumstances which constitute the fraud must be set out

10   with sufficient particularity to apprise First Bank of what it is called on to answer, and to enable

11   the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least,

12   for the charge of fraud.  Scafidi v. Western Loan & Building Co., 72 Cal.App.2d 550, 558 (1946);

13   see also Hill Transportation Co. v. Southwest Forest Industries, Inc., 266 Cal.App.2d 702, 707-

14   708 (1968).  This requires Plaintiffs to allege "facts which show how, when, where, to whom and

15   by what means the representations were tendered."  Reed v. King, 145 Cal.App.3d 261, 264

16   (1983); Shapiro v. Wells Fargo Realty Advisors, 152 Cal.App.3d 467, 479 (1984) (sustaining a

17   demurrer to a fraud cause of action for failing to make these allegations); Otworth v. Southern

18   Pacific Transp. Company, 166 Cal. App. 3d 452 (1985). California courts do not permit liberal

19   pleading of fraud causes of action.  Wilhelm v. Pray, Price, Williams & Russell, 186 Cal.App.3d

20   1324, 1332 (1986).

21        Specific allegations of fraud against First Bank are entirely missing from Plaintiffs'

22   Complaint.  Plaintiffs fail to identify any alleged misrepresentations by First Bank to Plaintiffs,

23   when alleged misrepresentations were made by First Bank, who at First Bank purportedly made

24   misrepresentations, or the manner in which alleged misrepresentations were made to Plaintiffs.

25   See Lazar v. Sup. Ct. , 12 Cal.4th 631, 673 (1996).  In addition, because First Bank is a

26   corporation, Plaintiffs are required to specifically allege who at First Bank made the

27   misrepresentations to Plaintiffs, their authority to speak for First Bank, to whom at First Bank

28   Plaintiffs spoke, what was said or written, and when it was said or written.  See Tarmann v. State

1   Farm Mut. Auto. Ins. Co., 2 Cal. App.4th 153, 157 (1991).  As Plaintiffs own allegations

2   demonstrate, there is no relationship between Plaintiffs and First Bank, and Plaintiffs cannot meet

3   the specific pleading requirements to establish unfair competition based on fraud.  (SAC ¶¶ 87-

4   89, 123)  Plaintiffs' 17200 Claim, if predicated on fraud, therefore fails to satisfy even the

5   standard "notice pleading" requirements of Federal Rule of Civil Procedure Rule 8, much less the

6   heightened pleading requirements for fraud under Federal Rule of Civil Procedure Rule 9(b).

7          To the extent one could read Plaintiffs' Complaint as charging First Bank with aiding and

8   abetting a 17200 violation, their pleading is fatally defective because they don't allege the

9   element of actual knowledge.  Rather, Plaintiffs allege that "[t]he Processors and Depositary

10  Banks provided substantial assistance to the Zaazoom Defendants, while knowing about **or** in

11  reckless disregard of the wrongfulness and unlawfulness of the Zaazoom Defendants'

12  misconduct."  (SAC ¶ 141) (emphasis added).  This conspicuous hedge falls short of the

13  necessary allegation of actual knowledge.  See Kilgore v. Keybank, 712 F.Supp.2d 939, 949

14  (N.D. Cal. 2010) (holding that "aiding and abetting a section 17200 violation is actionable and

15  assessed using the same standard for aiding and abetting an intentional tort."  For the bank "to be

16  liable on an aiding and abetting theory, it must have not only **known** about the alleged Holder

17  Rule violations, but also provided substantial assistance or encouragement.") (emphasis added).

18         To the extent Plaintiffs rely on the Wiretap Act or the Arizona Consumer Fraud Act as the

19  predicate statutes for an unlawful act under 17200, these claims also fail as explained below

20  because Plaintiffs cannot allege a claim for violation of either statute.  Plaintiffs' 17200 claim

21  must therefore be dismissed in tandem with these statutory claims for the reasons in Section III

22  (E&F) herein.  See Renick v. Dun & Brandstreet Receivable Mgmt. Services, 290 F.3d. 1055,

23  1057-58 (9th Cir. 2002).  Similarly, to the extent Plaintiffs' 17200 Claim is predicated on

24  allegedly unfair conduct, as set forth herein, Plaintiffs fail to allege facts that support a violation

25  of the UCL, and this claim must be dismissed.

