1  PAUL J. HALL (SBN 066084)
   paul.hall@dlapiper.com
2  ISABELLE L. ORD (SBN 198224)
   isabelle.ord@dlapiper.com
3  ALEC CIERNY (SBN 275230)
   alec.cierny@dlapiper.com
4  DLA PIPER LLP (US)
   555 Mission Street, Suite 2400
5  San Francisco, CA  94105
   Tel:  415.836-2500
6  Fax: 415.836.2501

7  Attorneys for Defendant
   FIRST BANK OF DELAWARE
8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  AMBER KRISTI MARSH and STACIE EVANS,        CASE NO.  3:11-cv-05226-RS
    individually and on behalf of a class of similarly situated
14  persons,                                    **DEFENDANT FIRST BANK
                                                OF DELAWARE'S NOTICE
15                  Plaintiffs,                 OF MOTION AND MOTION
                                                TO STRIKE PORTIONS OF
16         v.                                   PLAINTIFFS' SECOND
                                                AMENDED COMPLAINT**
17  **ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited
    Liability Company, **ZAZA PAY LLC**, a Delaware     **Date:        January 26, 2012**
18  Limited Liability Company dba Discount Web Member    **Time:        1:30 P.M.**
    Sites, LLC, Unlimited Local Savings, LLC, Web Discount   **Courtroom: 3**
19  Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and
    RaiseMoneyForAnything; **MULTIECOM, LLC**, a
20  Colorado Limited Liability Company dba Online Discount
    Membership, Web Discount Company, and Liberty
21  Discount Club; **ONLINE RESOURCE CENTER, LLC**,
    a Delaware Limited Liability Company dba Web Coupon
22  Site, USave Coupon, and UClip; **MOE TASSOUDJI**, an
    individual, **BILL CUEVAS**, an individual, **FIRST
23  BANK OF DELAWARE**, a Delaware Corporation,
    **FIRST NATIONAL BANK OF CENTRAL TEXAS**, a
24  Texas Corporation; **SUNFIRST BANK**, a Utah
    Corporation; **JACK HENRY & ASSOCIATES, INC.**, a
25  Delaware Corporation dba ProfitStars; **AUTOMATED
    ELECTRONIC
26  CHECKING, INC.,** a Nevada Corporation;  **DATA
    PROCESSING SYSTEMS, LLC**, a Delaware Limited
27  Liability Company and DOES 1-10, inclusive,

28                  Defendants.

1    **<u>NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS'</u>**

2    **<u>SECOND AMENDED COMPLAINT</u>**

3    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

4    **PLEASE TAKE NOTICE THAT** on January 26, 2012 at 1:30 p.m., or as soon thereafter

5    as this matter may be heard before the Honorable Richard Seeborg in Courtroom 3 of the above-

6    entitled Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant

7    First Bank of Delaware ("First Bank") will and hereby does move for an order under Federal Rule

8    of Civil Procedure 12(f) striking certain portions of the Second Amended Complaint (the

9    "Complaint") of class action plaintiffs AMBER KRISTI MARSH and STACIE EVANS

10   ("Plaintiffs"), on the ground that the items to be stricken are immaterial.  First Bank asks the

