Dennis A. Winston (SBN 068049)
DENNIS A. WINSTON
A PROFESSIONAL LAW CORPORATION
3221 Carter Ave, Apt. 444
Marina Del Rey, California 90292
Tel. (310) 306-4099 Fax (310) 306-4499
E-mail: denniswinston@yahoo.com

Attorneys for Defendants
ZaaZoom Solutions, LLC; ZaZa Pay, LLC;
Automated Electronic Checking, Inc,;
MultiECom, LLC and Online Resource Center, LLC;
and *Specially Appearing* for Moe Tassoudji and Bill Cuevas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **AMBER KRISTI MARSH** and **STACIE EVANS**, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company, et al.<br><br>Defendants. | Case No.: 4:11-cv-05226 YGR<br><br>San Francisco Sup. Ct.<br>Case No.: CGC-11-510815<br><br>STATEMENT OF RECENT DECISION IN SUPPPORT OF MOTION TO DISMISS BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY LLC; MULTIECOM, LLC; ONLINE RESOURCE CENTER, LLC AND AUTOMATED ELECTRONIC CHECKING, INC. IN RESPONSE TO SECOND AMENDED COMPLAINT<br><br>[Complaint Filed May 9, 2011]<br><br>Hg. Date:  February 28, 2012<br>Hg. Time: 2:00 p.m.<br>Hg. Dept.: TBD |

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

**PLEASE TAKE NOTICE** that DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY LLC; MULTIECOM, LLC; ONLINE RESOURCE CENTER, LLC AND AUTOMATED ELECTRONIC CHECKING, INC. ("ZaaZoom Defendants") hereby submit this Statement Of Recent Decision of the decision of the United States Supreme Court entitled: *Mims v. Arrow Financial Services*, 565 U.S. ___; (*2012 U.S. LEXIS 906*) (January 28, 2012)("*Mims*") for consideration in conjunction with the ZaaZoom Defendants' Motion to Dismiss pursuant to *F.R.Civ.P. 12(b)(1) and (6)* ("*12(b)(6)* Motion") in response to Plaintiffs' Second Amended Complaint to be heard on February 28, 2012, at 2:00 p.m., in the courtroom to be determined at the above-referenced Federal Court located at 130 Clay Street, Oakland, California 94612, before the Hon. Yvonne Gonzalez Rodgers, Judge.

*Mims* dealt with the question of federal jurisdiction over private actions to enforce the Telephone Consumer Protection Act of 1991 (*47 U.S.C. § 227*; "TCPA"). The TCPA arose because of the intrusive invasion of privacy arising from unrestricted telemarketing. (TCPA, 105 Stat. 2394, note following 47 U.S.C. §227 (Congressional Findings). As a preliminary matter, Justice Ginsberg, writing the Opinion of the Court, observed: "We have long recognized that '[a] suit arises under the law that creates the cause of action.' *American Well Works Co. v. Layne & Bowler Co., 241 U. S. 257, 260, 36 S. Ct. 585, 60 L. Ed. 987 (1916)*." *Mims*, 565 U.S. ___; *2012 U.S. LEXIS 906*, *8 (2012).

As pertinent here, the Court recognized that the TCPA expressly provides for a private right of action for damages to complement the right of State Attorneys General and the FTC to enforce the TCPA.

> The TCPA delegates authority to the FCC to ban artificial and prerecorded voice calls to businesses, *§227(b)(2)(A)*, and to exempt particular types of calls from the law's requirements, *§§227(b)(2)(B), (C)*. The Act also directs the FCC to prescribe regulations to protect the privacy of residential telephone subscribers, possibly through the creation of a national "do not call" system. *§227(c)*.
> [¶]
> **Congress provided complementary means of enforcing the Act.** State Attorneys General may "bring a civil action on behalf of [State] residents," if the Attorney General "has reason to believe that any person has engaged . . . in a pattern or practice" of violating the TCPA or FCC regulations thereunder. *47 U. S. C. A. §227(g)(1) (Supp. 2011)*. "The district courts of the United States . . . have exclusive jurisdiction" over all TCPA actions brought by State Attorneys

General. *§227(g)(2)*. The Commission may intervene in such suits. *§227(g)(3)*.
[¶]  **Title 47 U. S. C. §227(b)(3), captioned "Private right of action," provides**:

> "**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State**--
> "(A) an action based on a violation of this subsection or the regulations pre-scribed under this subsection to enjoin such violation,
> "(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> "(C) both such actions."

[¶]  A similar provision authorizes a private right of action for a violation of the FCC's implementing regulations.

*Mims*, 565 U.S. ___; *2012 U.S. LEXIS 906*, *11-13 (2012).[4]

The instant action brought by class plaintiffs represented by Marsh and Evans asserts claims governed by the Restore Online Shoppers Confidence Act (*15 U.S.C. § 8401, et seq.* "ROSCA") which does not provide for private rights of action at all.  (*15 U.S.C. § 8404* (enforcement by the FTC); *15 U.S.C. § 8405(a)-(e)* (enforcement by State Attorneys General with notice to the FTC).)  *Mims* underscores the principle that when the Congress decides to allow private rights of action in areas of electronic commerce deemed of national importance Congress knows how to do so.  It did not do so with ROSCA.

Dated: January 27, 2012                    DENNIS A. WINSTON,
                                           A PROFESSIONAL LAW CORPORATION


                                           By ___/s/_Dennis A. Winston_____
                                              Dennis A. Winston Attorneys for
                                           Defendants ZaaZoom Solutions, LLC; ZaZa Pay, LLC; Automated Electronic Checking, Inc., MultiECom, LLC and Online Resource Center, LLC and *Specially Appearing* for Defendants Moe Tassoudji and Bill Cuevas

---

[4]     Unless otherwise indicated, all emphasis supplied.