1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |    Including Professional Corporations
NEIL A.F. POPOVIC, Cal. Bar No. 132403
3 | MEREDITH A. JONES-MCKEOWN, Cal. Bar No. 233301
LAI L. YIP, Cal. Bar No. 258029
4 | Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
5 | Telephone:   415-434-9100
Facsimile:    415-434-3947
6 | npopovic@sheppardmullin.com
mjonesmckeown@sheppardmullin.com
7 | lyip@sheppardmullin.com

8 | Attorneys for Defendant
DATA PROCESSING SYSTEMS, LLC

9 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons, | Case No. CV-11-5226 (YGR)<br>San Francisco County Superior Court<br>Case No. CGC-11-510815 |
| Plaintiffs, | **DATA PROCESSING SYSTEMS, LLC'S NOTICE OF JOINDER AND JOINDER IN PENDING MOTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| ZAAZOOM SOLUTIONS, LLC, a Delaware Limited Liability Company, ZAZA PAY LLC, a Delaware Limited Liability Company dba DISCOUNT WEB MEMBER SITES, LLC, Unlimited Local Savings LLC, WEB DISCOUNT CLUB, WEB CREDIT REPT. CO., MEGAONLINECLUB, LLC, and RAISEMONEY FOR ANYTHING; MULTIECOM, LLC, a Colorado Limited Liability Company dba ONLINE DISCOUNT MEMBERSHIP, WEB DISCOUNT COMPANY, and LIBERTY DISCOUNT CLUB; ONLINE RESOURCE CENTER, LLC, a Delaware Limited Liability Company dba Web Coupon Site, USAVE COUPON, and UCLIP, MOE TASSOUDJI, an individual, BILL CUEVAS, an individual, FIRST BANK OF DELAWARE, a Delaware Corporation; FIRST NATIONAL BANK OF CENTRAL TEXAS, a Texas Corporation; SUNFIRST BANK, a Utah Corporation; JACK HENRY & ASSOCIATES, INC., a Delaware Corporation dba PROFITSTARS; | Complaint Filed: May 9, 2011<br>Trial Date: None Set |

1 | AUTOMATED ELECTRONIC
CHECKING, INC., a Nevada Corporation;
2 | DATA PROCESSING SYSTEMS, LLC, a
Delaware Limited Liability Company and
3 | DOES 1-10, inclusive,

4 |               Defendants.

5

6 |            TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

7 | RECORD:

8 |            PLEASE TAKE NOTICE that defendant Data Processing Systems, LLC

9 | ("DPS") hereby joins:

10 |      1.     the pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6)

11 |             filed by defendants Zaazoom Solutions, LLC, Zaza Pay LLC, and Automated

12 |             Electronic Processing Systems, Inc., in its entirety, and

13 |      2.     the pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the

14 |             alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e)

15 |             filed by defendant First Bank of Delaware, with respect to its argument

16 |             regarding plaintiff's third claim for relief (violation of Electronic

17 |             Communications Privacy Act, 18 U.S.C. § 2510, *et seq.*),

18 | both of which are set for hearing on February 28, 2012.

19 |            This joinder is based on the attached Memorandum of Points and Authorities,

20 | this notice and joinder, all of the pleadings and records in this action, and such other written

21 | and/or oral material as DPS may present at or prior to any hearing before this Court.

22

23

24

25

26

27

28

-1-

NOTICE OF JOINDER AND JOINDER IN PENDING
MOTIONS; MEMORANDUM OF POINTS AND
AUTHORITIES

1 | Dated: February 13, 2012

2 |                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3 |

4 |                    By        /s/ Neil A.F. Popović

5 |                              NEIL A.F. POPOVIĆ
                                 MEREDITH A. JONES-McKEOWN
6 |                              LAI L. YIP
                                 Attorneys for Defendant
7 |                              DATA PROCESSING SYSTEMS, LLC

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

W02-EAST:5LLY1\200463974.1
Case No. CV-11-5226 (YGR)

NOTICE OF JOINDER AND JOINDER IN PENDING
MOTIONS; MEMORANDUM OF POINTS AND
AUTHORITIES

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2      Defendant Data Processing Systems, LLC ("DPS") joins: (i) the pending

