1  Dennis A. Winston (068049)
   DENNIS A. WINSTON
2  A PROFESSIONAL LAW CORPORATION
   3221 Carter Ave, Apt. 444
3  Marina Del Rey 90292
   Tel. (310) 306-4099 Fax (310) 306-4499
4  E-mail: denniswinston@yahoo.com

5  Attorneys for Defendants
   ZaaZoom Solutions, LLC; ZaZa Pay, LLC;
6  MultiECom, LLC and Online Resource Center, LLC;
   Automated Electronic Checking, Inc.;
7  Data Processing Systems, LLC

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  **AMBER KRISTI MARSH** and **STACIE**     ) Case No.: 4:11-cv-05226 YGR
    **EVANS**, individually and on behalf of a class  )
12  of similarly situated persons,             ) San Francisco Sup. Ct.
                                               ) Case No.: CGC-11-510815
13                                             )
                 Plaintiffs,                   )
14                                             )
                 v.                            ) DEFENDANTS ZAAZOOM SOLUTIONS,
15                                             ) LLC, ZAZA PAY LLC, MULTIECOM, LLC,
    **ZAAZOOM SOLUTIONS, LLC**, et al.         ) ONLINE RESOURCE CENTER, LLC,
16                                             ) AUTOMATED ELECTRONIC CHECKING,
                 Defendants.                   ) INC, AND DATA PROCESSING SYSTEMS,
17                                             ) LLC'S MOTION TO DISMISS (F.R.Civ.P.
                                               ) 12(b)(6)), OR IN THE ALTERNATIVE TO
18                                             ) STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE
                                               ) TO PLAINTIFFS' THIRD AMENDED
19                                             ) COMPLAINT; MEMORANDUM OF
                                               ) POINTS AND AUTHORITIES IN SUPPORT
20                                             )
                                               ) [Complaint Filed May 9, 2011]
21                                             )
                                               ) Hg. Date:  June 12, 2012
22                                             ) Hg. Time: 2:00 p.m.
                                               ) Hg. Ctrm.: TBD
23  _____)

24      **PLEASE TAKE NOTICE** that that on June 12, 2012, at 2:00 p.m., in a courtroom to be

25  determined at the above-referenced Federal Court located at 130 Clay Street, Oakland, California

26  94612, before the Hon. Yvonne Gonzalez Rodgers, Judge, the following motions will be heard as

27  follows: DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM,

28                                         1

DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC,AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC'S MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No.:  4:11-cv-05226 YGR

LLC, ONLINE RESOURCE CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, and DATA PROCESSING SYSTEMS (collectively, "Zaazoom Defendants"), will move the Court to dismiss the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Claims for Relief asserted in the Third Amended Complaint (the "TAC") in this action (the "Action"), or, in the alternative, to strike the allegations of the TAC.

Said motion will be asserted pursuant to *Federal Rules of Civil Procedure ("Rule") 12(b)(6) and (f); Rule 8 and Rule 23(b)(3)* on the grounds that:

(1) the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Claims fail to state facts sufficient constitute claims for relief cognizable as a class action in that:

(a) the allegations do not give rise to claims suitable for class treatment (*Rule 23(b)(3)*) pursuant to *California Business & Professions Code § 17200* for unlawful, fraudulent or unfair conduct because the claims necessarily depend upon predominately individual factual and legal issues as to each Class members' state of mind and conduct;

(b) the allegations are not sufficient to constitute violations of law, fraud or unfair conduct, based upon the alleged knowledge and conduct (pled and unpled) of the ZaaZoom Defendants;

(c) the allegations of the Seventh, Eighth and Ninth Claims fail to state claims for relief on behalf of a national class in that the questions of law and fact common to the class do not predominate over questions affecting individual class members in each state;

(2) the allegations of the Eighth and Ninth Claims fail to state claims for a relief because each is based upon contradictory fact allegations.

In the alternative,

(3) the TAC should be stricken pursuant to *Rule 12(f)* and *Rule 8* because it is not a "simple, concise and direct" statement of claims and contains "redundant, immaterial, impertinent or scandalous" matter.

2

DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC,AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC'S MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No.:  4:11-cv-05226 YGR

Said motion will be based on this Notice, the attached Memorandum of Points and Authorities, the complete files and records in this action, and such other papers and oral argument as the court may allow.

Dated: May 1, 2012

DENNIS A. WINSTON,
A PROFESSIONAL LAW CORPORATION


By _____
      Dennis A. Winston Attorneys for
Defendants ZaaZoom Solutions, LLC; ZaZa Pay, LLC;
MultiECom, LLC and Online Resource Center, LLC;
Automated Electronic Checking, Inc.;
Data Processing Systems, LLC

3

# **TABLE OF CONTENTS**

1.   INTRODUCTION AND SUMMARY OF ARGUMENT ................................. 4

2.   STATEMENT OF FACTS  .................................................................6

3.   THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH,
     EIGHTH AND NINTH CLAIMS FAIL TO STATE FACTS SUFFICIENT
     TO CONSTITUTE CLAIMS FOR RELIEF COGNIZABLE FOR CLASS
     TREATMENT    ................................................................................ 6

