Dennis A. Winston (068049)
DENNIS A. WINSTON
A PROFESSIONAL LAW CORPORATION
3221 Carter Ave, Apt. 444
Marina Del Rey 90292
Tel. (310) 306-4099 Fax (310) 306-4499
E-mail: denniswinston@yahoo.com

Attorneys for Defendants
ZaaZoom Solutions, LLC; ZaZa Pay, LLC;
MultiECom, LLC; Online Resource Center, LLC;
Automated Electronic Checking, Inc.; and
Data Processing Systems, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMBER KRISTI MARSH** and **STACIE EVANS**, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**ZAAZOOM SOLUTIONS, LLC**, et al.<br><br>Defendants. | Case No.: 4:11-cv-05226 YGR<br><br>San Francisco Sup. Ct.<br>Case No.: CGC-11-510815<br><br>**REPLY** BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT<br><br>[Complaint Filed May 9, 2011]<br><br>Hg. Date:   June 12, 2012<br>Hg. Time:  2:00 p.m.<br>Hg. Ctrm.: TBD |

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY LLC; MULTIECOM, LLC; ONLINE RESOURCE CENTER, LLC; AUTOMATED ELECTRONIC CHECKING, INC., DATA PROCESSING SYSTEMS (collectively, "Zaazoom Defendants") submit the following Reply in support of their Motion to dismiss or in the alternative to strike Plaintiffs Amber Marsh and Stacie Evans' ("Marsh" and "Evans," collectively, "Plaintiffs") Third Amended Complaint ("TAC").

# **TABLE OF CONTENTS**

1.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................ 1

2.    THE TAC FAILS TO STATE FACTS SUFFICIENT TO GIVE
      RISE TO CLAIMS UPON WHICH RELIEF MAY BE GRANTED
      AS TO THE ZAAZOOM DEFENDANTS .........................................................2

      A. The TAC Fails To Allege Facts Giving Rise To Evans and Marsh's
         Section 17200 Claims For Criminal Or Intentionally Tortuous Conduct
         (Claims One through Four) ...........................................................................3

      B. The TAC Fails To Allege Facts As To The Zaazoom Defendants'
         Conduct Which Would Give Rise to Section 17200 Claims For Criminal
         Or Intentionally Tortuous Conduct (Claims One through Four)...................6

      C. The TAC Fails To Allege Facts Giving Rise To Evans and Marsh's
         Section 17200 Claims For Unfair Conduct (Claims Five and Six)...............7

      D. Claims One Through Six Of The TAC Fails To State Facts Sufficient To
         Establish Claims Upon Which Relief Can Be Based As A Class Action ......8

      E. The TAC Fails To State Facts Sufficient To Sustain A Claim For
         Conversion of Money (Claim Seven)………………………………….. 10

      F. The TAC Fails To State Facts Sufficient To Sustain Claims For
         Negligence (Claims Eight and Nine)........................................................ 11

3.    THE EIGHTH AND NINTH CLAIMS SHOULD BE DISMISSED BECAUSE
      THE FACTS PLED ARE CONTRADICTORY AS TO THE ELEMENTS
      OF NEGLIGENCE        ................................................................................ 12

4.    IN THE ALTERNATIVE, THE COMPLAINT SHOULD BE STRICKEN
      UNDER RULE 12(f) AND 8  ....................................................................... 13

REPLY BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE
CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN
SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ. 12(f)) IN
RESPONSE  TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

1

## <u>**TABLE OF AUTHORITIES**</u>

2

### <u>Cases</u>

3

4

***Avritt v. Reliastar Life Insurance Company***
615 F.3d 1023 (8th Cir. 2010)  ........................................................... 9, 10

5

***Barren v. Harrington***
152 F.3D 1193 (9th Cir. 1998) ........................................................ 3, 8

6

7

***Bell Atlantic Corp. v. Twombly***
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed2d 929 (2007)  ..................................... 3, 8

8

9

***Berry  v. Webloyalty.Com, Inc.***
10-CV-1358-H (CAB), 2011 U.S. Dist. LEXIS 39581(S.D.Cal.2011)  ........ passim

10

11

***Burns v. Neiman Marcus Group, Inc.***
173 Cal.App.4th 479, 93 Cal. Rptr.3d 130 (2009) ................................ 12

12

13

***Cellco Partnership v. Hope***
2012 U.S. Dist. LEXIS 10621
At *55-58 2012 -1 Trade Cas. (CCH) P77. 827(.D.Ariz.2012  ........................... 11

14

15

***O'Shea v. Epson America, Inc.***
CV 09-8063 PSG (CWx) 2011 U.S. Dist. LEXIS 105504
At *23-24(C.D. Cal 2011  ........................................................9

16

17

18

***Collin v. American Empire Insurance Company***
21 Cal.App.4th 787, 26 Cal. Rptr.2d 391 (1994) ................................ 13

19

20

***Cortez v. Purolator Air Filtration Products Co.***
(2002) 23 Cal.4th 163, 181 [96 Cal.Rptr. 2d 518, 999 P2.d 706]  ...........................7

21

22

***Countrywide Financial Corporation v. Bundy***
187 Cal.App.4th 234, 113 Cal. Rptr.3d 705 (2010)  ........................................ 1, 8