26

27

28

**D.     Plaintiffs' Common Law Claims Against First Bank Must be Dismissed Because Plaintiffs Fail to Allege Facts Sufficient to State a Claim**

**1.     Plaintiffs Fail to State a Claim against First Bank for aiding and abetting conversion.**

First Bank understands Plaintiffs' conversion claim against First Bank to be only a claim for aiding and abetting conversion.  Plaintiffs don't allege any direct acts by or direct contact with First Bank, and they again allege aiding and abetting by Processors and Depositary Banks.  (SAC ¶¶ 152-153.)  Plaintiffs' cause of action against First Bank for aiding and abetting conversion fails to state a claim because Plaintiffs fail to allege that (1) First Bank had <u>actual knowledge</u> of the specific primary wrong of the conversion allegedly committed by the Zaazoom Defendants, nor (2) any *facts* to show that First Bank <u>substantially assisted</u> the Zaazoom Defendants' alleged conversion.  <u>Casey v. U.S. Bank, N.A.</u>, *supra*, 127 Cal. App. 4th 1138 (2005) (requiring specific allegations of actual knowledge of the specific primary violation <u>and</u> substantial assistance).  <u>Casey</u> establishes that "[k]nowledge is the crucial element."  <u>Id</u>. at 1144.  Thus, on a motion to dismiss, the Court must carefully scrutinize whether Plaintiffs allege facts sufficient to show that First Bank had actual knowledge of the alleged primary underlying wrong of conversion by the Zaazoom Defendants that First Bank purportedly aided and abetted.  <u>Id</u>. at 1152.  Actual knowledge may not be established by conclusory or "kitchen-sink" allegations, but must be shown by specific and detailed facts.  <u>Id</u>. at 1153.

Plaintiffs' allegations regarding First Bank are boilerplate and fall far short of the specific facts that must be alleged to establish actual knowledge.  Without providing specific factual support, Plaintiffs allege only that First Bank acted either "knowing about or in reckless disregard of the wrongfulness and unlawfulness of the Zaazoom Defendants' misconduct." (SAC ¶ 145).  Plaintiffs' single boilerplate allegation that First Bank acted "in reckless disregard" does not constitute facts sufficient to show actual knowledge, and First Bank concurrently moves to strike these allegations.  <u>Id</u>. at 1153 (allegations that the banks knew their customers were involved in criminal or wrongful conduct are "too generic to satisfy the requirement of actual knowledge of a specific primary violation.").

The insufficiency of Plaintiffs' single and conclusory allegation of "knowledge" is apparent when compared to the detailed factual showings in <u>Casey</u>, which were themselves insufficient to establish actual knowledge.  <u>Casey</u> involved aiding and abetting claims brought by a bankruptcy trustee against three banks that purportedly assisted the principals of an investment company in looting the company.  In <u>Casey</u>, the plaintiff alleged that the banks (1) allowed the principals of a company to open accounts in the names of fraudulent entities despite knowing these entities were not "legitimate" businesses, (2) knew the fiduciaries were withdrawing money from these accounts with forged checks or checks that exceeded written limits, and (3) the principals were actually carrying large amounts of cash out of the banks in "unmarked duffel bags."  <u>Id</u>. at 1149.  While these facts may have put the banks on notice that "something fishy" was going on, these facts were not sufficient to establish actual knowledge by the bank of the primary wrong (i.e. that the principals of the investment company were looting the company).  <u>Id</u>.  After pausing to note that, "***a bank owes no duty to nondepositors to investigate or disclose suspicious activities on the part of an account holder***" (emphasis added), the <u>Casey</u> court sustained a demurrer on the ground that the plaintiff failed to establish that the banks <u>actually knew</u> these principals were misappropriating funds from the company and this was the source of the funds deposited at the banks.  <u>Id</u>. at 1149.

Similarly, in <u>Neilson v. Union Bank of California, N.A</u>., 290 F. Supp. 2d 1101 (C.D.Cal 2003), the court relied on extensive factual information showing that banks actively participated in a Ponzi scheme with knowledge of the principal's fraud.  The detailed facts alleged to establish aiding and abetting liability included the banks' involvement in the operation of the Ponzi scheme and related fraudulent transactions, wide deviations from typical banking procedures to accommodate the scheme, and the added credibility the involvement of the banks provided to the scheme.  <u>See</u> <u>Id</u>. at 1120-1122.