11   Court to strike the following excerpts from the Complaint:

12

| **<u>CITATION TO EXCERPT TO<br>BE STRICKEN</u>** | **<u>LANGUAGE TO BE STRICKEN</u>** |
|---|---|
| p.1 ¶ 2, line 27 | "or in reckless disregard of the fact that" |
| p.2 ¶ 12, line 25 | "or in reckless disregard of" |
| p.10, line 15 | "or Recklessly Disregarded" |
| p.12 ¶ 85, line 1 | "or reckless disregard of the truth" |
| p.12 ¶, line 6 | "or Recklessly Disregarded" |
| p.13 ¶ 96, line 6 | "or reckless disregard" |
| p.16 ¶ 122, line 13 | "or recklessly disregarded" |
| p.16 ¶ 124, line 19-20 | "or recklessly disregarded" |
| p.18 ¶ 132, line 18 | "or acted in reckless disregard of" |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| p.21 ¶ 141, line 2 | "or in reckless disregard of" |
| p.22 ¶ 153, line 15 | "reckless disregard of" |
| p.9 ¶ 155, line 23 | "reckless" |
| p.12 ¶ 155, line 24 | "reckless indifference" |
| p.13 ¶ 167, line 8 | "or in reckless disregard of" |
| p.15 ¶ 178, line 18 | "or in reckless disregard of" |
| p. 9 ¶ 66, line 28 | "depository bank accounts" |
| p.11 ¶ 78, line 10 | "depository bank accounts" |
| p.11 ¶ 79, line 12 | "depository bank accounts" |
| p.12 ¶ 87, line 9 | "depository bank accounts" |
| p. 20 ¶ 138, lines 21-22 | "depository bank accounts" |
| p. 20 ¶ 139, line 26 | "depository bank accounts" |
| p. 22 ¶ 150, line 7 | "depository bank accounts" |
| p. 22 ¶ 151, line 11 | "depository bank accounts" |
| p. 23 ¶ 164, line 28 | "depository bank accounts" |
| p. 24 ¶ 165, line 4 | "depository bank accounts" |
| p. 25 ¶ 175, line 10 | "depository bank accounts" |

DLA PIPER LLP (US)
LOS ANGELES

WEST\225512694.3

NOTICE OF MOTION AND MOTION TO STRIKE
CASE NO.  3:11-CV-05226-RS

| p. 25 ¶ 176, line 14 | "depository bank accounts" |
|---|---|
| p.13 ¶ 95, lines 4-5 | "should have known" |
| p.26, line 24 | "1.  That the Court enter a judgment finding that Defendants have:<br><br>a.  violated California Business and Professions Code §17200;<br><br>b.  violated Arizona Revised Statutes §§44-1521;<br><br>c.  violated 18 U.S.C. §2511;<br><br>d.  committed conversion; and<br><br>e.  committed negligence." |

This Motion is based on this Notice of Motion and Motion of First Bank, the accompanying Notice of Motion and Motion to Dismiss under Federal Rules of Civil Procedure 9 and 12(b)(6), or the alternative Motion for a More Definite Statement under Rule 12(e), each Motion's supporting Memorandum of Points and Authorities, any joinders that may be filed, the Motion to Dismiss filed by the Zaazoom Defendants and the related pleadings and papers, all pleadings and papers on file in this case, all matters of which this Court may take judicial notice, and the arguments of counsel.

Dated:  December 9, 2011          DLA PIPER LLP (US)

By:___/s/ Paul J. Hall_____
     PAUL J. HALL

Attorney for Defendant
FIRST BANK OF DELAWARE

1  PAUL J. HALL (SBN 066084)
   paul.hall@dlapiper.com
2  ISABELLE L. ORD (SBN 198224)
   isabelle.ord@dlapiper.com
3  ALEC CIERNY (SBN 275230)
   alec.cierny@dlapiper.com
4  DLA PIPER LLP (US)
   555 Mission Street, Suite 2400
5  San Francisco, CA  94105
   Tel:  415.836-2500
6  Fax: 415.836.2501