3  motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) filed by defendants

4  Zaazoom Solutions, LLC, Zaza Pay LLC, and Automated Electronic Processing Systems,

5  Inc. ("Zaazoom Motion"); and (ii) the pending motion to dismiss pursuant to Fed. R. Civ.

6  P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P.

7  12(e) filed by defendant First Bank of Delaware ("First Bank Motions"), as follows:

8      1.    DPS joins the Zaazoom Motion in its entirety.  With respect to the

9  argument therein that plaintiffs fail to state a claim upon which relief can be granted

10  because they do not allege that the purported misconduct occurred in Arizona, DPS

11  supplements the Zaazoom Motion as follows:

12      DPS neither resides in nor conducts business in Arizona, but is a citizen of

13  and operates out of New York.  Therefore, none of DPS's alleged misconduct occurred in

14  Arizona.

15      2.    DPS joins the First Bank Motions with respect to the argument therein

16  that plaintiffs fail to state a claim upon which relief can be granted or are so vague and

17  ambiguous in their allegations that a response cannot reasonably be prepared because:

18  (i) the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.* (the "Wiretap

19  Act") does not provide for aiding and abetting liability; and (ii) plaintiffs fail to allege any

20  facts sufficient to constitute an "interception" in direct violation of the Wiretap Act.  DPS

21  supplements the First Bank Motions with respect to this argument as follows:

22      Plaintiffs allege that they affirmatively provided their banking information to

23  payday loan websites; they do not allege that their transmission of this information was in

24  any way involuntary.  Second Amended Complaint ("SAC") at 1.  The Zaazoom

25  Defendants[1] purportedly gathered this information from the payday loan websites; again,

26  ─────────────────

[1]    The SAC defines the "Zaazoom Defendants" as Zaazoom Solutions, LLC, Zaza Pay

27  LLC, MultiECom, LLC, Online Resource Center, LLC, Moe Tassoudji, and Bill
Cuevas.

28

1  plaintiffs do not allege that the payday loan websites' purported transmission of this

2  information was in any way involuntary. *Id.* According to plaintiffs, DPS, along with

3  other defendants, "provided material assistance" to the Zaazoom Defendants in creating

4  remote checks using this information, thereby implying that DPS came into possession of

5  such information; but yet again, plaintiffs do not allege that the Zaazoom Defendants'

6  purported transmission of information to DPS was in any way involuntary. *Id.*

7        Plaintiffs allege nothing more than that DPS received an electronic

8  communication voluntarily transmitted by the Zaazoom Defendants, which was in turn

9  voluntarily transmitted by the payday loan websites, which was in turn voluntarily

10 transmitted by plaintiffs, which cannot furnish a basis for liability under the Wiretap Act.

11 *See Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1269 (N.D. Cal. 2001)

12 ("completing a communication" does not constitute an "interception" within the meaning

13 of the Wiretap Act); *see also* Dkt. #65 (First Bank's Reply in Support of Motion to

14 Dismiss) at 14. Otherwise, this "would be akin to holding that one who picks up a

15 telephone to receive a call has intercepted a communication" and "effectively remove from

16 the definition of intercept the requirement that the acquisition be through a 'device.'"

17 *Crowley,* 166 F. Supp. 2d at 1269.

18       As plaintiffs fail to allege any facts showing that DPS "intercepted" an

19 electronic communication within the meaning of the Wiretap Act, and no aiding and

20 abetting liability exists under the Wiretap Act for any alleged "material assistance" DPS

21 provided to the Zaazoom Defendants, this Court should dismiss pursuant to Fed. R. Civ. P.

22 12(b)(6) plaintiffs' third claim for relief for violation of the Wiretap Act or, in the

23 alternative, order pursuant to Fed. R. Civ. P. 12(e) that plaintiffs provide a more definite

24 statement of that claim.

25

26

27

28

-4-

1  Dated:  February 13, 2012          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

2                                      By _____
                                              /s/ Neil A.F. Popović
3                                            NEIL A.F. POPOVIĆ
                                        MEREDITH A. JONES-McKEOWN
4                                              LAI L. YIP
                                          Attorneys for Defendant
5                                   DATA PROCESSING SYSTEMS, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-