     A.  The First, Second, Third, Fourth, Fifth and Sixth Claims Necessarily
         Depend Predominantly Upon Individual Factual and Legal Issues As
         To Each Class Members' State Of Mind and Conduct  .............................7

     B.  The First, Second, Third, Fourth, Fifth and Sixth Claims Necessarily
         Depend Predominantly Upon Individual Factual and Legal Issues As
         To The Conduct and Knowledge (Pled and Unpled) Of Zaazoom
         Defendants ................................................................................... 10

     C.  The Seventh, Eighth and Ninth Claims Necessarily Depend
         Predominantly Upon Individual Factual and Legal Issues As To
         Each Class Members' State Of Mind and Conduct As Well As The
         State of Mind And Conduct of Zaazoom Defendants  .............................. 12

4.   THE ALLEGATIONS OF THE EIGHTH AND NINTH CLAIMS FAIL TO
     STATE CLAIMS FOR A RELIEF BECAUSE EACH IS BASED UPON
     CONTRADICTORY FACT ALLEGATIONS  ................................................ 15

5.   IN THE ALTERNATIVE, THE TAC SHOULD BE STRICKEN
     BECAUSE IT IS NOT A "SIMPLE, CONCISE, AND DIRECT"
     STATEMENT OF CLAIMS AND CONTAINS "REDUNDANT,
     IMMATERIAL, IMPERTINENT OR SCANDALOUS" MATTER .............. 16

6.   CONCLUSION   ............................................................................ 18

i

DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER,
LLC,AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC'S MOTION TO DISMISS
(F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE TO PLAINTIFFS' THIRD
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No.:  4:11-cv-05226 YGR

# **TABLE OF AUTHORITIES**

## **Cases**

*Amchem Products, Inc. v. Windsor*
  521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed2d 689 (1997) ...........................7

*Armored Car Service, Inc. v. First National Bank of Miami*
  113 So.2d 431 (Fla. 1959) ..................................................... 13

*Avritt v. Reliastar Life Insurance Company*
  615 F.3d 1023 (8th Cir. 2010) .................................................9

*Barren v. Harrington*
  152 F.3D 1193 (9th Cir. 1998) ................................................7

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed2d 929 (2007) ................................. 7, 11

*Burns v. Neiman Marcus Group, Inc.*
  173 Cal.App.4th 479, 93 Cal. Rptr.3d 130 (2009) ............................. 13, 14

*Collin v. American Empire Insurance Company*
  21 Cal.App.4th 787, 26 Cal. Rptr.2d 391 (1994) ................................. 15

*Durell v. Sharp Healthcare*
  183 Cal.App.4th 1350, Cal. Rptr. 3d 682 (2010) ........................... 7, 8

*Earnest v. General Motors Corp.*
  923 F.Supp. 1469 (N.D.Ala. 1996) ......................................6

*Federal Ins. V. Smith*
  144 F. Supp.2d 507 (E.D.Va 2001) ................................. 13

*Gilbert v. Eli Lilly & Co., Inc.*
  56 F.R.D. 116 nn. 4-5 (D.P.R. 1972) ................................. 16

*Gilchrist v. Bolger*
  733 F.2d 1551 (11th Cir. 1984) ..............................6

*Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C.*
  288 F.Supp.2d 473 (S.D.N.Y. 2003) ............................. 17

ii

DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC,AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC'S MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No.: 4:11-cv-05226 YGR

**Cases**

*Kwikset Corporation v. Superior Court*
    151 Cal. 4th 310, P.3d 877, 120 Cal.Rptr. 3d 741 (2011) .........................8

*Mazza v. American Honda Motor Company, Inc.*
    666 F.3d 581 (9th Cir. 2012) ............................................... 9, 12

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
    259 F.3d 154 (3d Cir. 2001) ...................................................7

*Oakdale Village Group v. Fong*
    43 Cal.App.4[th] 539, 50 Cal.Rptr. 2d 810 (1996) ................................. 12

*Papasan v. Allain*
    478 U.S. 265, 106 S. Ct. 2932, 92 L.Ed 2d209 (1986) ...........................7

*People v. Looney*
    125 Cal.App.4[th] 242, Cal.Rptr. 3d 502 (2004) ...................................... 11

*Reiger v. Drabinsky*
    151 F.Supp. 2d 371, 407 (S.D.N.Y. 2001) ......................................... 14

*Schwartz v. The Upper Deck Company*
    183 F.R.D. 672 (S.D.Cal 1999) .................................................9

*Story Road Flea Market, Inc. v. Wells Fargo Bank, N.A.*
    42 Cal.App.4th 1733, 50 Cal. Rptr.2d 524 (1996) ............................... 14

*Terry v. SunTrust Banks, Inc.*
    2011 U.S. Dist. LEXIS 63996 *15-16 (D.S.C. 2011) ........................... 13

*United LeasingCorp. V Thrift Ins. Corp.*
    247 Va. 299, 400 S.E.2d 902, 10 Va. Law Rep. 1015 (Va. 1994) ...................... 13

*United States of America v. Cyberheat, Inc.*
    2007 U.S. Dist. LEXIS 15448 (D. Ariz. 2007) .................................. 11