23

24

***Donnelly v. Southern pacific Co.***
18 Cal.2d 863,at page 869 [119 P.2d 465]  ......................................... 13

25

26

***Durell v. Sharp Healthcare***
183 Cal.App.4th 1350, 108 Cal.Rptr.3d 682 (2010) .................................3

27

28

REPLY BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE
CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN
SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN
RESPONSE  TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

1

## Cases

*Evans v. IAC/Interactive Corp.*
  244 F.R.D. 568 (C.D.Cal. 2007) ................................................................... 12

*George v. Bekins Van and Storage Co.*
  33 Cal.2d 834, 205 P.d 1037 (1949) ............................................................... 5

*Gilbert v. Eli Lilly & Co., Inc.*
  56 F.R.D. 116 nn. 4-5 (D.P.R. 1972) ........................................................... 14

*In Re Jorge M.*
  23 Cal.4th 866, 98 Cal. Rptr. 2d 466(2000) ...................................... 1, 6, 7

*Kim v. Westmore Partners, Inc.*
  201 Cal.App.4th 267, 133 Cal.Rptr.3d 774 (2011) ................................ 2, 11

*Kwikset Corporation v. Superior Court*
  151 Cal. 4th 310, P.3d 877, 120 Cal.Rptr. 3d 741 (2011) .......................... 3

*Lockerby v. Sierra*
  535 F.3d 1038,1043 n5 (9th Cir. 2008) ................................................... 2, 11

*Mahoney v. Corralejo*
  36 Cal.App.3d 966, 972, 112 Cal.Rptr.61 (1974) ................................... 13

*Mazza v. American Honda Motor Company, Inc.*
  666 F.3d 581 (9th Cir. 2012) ..................................................................... 10

*Papasan v. Allain*
  478 U.S. 265, 106 S. Ct. 2932, 92 L.Ed 2d209 (1986) .............................. 3

*Paulus v. Bob Lynch Ford, Inc.*
  139 Cal.App.4th 659, Cal.Rptr.3d 148 (2006) ........................................... 7

*People v. Looney*
  125 Cal.App.4th 242, Cal.Rptr. 3d 502 (2004) ......................................... 6

*Schwartz v. The Upper Deck Company*
  183 F.R.D. 672 (S.D.Cal 1999) ............................................................... 10

iii

REPLY BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.: 4:11-cv-05226 YGR

## Cases

*Story Road Flea Market, Inc. v. Wells Fargo Bank, N.A.*
  42 Cal.App.4th 1733, 50 Cal. Rptr.2d 524 (1996) ............................................ 5, 12

*United States of America v. Cyberheat, Inc.*
  2007 U.S. Dist. LEXIS 15448; 2007-1 Trade Cas.(CCH)p75,635
  (D.Ariz.2007) ................................................................................................ 3, 7

*Universal Marketing and Entertainment, Inc. v. Bank One of Arizona, N.A.*
  203 Ariz. 266, 53 P.3d 191(2002) ...................................................................... 2, 11

*U.S. v. Pfeifer*
  371 F.3d 430(9th Cir. 2004) ...............................................................................6

*Vu v. California Commerce Club*
  58 Cal.App.4[th] 229, 68 Cal.Rptr.2d 31 (1997) ................................................ 11

*Web v. Carter*
  272 F.R.D. 489 (C.D.Cal. 2011) ...........................................................................9

*Xavier v. Philip Morris USA Inc..*
  787 F.Supp.2d 1075 (N.D. Cal 2011) ...................................................................9

## Statutes and Miscellaneous

*California Business & Professions Code* § 17200 ............................................ Passim

*California Business & Professions Code* § 17204 ....................................................9

*California Penal Code* § 470.................................................................... 6, 13

*Federal Rules of Civil Procedure, Rule 8* ............................................... 2, 14

*Federal Rules of Civil Procedure, Rule 12(b)(6)* .................................... 3, 4

*Federal Rules of Civil Procedure, Rule 12(f)*............................................ 14

*Federal Rules of Civil Procedure, Rule 23(a)(2)* .................................... 12

*Federal Rules of Civil Procedure, Rule 23(b)(3)* ............................... passim

REPLY BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE
CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN
SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN
RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.: 4:11-cv-05226 YGR

*15 USCS* § 8401 ................................................................................ 5, 6

*15 USCS* § 8402 ................................................................................ 6

*15 USCS* § 8403 ................................................................................4

*U.S.Constitution, art. I* § 9, cl.3 ........................................................6

REPLY BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE
CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN
SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN
RESPONSE  TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

## 1.     INTRODUCTION AND SUMMARY OF ARGUMENT

Despite averring 3,749 paragraphs, the Third Amended Complaint ("TAC") fails to state facts sufficient to give rise to claims upon which relief may be granted against the Zaazoom Defendants in the First through Ninth Claims, inclusive.  This is so, both because Marsh and Evans failed to state facts sufficient to give rise to their own claims as Plaintiffs and because Marsh and Evans failed to allege these facts as to the class which also renders defective the class claims (for both the national and the California subclass) as well.