Those kinds of specific and detailed facts are not alleged here, and cannot be alleged against First Bank.  Among the specific pleading deficiencies, Plaintiffs fail to allege facts establishing that First Bank knew the Zaazoom Defendants were intercepting or not authorized to use Plaintiffs' information or that the Processors were creating unauthorized RCCs.  Indeed,

1    Plaintiffs' single conclusory allegation involving First Bank does not even show that First Bank

2    knew "something fishy" was going on, let alone that First Bank actually know of and assisted in a

3    purported scheme to convert funds from Plaintiffs.

4              **2.    Plaintiffs' Negligence Claim Must be Dismissed Because First Bank**

5                   **Did Not Owe a Duty of Care to the Non-Depositor Plaintiffs**

6         Plaintiffs contend that First Bank owed them a duty of care because First Bank

7    substantially assisted the Zaazoom Defendants in intercepting and creating unauthorized RCCs

8    that were processed by or deposited at First Bank and because First Bank was allegedly the

9    depository bank of the Zaazoom Defendants.  (SAC ¶¶ 184-187).  Plaintiffs do not contend that

10   they are customers of First Bank, and they are not.  First Bank does not owe a legal duty to

11   Plaintiffs because banks generally do not owe a duty of care to third party non-depositors.  See

12   Software Design and Application , Ltd. v. Hoefer & Arnett, Inc., 49 Cal.App.4th 472, 478-

13   (1996); see also Chazen, 61 Cal.App.4th at 541; Joffe v. United California Bank, 141 Cal.App.3d

14   541, 556 (1983); E.F. Hutton & Co. v. City National Bank, 149 Cal.App.3d 60, 68 (1983).

15   Absent extraordinary and specific facts, which Plaintiffs do not allege, a bank is liable only to its

16   customer for its mishandling of that customer's account.  Dodd v. Citizens Bank of Costa Mesa

17   (1990) 222 Cal. App. 3d 1624 (Absent a showing the noncustomer was an alter ego of, or had

18   personally guaranteed the debts of, the bank's customer, the bank owes a duty of care only to its

19   actual customer); see also American Nat. Bank  v. Stanfill (1988) 205 Cal. App. 3d 1089, 1100;

20   Kendall Yacht Corp. v. United California Bank (1975) 50 Cal. App. 3d 949, 956.

21        Plaintiffs implicitly assume that First Bank should be some sort of roving policeman, but

22   "a bank owes no duty to non-depositors to investigate or disclose suspicious activities on the part

23   of an account holder."  Casey, 127 Cal.App.4th at 1149.  The existence of a "duty of care toward

24   an interest of another worthy of protection is the essential prerequisite to a negligence cause of

25   action, determined as a matter of law by the court."  Software Design, supra, 49 Cal.App.4th  at

26   478.  Plaintiffs have not pleaded and cannot plead the existence of a legal duty to Plaintiffs, and

27   thus Plaintiffs fail to state a claim upon which relief can be granted.

28

E.      **Plaintiffs Fail to State a Claim Against First Bank under Ariz. Rev. Stat.**
        **§§44-1521, *et seq.*,**

Plaintiffs' claim for violation of the Arizona Consumer Fraud Act (Ariz. Rev. Stat. §§ 44-1521,. (the "Arizona Statute")) must be dismissed because Plaintiffs fail to establish a single *et seq* act or contact between First Bank and the State of Arizona.  Plaintiffs are not citizens of the State of Arizona, and First Bank is located in Delaware.  (SAC ¶¶ 33, 39-40)  There is no legal or factual basis to assert a violation of the Arizona Statute by First Bank.