7  Attorneys for Defendant
   FIRST BANK OF DELAWARE
8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13 AMBER KRISTI MARSH and STACIE EVANS,        CASE NO.  3:11-cv-05226-RS
   individually and on behalf of a class of similarly situated
   persons,                                     **DEFENDANT FIRST BANK
14                                               OF DELAWARE'S NOTICE
                                                 OF MOTION AND MOTION
15                Plaintiffs,                    TO STRIKE PORTIONS OF
                                                 PLAINTIFFS' SECOND
        v.                                       AMENDED COMPLAINT**
16
   **ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited
17 Liability Company, **ZAZA PAY LLC**, a Delaware     **Date:       January 26, 2012
   Limited Liability Company dba Discount Web Member    Time:       1:30 P.M.**
18 Sites, LLC, Unlimited Local Savings, LLC, Web Discount  **Courtroom: 3**
   Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and
19 RaiseMoneyForAnything; **MULTIECOM, LLC**, a
   Colorado Limited Liability Company dba Online Discount
20 Membership, Web Discount Company, and Liberty
   Discount Club; **ONLINE RESOURCE CENTER, LLC**,
21 a Delaware Limited Liability Company dba Web Coupon
   Site, USave Coupon, and UClip; **MOE TASSOUDJI**, an
22 individual, **BILL CUEVAS**, an individual, **FIRST
   BANK OF DELAWARE**, a Delaware Corporation,
23 **FIRST NATIONAL BANK OF CENTRAL TEXAS**, a
   Texas Corporation; **SUNFIRST BANK**, a Utah
24 Corporation; **JACK HENRY & ASSOCIATES, INC.**, a
   Delaware Corporation dba ProfitStars; **AUTOMATED
25 ELECTRONIC CHECKING, INC.,** a Nevada
   Corporation;  **DATA PROCESSING SYSTEMS, LLC**,
26 a Delaware Limited Liability Company and DOES 1-10,
   inclusive,
27
                  Defendants.
28

                                   -4-

DLA PIPER LLP (US)
  LOS ANGELES
                                                NOTICE OF MOTION AND MOTION TO STRIKE
            WEST\225512694.3                           CASE NO.  3:11-CV-05226-RS

1           **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.       INTRODUCTION**

3        Plaintiffs filed their Second Amended Complaint (the "Complaint") against defendant

4 First Bank of Delaware ("First Bank") for violations of the California Unfair Competition Law,

5 Business and Profession Code section 17200, the Arizona Consumer Fraud Act, the Wiretap Act,

6 aiding and abetting conversion, and negligence on behalf of a nation-wide putative class with a

7 California Subclass.  Plaintiffs make bare bones and conclusory allegations against several

8 depository banks (the "Depository Banks"), for claims that require "actual knowledge."  <u>Casey v.</u>

9 <u>U.S. Bank, N.A.</u>, 127 Cal. App. 4th 1138 (2005).  Allegations that First Bank acted "recklessly"

10 are to be stricken as detailed in the accompanying Notice of Motion, because they are immaterial

11 under the statutory and common law elements of each claim, impermissible under Federal Rule of

12 Civil Procedure Rule 8 and 9, and irrelevant to the Complaint.

13        Plaintiffs do not assert a Declaratory Relief cause of action, yet in their Prayer they ask the

14 court to "***enter a judgment finding*** that Defendants" have violated or committed the statutory and

15 common law claims asserted.  (SAC Prayer 1) (emphasis added). Because there is no stand alone

16 cause of action for declaratory relief, this portion of the Prayer is immaterial and must be stricken.

17        Similarly, Plaintiffs' repeated allegations of an unidentified "depository bank" are

18 immaterial to the Complaint and irrelevant because they fail to allege facts against First Bank

19 with any specificity.  Plaintiffs must identify the actual depository bank committing each alleged

20 act.

21        Further, Plaintiffs' request for judgment based on direct violations of the WireTap Act and

22 conversion are improper because Plaintiffs allege only aiding and abetting violations by First

23 Bank.  Aiding and abetting liability does not exist under the Wire Tap Act, and Plaintiffs have

24 failed to make sufficient allegations as to alleged aiding and abetting conversion.

25        Accordingly, the language cited in the Notice of Motion is immaterial and must all be

26 stricken from the Complaint under Rule 12(f) of the Federal Rules of Civil Procedure.

27

28

DLA PIPER LLP (US)
LOS ANGELES

-1-

WEST\225512694.3

NOTICE OF MOTION AND MOTION TO STRIKE
CASE NO. 3:11-CV-03024-EMC

1

## II.    LEGAL STANDARD

2

3          Rule 12(f) authorizes the Court to strike "from any pleading any insufficient defense or

4    any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  This allows

5    the parties to "avoid the expenditure of time and money that must arise from litigating spurious

6    issues by dispensing with those issues prior to trial."  Bureerong v. Uvawas, 922 F. Supp. 1450,

7    1478 (C.D. Cal. 1996) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).  A

8    motion to strike may be granted if "it is clear that the matter to be stricken could have no possible

9    bearing on the subject matter of the litigation."  Colaprico v. Sun Microsystems, 758 F. Supp.