*Vu v. California Commerce Club*
    58 Cal.App.4[th] 229, 68 Cal.Rptr.2d 31 (1997) .................................. 12

iii

DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC,AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC'S MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No.: 4:11-cv-05226 YGR

**Cases**

***Washington Mutual Bank. F.A. v. Superior Court***
   24 Cal.4th 906, Cal.Rptr.2d 320 (2001) ................................................................ 12

***Xavier v. Philip Morris USA Inc..***
   787 F.Supp.2d 1075 (N.D. Cal 2011) ....................................................................9

**Statutes and Miscellaneous**

*California Business & Professions Code* § 17200 ............................................... Passim

*California Business & Professions Code* § 17602(a)(1) .......................................... 11

*California Penal Code* § 470 ........................................................................... 11, 15

*California Uniform Commercial Code* § 3104(k) .................................................. 11

*California Uniform Commercial Code* § 3407 ....................................................... 14

*Federal Rules of Civil Procedure, Rule 8* ....................................................... 2, 5, 16

*Federal Rules of Civil Procedure, Rule 11* .............................................................. 5

*Federal Rules of Civil Procedure, Rule 12(b)(6)* ............................................... 2, 6, 7

*Federal Rules of Civil Procedure, Rule 12(f)* ........................................... 2, 5,  16, 17

*Federal Rules of Civil Procedure, Rule 23(b)(3)* ............................................ 2, 4, 6, 7

*15 U.S.C.* § 8401 ..............................................................................................4

*U.S.Constitution, art. I* § 9 ............................................................................. 11

iv

DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC,AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC'S MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No.:  4:11-cv-05226 YGR

## 1.  INTRODUCTION AND SUMMARY OF ARGUMENT

Through ten (10) claims for relief spanning 3,345 paragraphs,[1]  Plaintiffs Stacie Evans and Amber Kristi Marsh ("Plaintiffs") allege a class action ("Action") in their Third Amended Complaint ("TAC"), asserting that the Defendants committed illegal, fraudulent and unfair business practices under *California Business & Professions Code § 17200* (*"Section 17200"*) (as to the California subclass) and common law claims for Conversion and Negligence (as to a national class including the California subclass) by operating websites that used information supplied online from class members who were applying for payday loans to also register (and process the payments for) class members to subscribe for online coupon services without the customer's permission.

Though Plaintiffs omit pleading *facts* to show how (a fatal omission to their claims), the context of this case shows that Plaintiffs refer to methods used to sign up class members for online coupon services, at least in part, through "data pass" which provided applicants for payday loans the opportunity to join clubs which, if accepted (or not rejected), registered applicants for online coupons for savings on consumer goods with, sometimes, "negative options" (right to change one's mind later).[2]

*First*, as to the six claims of the California subclass based upon *Section 17200*, the allegations do not give rise to claims suitable for class treatment (*Rule 23(b)(3)*) because the claims *on their face* necessarily depend upon predominately individual factual and legal issues as to each Class members' state of mind and conduct as well as the conduct of Zaazoom Defendants (pled and unpled).

For example, Plaintiffs failed to allege essential facts as to what representations were made to the California subclass and how (and whether) Plaintiffs (or any of the California subclass)

---

[1]     Each of the ten claims incorporates by reference every preceding paragraph of the Third Amended Complaint.  (Third Amended Complaint, ¶¶ 245, 258, 270, 284, 298, 304, 312, 323, 336, 345.)

[2]     TAC ¶¶ 253-254; 15 *U.S.C. § 8401*, *et seq*.  (Restore Online Shoppers' Confidence Act ("ROSCA").

communicated their decisions to Zaazoom Defendants not to participate in the coupon clubs offered. Plaintiffs admit that the representations on the websites varied; however, Plaintiffs failed to allege what they were told and how or whether they communicated their choices to Defendants.

In addition, some of the checks created contained the legend "Authorization on File" which could have rendered the checks proper (or negated ZaaZoom Defendants' criminal intent). In light of these (and other) factual issues, Plaintiffs have failed to allege facts sufficient to support criminal violations, or intentional fraudulent conduct, or unfair practices by Zaazoom Defendants. These factual omissions, coupled with the individualized factual inquiries necessary to answer these questions, makes class treatment of this Action, on its face, inappropriate.

*Second*, as with the first six claims, the allegations of the Seventh, Eighth and Ninth Claims fail to state facts sufficient to support claims appropriately treated as a national class action in that the questions of law and fact common to the class do not predominate over the fact and law questions affecting individual class members in each state.

*Third*, in addition to these infirmities, the Eighth and Ninth Claims also fail to state sufficient facts to support claims for relief because each is based upon *contradictory* fact allegations. While pleading inconsistent theories (or even inconsistent facts *in separate claims*) is allowed, since the Eighth and Ninth Claims also include all of the prior factual allegations of the first six claims, the facts alleged are that Zaazoom Defendants engaged in intentional torts (and crimes) and simultaneously acted negligently *by the same criminal acts*.

Conversion is an intentional tort that cannot give rise to a Negligence claim. Likewise, negligence cannot be based upon an intentional criminal fraud. Such contradictory factual allegations in the same claims are unacceptable under *Rule 11*.