As for the claims based upon *California Business Code § 17200* ("*Section 17200*"), Marsh and Evans' claims based upon unlawful or intentionally tortious conduct (Claims One through Four) must (but failed to) allege facts to establish material factual misrepresentations made by the Zaazoom Defendants to them, Marsh's and Evans' *actual reliance* on those misrepresentations (including their conduct *based upon* those misrepresentations), and the *facts* upon which the liability of the Zaazoom Defendants for felonious and intentionally tortuous acts may legitimately be based.  ***Berry v. Webloyalty.Com, Inc.***, Case No. 10-CV-1358-H (CAB), 2011 U.S. Dist. LEXIS 39581 (S.D.Cal. 2011); ***In re Jorge M***., 23 Cal. 4th 866, 879, 98 Cal.Rptr. 2d 466 (2000).

As for the *Section 17200* claims based upon "unfair" conduct (Claims Five and Six), Plaintiffs must (but did not) allege supporting facts upon which liability may be based which requires an "examination of the impact of the practice or act on its victim, *balanced against the reasons, justifications and motives of the alleged wrongdoer*.  In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." ***Countrywide Financial Corporation v. Bundy***, 187 Cal.App. 4th 234, 257, 113 Cal.Rptr.3d 705 (2010).  The TAC contains none of these essential facts.

The TAC's failure to state these essential facts as to Marsh and Evans, and the federal requirement that such facts be established as to the individual class members as well, renders the First through Sixth Claims incapable of class treatment as defined by *F.R.Civ.P. ("Rule") 23(b)(3)*.  No development of facts or theories in litigating this Action, nor reliance upon the definition of the California subclass provided in the TAC now, will save these as class claims.

As for the Seventh Claim for Conversion (on behalf of the national class and the California subclass), the TAC fails to state facts which give rise to such a claim on a national scale both because the elements of conversion differ among the states (raising individualized legal questions) and because a claim *for the conversion of money* could not be brought (for example) under laws of Arizona or, arguably, California.  In both Arizona and California, conversion will not lie as to money unless the funds were the subject of special identification and treatment. ***Universal Marketing and Entertainment, Inc. v. Bank One of Arizona, N.A.***, 203 Ariz. 266, 270, 53 P.3d 191 (2002) ("[A]n action for conversion will not lie for money that is simply a debt."); ***Lockerby v. Sierra***, 535 F.3d 1038, 1043 n5 (9th Cir. 2008); ***Kim v. Westmore Partners, Inc.***, 201 Cal.App. 4th 267, 284, 133 Cal.Rptr. 3d 774 (2011).

Finally, Plaintiffs offer no compelling interest in California to enforce *its* criminal laws against out of state defendants who purportedly violated other states' variant criminal laws which injured out of state victims.  (Plaintiffs' Opposition to [Zaazoom Defendants'] Motion To Dismiss ("Plaintiffs' Opposition") at 11-12.)

As for the Eighth and Ninth Claims for Negligence, individual factual and legal issues render these claims incapable of national class treatment under *Rule 23(b)(3)*.  In addition, by asserting contradictory factual allegations in the Eighth and Ninth Claims, Plaintiffs failed to differentiate between permissibly pleading alternative claims based upon alternative facts and pleading a single claim based upon contradictory facts.  The former is allowed the later is not.

In the alternative, the TAC should be stricken as an unnecessarily bloated (3,749 paragraphs worth) violation of *Rule 8*, including unnecessary name-calling character assassination. Plaintiffs offer no excuse for such violations of the Federal Rules.

**2.      THE TAC FAILS TO STATE FACTS SUFFICIENT TO GIVE RISE TO CLAIMS UPON WHICH RELIEF MAY BE GRANTED AS TO THE ZAAZOOM DEFENDANTS**

When a Plaintiff's complaint fails to plead sufficient facts, a motion to dismiss is proper regardless of the class nature of the claims.  ***Berry v. Webloyalty.Com, Inc.***, Case No. 10-CV-1358-H (CAB), 2011 U.S. Dist. LEXIS 39581 (S.D.Cal. 2011)(Defendants' *Rule 12(b)(6)* motion granted to Plaintiff's class action complaint alleging *Section 17200* claims*, inter alia,* arising

from challenges to the adequacy of a membership program involving enrollment on the internet.)

> While a complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations, [citation omitted] **a plaintiff's obligation to provide the grounds of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**, see *Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)* (**on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation**").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007);

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).[1]

> **A.      The TAC Fails To Allege Facts Giving Rise To Evans and Marsh's *Section 17200* Claims For Criminal Or Intentionally Tortuous Conduct (Claims One through Four)**

To support the *Section 17200* claims averred in the First through Fourth Claims, Evans and Marsh must, to begin with, allege facts to establish that they *actually relied* upon *identifiable misrepresentations* of Zaazoom Defendants which caused their injuries. ***Kwikset Corporation v. Superior Court***, 51 Cal. 4th 310, 326-327, 246 P.3d 877, 120 Cal.Rptr. 3d 741 (2011):2

> [A] plaintiff proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate *actual reliance on the allegedly deceptive or misleading statements*, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions [citation omitted]. Consequently, a plaintiff must show that the misrepresentation was an immediate cause of the injury-producing conduct ...."

*Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1363-1364, 108 Cal. Rptr. 3d 682 (2010).