Even if Plaintiffs could establish a basis for asserting a violation of the Arizona Statute against First Bank, Plaintiffs' claim must be dismissed because Plaintiffs were not involved in a transaction with First Bank and have no actual injury caused by First Bank under the Arizona Statute.  For all the reasons Plaintiffs' other allegations fail to plead fraud with specificity, Plaintiffs also fail to plead fraud under the Arizona Statute with sufficient particularity to satisfy the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.  See Williamson v. Allstate Ins. Co., 204 F.R.D. 641 (D.Ariz. 2001) (holding claims under Ariz. Rev. Stat. §§ 44-1521 must satisfy FRCP 9(b) heightened pleading standards) (citing Vess v. Ciba-Geigy Corp, USA, 317 F.3d 1097, 1106 (9th. Cir. 2003).  For all of the reasons previously set forth under sections C(1 & 3) above, Plaintiffs fail to state a claim under the Arizona Statute upon which relief can be granted, and their purported claim under the Arizona Statute must be dismissed.

F.      **Plaintiffs Fail to State a Claim Against First Bank Under the Wiretap Act.**

Plaintiffs' claim against First Bank for aiding and abetting violations of the Wiretap Act must be dismissed because there is no cause of action for aiding and abetting violation of the Wiretap Act.  The Wiretap Act, 18 U.S.C. § 2520, "does not provide for a civil action against one who aids and abets a violation of the Wiretap Act." Crowley v. CyberSource Corp., 166 F.Supp.2d 1263, 1269 (N.D.Cal. 2001) (citing Peavy v. WFAA–TV, Inc., 221 F.3d 158, 169 (5th Cir. 2000)).  "[W]hen Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abetters." Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 182 (1994).

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\225477780.8

As the Complaint makes clear, Plaintiffs allege that only "the Zaazoom Defendants intercepted Plaintiffs' or the other Class members' personal information-including their checking account numbers and bank routing numbers- from one of more Payday Loan Websites."  (SAC ¶161).  Plaintiffs' allegations against First Bank are limited to aiding and abetting of the Zaazoom Defendants' primary violation of the Wiretap Act, and once again without an unequivocal allegation of knowledge, nor any facts to support an allegation of knowledge of wrongdoing. (SAC ¶¶166-167).  As a matter of law, this claim for aiding and abetting the Wiretap Act is not a legally cognizable claim and must be dismissed.

## IV.    THE PLAINTIFFS' CLAIMS ARE PREEMPTED BY ROSCA

For the reasons stated above, First Bank submits that it should be dismissed for lack of any privity of contract with, nor duty of care to Plaintiffs, nor any money taken from Plaintiffs, on any theory.  However, in the event that the Court were to conclude otherwise, the question presented then would be what is the underlying dispute here, and whether it is subject to federal preemption.  Although Plaintiffs try to dress up their allegations as misappropriation of personal and banking information, the reality is that Plaintiffs are probably objecting to what are commonly called "negative option contracts," in which an internet customer may contract for a related good or service unless she un-checks pre-populated contract forms.

Such negative option contracts have been the subject of academic debate and also actions by the Federal Trade Commission ("FTC").  In 2010, Congress passed the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8401 *et seq*., which became effective December 29, 2010.  In a separate Motion to Dismiss scheduled to be heard on December 15, 2011, the Zaazoom Defendants contend that this action is preempted by ROSCA and urge dismissal on that ground.  First Bank joins the Motion to Dismiss filed by the Zaazoom Defendants and incorporates their related pleadings and papers and specifically the preemption argument raised by the Zaazoom Defendants under ROSCA.

1    **V.      <u>CONCLUSION</u>**

2           For the foregoing reasons, First Bank respectfully requests this Court to grant its Motion

3    to Dismiss under Federal Rules of Civil Procedure 9 and Rule 12(b)(6) and to dismiss the

4    Complaint against First Bank without leave to amend because Plaintiffs have not and cannot

5    allege facts or legally cognizable claims sufficient to state a claim for relief against First Bank.  In

6    the alternative, First Bank requests the Court to grant its Motion for A More Definite Statement

7    under Federal Rule of Civil Procedure 12(e) and to require Plaintiffs to provide appropriately

8    detailed allegations sufficient to give First Bank notice of Plaintiffs' claims against First Bank

9    such that First Bank may respond to the claims.

10

11   Dated:  December 9, 2011                          Respectfully submitted,

12                                                      DLA PIPER LLP (US)

13

14                                                      By:     /s/ Paul J. Hall
                                                            PAUL J. HALL

15                                                      Attorneys for Defendant
16                                                      FIRST BANK OF DELAWARE

17

18

19

20

21

22

23

24

25

26

27

28