10   1335, 1339 (N.D. Cal. 1991).

## III.    ALLEGATIONS THAT FIRST BANK ACTED IN "RECKLESS DISREGARD"
11          ARE IMMATERIAL AND IRRELEVANT

12          Plaintiffs' Complaint makes only general and conclusory allegations about First Bank,

13   asserting that First Bank participated in the alleged scheme as a depository bank to the Zaazoom

14   Defendants *or* the Processors.  Plaintiffs do not assert any direct relationship between Plaintiffs

15   and First Bank or that First Bank knowingly processed or knowingly deposited Plaintiffs'

16   purportedly unauthorized RCCs.  Plaintiffs contend only that First Bank knew about *or* recklessly

17   disregarded the Zaazoom Defendants' allegedly fraudulent behavior because First Bank was *or*

18   should have been aware of a very high rate of return on RCCs deposited at First Bank.  (SAC ¶¶

19   87-97).  Plaintiffs allege that the First Bank knew *or* should have known about other defendants'

20   alleged scheme despite the absence of any contact with Plaintiffs simply because First Bank was

21   acting as a depository bank.  Plaintiffs' claims are fatally defective because they don't

22   unequivocally allege First Bank's knowledge of the Zaazoom Defendants' misconduct, and

23   Plaintiffs' "or in reckless disregard of" allegations are thus immaterial and should be stricken.

24          To the extent Plaintiffs' claims against First Bank for violations of the UCL and the

25   Arizona Consumer Fraud Act sound in fraud, Federal Rule of Civil Procedure Rule 9 requires a

26   showing of First Bank's knowledge of the wrongfulness and unlawfulness of the Zaazoom

27   Defendants' misconduct.  See Brower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1557

28

DLA PIPER LLP (US)
LOS ANGELES

-2-

NOTICE OF MOTION AND MOTION TO STRIKE
CASE NO.  3:11-CV-05226-RS

1    (Cal. App. 2011) (holding that fraud under the UCL requires a showing of ***intent*** to defraud or

2    induce reliance).  In addition, Plaintiffs' claim against First Bank for aiding and abetting

3    conversion requires a showing that (1) First Bank had <u>actual knowledge</u> of the specific primary

4    wrong of the conversion allegedly committed by the Zaazoom Defendants, and (2) First Bank

5    <u>substantially assisted</u> Zaazoom Defendants' alleged conversion.  <u>Casey</u>, 127 Cal. App. 4th 1138

6    (requiring specific allegations of actual knowledge of the specific primary violation <u>and</u>

7    substantial assistance).  <u>Casey</u> establishes that "[k]nowledge is the crucial element."  <u>Id</u>. at 1144.

8    Plaintiffs fail to allege that First Bank actually knew of the alleged misconduct by the Zaazoom

9    Defendants *or* the Processors, or that First Bank had any legal obligation to Plaintiffs.

10          Without providing specific factual support, Plaintiffs allege only that First Bank acted

11   either "knowing about or in reckless disregard of the wrongfulness and unlawfulness of the

12   Zaazoom Defendants' misconduct." (SAC ¶ 145).  Plaintiffs' boilerplate allegations that First

13   Bank acted "in reckless disregard" do not constitute facts sufficient to show actual knowledge.

14   <u>Casey</u>, 127 Cal. App. 4th at 1153 (allegations that the banks knew their customers were involved

15   in criminal or wrongful conduct are "too generic to satisfy the requirement of actual knowledge of

16   a specific primary violation.").  Allegations that First Bank acted in "reckless disregard" of the

17   Zaazoom Defendants' misconduct has no bearing on the required showing of 'knowledge' for

18   Plaintiffs' claims based on privity, fraud under the UCL and the Arizona Consumer Fraud Act, or

19   under <u>Casey</u> for aiding and abetting conversion, therefore, the Court should strike each and every

20   utilization of the term "reckless" in the Complaint.  Similarly, Plaintiffs' allegation that First

21   Bank "should have known" is also improper and must be stricken for each of these causes of

22   action requiring intent or actual knowledge. (SAC ¶ 95).