*Fourth*, in the alternative, the TAC should be stricken pursuant to *Rule 12(f)* and *Rule 8* because its 3,345 paragraphs are not a "simple, concise and direct" statement of claims and contains "redundant, immaterial, impertinent or scandalous" matter.

## 2.   STATEMENT OF FACTS

Plaintiffs have filed a class action asserting nine claims against the Zaazoom Defendants

5

(and a tenth claim against the banks) alleging that Zaazoom Defendants acted illegally and tortiously in operating websites that used information supplied online from members of the class for payday loans to also generate checks to pay for online coupons for other services (e.g., coupon clubs) without plaintiffs' knowledge or permission.  (Third Amended Complaint ("TAC") ¶¶ 1, 3-10, 57-143, 204-244.)

In the First, Second, Third, Fourth, Fifth and Sixth Claims, California subclass plaintiffs assert claims of violations *Section 17200* on theories of unlawful, fraudulent and unfair conduct. (TAC ¶¶ 245-311.)  In the Seventh Claim, the purported national class plaintiffs (which include the California subclass) assert a claim for the intentional tort of conversion against Zaazoom Defendants and Defendant Jack Henry & Assoc.  (TAC ¶¶ 312-322.)

In the Eight, Ninth and Tenth Claims, national class plaintiffs assert claims of Negligence against Zaazoom Defendants and the Defendant Banks.  (TAC ¶¶ 323-378.)

**3.     THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CLAIMS FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE CLAIMS FOR RELIEF COGNIZABLE FOR CLASS TREATMENT**

Zaazoom Defendants move to dismiss pursuant to *Rule 12(b)(6)* based upon the failure of the *allegations* in the TAC to state class claims upon which relief may be granted.  ***Earnest v. General Motors Corp.***, 923 F.Supp. 1469, 1473 (N.D.Ala. 1996):

> The court turns now to the defendants' motion to strike or dismiss the plaintiffs' class allegations. The defendants contend that the plaintiffs have failed to satisfy their burden of establishing the threshold requirements for maintaining a class action under *Rule 23*. See *Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir. 1984) (**Plaintiffs bear the burden of proving their right to maintain a class action**.). The court agrees. As a preliminary matter, the plaintiffs must establish that there exists a legally definable class that can be ascertained through reasonable effort….Failure to meet this minimum standard entitles a court to dismiss the class allegations and proceed with the action on an individual basis.[3]

> In evaluating a motion under *Rule 12(b)(6)*:

> While a complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need

6

---

[3]     Unless otherwise indicated, all emphasis supplied all internal quotation marks omitted.

detailed factual allegations, [citation omitted] **a plaintiff's obligation to provide the grounds of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**, see *Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)* (**on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation**").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); compare, *Durell v. Sharp Healthcare*, 183 Cal.App. 4th 1350, 1355, 108 Cal.Rptr. 3d 682 (2010)(demurrer to putative class plaintiffs' complaint sustained without leave after three tries).

A.    **The First, Second, Third, Fourth, Fifth and Sixth Claims Necessarily Depend Predominately Upon Individual Factual And Legal Issues As To Each Class Members' State Of Mind And Conduct**

Litigating claims in a class action format is improper when individual questions of law or fact necessarily predominate over issues common to the class. *Rule 23(b)(3)*(a class action is unavailable upon a finding "that questions of law or fact common to class members [*do not*] predominate over any questions affecting only individual members"); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-624, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001) ("If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable.")  Such is the case here.

Each of the six *Section 17200* claims depend upon showings of the individual states of mind of Plaintiffs and of class members for several reasons: to determine what purported misrepresentations were made to the class members; to determine whether a class member made a decision not to join a club or simply clicked (or failed to click) a button on the screen; finally, to determine how and whether those decisions were communicated to Zaazoom Defendants.

For example, to support *Section 17200* claims based upon illegal or fraudulent conduct, Plaintiffs must allege facts to establish *actual reliance* upon *identifiable misrepresentations* of

7

Zaazoom Defendants.  ***Kwikset Corporation v. Superior Court***, 51 Cal. 4th 310, 326-327, 246 P.3d 877, 120 Cal. Rptr. 3d 741 (2011) ("[A] plaintiff proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions [citation omitted]. Consequently, a plaintiff must show that the misrepresentation was an immediate cause of the injury-producing conduct ...."); ***Durell***, 183 Cal.App. 4th at 1363-1364.

According to the TAC, websites offering the payday loans used "varying language" in making the offers to join the clubs.  (TAC ¶ 63.)  Plaintiffs Marsh and Evans allege they "chose" not to participate in the coupon clubs offered by the companies with which Zaazoom Defendants contracted; but, Plaintiffs do not allege how, or whether, they communicated their choices to Zaazoom Defendants.  (TAC ¶¶ 206, 222.)  Without specific factual allegations as to how the "sign-up" process upon which Marsh and Evans supposedly relied worked, Plaintiffs' remaining factual allegations fail to state cognizable claims.

Moreover, the TAC does not contain factual allegations as to what *specifically* any of the remaining class members were told, or how (or whether) class members informed Zaazoom Defendants of their choices.  Indeed, Plaintiffs apparently acknowledge that some applicants agreed to join the coupon clubs knowingly.  (TAC ¶ 60.)