In light of the conclusory and sometimes contradictory allegations of the TAC, the Zaazoom Defendants' motion to dismiss is all the more compelling.  Zaazoom Defendants allegedly contracted with other entities (averred to be "affiliates"[2]) which "created," "maintained,"

---

[1]      Unless otherwise indicated, all emphasis supplied all internal quotation marks omitted.

[2]      The term "affiliate" does not establish the Zaazoom Defendants' liability for the "affiliate's" actions.  *Compare **United States of America v. Cyberheat, Inc.***, 2007 U.S. Dist. LEXIS 15448; 2007-1 Trade Cas. (CCH) P75,635 (D.Ariz. 2007)(summary judgment as to defendant's liability for sexually explicit adult images on internet allegedly posted by defendant's affiliate denied because of factual issues of control and responsibility).

and "operated" "various" payday loan websites.  (TAC ¶¶ 6, 57, 58.)  These contractual affiliates used "varying" language to explain the sign-up process to consumers.  (TAC ¶ 63.)  Plaintiffs admit that consumers could "sign up to become a member of one of the Zaazoom Defendants' Websites by entering his or her name, address, email address, and phone number into the website's application screen."  (TAC ¶ 59.)

According to the TAC, Evans and Marsh separately applied for payday loans on *different* payday loan websites.  (TAC ¶¶ 3-6.)  According to the TAC:

> [¶] 206.  In applying for a payday loan, the **Payday Loan Website presented Marsh with online offers** for unrelated goods and services.  **However, Marsh specifically chose** not to participate in any of those offers or to make any purchases.

> [¶] 222.  In applying for a payday loan, the **Payday Loan Website presented Evans with online offers for unrelated goods and services**.  **However, Evans specifically chose** not to participate in any of those offers or to make any purchases.

What "offers" were "presented" to Evans and Marsh by the payday loan websites?  Most important, what *misrepresentations* were made?  In "specifically [choosing] not to participate," how (if at all) did Marsh and Evans communicate their "choice(s)" to the Zaazoom Defendants (if at all)?  Were Evans and Marsh presented with a negative option (which was and is legal under defined circumstances, *15 USCS § 8403*)?  Did Evans and Marsh later reject enrollment in the coupon clubs offered but were ignored?  At the very least, Evans and Marsh know these facts which are essential to Evans' and Marsh's claims.  ***Berry v. Webloyalty.Com, Inc.***, Case No. 10-CV-1358-H (CAB), 2011 U.S. Dist. LEXIS 39581 (S.D.Cal. 2011) (Defendants' *Rule 12(b)(6)* motion to Plaintiff's class action complaint granted):

> "A consumer cannot decline to read clear and easily understandable terms that are provided on the same webpage in close proximity to the location where the consumer indicates his agreement to those terms … then claim that the webpage, which the consumer has failed to read, is deceptive." *Baxter, No. CV-09-1031, 2010 U.S. Dist. LEXIS 104218, 2010 WL 3791487, at *4 (C.D. Cal. Sept. 16, 2010)* ("A customer who accepts is bound by the terms of a disclosure even if he or she chooses not to read it."); *Hook, No. 10-CV-239, 2011 U.S. Dist. LEXIS 31879, 2011 WL 1196305, at *10 (M.D. Ga. Mar. 28, 2011)*.

1    ***Berry***, 2011 U.S. Dist. LEXIS 39581 at *13-14.

2         Plaintiffs' conclusory allegations (based upon information and belief) that the Zaazoom

3    Defendants registered customers without their knowledge or consent (TAC ¶¶ 64-69) do not save

4    these claims because the procedures by which customers voluntarily signed up to join the coupon

5    clubs versus customers who chose not to join but were signed up anyway are not alleged

6    anywhere.  The distinction is critical.  If customers were signed up because of their failure to

7    check an appropriate (but identified) box on a screen, then, where was the misrepresentation, the

8    fraud or the crime?[3]  ***Berry***, 2011 U.S. Dist. LEXIS 39581 at *6-10; ***Story Road Flea Market,***

9    ***Inc. v. Wells Fargo Bank, N.A***., 42 Cal.App.4th 1733, 50 Cal. Rptr.2d 524 (1996)(bank's

10   adequate procedures precluded liability for forged checks); ***George v. Bekins Van and Storage***

11   ***Co.***, 33 Cal.2d 834, 205 P.2d 1037 (1949)(conversion cannot be the result of negligent acts).

12        Likewise, Plaintiffs' class definitions do not save Plaintiffs' claims from the failure to

13   plead sufficient facts.  Plaintiffs define the two classes as: (1) persons whose checking accounts

14   were charged with remotely created checks but "**who never consented** to the creation of a

15   remotely created check to pay for" the Zaazoom Defendants' coupon clubs (the national class)

16   (TAC ¶ 238); and, (2) a subclass of California residents who are part of the national class who

17   "**never consented**" to the creation of remotely created checks.  (TAC ¶ 239.)

18        The presence or absence of consent to join the coupon clubs is based upon varying

19   representations from varying websites from contractual affiliates of the Zaazoom Defendants.

20   Did these class members communicate their lack of consent to the websites?  The essential facts

21   are not pled.  Moreover, as will be discussed further below, the class definitions are inextricably

22   tied to individualized factual questions which will predominate in litigating the class claims,

23   contrary to the strictures of *Rule 23(b)(3)*.