23   **IV.    ALLEGATIONS OF AN UNIDENTIFIED "DEPOSITORY BANK" ARE**

24          **IMMATERIAL TO THE COMPLAINT, IRRELEVANT, AND MISLEADING**

25          Plaintiffs attempt to create the veneer of misconduct by First Bank, but careful inspection

26   of the allegations against First Bank reveals only that Plaintiffs allege that the Zaazoom

27   Defendants *or* the Processors had an untold number of depository bank accounts at various banks,

28   one of which allegedly happened to be at First Bank.  (SAC ¶¶ 10, 87, and 123).  In addition to

-3-

1    the generic grouping of multiple "Depository Banks" without specifying the allegedly culpable

2    bank, Plaintiffs reference some other unidentified 'depository bank' 12 separate times in the SAC.

3    (SAC ¶¶ 66, 78, 79, 87, 138, 139, 150, 151, 164, 165, 175, and 176).  Plaintiffs have named First

4    Bank as one of three Depository Banks, and, therefore, must make specific allegations regarding

5    alleged conduct of First Bank - not some other "depository bank" - that could hypothetically be

6    First Bank.  This flaw in the Complaint displays Plaintiffs' attempt to mask the very attenuated

7    and vague nature of their claims against First Bank, and fails to satisfy even the standard "notice

8    pleading" requirements of Federal Rule of Civil Procedure Rule 8, much less the heightened

9    pleading requirements for fraud under Federal Rule of Civil Procedure Rule 9(b).

10   **V.      PLAINTIFFS' PRAYER FOR DECLARATORY RELIEF IS UNFOUNDED AND**

11   **UNSUPPORTED**

12           Plaintiffs do not assert a Declaratory Relief cause of action, yet in their Prayer they ask the

13   court to "***enter a judgment finding*** that Defendants" have violated or committed the statutory and

14   common law claims asserted.  (SAC Prayer 1) (emphasis added).  "[I]n California pleading the

15   prayer is not part of the complaint."  U.S. v. Fallbrook Public Utility Dist., 101 F.Supp. 298, 301

16   (S.D. Cal 1951).  A claim for Declaratory Relief is a separate and distinct cause of action.  See

17   Taylor v. U.S. Bd. Of Parole, 194 F.2d 882, 883 (D.C. Cir. 1952).  Federal Rule of Civil

18   Procedure Rule 8 requires "a short and plain statement of the claim showing that the pleader is

19   entitled to relief."  Because there is no stand alone cause of action for declaratory relief, this

20   portion of the Prayer is immaterial and must be stricken.  Further, to the extent Plaintiffs request

21   judgment against First Bank for direct violations of the WireTap Act and conversion, this portion

22   of the Prayer must also be stricken because Plaintiffs allege only aiding and abetting violations.

23   / /

24   / /

25   / /

26   / /

27   / /

28   / /

DLA PIPER LLP (US)
LOS ANGELES

WEST\225512694.3

NOTICE OF MOTION AND MOTION TO STRIKE
CASE NO.  3:11-CV-05226-RS

## VI. CONCLUSION

For the foregoing reasons, First Bank respectfully requests this Court to grant its Motion to Strike certain portions of the Complaint under Federal Rule of Civil Procedure 12(f) on the grounds that the items to be stricken are immaterial and have no bearing on the subject matter of the litigation.

Dated: December 9, 2011                    Respectfully submitted,

                                           DLA PIPER LLP (US)


                                           By:    /s/ Paul J. Hall
                                               PAUL J. HALL

                                           Attorney for Defendant
                                           FIRST BANK OF DELAWARE