From the allegations of the TAC there is no way to ascertain the essential factual prerequisites of membership in a legitimate class without individualized factual inquiries of each putative class member.  Most fundamental, what did class members who joined the coupon clubs intend to do so?  For example, did the websites offer class members the opportunity to join clubs unless they *affirmatively communicated* their declination to join, or did class members assume they were not joining unless they affirmatively communicated their decisions by clicking a button.[4]

8

---

[4]    The TAC allegations as to how a person could "[t]heoretically" become a coupon club member offer no insight as to these issues by averring: "a person can sign up to become a member of one of [Zaazoom Defendants'] Websites by entering his or her name, address, email address, and phone number into the website's screen."  (TAC ¶ 59.)  According to this allegation, no

While the whole process is *now* regulated by ROSCA since January 1, 2011, (*15 U.S.C. § 8401*), ROSCA set no such standards before that time.

In *Mazza v. American Honda Motor Company, Inc.*, 666 F.3d 581 (9th Cir. 2012), the Ninth Circuit vacated the lower court's order approving a national class of plaintiffs' *Section 17200* claims because individual questions of law and fact predominated over class questions.

> In the absence of the kind of massive advertising campaign at issue in *Tobacco II*, **the relevant class must be defined in such a way as to include only members who were exposed to advertising that is alleged to be materially misleading**. …The district court certified a class that included all persons who purchased or leased an Acura RL with the CMBS between August 2005 and class certification. This class is overbroad. **We vacate the class certification decision on this ground because common questions of fact do not predominate where an individualized case must be made for each member showing reliance**.

*Mazza*, 666 F.3d at 596; *Xavier v. Philip Morris USA Inc.*, 787 F.Supp.2d 1075, 1089 (N.D.Cal. 2011)("In particular, courts have recognized the difficulty of identifying class members whose membership in the class depends on each individual's state of mind. [Citation omitted.] If a class definition includes a requirement that cannot be proven directly, and that depends instead upon each putative class member's feelings and beliefs, then there is no reliable way to ascertain class membership.").

In *Avritt v. Reliastar Life Insurance Company*, 615 F.3d 1023 (8th Cir. 2010), the Eighth Circuit affirmed the District Court's denial of class certification of plaintiffs' *Section 17200* claims involving individuals who purchased annuities from defendant because of the predominance of individual questions of fact (e.g., representations made to class members varied as well as the conduct of defendants). *Id*, 615 F.3d at 1029 ("**If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question**.")

In *Schwartz vs. The Upper Deck Company*, 183 F.R.D. 672 (S.D.Cal. 1999), the court

9

affirmative choice needed to be communicated to join a club apart from entering personal information on the correct screen. This says nothing about what the "right screen" was or whether the process was the same for all class members.

denied plaintiffs' motion for class certification based upon the predominance of individual factual issues such as the reason class members purchased defendants' cards (if the reason for purchase was the opportunity to purchase a "chase card" which was worth more (and potentially a form of gambling) then a claim of illegal gambling might exist).  *Id.*, 183 F.R.D. at 687 ("Class membership cannot be determined based on mere purchase of cards within a specified period of time. The Defendant's conduct in the abstract is not problematic.  The cause of action turns on individual, subjective intent.")

Before the issue of class certification need be reached, Plaintiffs' complaint must allege facts sufficient to state valid claims for relief which could be maintained in a properly ascertainable class.  At this stage, Plaintiffs have failed to do so.

**B.     The First, Second, Third, Fourth, Fifth and Sixth Claims Necessarily Depend Predominately Upon Individual Factual And Legal Issues As To The Conduct And Knowledge (Pled and Unpled) Of Zaazoom Defendants**

Plaintiffs' *Section 17200* claims also fail to allege with sufficient factual specificity what conduct establishes the Zaazoom Defendants' civil and criminal liability.  *Avritt*, 615 F.3d at 1034-1035:

> Finally, as the Avritts concede, even if it were not necessary to consider individual evidence of the plaintiffs' reliance and injury, **a [*Section 17200*] claim cannot succeed without common evidence of misconduct. Thus, to the extent that individual evidence is necessary to show that Northern's practices were actually unlawful, unfair, or fraudulent, class certification is inappropriate**. The district court concluded that whatever prong of the [*Section 17200*] the Avritts based their claims upon, the allegedly wrongful conduct primarily involved deception, misrepresentation, and false regulatory filings. The district court determined that issues of individual reliance would therefore be relevant to establishing liability. We agree.

In addition to the alleged varying, unspecified representations to class members on the websites of entities with which Zaazoom Defendants contracted, and the unpled form (and existence) of class members' declinations to join the coupon clubs, Plaintiffs alleged that some applicants agreed to join the coupon clubs.  (TAC ¶ 60.)  These allegations (and omissions) establish that Plaintiffs have failed to allege facts to support their claims at all and certainly not

10

claims cognizable for class treatment.

In **People v. Looney**, 125 Cal.App. 4th 242, 22 Cal.Rptr. 3d 502 (2004), the court affirmed dismissal of forgery charges (*Cal. Penal Code § 470*) against defendants accused of tricking the mentally infirm victim into signing documents.  The court held that, because defendant accurately described what the "victim" was signing, the defendant could not be guilty of forgery.  *Id*., 125 Cal.App.4th at 244.[5]

Here, Plaintiffs affirmatively allege that, at least, some of the electronic checks contained the legend: "Authorization on file."  (TAC ¶¶ 192, 194, 215.)  The legend arguably rendered those checks legally proper (therefore, not forgeries or a conversion) without further facts as to class members' conduct.  *California Uniform Commercial Code § 3104(k)*.