24        As with Evans and Marsh, if class members were presented with adequate explanations of

25   how to join (or opt not to join) the coupon clubs but misunderstood how to communicate their

26   choices, the Zaazoom Defendants would not have committed any of the predicate crimes or torts

27   
28   ---
     [3]     Particularly as to those such as Evans, who applied for a payday loan prior to the passage
     of ROSCA *(15 U.S.C. § 8401, et seq.)*.

or (potentially) unfair practices alleged. **People v. Looney**, 125 Cal.App.4[th] 242, 22 Cal.Rptr.3d 502 (2004).

**B.    The TAC Fails To Allege Facts As To The Zaazoom Defendants' Conduct Which Would Give Rise To *Section 17200* Claims For Criminal Or Intentionally Tortuous Conduct (Claims One through Four)**

Plaintiffs allege the Zaazoom Defendants committed the crime of forgery (*Cal. Penal Code § 470*), violated ROSCA (*15 U.S.C. § 8401, et seq.*) and perpetrated intentional frauds. Plaintiffs must allege the predicate facts which would give rise to liability based upon these specific intent crimes and torts.[4]  **In re Jorge M**., 23 Cal. 4th 866, 879, 98 Cal.Rptr. 2d 466 (2000):

> California law contains a generally applicable rule on mens rea: *section 20*, which provides, 'In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence.' … [A]t least where the penalties imposed are substantial, *section 20* can fairly be said to establish a presumption against criminal liability without mental fault or negligence, rebuttable only by compelling evidence of legislative intent to dispense with mens rea entirely.

The TAC fails to state sufficient facts to sustain these claims because the Zaazoom Defendants' commission of felonies depends upon facts unpled.  What were potential customers told by the "various" affiliates?  How were customers "signed up" by contractual affiliates?  What were the obligations of the contractual affiliates to the Zaazoom Defendants as to the procedures for signing up customers?  To plead that the Zaazoom Defendants acted without customers' consent is a conclusion based upon the elements of the claims, not the facts giving rise to the conclusion.

---

[4]    In arguing that the Zaazoom Defendants committed a crime by violating ROSCA (*15 U.S.C. § 8402*) (Plaintiffs' Opposition, at 8:23-26), Plaintiffs' ignore the fact that ROSCA (effective December 30, 2010) was not in effect when Evans applied for a payday loan in October 2010 (TAC ¶ 221).  It would be constitutionally improper under the *Ex Post Facto Clause* (*U.S.Const., Art. I, § 9, cl. 3*) to apply ROSCA retroactively to allege that the Zaazoom Defendants committed a crime that, at the time, did not exist.  **U.S. v. Pfeifer**, 371 F.3d 430, 436 (9th Cir. 2004)("A statute violates the *Ex Post Facto Clause* if it applies to events occurring before its enactment and alters the definition of criminal conduct….")

REPLY BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE  TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

Plaintiffs' conclusion that the Zaazoom Defendants acted without customers' knowledge and consent are not sufficient to sustain these claims in light of the facts alleged. The Zaazoom Defendants are alleged to have gained customers only through contractual affiliates (TAC ¶¶ 61-64[5]); however, there are no facts alleged to establish the Zaazoom Defendants' liability for the knowledge or conduct of contractual affiliates. Compare ***United States of America v. Cyberheat, Inc.***, 2007 U.S. Dist. LEXIS 15448; 2007-1 Trade Cas. (CCH) P75,635 (D.Ariz. 2007)(summary judgment as to defendant's liability for sexually explicit adult images on internet allegedly posted by defendant's affiliate denied because of factual issues as to defendant's control over and responsibility for affiliate).

## C.     The TAC Fails To Allege Facts Giving Rise To Evans and Marsh's *Section 17200* Claims For Unfair Conduct (Claims Five and Six)

At the outset, Plaintiffs misdirect in arguing (Plaintiffs' Opposition, 11) that ***all** Section 17200* claims are strict liability, therefore, no evidence or allegations of the Zaazoom Defendants' state of mind is necessary. Not so. Plaintiffs' argument is based upon the quotation from ***Paulus v Bob Lynch Ford, Inc.***, 139 Cal.App.4th 659, 678, 43 Cal.Rptr.3d 148 (2006):

> a UCL plaintiff ordinarily need not show defendant's intent to injure or harm: "The UCL imposes strict liability when property or monetary losses are **occasioned by conduct that constitutes an unfair business practice**. [Citation.]" ( *Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163, 181 [96 Cal. Rptr. 2d 518, 999 P.2d 706].*)"

Zaazoom Defendants are not aware of any case that holds that a *Section 17200* claim of unlawful (or intentional tortuous) conduct, based upon a criminal violation of a specific statute, obviates the requirement that defendant's criminal conduct be based upon his or her specific mens rea for the crime. ***In re Jorge M***., 23 Cal. 4th at 879.

---

[5]     Plaintiffs' allegation that the Zaazoom Defendants "knew" that customers had not consented to joining the clubs (TAC ¶ 65) is still insufficient to support the claims because Plaintiffs admit that some customers signed up knowingly (without alleging how the variance occurred) and later in the Eighth Claim Plaintiffs allege the contractual operators "informed the Zaazoom Defendants that Plaintiffs and the other Class members had consented to enrolling in the Zaazoom Defendants' online coupon service…."  (TAC ¶ 326.)