Plaintiffs' allegations of illegal conduct based upon purported violations of ROSCA (TAC ¶¶ 253, 254) do not save the First Claim because ROSCA did not become effective until after December 29, 2010; whereas (for example), Plaintiff Evans applied for a payday loan on October 25, 2010.  (TAC ¶ 222.)  ROSCA cannot be applied retroactively to previously legal conduct.  Compare *U.S. Constitution, art.I § 9, cl 3* (no bills of attainder or ex post facto laws).[6]

Finally, Plaintiffs' conclusion that Zaazoom Defendants violated *Cal. Bus. & Prof. C § 17602(a)(1)* in the layout and content of the websites viewed by applicants is just that, a conclusion not supported by specific facts, which does not meet *Rule 12* strictures.  **Bell Atlantic Corp.**, 550 U.S. at 555.  Moreover, Plaintiffs allege that Zaazoom Defendants contracted with other entities which operated the payday loan websites (TAC ¶ 6) raising unpled issues of Zaazoom Defendants' ultimate responsibility and knowledge upon which the liability would necessarily depend.  *Compare* **United States of America v. Cyberheat, Inc.**, 2007 U.S. Dist. LEXIS 15448; 2007-1 Trade Cas. (CCH) P75,635 (D.Ariz. 2007)(summary judgment as to

11

---

[5]    Zaazoom Defendants in no way mean to suggest equivalence between the class members here and the "victim" in **Looney**.  However, the vulnerability of payday loan applicants (as Plaintiffs aver: TAC ¶ 1) makes the holding in **Looney** instructive legally.

[6]    At a minimum, allegations as to Evans (TAC ¶¶ 220-237) should be stricken from the First, Second, Third, Fourth, Fifth and Sixth Claims.

defendant's liability for sexually explicit adult images on internet allegedly posted by defendant's affiliate denied because of factual issues of control and responsibility).

**C.    The Seventh, Eighth and Ninth Claims Necessarily Depend Predominately Upon Individual Factual And Legal Issues As To Each Class Members' State Of Mind And Conduct As Well As The State of Mind And Conduct of Zaazoom Defendants**

In pursuing claims on behalf of a national class (TAC ¶¶ 238), individualized factual and legal issues also predominate in Plaintiffs' Seventh (Conversion), Eighth (Negligence) and Ninth (Negligence) Claims, both as to what plaintiffs knew and did as well as what the Zaazoom Defendants knew and did.  As with the first six claims, the TAC fails to allege sufficient facts.

At the outset, the determination of the applicable law concerning these claims asserted by a national class requires an examination of the laws of each state in which class members reside.  *Mazza*, 666 F.3d at 590 ("We…hold that the district court abused its discretion in certifying a class under California law that contained class members who purchased or leased their car in different jurisdictions with materially different consumer protection laws."); *Washington Mutual Bank, FA, v. Superior Court*, 24 Cal. 4th 906, 928; 15 P.3d 1071; 103 Cal. Rptr. 2d 320 (2001) (California's choice of law considerations in evaluating proposed national class actions).

*Conversion*.  In California, "[c]onversion is the wrongful exercise of dominion over the property of another.  The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Oakdale Village Group v. Fong*, 43 Cal.App.4th 539, 543-544, 50 Cal. Rptr. 2d 810 (1996).  In general, money cannot be the subject of conversion unless a specific sum is involved.  *Vu v. California Commerce Club*, 58 Cal.App.4th 229, 235, 68 Cal.Rptr.2d 31 (1997).  However, California law as to conversion is not exactly the same nationwide.

In Virginia, "In general, a cause of action for conversion applies only to tangible property, "[h]owever[,] many courts have recognized the tort of conversion in cases where intangible property rights arise from or are merged with a document, such as a valid stock certificate,

12

promissory note, or bond," *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 440 S.E.2d 902, 906, 10 Va. Law Rep. 1015 (Va. 1994)." ***Terry v. SunTrust Banks, Inc***. 2011 U.S. Dist. LEXIS 63996 *15-16 (D.S.C. 2011).

In Virginia, and likely elsewhere, issues such as the good faith of the recipient of funds may arise.  In ***Federal Ins. v. Smith***, 144 F.Supp.2d 507 (E.D.Va. 2001), the court dealt with an insurer's claim of conversion to recover funds stolen by the defendant's deceased husband (and reimbursed by the insurer).  In traversing the law of conversion, the court dealt with the *Restatement (Second) of Torts 2d, § 229 cmt. d*, involving the liability of a good faith recipient of stolen funds:

> This rule holds whether or not the property allegedly converted is in the form of money or negotiable instruments, and where, as here, the transferee does not receive the money in good faith or for valuable consideration. *See id. § 229 cmt. d; 54 Am. Jur. 2d, Money § 7 (1971 & Supp. 1999)*. Of course, where the transferee takes possession of stolen money or negotiable instruments in exchange for valuable consideration, in good faith, and without notice of the transferor's lack of right to possession, the transferee is not liable for conversion.