REPLY BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE  TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

As to "unfair" business practices, Plaintiffs mix up *liability* for the result of unfair business practices and the facts required to establish the *elements of the practices themselves*. Before the Zaazoom Defendants may be held liable for violating *Section 17200* by engaging in "unfair" conduct, the conduct must be sufficiently pled so that the Court and the parties can determine whether the conduct is, in fact, unfair.  As shown in Zaazoom Defendants' motion here, the conduct alleged so far should not be held to be unfair simply because Plaintiffs label it so.  **Bell Atlantic Corp.**, 550 U.S. at 555; **Barren**, 152 F.3d at 1194.

Plaintiffs' *Section 17200* claims based upon "unfair" conduct will require balancing Plaintiffs' injuries against the Defendants' knowledge and conduct, which will be based upon facts so far unpled.  Plaintiffs must allege facts which permit an "examination of the impact of the practice or act on its victim, *balanced against the reasons, justifications and motives of the alleged wrongdoer*.  In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim."  **Countrywide Financial Corporation v. Bundy**, 187 Cal.App.4[th] 234, 257, 113 Cal.Rptr. 3d 705 (2010).

The TAC contains none of these essential facts.

The unfairness test has been described as follows: Determination of whether a business practice or act is 'unfair' within the meaning of the [Unfair Competition Act] entails examination of the impact of the practice or act on its victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.

**Countrywide Financial Corporation v. Bundy**, 187 Cal. App. 4th 234, 257, 113 Cal. Rptr. 3d 705 (2010).

### D.    Claims One Through Six Of The TAC Fail To State Facts Sufficient To Establish Claims Upon Which Relief Can Be Based *As A Class Action*

Because the California subclass members must also be able to assert claims which are not overwhelmed by individual questions of fact and law, the *Section 17200* claims cannot be properly maintained as class claims.  (*Rule 23(b)(3)*.)  To begin with, it is by no means established law that the California subclass members who assert *Section 17200* claims in federal court may do so without meeting the standing requirements of the *U.S. Constitution, Art. III.*

*Avritt v. Reliastar Life Insurance Company*, 615 F.3d 1023, 1033-1034 (8th Cir. 2010); *O'Shea v. Epson America, Inc.*, CV 09-8063 PSG (CWx), 2011 U.S. Dist. LEXIS 105504 at *23-24 (C.D.Cal. 2011):

> As another federal district court reasoned, [*In re Tobacco II*, 46 Cal. 4th 298; 207 P.3d 20; 93 Cal. Rptr. 3d 559 (2009) ("*Tobacco II*")] addressed "only the statutory standing requirements of California's UCL as codified in *Section 17204* of the *Business & Professions Code*; it did not address Article III standing in federal court." *Aho, 2011 U.S. Dist. LEXIS 80426, 2011 WL 3047677 at *9-11*; *see also Webb v. Carter's Inc., 272 F.R.D. 489, 498 (C.D. Cal. 2011)* (stating that the *Tobacco II* decision "did not, and could not, hold that uninjured parties could be class members in a class action brought in federal court, despite their lack of *Article III* standing"); *Burdick v. Union Sec. Ins. Co., No. CV 07-4028 ABC, 2009 U.S. Dist. LEXIS 121768, 2009 WL 4798873, at *4 (C.D. Cal. Dec. 9, 2009)* ("Defendant is correct that, regardless of whether Plaintiffs state a claim under the UCL or FAL, they must still establish the Article III standing requirements set forth above.") (internal citation omitted); accord *Avritt v. Reliastar Life Ins. Co., 615 F.3d 1023, 1034 (8th Cir. 2010)* (holding that "to the extent that *Tobacco II* holds that a single injured plaintiff may bring a class action on behalf of a group of individuals who may not have a cause of action themselves, it is inconsistent with the doctrine of standing as applied by federal courts"). The Court finds this authority persuasive, and likewise concludes that *Tobacco II* does not permit a federal class action to proceed where class members lack Article III standing.

The factual deficiencies in the TAC as to Evans and Marsh's averments also apply to the California subclass claims as well.  Individual questions as to the nature and causation of the class member's injuries will predominate.

Besides reliance and causation issues, Plaintiffs allege that, "remotely created checks may be returned for a variety of reasons, including where the drawer account does not exist or is closed, where the drawer account has insufficient funds to settle the check…."  (TAC ¶ 53.) Indeed, some 650,000 of the remote checks were supposedly returned as not-payable.  (TAC ¶ 82.)

In addition to having to sort out what class members were told, whether class members affirmatively chose not to join coupon clubs or whether they were responsible for not indicating their choices in the proper boxes, litigating class claims will also include sorting out whether class members were injured because they joined clubs without checking accounts (or funds in them) to pay for membership.  Merely defining the classes as including those "who did not consent" to

9

REPLY BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE  TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

1   paying by check does not resolve the individual inquiries necessary to differentiate between those

2   who did not consent and those who consented without the funds to pay for the memberships.