*Federal Ins.*, 144 F.Supp.2d at 519-520; *see* ***Armored Car Service, Inc. v. First National Bank of Miami***, 114 So.2d 431, 434; (Fla. 1959).

The Zaazoom Defendants' good faith will, of necessity, involve individualized factual inquiries as to the intentions of class members, what class members were advised by the websites upon which they relied, and what Zaazoom Defendants were told by the website operators.  Such individualized issues cannot be litigated on a class wide basis.

*Negligence*.  In ***Burns v. The Neiman Marcus Group, Inc.***, 173 Cal. App. 4th 479, 93 Cal. Rptr. 3d 130 (2009), the court dealt with a claim that Neiman Marcus was liable for accepting a third party check without stopping to make a more detailed inquiry into its legitimacy. Neiman Marcus' demurrer was sustained without leave.  In declining to impose a burden upon the retailer for not conducting a more thorough investigation of submitted checks, the court observed:

> Specifically, the policy of preventing future harm and the burden to the defendant and consequences to the community do not weigh in favor of imposing a duty of inquiry in this case. Regardless of the internal policies that a merchant might have in place to verify third party checks, there are practical problems with imposing a

13

duty of inquiry on a retail merchant before he can accept a person's payment for goods and services. Because the retail merchant could not rely upon anything told to him by the person tendering the third party check, the presumed wrongdoer--in the usual situation, a retail merchant--would have to stop his business every time he received such a check in order to make an independent inquiry of the drawer.

*Burns*, 173 Cal. App. 4th at 489-490.[7]

Zaazoom Defendants' liability for negligence might depend upon the procedures they established to determine whether applicants were properly informed and truly requested membership in a particular coupon club.  *Compare Story Road Flea Market, Inc. v. Wells Fargo Bank, N.A*., 42 Cal.App.4th 1733, 50 Cal. Rptr. 2d 524 (1996).  Bolstering this contention, Plaintiffs even allege in the Eighth and Ninth Claims that a website informed the Zaazoom Defendants that class members (including Plaintiffs) "*had consented*" to enrolling in the "online coupon service."  (TAC ¶¶ 326, 336.)

## 4.      THE ALLEGATIONS OF THE EIGHTH AND NINTH CLAIMS FAIL TO STATE CLAIMS FOR A RELIEF BECAUSE EACH IS BASED UPON CONTRADICTORY FACT ALLEGATIONS

Plaintiffs' incorporation and reassertion of every prior paragraph of Claims One through Six into Claims Eight and Nine renders the last two claims internally factually contradictory causing them to fail to state claims upon which relief may be granted.  *Collin v. American Empire Insurance Company*, 21 Cal. App.4th 787; 26 Cal. Rptr. 2d 391 (1994).

As the court explained in *Reiger v. Drabinsky*, 151 F.Supp.2d 371, 407 (S.D.NY 2001):

 [T]he factual pleadings in the complaint must be sufficient to state all the requisite elements of a given theory of liability even if the allegations may not suffice, or may be inconsistent with, the elements required to satisfy the requirements of,

14

---

[7]      California's *Uniform Commercial Code § 3407* might also afford Zaazoom Defendants a defense to liability if class plaintiffs are held to be partially negligent in allowing the "forgery" of the check.  *Burns*, 173 Cal. App. 4th at 493 ("Thus, *section 3406*, together with section 3407, outlines the rights to enforce and collect on altered or forged checks while precluding the obligor whose negligence contributed to the alteration or forgery from asserting the alteration or forgery as a defense to payment.")  Such factual matters would likely have to be dealt with nationally as well as to those states which have (or have not) adopted the UCC.

some other distinct basis for recovery plaintiff may also claim. **That is not to say, however, that *Rule 8(e)* grants plaintiffs license to plead inconsistent assertions of facts within the allegations that serve as the factual predicates for an independent, unitary claim**. [Citation omitted.] **Internally conflicting factual assertions that constitute integral components of a claim must be distinguished from a permissible alternative statement embodying a theory of a whole sufficient claim**. [Citation omitted.] [¶] This distinction is especially pertinent in cases alleging fraud because particular information plaintiffs them-selves knew and relied upon in drafting their pleadings may be an essential element of a statement of a sufficient claim, and because, in connection with pleadings the court on a motion to dismiss is to presume true, only plaintiffs are in a position to assert the state of their awareness and reliance as regards facts vital to their case. In this connection *Rule 8(e)(2)* could not coherently contemplate that plaintiffs pressing a claim of fraud would be allowed to make a factual assertion in one paragraph of the complaint declaring that they were not aware of some material information, and in another part of the same claim concede that they relied detrimentally upon that same factual representation as the basis for recovery. Under these circumstances, such conflicting allegations would be deemed admissions that undermine plaintiffs' statement of the elements of a sufficient claim.