3          The individualized factual questions will require individual answers for the class members

4   which means that *Rule 23(b)(3)* compels dismissal of the TAC because it cannot be adjudicated

5   effectively within the federal class action framework. ***Avritt v. Reliastar Life Insurance***

6   ***Company***, 615 F.3d 1023, 1029 (8th Cir. 2010)("If, to make a prima facie showing on a given

7   question, the members of a proposed class will need to present evidence that varies from member

8   to member, then it is an individual question."); ***Schwartz vs. The Upper Deck Company***, 183

9   F.R.D. 672 (S.D.Cal. 1999).

10      **E.     The TAC Fails To State Facts Sufficient To Sustain A Claim For Conversion**

11   **Of Money (Claim Seven)**

12          Plaintiffs argue that Zaazoom Defendants failed to prove a national dissonance as to the

13   law of conversion and that Plaintiffs have adequately pled a conversion claim under either

14   California or Arizona law.  (Plaintiffs' Opposition, at 11-12.[6])  The arguments could not be wider

15   of the mark.

16          To begin with, Plaintiffs bear the burden of proving that the laws of the states in which

17   coupon customers resided do not materially differ and that California's law defining conversion

18   should be applied nationally. ***Mazza v. American Honda Motor Company, Inc.***, 666 F.3d 581,

19   589-590 (9th Cir. 2012).  Plaintiffs have not met their burden.  (Plaintiffs' Opposition, at 11.)

20          A class claim for conversion of money as asserted here (TAC ¶¶ 313-321) could not be

21   brought in Arizona because the money allegedly taken is no more than a fungible debt.  Plaintiffs

22   allege that money was taken from them to pay for their participation in coupon clubs and then

23   turned into remotely created checks, not the other way around.

24          Keep in mind that Plaintiffs allege some 650,000 of the remote checks were returned as

25   not-payable.  (TAC ¶ 82.)  And, that Plaintiffs allege, "remotely created checks may be returned

26   for a variety of reasons, including where the drawer account does not exist or is closed, where the

27

28      [6]      Contrary to Plaintiffs' argument (Plaintiffs' Opposition, at 12), Zaazoom Defendants do
        not concede that Evans and Marsh have properly stated claims for conversion either.  *See, supra*.

drawer account has insufficient funds to settle the check….”  (TAC ¶ 53)  Hence, at least half of the class plaintiffs (TAC ¶ 82) did not suffer injuries from the supposed conversion of a membership fee but from a penalty (imposed by banks, *not Zaazoom Defendants*) for not paying the membership fee.

Plaintiffs' conversion claim is based upon an alleged debt, not a specifically identifiable chattel which Zaazoom Defendants agreed to treat specially, or a special relationship among the parties.

In Arizona, a claim for conversion will not lie as to money unless the funds were the subject of special identification and treatment.  ***Universal Marketing and Entertainment, Inc. v. Bank One of Arizona, N.A.***, 203 Ariz. 266, 270, 53 P.3d 191 (2002) (“[T]he modern rule, in which Arizona joins, is that money can be the subject of a conversion provided that it can be described, identified or segregated, *and an obligation to treat it in a specific manner is established...* [however]…*an action for conversion will not lie for money that is simply a debt.*”); ***Lockerby v. Sierra***, 535 F.3d 1038, 1043 n5 (9th Cir. 2008); ***Cellco Partnership v. Hope***, 2012 U.S. Dist. LEXIS 10621 *55-58; 2012-1 Trade Cas. (CCH) P77, 827 (D.Ariz.2012)($9 million collected by Verizon Wireless from customers for various messaging services could not be the subject of a conversion claim in Arizona);

The law is similar in California.  ***Kim v. Westmore Partners, Inc.***, 201 Cal. App.4th 267, 284, 133 Cal.Rptr. 3d 774 (2011)(“Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment…. California cases permitting an action for conversion of money typically involve those who have misappropriated, commingled, or misapplied *specific funds held for the benefit of others*.”); ***Vu v. California Commerce Club***, 58 Cal.App.4th 229, 68 Cal.Rptr.2d 31 (1997).

Finally, Plaintiffs also fail to prove a compelling interest in California to enforce *its* criminal laws against out of state defendants who purportedly violated other states' variant criminal laws which injured out of state victims.  (Plaintiffs' Opposition, at 11-12.)

11

REPLY BY DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC, AND DATA PROCESSING SYSTEMS, LLC IN SUPPORT OF MOTION TO DISMISS (F.R.Civ.P. 12(b)(6)), OR IN THE ALTERNATIVE TO STRIKE (F.R.Civ.P. 12(f)) IN RESPONSE  TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

**F.     The TAC Fails To State Facts Sufficient To Sustain Claims For Negligence (Eighth and Nine)**

Without reference to facts, Plaintiffs argue that the Zaazoom Defendants' verification procedures did not vary among potential customers but that Zaazoom Defendants "failed to use *any* reasonable procedures" to determine whether class members had voluntarily enrolled in coupon clubs; therefore, since Plaintiffs' national class could involve more than a million people, a class claim for Zaazoom Defendants' negligence is pled. [7]  (Plaintiffs' Opposition, at 13-14.) The argument begs the issue.