In the Eighth Claim, Plaintiffs allege the Zaazoom Defendants were negligent in registering applicants for coupon clubs because "the Payday Loan Website operators informed Zaazoom Defendants that Plaintiffs and the other Class members had consented to enrolling in the Zaazoom Defendants' online coupon services while visiting the Payday Loan Websites." (TAC ¶ 326.) This is incompatible with the allegations in the First, Second, Third, Fourth and Seventh Claims (incorporated into the Eighth Claim) which assert intentional criminal conduct, fraud and conversion (an intentional tort). *Penal Code § 470* (forgery requires an intent to defraud); ***Collin v. American Empire Insurance Company***, 21 Cal.App. 4th 787, 812, 26 Cal. Rptr. 2d 391 (1994)(conversion is an intentional tort).

While Plaintiffs aver that their Eighth Claim is "[i]n the alternative to *Claims 1, 3, and 5*" (TAC ¶ 326), such an allegation of alternate *theories* (presumably to satisfy *Rule 8(d)*) does not address the reassertion of contradictory *facts* of knowledge and intentional criminal and tortuous conduct which defeat the Eighth Claim for negligence. ***Collin***, 21 Cal.App. 4th at 810-811; compare TAC ¶ 68 ("[t]he Zaazoom Defendants knew that Applicants had not consented to registering for any membership with any of the Zaazoom Defendants' Websites.") to TAC ¶ 326

15

("Payday Loan Website operators informed the Zaazoom Defendants' that Plaintiffs and other Class members had consented to enrolling in the Zaazoom Defendants' online coupon service while visiting the Payday Loan Websites.")[8]

In the Ninth Claim, Plaintiffs aver that Defendants Data Processing Systems, LLC and Automated Electronic Checking, Inc. were negligent in creating and depositing remote checks for the remaining Zaazoom Defendants. (TAC ¶¶ 340-344.) Again, these allegations of negligent conduct are factually incompatible with the incorporated allegations of intentional criminal and tortuous conduct incorporated from the Second, Fourth and Seventh Claims. The Ninth Claim cannot stand any more than a house divided against itself can.

## 5.    IN THE ALTERNATIVE, THE TAC SHOULD BE STRICKEN BECAUSE IT IS NOT A "SIMPLE, CONCISE AND DIRECT" STATEMENT OF CLAIMS AND CONTAINS "REDUNDANT, IMMATERIAL, IMPERTINENT OR SCANDALOUS" MATTER.

*Rule 8(a)(2)* requires that a claim for relief must contain "a *short and plain* statement of the claim showing that the pleader is entitled to relief." *Rule 12(f)* permits the court to strike any "redundant, immaterial, impertinent, or scandalous matter" from a pleading.

As the court observed in ***Gilbert v. Eli Lilly & Co., Inc***., 56 F.R.D. 116, 121 nn.4-5 (D.P.R. 1972):

> 4   "[R]edundant" matter consists of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be denied. [Citations omitted.]
>  [**6]
> 5   By "immaterial" matter it is generally meant that which has no essential or important relationship to the claim for relief or the defenses being pleaded. [Citations omitted.] It is also said that a statement of unnecessary particulars in connection with and descriptive of that which is material may be stricken as "immaterial" matter.

Plaintiffs have asserted so many paragraphs that they contradict themselves in the same Claims. Plaintiffs have also asserted supposed "facts" that are no more than name calling to disparage Zaazoom Defendants. (e.g., TAC ¶¶ 1:5-20; 90; 113; 186.) As the court explained in

16

---

[8]      Note, TAC ¶ 68 is alleged upon information and belief, TAC ¶ 326 is not.

*Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C.*, 288 F. Supp.2d 473 (S.D.NY 2003):

> Defendants urge the Court to strike, under *Federal Rule of Civil Procedure 12(f)*, paragraph eight (8) of Global View's complaint, which states:
>
> > This action stems from what is, upon in-formation and belief, the fraudulent, self-dealing, malicious and otherwise outrageous misconduct of Bloch and Salazar, two unscrupulous, unprincipled con artists who have acted in a wanton and malicious matter in their commercial dealings with Plaintiffs.
>
> Compl. P8
>
> *Under Rule 12(f)*, the Court  is authorized to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. Mindful that motions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute, [citation omitted] the Court neverthless [sic] strikes the paragraph. The above-quoted paragraph amounts to nothing more than name calling, and does not contribute to Global View's substantive claims. Whether or not Global View ultimately prevails depends on whether Bloch and Salazar have committed the particular torts alleged, not on whether they are "unscrupulous" people or "con artists."

*Global View Ltd. Venture Capital*, 288 F. Supp.2d at 481.

Plaintiffs' Third Amended Complaint should be stricken.

## 6.     <u>CONCLUSION</u>

For the foregoing reasons, the Zaazoom Defendants' motion to dismiss specified claims in the Third Amended Complaint, or, in the alternative, ZaaZoom Defendants' motion to strike the Third Amended Complaint, should be sustained with leave.

Dated: May 1, 2012                        DENNIS A. WINSTON,
                                          A PROFESSIONAL LAW CORPORATION


                                          By _____
                                          Dennis A. Winston Attorney for
                                          Defendants ZaaZoom Solutions, LLC; ZaZa Pay,
                                          LLC; MultiECom, LLC Online Resource
                                          Center, LLC; Automated Electronic Checking,
                                          Inc,; and Data Processing Systems, LLC
                                          17

DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC,AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC'S MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No.:  4:11-cv-05226 YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28