The TAC does not contain any allegations that all (or any identifiable percentage) of the supposed million members were subject to the same process, quite the opposite.  (TAC ¶¶ 3, 60, 63.)  And, the TAC alleges that there are multiple reasons that a remotely created check could be returned, including insufficient funds or a closed account.  (TAC ¶ 53.)  Since, Plaintiffs aver that class members were economically vulnerable (TAC ¶ 1), the fact that remotely created checks were returned at a higher percentage than other checks does not necessarily mean that the Zaazoom Defendants were negligent nor that any negligence would ineluctably result in defendants' class-wide liability.  ***Burns v. The Neiman Marcus Group, Inc.***, 173 Cal. App. 4th 479, 93 Cal. Rptr. 3d 130 (2009); ***Story Road Flea Market, Inc. v. Wells Fargo Bank, N.A***., 42 Cal.App.4th 1733, 50 Cal. Rptr. 2d 524 (1996).

**3.     THE EIGHTH AND NINTH CLAIMS SHOULD BE DISMISSED BECAUSE THE FACTS PLED ARE CONTRADICTORY AS TO THE ELEMENTS OF NEGLEGENCE**

In the Eighth Claim, Plaintiffs allege that Zaazoom Defendants operated a scam and knew that applicants had not consented to participate in coupon clubs but registered them anyway and committed the crime of forgery and fraud in doing so.  (TAC ¶¶ 1, 6, 7-9, 60, 64, 65-68, 245-297,

---

[7]     Plaintiffs' citation to ***Evans v. IAC/Interactive Corp.***, 244 F.R.D. 568 (C.D.Cal 2007) (Plaintiffs' Opposition, at 14) is unavailing since the motion for class certification was denied. ***Id.***, 244 F.R.D. at 580.  Moreover, the trial court's preliminary conclusion that there were common questions of law or fact present, as required by *Rule 23(a)(2)*, did not address the issue here: whether common questions of law or fact predominated as required under *Rule 23(b)(3)*.

323.)  In the Eighth Claim, Plaintiffs also allege that the Zaazoom Defendants were negligent in these acts because they were told by their affiliates who actually operated the websites that customers had consented to join the coupon clubs.  (TAC ¶ 326.)

In the Ninth Claim, Plaintiffs allege that Defendants AEC and DPS committed the crime of forgery and the tort of fraud in conjunction with the remaining Zaazoom Defendants.  (TAC ¶¶ 1, 140-141, 258, 261-264, 270, 272-273, 336, 345.)  In the Ninth Claim, Plaintiffs also allege that AEC and DPS were negligent because they breached their duty of care to customers which injured the class.  (TAC ¶¶ 339-344.)

The allegations in the Eighth and Ninth Claims of the commission of specific intent felonies (*Cal. Penal Code § 470*) and intentional torts[8] and negligence based upon a lack of due care cannot simultaneously be true nor combine to support a *single* claim of negligence. *Mahoney v. Corralejo*, 36 Cal.App.3d 966, 972, 112 Cal.Rptr. 61 (1974):

> California has recognized various degrees of negligence which invoke various legal consequences but as was stated in *Donnelly v. Southern Pacific Co., 18 Cal.2d 863, at page 869 [118 P.2d 465]*: "A negligent person has no desire to cause the harm that results from his carelessness, . . . and he must be distinguished from a person guilty of willful misconduct, such as assault and battery, who intends to cause harm.  [Citation.] **Willfulness and negligence are contradictory terms**. [Citations.] **If conduct is negligent, it is not willful; if it is willful, it is not negligent**."

The admonition of Aesop is apt: "I will have nought to do with a man who can blow hot and cold with the same breath."  (Aesop, *The Man and the Satyr*, from Bartlett's, *Familiar Quotations (Thirteenth ed.)*, at 11a.)

## 4.    IN THE ALTERNATIVE, THE COMPLAINT SHOULD BE STRICKEN UNDER *RULE 12(f)* AND *8*

Plaintiffs ignore the fact that Zaazoom Defendants' initial basis for striking the TAC is that it *unnecessarily* contains 3,749 paragraphs.  In addition, the TAC resorts to name-calling by accusing Zaazoom Defendants of operating a scam (TAC ¶ 1) (or, contradictorily, just being

---

[8]    Conversion is an intentional tort.  ***Collin v. American Empire Ins. Co.***, 21 Cal.App.4th 787, 812, 26 Cal.Rptr.2d 391 (1994).

negligent) and claiming that had DPS or AEC "spent a minute searching" they would have uncovered suspicious circumstances involving Zaazoom Defendants.  (TAC ¶¶ 90, 136.)

Hyperbole and *ad hominum* attacks are not facts.  And, 3,746 needlessly repetitive paragraphs should be stricken. ***Gilbert v. Eli Lilly & Co., Inc.***, 56 F.R.D. 116, 121 nn.4-5 (D.P.R.1972)("'[R]edundant' matter consists of allegations that constitute a needless repetition of other averments….By 'immaterial' matter it is generally meant that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  [Citations omitted.] It is also said that a statement of unnecessary particulars in connection with and descriptive of that which is material may be stricken as 'immaterial' matter.")

Dated: May 22, 2012,                              DENNIS A. WINSTON,
                                                  A PROFESSIONAL LAW CORPORATION


                                                  By _/s/_____
                                                       Dennis A. Winston Attorneys for
                                                  Defendants ZaaZoom Solutions, LLC; ZaZa Pay, LLC;
                                                  MultiECom, LLC and Online Resource Center, LLC;
                                                  Automated Electronic Checking, Inc.; and
                                                  Data Processing Systems, LLC