Dennis A. Winston (SBN 068049)
DENNIS A. WINSTON
A PROFESSIONAL LAW CORPORATION
3221 Carter Ave, Apt. 444
Marina Del Rey, California 90292
Tel. (310) 306-4099 Fax (310) 306-4499
E-mail: denniswinston@yahoo.com

Attorneys for Defendants
ZaaZoom Solutions, LLC; ZaZa Pay, LLC;
Automated Electronic Checking, Inc,;
MultiECom, LLC and Online Resource Center, LLC;

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **AMBER KRISTI MARSH** and **STACIE EVANS**, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company, et al.,<br><br>Defendants. | Case No.:  4:11-cv-05226 YGR<br><br>San Francisco Sup. Ct.<br>Case No.: CGC-11-510815<br><br>DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>[Complaint Filed May 9, 2011] |

Defendants ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC (the "ZAAZOOM Defendants") for themselves and for no other defendants, hereby answer PLAINTIFFS AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons Third Amended Complaint ("TAC") in the above-captioned action ("Action") as follows:

**INTRODUCTION**

1.      ZAAZOOM Defendants deny each and every allegation contained in paragraph 1 of the TAC ("TAC"). ZAAZOOM Defendants affirmatively state that Plaintiffs and their counsel of record have actual knowledge that the allegations contained in paragraph 1 of the TAC are false with respect to these ZAAZOOM Defendants, and that there are no facts of which the Plaintiffs have present knowledge that would support any claim against these ZAAZOOM Defendants after the enactment of 15 USCA §8402.

2.      With respect to the allegations contained in paragraph 2 of the TAC, these ZAAZOOM Defendants admit that Automated Electronic Checking, Inc. served as the processor for the ZAAZOOM Defendants with respect to the processing of payments authorized and made by Stacie Evans.  These ZAAZOOM Defendants lack sufficient information on which to admit or deny o the remaining allegations contained in paragraph 2 of the TAC and on such basis deny the same.

3.      ZAAZOOM Defendants do not own or operate payday loan websites. ZAAZOOM Defendants lack sufficient information on which to admit or deny the allegations contained in paragraph 3 of the TAC and on such basis deny the same.

4.      ZAAZOOM Defendants do not own or operate payday loan websites. ZAAZOOM Defendants lack sufficient information on which to admit or deny the allegations contained in paragraph 4 of the TAC and on such basis deny the same.

5.      ZAAZOOM Defendants deny the allegations contained in paragraph 5 of the TAC. ZAAZOOM Defendants state affirmatively that the Plaintiff's orders were confirmed by electronic mail twice before billing, and that Plaintiff Marsh provided here banking information directly to ZAAZOOM Defendants when placing her order.

6.     ZAAZOOM Defendants deny the allegations contained in paragraph 6 of the TAC.

7.     ZAAZOOM Defendants deny the allegations contained in paragraph 7 of the TAC.

8.     With respect to the allegations contained in paragraph 8 of the TAC, ZAAZOOM Defendants state that Plaintiff Marsh provided her personal banking information directly to the ZAAZOOM Defendants at the time she placed her order, and that both Plaintiffs' orders were confirmed by electronic mail twice before billing. ZAAZOOM Defendants deny each and every remaining allegation contained in paragraph 8 of the TAC.

9.     ZAAZOOM Defendants deny the allegations contained in paragraph 9 of the TAC.  ZAAZOOM Defendants affirmatively state that Plaintiff Evans contacted ZAAZOOM Defendants customer service department and admitted placing her order, and thereafter attempted to repurchase the service from ZAAZOOM Defendants.

10.     ZAAZOOM Defendants admit that it deposited a total of $118.94 into its depository account based on purchases made by Stacie Evans between October 22, 2010 and December 1, 2010.  ZAAZOOM Defendants state affirmatively that Stacie Evans placed multiple orders for online coupon services using different bank account numbers. ZAAZOOM Defendants deny each and every remaining allegation contained in paragraph 10 of the TAC. ZAAZOOM Defendants further deny that any payment transactions were not authorized by the Plaintiffs.

11.     ZAAZOOM Defendants admit that authorized billing transactions were processed on the account of Stacie Evans between October 22, 2010 and December 1,

2011 totaling $118.94. ZAAZOOM Defendants admit that it billed the account of Amber Marsh in the amount of $49.98 on or about January 17, 2011. ZAAZOOM Defendants lack information sufficient to admit or deny the allegations contained in paragraph 11 of the TAC and on such basis deny the same.

12.     ZAAZOOM Defendants admit receiving $118.94 on the account of Stacie Evans. ZAAZOOM Defendants admit receiving $49.98 on the account of Amber Marsh. ZAAZOOM Defendants lack information on which to admit or deny the remaining allegations contained in paragraph 12 of the TAC and on such basis deny the same.

13.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 13 of the TAC.

14.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 14 of the TAC.

15.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 15 of the TAC. ZAAZOOM Defendants state affirmatively that on and after December 29, 2010, all offers made by these ZAAZOOM Defendants to consumers via any Internet website were compliant with The Restore Online Shoppers Confidence Act ("ROSCA") 15 USC §8401, et seq. ROSCA requires a consumer to personally provide banking information directly to the merchant when processing an online order for products or services. Plaintiff Marsh knowingly and intentionally provided her banking information directly to the ZAAZOOM Defendants on January 17, 2011.

## **JURISDICTION AND VENUE**

16.     ZAAZOOM Defendants deny that the Court has subject matter jurisdiction over any claims arising on or after December 29, 2010.

17.     ZAAZOOM Defendants admit that the Court has personal jurisdiction over the ZAAZOOM Defendants. ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

18.     ZAAZOOM Defendants admit that venue is proper.

## **PARTIES**

19.     ZAAZOOM Defendants admit the allegations contained in paragraph 19 of the TAC.

20.     ZAAZOOM Defendants admit the allegations contained in paragraph 20 of the TAC.

21.     ZAAZOOM Defendants admit that ZaZaPay, LLC is a wholly owned subsidiary of ZaaZoom Solutions, LLC.

22.     ZAAZOOM Defendants admit that they use various trade names in connection with online marketing campaigns and offers.

23.     ZAAZOOM Defendants admit the allegations contained in paragraph 23 of the TAC.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.: 4:11-cv-05226 YGR

24.     ZAAZOOM Defendants admit the allegations contained in paragraph 24 of the TAC.

25.     ZAAZOOM Defendants admit the allegations contained in paragraph 25 of the TAC.

26.     ZAAZOOM Defendants admit the allegations contained in paragraph 26 of the TAC.

27.     ZAAZOOM Defendants admit the allegations contained in paragraph 27 of the TAC.

28.     ZAAZOOM Defendants admit the allegations contained in paragraph 28 of the TAC.

29.     ZAAZOOM Defendants lack knowledge and information on which to admit or deny the allegations contained in paragraph 29 of the TAC and on such basis deny the same.

30.     ZAAZOOM Defendants lack knowledge and information on which to admit or deny the allegations contained in paragraph 30 of the TAC and on such basis deny the same.

31.     ZAAZOOM Defendants lack knowledge and information on which to admit or deny the allegations contained in paragraph 31 of the TAC and on such basis deny the same.

32.   ZAAZOOM Defendants lack knowledge and information on which to admit or deny the allegations contained in paragraph 32 of the TAC and on such basis deny the same.

33.   ZAAZOOM Defendants lack knowledge and information on which to admit or deny the allegations contained in paragraph 33 of the TAC and on such basis deny the same.

34.   ZAAZOOM Defendants admit the allegations contained in paragraph 34 of the TAC, but deny any present knowledge of the whereabouts of said Plaintiff.

35.   ZAAZOOM Defendants admit the allegations contained in paragraph 35 of the TAC, but deny any present knowledge of the whereabouts of said Plaintiff.

36.   With respect to the statements and allegations contained in paragraph 36 of the TAC, ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

37.   With respect to the statements and allegations contained in paragraph 37 of the TAC, ZAAZOOM Defendants deny each and every allegation contained therein and further deny any misconduct as alleged by the Plaintiff and/or resulting damages.

## **FACTUAL ALLEGATIONS**

38.   The allegations contained in paragraph 38 of the TAC are hypothetical facts or legal conclusions which are incapable of being admitted or denied. To the extent that any allegation contained in the TAC is intended to allege or imply that these ZAAZOOM Defendants created or processed remotely created checks, or that any form

of billing employed by these ZAAZOOM Defendants was without the knowledge and consent of its customers, ZAAZOOM Defendants deny each and every such implication or allegation.

39.     The allegations contained in paragraph 39 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

40.     The allegations contained in paragraph 40 of the TAC are hypothetical facts or legal conclusions which are incapable of being admitted or denied.

41.     The allegations contained in paragraph 41 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

42.     The allegations contained in paragraph 42 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

43.     The allegations contained in paragraph 43 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

44.     The allegations contained in paragraph 44 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

45.     The allegations contained in paragraph 45 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

46.     The allegations contained in paragraph 46 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

47.     The allegations contained in paragraph 47 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

48.     The allegations contained in paragraph 48 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

49.     The allegations contained in paragraph 49 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

50.     The allegations contained in paragraph 50 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

51.     The allegations contained in paragraph 51 of the TAC are hypothetical facts, arguments of counsel or legal conclusions that are incapable of being admitted or denied.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

Check Return Rates

52.     Upon information and belief, these ZAAZOOM Defendants admit the allegations contained in paragraph 52 of the TAC.

53.     With respect to the allegations contained in paragraph 53 of the TAC, ZAAZOOM Defendants admit that remotely created checks can be returned by a bank for a variety of reasons.

54.     ZAAZOOM Defendants lack information on which to admit or deny the allegations contained in paragraph 54 of the TAC and on such basis denies the same. ZAAZOOM Defendants state affirmatively that there are no reports from the Federal Reserve with respect to the average return rate of subprime consumers.

55.     ZAAZOOM Defendants deny the allegations contained in paragraph 55 of the TAC with respect to subprime consumers.

56.     ZAAZOOM Defendants deny the allegations contained in paragraph 56 of the TAC with respect to subprime consumers.

Allegations That The ZaaZoom Defendants Misappropriated Personal Information and Drafted Fraudulent Remotely Created Checks Using that Information

57.     ZAAZOOM Defendants admit the allegations contained in paragraph 57 of the TAC.

58.     With respect to the allegations contained in paragraph 58 of the TAC, ZAAZOOM Defendants admit that consumers can access coupons from its vendors

through links on the ZAAZOOM Defendant Websites.  ZAAZOOM Defendants deny each and remaining allegations contained in paragraph 58 of the TAC.

59.     With respect to the allegations contained in paragraph 59 of the TAC, ZAAZOOM Defendants deny each and every allegation regarding the ordering process for online coupon services.  ZAAZOOM Defendants admit that when a consumer purchases online coupon services by an affirmative response to online advertising, ZAAZOOM Defendants forward billing information to its processor.

60.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 60 of the TAC.  ZAAZOOM Defendants state affirmatively that all members of the ZAAZOOM Defendants coupon offers and Websites are "opt-in" with double email confirmations prior to billing.  ZAAZOOM Defendants further states that subsequent to December 31, 2010, all ZAAZOOM Defendants offers and Websites were compliant in all respects with 15 U.S.C. §8402, and all orders were email confirmed prior to billing. ZAAZOOM Defendants further assert that Plaintiff Marsh and her counsel of record knew at all times material to the complaint, that Marsh had knowingly and intentionally provided her banking information directly to Liberty Discount Club on January 17, 2011 in response to an online offer that was ROSCA compliant.

61.     ZAAZOOM Defendants deny the allegations contained in paragraph 61 of the TAC.  ZAAZOOM Defendants states affirmatively that all members of the Defendants coupon offers and Websites are "opt-in" only with double email confirmations.  ZAAZOOM Defendants further states that subsequent to December 31, 2010, all ZAAZOOM Defendants offers and Websites were compliant in all respects with 15 U.S.C. §8402, and all orders were email confirmed prior to billing.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

62.     ZAAZOOM Defendants deny each and every allegation contained on paragraph 62 of the TAC.

63.     ZAAZOOM Defendants does not own or operate payday loan websites and is without sufficient information on which to base a reasonable belief as to the truth or falsity of the allegations contained in paragraph 63 of the TAC and on such basis deny the same.

64.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 64 of the TAC.

65.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 65 of the TAC.

66.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 66 of the TAC.

67.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 67 of the TAC.

68.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 68 of the TAC.

69.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 69 of the TAC.

70.     With respect to the allegations contained in paragraph 70 of the TAC, ZAAZOOM Defendants admit that Plaintiffs processed their orders, and consented to or

personally provided their banking information on the order form.  Their orders were then confirmed by two separate emails prior to billing.  If the Plaintiffs did not cancel their order before billing, remotely created checks were used by ZAAZOOM Defendants processors to pay for the services ordered by the Plaintiffs, and funds representing confirmed orders were paid to the ZAAZOOM Defendants in the ordinary course of business.

71.     ZAAZOOM Defendants lack sufficient information on which to admit or deny the specific allegations contained in paragraph 71 of the TAC, but admit that remotely created checks used for payment of online coupon services were authenticated as legitimate before final settlement.

72.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 72 of the TAC.

73.     ZAAZOOM Defendants deny the allegations contained in paragraph 73 of the TAC.  Defendants affirmatively state that the Plaintiffs are subprime consumers; consumers with a history of fraudulent Internet transactions and insufficient funds purchases. ZAAZOOM Defendants return rates are equal to or lower than the national average for subprime consumers like Plaintiffs.

ZAAZOOM Defendants deny each and every allegation contained in paragraph 74 of the TAC.

## The Involvement of DPS with the ZAAZOOM Defendants

75.     ZAAZOOM Defendants admit the allegations contained in paragraph 75 of the TAC.

76.     ZAAZOOM Defendants admit the allegations contained in paragraph 76 of the TAC.

77.     ZAAZOOM Defendants lack information on which to admit or deny the allegations contained in paragraph 77 of the TAC and on such basis deny the same.

78.     ZAAZOOM Defendants admit the allegations contained in paragraph 78 of the TAC.

79.     ZAAZOOM Defendants admit that DPS served as a payment processor to the ZAAZOOM Defendants. ZAAZOOM Defendants deny the remaining allegations contained in paragraph 79 of the TAC.

80.     ZAAZOOM Defendants admit that they did not maintain an account with a depository bank where DPS deposited checks.  ZAAZOOM Defendants deny the remaining allegations contained in paragraph 80 of the TAC.

81.     ZAAZOOM Defendants admit the allegations contained in paragraph 81 of the TAC. Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

82.     ZAAZOOM Defendants deny the allegations contained in paragraph 82 of the TAC.

83.     ZAAZOOM Defendants deny the allegations contained in paragraph 83 of the TAC.

84.     ZAAZOOM Defendants deny the allegations contained in paragraph 84 of the TAC.

85.     ZAAZOOM Defendants deny the allegations contained in paragraph 85 of the TAC.

86.     ZAAZOOM Defendants lack sufficient knowledge or information on which to admit or deny the allegations contained in paragraph 86 of the TAC and on such basis deny the same.

87.     ZAAZOOM Defendants lack sufficient knowledge or information on which to admit or deny the allegations contained in paragraph 87 of the TAC and on such basis deny the same.

88.     ZAAZOOM Defendants deny the allegations contained in paragraph 88 of the TAC.

89.     ZAAZOOM Defendants deny the allegations contained in paragraph 89 of the TAC.

90.     ZAAZOOM Defendants deny the allegations contained in paragraph 90 of the TAC.

91.     With respect to the allegations contained in paragraph 91 of the TAC, ZAAZOOM Defendants admit that the BBB made public reports similar to those alleged in paragraph 91, but deny that such BBB reports were true or accurate, or made during any time period relevant to the TAC. ZAAZOOM Defendants deny each and every remaining allegation contained in paragraph 91 of the TAC.

92.     ZAAZOOM Defendants deny the allegations contained in paragraph 92 of the TAC. ZAAZOOM Defendants affirmatively state that at the time of contracting with DPS, these ZAAZOOM Defendants had not ever engaged in the business of marketing online coupon services.

93.     ZAAZOOM Defendants deny the allegations contained in paragraph 93 of the TAC.

94.     ZAAZOOM Defendants admit the allegations contained in paragraph 94 of the TAC.

95.     ZAAZOOM Defendants deny the allegations contained in paragraph 95 of the TAC.

96.     ZAAZOOM Defendants deny the allegations contained in paragraph 96 of the TAC.

97.     ZAAZOOM Defendants deny the allegations contained in paragraph 97 of the TAC.

98.     With respect to the allegations contained in paragraph 98 of the TAC, ZAAZOOM Defendants admit that DPS created and deposited remotely created checks payable to ZAAZOOM Defendants.  ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

99.     ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff in paragraph 99 of the TAC and/or resulting damages.

<u>The Involvement of Jack Henry with the ZAAZOOM Defendants</u>

100.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 100 of the TAC and on such basis deny the same. ZAAZOOM Defendants state affirmatively that they have no contracts or agreements with Jack Henry and have never transacted business with Jack Henry.

101.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 101 of the TAC and on such basis deny the same.

102.    ZAAZOOM Defendants deny the allegations contained in paragraph 102 of the TAC.

103.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 103 of the TAC and on such basis deny the same.

104.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 104 of the TAC and on such basis deny the same.

105.    ZAAZOOM Defendants admit that they did not have a depositary account at FNBOCT as alleged in paragraph 105 of the TAC.

106.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 106 of the TAC and on such basis deny the same.

107.    ZAAZOOM Defendants deny the allegations contained in paragraph 107 of the TAC.

108.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 108 of the TAC and on such basis deny the same.

109.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 109 of the TAC and on such basis deny the same.

110.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 110 of the TAC and on such basis deny the same.

111.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 111 of the TAC and on such basis deny the same.

112.    ZAAZOOM Defendants deny the allegations contained in paragraph 112 of the TAC.

113.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 113 of the TAC and on such basis deny the same.

114.    ZAAZOOM Defendants deny the allegations contained in paragraph 114 of the TAC.

115.    With respect to the allegations contained in paragraph 115 of the TAC, ZAAZOOM Defendants admit that the BBB made public reports similar to those alleged in paragraph 115, but deny that such BBB reports are true or accurate, or published in a time period relevant to the TAC. ZAAZOOM Defendants deny each and every remaining allegation contained in paragraph 115 of the TAC.

116.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 113 of the TAC and on such basis deny the same.

117.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 117 of the TAC and on such basis deny the same.

118.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 118 of the TAC and on such basis deny the same.

119.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 119 of the TAC and on such basis deny the same.

120.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 120 of the TAC and on such basis deny the same. Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

121.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 121 of the TAC and on such basis deny the same. Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

## The Involvement of AEC with Zaazoom Defendants

122.    ZAAZOOM Defendants admit the allegations contained in paragraph 122 of the TAC.

123.    ZAAZOOM Defendants deny the allegation contained in paragraph 123 of the TAC.

124.    ZAAZOOM Defendants admit the allegations contained in paragraph 124 of the TAC.

125.    ZAAZOOM Defendants admit that personal and billing information provided by its customers at the time of sale were transmitted to AEC for payment processing. ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

126.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 126 of the TAC and on such basis deny the same. ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

127.    ZAAZOOM Defendants admit they did not maintain a depositary account at SunFirst Bank.

128.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 127 of the TAC and on such basis deny the same. Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

129.    ZAAZOOM Defendants admit the allegations contained in paragraph 129 of the TAC.

130.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 130 of the TAC and on such basis deny the same. ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

131.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 131 of the TAC and on such basis deny the same. ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

132.    ZAAZOOM Defendants admit that more than 10,000 payments processed by AEC on their behalf were uncollected and returned for nonsufficient funds. ZAAZOOM Defendants deny the remaining allegations contained in paragraph 132 of the TAC.

133.    ZAAZOOM Defendants deny the allegations contained in paragraph 133 of the TAC.

134.     ZAAZOOM Defendants deny the allegations contained in paragraph 134 of the TAC.

135.     ZAAZOOM Defendants deny the allegations contained in paragraph 135 of the TAC.

136.     ZAAZOOM Defendants deny the allegations contained in paragraph 136 of the TAC.

137.     With respect to the allegations contained in paragraph 137 of the TAC, ZAAZOOM Defendants admit that the BBB made public reports similar to those alleged in paragraph 137, but deny that such BBB reports were true or accurate, or made during any time period relevant to the TAC. ZAAZOOM Defendants deny each and every remaining allegation contained in paragraph 137 of the TAC.

138.     ZAAZOOM Defendants admit that they received payment from AEC for billing transactions processed by AEC, less a processing fee. ZAAZOOM Defendants deny the remaining allegations contained in paragraph 138 of the TAC.

139.     ZAAZOOM Defendants deny the allegations contained in paragraph 139 of the TAC.

140.     ZAAZOOM Defendants deny the allegations contained in paragraph 140 of the TAC.

141.     ZAAZOOM Defendants deny the allegations contained in paragraph 141 of the TAC.

142.    ZAAZOOM Defendants deny the allegations contained in paragraph 142 of the TAC and further deny any misconduct as alleged by the Plaintiff and/or resulting damages.

143.    ZAAZOOM Defendants deny the allegations contained in paragraph 143 of the TAC and further deny any misconduct as alleged by the Plaintiff and/or resulting damages.

## The Involvement of FBOD with the Zaazoom Defendants

144.    ZAAZOOM Defendants admit the allegations contained in paragraph 144 of the TAC.

145.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 145 of the TAC and on such basis deny the same.

146.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 146 of the TAC and on such basis deny the same.

147.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 147 of the TAC and on such basis deny the same.

148.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 148 of the TAC and on such basis deny the same.

149.    ZAAZOOM Defendants deny the allegations contained in paragraph 149 of the TAC.

150.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 150 of the TAC and on such basis deny the same.

151.    ZAAZOOM Defendants deny the allegations contained in paragraph 151 of the TAC.

152.    ZAAZOOM Defendants deny the allegations contained in paragraph 152 of the TAC.

153.    With respect to the allegations contained in paragraph 153 of the TAC, ZAAZOOM Defendants admit that the BBB made public reports similar to those alleged in paragraph 153, but deny that such BBB reports were true or accurate, or made during any time period relevant to the TAC. ZAAZOOM Defendants deny each and every remaining allegation contained in paragraph 153 of the TAC.

154.    ZAAZOOM Defendants admit that they have never maintained a depositary account at FNBOD.  ZAAZOOM Defendants deny the remaining allegations contained in paragraph 154 of the TAC.

155.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 155 of the TAC and on such basis deny the same.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

156.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 156 of the TAC and on such basis deny the same.

157.   ZAAZOOM Defendants deny the conclusions and allegations contained in paragraph 157 of the TAC.

158.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 158 of the TAC and on such basis deny the same.

159.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 159 of the TAC and on such basis deny the same.

160.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 160 of the TAC and on such basis deny the same.

161.   ZAAZOOM Defendants deny the conclusions and allegations contained in paragraph 161 of the TAC.

162.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 162 of the TAC and on such basis deny the same.

163.   ZAAZOOM Defendants deny that any "facial defects" are described in the TAC and further deny the allegations of paragraph 163 of the TAC.

164.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 164 of the TAC and on such basis deny the same.

165.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 165 of the TAC and on such basis deny the same.  Defendants deny that any paying bank would return a remotely created check as "not payable" as alleged in the TAC.

166.    ZAAZOOM Defendants deny the allegations contained in paragraph 166 of the TAC.

167.    ZAAZOOM Defendants deny the allegations contained in paragraph 167 of the TAC.

168.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 168 of the TAC and on such basis deny the same.

169.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 168 of the TAC and on such basis deny the same.

170.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 169 of the TAC and on such basis deny the same.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

171.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 170 of the TAC and on such basis deny the same.

172.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 172 of the TAC and on such basis deny the same.

173.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 173 of the TAC and on such basis deny the same.

174.   ZAAZOOM Defendants deny the allegations contained in paragraph 174 of the TAC.

175.   ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff in paragraph 175 of the TAC and/or resulting damages.

176.   ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff in paragraph 176 of the TAC and/or resulting damages.

## **The Involvement of FNBOCT with the Zaazoom Defendants**

177.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 177 of the TAC and on such basis deny the same.

178. ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 178 of the TAC and on such basis deny the same.

179. ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 179 of the TAC and on such basis deny the same.

180. ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 180 of the TAC and on such basis deny the same.

181. ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 181 of the TAC and on such basis deny the same.

182. ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 182 of the TAC and on such basis deny the same.

183. ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 183 of the TAC and on such basis deny the same.

184. ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 184 of the TAC and on such basis deny the same.

185.    ZAAZOOM Defendants deny the allegations contained in paragraph 185 of the TAC.

186.    ZAAZOOM Defendants deny the allegations contained in paragraph 186 of the TAC.

187.    With respect to the allegations contained in paragraph 187 of the TAC, ZAAZOOM Defendants admit that the BBB made public reports similar to those alleged in paragraph 187, but deny that such BBB reports were true or accurate, or made during any time period relevant to the TAC. ZAAZOOM Defendants deny each and every remaining allegation contained in paragraph 187 of the TAC.

188.    ZAAZOOM Defendants admit that they have never maintained a depositary account with FNBOCT.  ZAAZOOM Defendants lack knowledge or information on which to admit or deny the remaining allegations contained in paragraph 188 of the TAC and on such basis deny the same.

189.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 189 of the TAC and on such basis deny the same.

190.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 190 of the TAC and on such basis deny the same.

191.    ZAAZOOM Defendants deny the conclusions alleged in paragraph 191 of the TAC.

192.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 192 of the TAC and on such basis deny the same.

193.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 193 of the TAC and on such basis deny the same.

194.    ZAAZOOM Defendants deny the conclusions alleged in paragraph 194 of the TAC.

195.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 195 of the TAC and on such basis deny the same.

196.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 196 of the TAC and on such basis deny the same.

197.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 197 of the TAC and on such basis deny the same.

198.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 198 of the TAC and on such basis deny the same.

199.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 199 of the TAC and on such basis deny the same.

200.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 200 of the TAC and on such basis deny the same.

201.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 201 of the TAC and on such basis deny the same. ZAAZOOM Defendants further deny any misconduct as alleged by the Plaintiff in paragraph 201 of the TAC and/or resulting damages.

202.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 202 of the TAC and on such basis deny the same. ZAAZOOM Defendants further deny any misconduct as alleged by the Plaintiff in paragraph 202 of the TAC and/or resulting damages.

203.    ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff in paragraph 203 of the TAC and/or resulting damages.

### **Plaintiff Marsh**

204.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 204 of the TAC.  ZAAZOOM Defendants state affirmatively that Plaintiff Marsh knowingly and intentionally accepted an online offer for Liberty Discount Club and input her banking information on the ROSCA compliant offer form as part of the order process.

205. ZAAZOOM Defendants admit the allegations contained in paragraph 205 of the TAC.

206. ZAAZOOM Defendants deny each and every allegation contained in paragraph 206 of the TAC. ZAAZOOM Defendants state affirmatively that Plaintiff Marsh knowingly and intentionally accepted an online offer for Liberty Discount Club and input her banking information on the ROSCA compliant offer form as part of the order process.

207. ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 207 of the TAC and on such basis deny the same. ZAAZOOM Defendants state affirmatively that Plaintiff Marsh did accept an offer posted on a payday loan website for online coupon services and provided her banking information directly to ZAAZOOM Defendants on the ROSCA compliant offer form as part of the order process.

208. ZAAZOOM Defendants deny each and every allegation contained in paragraph 206 of the TAC. ZAAZOOM Defendants state affirmatively that Plaintiff Marsh knowingly and intentionally accepted an online offer for Liberty Discount Club and input her banking information on the ROSCA compliant offer form as part of the order process.

209. ZAAZOOM Defendants deny each and every allegation contained in paragraph 209 of the TAC.

210.    ZAAZOOM Defendants admit transferring the personal and banking information supplied by Plaintiff Marsh to its payment processor after having confirmed the order by email to Plaintiff Marsh.

211.    ZAAZOOM Defendant admits that DPS was authorized to process a remotely created check for payment of online coupon services ordered by Plaintiff Marsh on or about the date alleged. ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

212.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 212 of the TAC and on such basis deny the same. ZAAZOOM Defendants state affirmatively that they were authorized by Plaintiff Marsh to deduct $49.98 from the bank account she provided in connection with her order from Liberty Discount Club and that DPS was authorized to bill and collect the amount owed.

213.    ZAAZOOM Defendants admit the allegations contained in paragraph 213 of the TAC.

214.    ZAAZOOM Defendants admit the allegations contained in paragraph 214 of the TAC.

215.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 215 of the TAC and on such basis deny the same. ZAAZOOM Defendants state affirmatively that they were authorized by Plaintiff Marsh to deduct $49.98 from the bank account she provided in connection with her order from Liberty Discount Club and that DPS was authorized to bill and collect the amount owed.

216.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 216 of the TAC and on such basis deny the same.

217.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 217 of the TAC.

218.    With respect to the allegations contained in paragraph 218 of the TAC, ZAAZOOM Defendants deny that the check used as payment for online coupon services ordered and authorized by Plaintiff Marsh was a forgery. Plaintiff expressly consented to pay for online coupon services she purchased from ZAAZOOM Defendants by providing her bank account number and routing number on a ROSCA compliant offer form and submitting that order to ZAAZOOM Defendants.

219.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 219 of the TAC. Defendants state affirmatively that the offer accepted by Plaintiff Marsh for the purchase of online coupon services was ROSCA compliant.

**Plaintiff Evans**

220.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 220 of the TAC.  Defendants state affirmatively that Plaintiff Evans placed two separate orders for ZAAZOOM Defendants coupon services on the same day using different banking information in connection with each order.

221.    ZAAZOOM Defendants admit that on October 22, 2010, Plaintiff Evans made two or more applications for payday loans using different banking information.

222.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 222 of the TAC.  Defendants state affirmatively that Plaintiff Evans checked boxes on ZAAZOOM Defendants two different offer forms  expressly accepting such offers and each order was confirmed by two email confirmations prior to billing.

223.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 223 of the TAC.

224.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 224 of the TAC.

225.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 225 of the TAC.

226.    ZAAZOOM Defendants admit that the banking information authorized by Plaintiff Evans for use as payment for her online coupon service orders was transferred to AEC for processing three days after the order in compliance with the confirming emails transmitted by ZAAZOOM Defendants.

227.    ZAAZOOM Defendants admit that a remotely created check was processed by AEC on or after October 25, 2010 in the amount of $49.98, and that the bank account provided by Plaintiff Evans in connection with her order was used for this purpose.  ZAAZOOM Defendants deny each and every other allegation contained in paragraph 227 of the TAC.

228.    ZAAZOOM Defendants admit that one October 22, 2010, Plaintiff Evans made a second order using a different bank account and that $22.99 was billed by ZAAZOOM Defendants to the second bank account as authorized by Plaintiff Evans.

ZAAZOOM Defendants deny each and every other allegation contained in paragraph 228 of the TAC.

229.    ZAAZOOM Defendants admit that a remotely created check was processed by AEC on or after November 1, 2010 in payment of a UclipUsave.com subscription in the amount of $12.99, and that the bank account provided by Plaintiff Evans in connection with her order was used for this purpose.  ZAAZOOM Defendants deny each and every other allegation contained in paragraph 229 of the TAC.

230.    ZAAZOOM Defendants admit processing a recurring monthly subscription fee in the amount of $12.99 on December 3, 2010.  ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff in paragraph 230 of the TAC and/or resulting damages.

231.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 231 of the TAC and on such basis deny the same.

232.    ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 232 of the TAC and on such basis deny the same.

233.    ZAAZOOM Defendants admit that they have never maintained a depositary account at either SunFirst Bank or FNBOD.

234.    ZAAZOOM Defendants admit the allegations contained in paragraph 234 of the TAC. ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

235.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 235 of the TAC.

236.    ZAAZOOM Defendants admit that the Evans Checks were drafted, deposited, accepted for deposit, and settled.  ZAAZOOM Defendants deny the remaining allegations contained in paragraph 236 of the TAC.

237.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 237 of the TAC.

## CLASS ACTION ALLEGATIONS

238.    With respect to the allegations contained in paragraph 238 of the TAC, the ZAAZOOM Defendants have failed to state any claim on behalf of themselves on which relief may be granted, and lack standing to assert any claims on behalf of any other persons.  ZAAZOOM Defendants state affirmatively that the online coupon or discount services described in the complaint were non-existent until December 2009, and that after December 29, 2010, neither Plaintiffs nor any persons claimed to be represented by Plaintiffs have standing to assert any claim or cause of action against ZAAZOOM Defendants.  Accordingly, the class purported to be represented by Plaintiff is either non-existent, overbroad or both.  ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiffs and/or resulting damage.

239.    With respect to the allegations contained in paragraph 239 of the TAC, the ZAAZOOM Defendants have failed to state any claim on behalf of themselves on which relief may be granted, and lack standing to assert any claims on behalf of any other persons.  ZAAZOOM Defendants state affirmatively that the online coupon or discount services described in the complaint were non-existent until December 2009, and that

after December 29, 2010, neither Plaintiffs nor any persons claimed to be represented by Plaintiffs have standing to assert any claim or cause of action against ZAAZOOM Defendants.  Accordingly, the subclass purported to be represented by Plaintiff is either non-existent, overbroad or both.  ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiffs and/or resulting damage.

240.    ZAAZOOM Defendants deny the allegations contained in paragraph 240 of the TAC.

241.    ZAAZOOM Defendants deny the allegations contained in paragraph 241 of the TAC.

242.    ZAAZOOM Defendants deny the allegations contained in paragraph 242 of the TAC.  ZAAZOOM Defendants state affirmatively that all online coupon and discount services offered by the ZAAZOOM Defendants after December 29, 2010 were in full compliance with 15 U.S.C. §8402 and neither Plaintiff Marsh nor any person purported to be represented by Plaintiffs whose claim arose on or after December 29, 2010 has a valid claim or standing to assert any claim against the ZAAZOOM Defendants.

243.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 243 of the TAC.

244.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 244 of the TAC.

## **FIRST CLAIM FOR RELIEF**

(Violation of Unlawful Prong of California Business and Professions

Code §17200 -- brought by Marsh and Evans individually and on behalf of

the California Subclass against ZAAZOOM Defendants)

245.    ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-244 above.

246.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 246 of the TAC.

247.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 247 of the TAC.

248.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 248 of the TAC.

249.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 249 of the TAC.

250.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 250 of the TAC.

251.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 251 of the TAC.

252.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 252 of the TAC.

253.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 253 of the TAC.

254.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 254 of the TAC. Defendants affirmatively state that Plaintiff Marsh has denied personal knowledge of any of the facts contained in paragraph 254 of the TAC.

255.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 255 of the TAC.

256.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 256 of the TAC.

257.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 257 of the TAC.

## SECOND CLAIM FOR RELIEF

(Violation of Unlawful Prong of California Business and Professions

Code §17200 -- brought by Marsh and Evans individually and on behalf of

the California Subclass against DPS, Jack Henry, and AEC)

258.  ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-257 above.

259. ZAAZOOM Defendants deny each and every allegation contained in paragraph 259 of the TAC.

260.  ZAAZOOM Defendants deny each and every allegation contained in paragraph 260 of the TAC.

261.  ZAAZOOM Defendants deny each and every allegation contained in paragraph 261 of the TAC.

262.  ZAAZOOM Defendants deny each and every allegation contained in paragraph 262 of the TAC.

263.  ZAAZOOM Defendants deny each and every allegation contained in paragraph 263 of the TAC.

264.  ZAAZOOM Defendants deny each and every allegation contained in paragraph 264 of the TAC.

265.  ZAAZOOM Defendants deny each and every allegation contained in paragraph 265 of the TAC.

266.  ZAAZOOM Defendants deny each and every allegation contained in paragraph 266 of the TAC.

267.  ZAAZOOM Defendants deny each and every allegation contained in paragraph 267 of the TAC.

268.  ZAAZOOM Defendants deny each and every allegation contained in paragraph 268 of the TAC.

269.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 269 of the TAC. Defendants further deny any misconduct as alleged by the Plaintiffs and/or resulting damages.

## THIRD CLAIM FOR RELIEF

(Violation of the Fraudulent Prong of California Business and Professions Code §17200 -- brought by Marsh and Evans individually and on behalf of the California Subclass against the Zaazoom Defendants)

270.    ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-269 above.

271.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 271 of the TAC.

272.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 272 of the TAC.

273.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 273 of the TAC.

274.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 274 of the TAC.

275.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 275 of the TAC.

276.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 276 of the TAC, which allegations are contained verbatim in paragraph 275 of the TAC.

277.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 277 of the TAC.

278.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 278 of the TAC.

279.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 279 of the TAC.

280.    With respect to the allegations contained in paragraph 280 of the TAC, the ZAAZOOM Defendants deny any allegation the information contained in their online offer materials failed to disclose the existence and terms of their online coupon offers. ZAAZOOM Defendants state affirmatively that the Plaintiffs have denied having any personal knowledge as to the nature and content of offer materials posted by the ZAAZOOM Defendants and/or accepted by the Plaintiffs.

281.    With respect to the allegations contained in paragraph 281 of the TAC, the ZAAZOOM Defendants deny any allegation the information contained in their online offer materials and double email confirmation failed to disclose that its customers had been enrolled in an online coupon service and would be charged for that service. ZAAZOOM Defendants state affirmatively that the Plaintiffs have denied having any personal knowledge as to the nature and content of offer materials posted by the ZAAZOOM Defendants and/or accepted by the Plaintiffs.

282.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 282 of the TAC.

283.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 283 of the TAC.

### FOURTH CLAIM FOR RELIEF

(Violation of the Fraudulent Prong of California Business and Professions Code §17200 -- brought by Marsh and Evans individually and on behalf of the California Subclass against DPS, Jack Henry, and AEC)

284.    ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-283 above.

285.    ZAAZOOM Defendants admit the allegations contained in paragraph 285 of the TAC.  ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiffs and/or resulting damages.

286.    ZAAZOOM Defendants admit that DPS and AEC created and deposited remotely created checks evidencing payment for orders by consumers for online coupon services. ZAAZOOM Defendants deny each and every other allegation contained in paragraph 286 of the TAC.

287.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 287 of the TAC.

288.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 288 of the TAC.

289.   ZAAZOOM Defendants admit that remotely created checks were, in the ordinary course of business, presented to banks according to each consumer's instructions for the purpose of processing payments authorized by each consumer when purchasing online coupon services. ZAAZOOM Defendants deny any misconduct as alleged by Plaintiffs and/or resulting damages.

290.   With respect to the allegation contained in paragraph 290 of the TAC, the remotely created checks processed by DPS and AEC were valid and had been expressly authorized by Plaintiffs and other consumers.  ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiffs and/or resulting damages.

291.   ZAAZOOM Defendants deny each and every allegation contained in paragraph 291 of the TAC.

292.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 292 of the TAC and on such basis deny the same.

293.   ZAAZOOM Defendants lack knowledge or information on which to admit or deny the allegations contained in paragraph 293 of the TAC and on such basis deny the same.

294.   With respect to the allegation contained in paragraph 294 of the TAC, ZAAZOOM Defendants admit that the banks were justified in relying on the remotely created checks as such checks were valid and authorized by the consumer.  ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiffs and/or resulting damages.

295.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 295 of the TAC.

296.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 296 of the TAC.

297.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 297 of the TAC.

**FIFTH CLAIM FOR RELIEF**

(Violation of Unfair Prong of California Business and Professions Code §17200 -- brought by Marsh and Evans individually and on behalf of the California Subclass against the Zaazoom Defendants)

298.    ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-298 above.

299.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 299 of the TAC.

300.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 300 of the TAC.

301.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 301 of the TAC.

302.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 302 of the TAC.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

303.   ZAAZOOM Defendants deny each and every allegation contained in paragraph 303 of the TAC.

304.   ZAAZOOM Defendants deny each and every allegation contained in paragraph 304 of the TAC.

## SIXTH CLAIM FOR RELIEF

(Violation of the Unfair Prong of California Business and Professions Code §17200 -- brought by Marsh and Evans individually and on behalf of the California Subclass against DPS, Jack Henry, and AEC)

305.   ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-305 above.

306.   ZAAZOOM Defendants admit that they engaged DPS and AEC to process remotely created checks for payments made by consumers for online coupon services. ZAAZOOM Defendants deny each and every other allegation contained in paragraph 306 of the TAC.

307.   ZAAZOOM Defendants admit that DPS and AEC created and deposited remotely created checks evidencing payment for orders by consumers for online coupon services. ZAAZOOM Defendants deny each and every other allegation contained in paragraph 307 of the TAC.

308.   ZAAZOOM Defendants deny each and every allegation contained in paragraph 308 of the TAC.

309.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 309 of the TAC.

310.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 310 of the TAC.

311.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 312 of the TAC.

## SEVENTH CLAIM FOR RELIEF

(Conversion -  brought by Marsh and Evans individually and on behalf of

the Class against Zaazoom Defendants, DPS Jack Henry, and AEC)

312.     ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-312 above.

313.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 313 of the TAC.

314.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 314 of the TAC.

315.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 315 of the TAC.

316.     ZAAZOOM Defendants deny each and every allegation contained in paragraph 316 of the TAC.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,;
MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED
COMPLAINT
Case No.:  4:11-cv-05226 YGR

317.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 317 of the TAC.

318.    ZAAZOOM Defendants admit that they received payment from DPS and AEC for online coupon services purchased by consumers.  ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiff and/or resulting damages.

319.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 319 of the TAC.

320.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 320 of the TAC.

321.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 321 of the TAC.

322.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 322 of the TAC.

## EIGHTH CLAIM FOR RELIEF

(Negligence -- brought by brought by Marsh and Evans

individually and on behalf of the Class against Zaazoom Defendants)

323.    ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-322 above.

324.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 324 of the TAC.

325.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 325 of the TAC.

326.    ZAAZOOM Defendants admit that Plaintiffs and other consumers consented to enrolling in Defendants online coupon services prior to the transmission of any information by Payday Loan Websites to ZAAZOOM Defendants. ZAAZOOM Defendants deny the remaining allegations contained in paragraph 326 of the TAC and further deny any misconduct as alleged by the Plaintiffs and/or resulting damages. ZAAZOOM Defendants state affirmatively that orders received from consumers who enrolled for online coupon services on payday loan websites were confirmed by two separate emails prior to billing, and that after December 29, 2010, no payday loan websites provided personal or banking information to the ZAAZOOM Defendants.

327.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 327 of the TAC.

328.    ZAAZOOM Defendants admit engaging payment processors to bill consumers for purchases of online coupon services. ZAAZOOM Defendants deny every other allegation contained in paragraph 328 of the TAC.

329.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 329 of the TAC.

330.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 330 of the TAC.

331.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 331 of the TAC.

332.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 332 of the TAC.

333.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 333 of the TAC.

334.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 334 of the TAC.

## NINTH CLAIM FOR RELIEF

(Negligence -- brought by brought by Marsh and Evans individually and

on behalf of the Class against DPS, Jack Henry, and AEC)

336.    ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-335 above.

337.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 337 of the TAC.

338.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 338 of the TAC.

339.    ZAAZOOM Defendants admit that they engaged DPS and AEC to process remotely created checks as payment for online coupon services ordered by consumers. ZAAZOOM Defendants deny each and every other allegation contained in paragraph 339 of the TAC.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,;
MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED
COMPLAINT
Case No.:  4:11-cv-05226 YGR

340.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 340 of the TAC.

341.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 341 of the TAC.

342.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 342 of the TAC.

343.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 343 of the TAC.

344.    ZAAZOOM Defendants deny each and every allegation contained in paragraph 344 of the TAC.

## **TENTH CLAIM FOR RELIEF**

(Negligence -- brought by Marsh and Evans individually and on behalf of the Class against FBOD and FNBOCT)

345.    ZAAZOOM Defendants incorporate herein by reference the admissions, denials and affirmative statements and defenses contained in paragraph 1-344 above.

The  allegations contained in paragraphs 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, or 369 of the TAC are not stated against these ZAAZOOM Defendants.  To the extent any such allegations are intended to state a claim against these ZAAZOOM Defendants, or are pled in support of any other claim for relief contained in the TAC against these ZAAZOOM Defendants, such allegations are denied.

ZAAZOOM Defendants deny any misconduct as alleged by the Plaintiffs and/or resulting damage.

## ELEVENTH CLAIM FOR RELIEF

(Statutory Negligence under the Commercial Code section 3404 - brought by Marsh and Evans individually and on behalf of the Class against FBOD and FNBOCT)

The Eleventh Claim for Relief has been dismissed for failure to state a claim and, accordingly, no answer to the allegations contained in the Eleventh Claim for Relief is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

346.    As a First Separate Affirmative Defense to each and every claim asserted in the TAC, ZAAZOOM Defendants allege that each claim fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

347.    As a Second Affirmative Defense to each and every claim asserted in the TAC, ZAAZOOM Defendants allege that each claim fails to state a claim for individual relief as to Plaintiff Marsh.

**THIRD AFFIRMATIVE DEFENSE**

348.   As a Third Affirmative Defense to each and every claim asserted in the TAC, ZAAZOOM Defendants allege that each claim fails to state a claim for individual relief as to Plaintiff Evans.

**FOURTH AFFIRMATIVE DEFENSE**

349.   As a Fourth Affirmative Defense to each and every claim asserted in the TAC, ZAAZOOM Defendants allege that each claim fails to state a claim for relief as to Plaintiff Marsh as a class representative.

**FIFTH AFFIRMATIVE DEFENSE**

350.   As a Fifth Affirmative Defense to each and every claim asserted in the TAC, ZAAZOOM Defendants allege that each claim fails to state a claim for relief as to Plaintiff Evans as a class representative.

**SIXTH AFFIRMATIVE DEFENSE**

351.   As a Sixth Affirmative Defense to each and every claim asserted in the TAC, ZAAZOOM Defendants allege that each claim fails to state a claim for relief cognizable as class claims because questions of fact and law common to the class do not predominate over questions affecting individual class members.

## SEVENTH AFFIRMATIVE DEFENSE

352.    As a Seventh Affirmative Defense to the Eighth Claim for Negligence in the TAC, ZAAZOOM Defendants allege that the claim fails to state a claim for relief cognizable as a class claim because the members of the class were comparatively negligent.

## EIGHTH AFFIRMATIVE DEFENSE

353.    As an Eighth Affirmative Defense to the Eighth Claim for Negligence in the TAC, ZAAZOOM Defendants allege that the claim fails to state a claim for relief cognizable as a class claim because the members of the class failed to mitigate their damages, if any.

## NINTH AFFIRMATIVE DEFENSE

354.    As a Ninth Affirmative Defense to each and every claim asserted in the TAC, ZAAZOOM Defendants hereby adopt and reallege as applicable to the ZAAZOOM Defendants each affirmative defense as to the First through Ninth Claims asserted by the remaining Defendants in this Action.

## TENTH AFFIRMATIVE DEFENSE

355.    As a Tenth Affirmative Defense, ZAAZOOM Defendants hereby give notice that they intend to rely upon any additional affirmative defenses which become available or apparent during discovery, and thus reserve the right to amend their answer to assert such additional defenses.

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,; MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No.:  4:11-cv-05226 YGR

WHEREFORE, ZAAZOOM Defendants pray for judgment as follows:

1.      That Plaintiffs, including all members of the purported class, take nothing by the TAC;

2.      That the Court offset any recovery by Plaintiffs by any amounts paid and/or benefits provided by ZAAZOOM Defendants, insurance carriers or other parties to them in connection with claims or events related to the subject matter of this Action;

3.      That ZAAZOOM Defendants have judgment against Plaintiffs and each of them;

4.      That ZAAZOOM Defendants recover all of its expenses, costs and attorneys' fees in connection with this Action;

5.      That the Court grant ZAAZOOM Defendants such other and further relief as it deems just and proper.


Dated: January 10, 2013                    DENNIS A. WINSTON,
                                           A PROFESSIONAL LAW CORPORATION


                                           By ____/s/  Dennis A. Winston_____
                                              Dennis A. Winston Attorneys for
                                              Defendants ZaaZoom Solutions, LLC; ZaZa Pay,
                                              LLC;  Automated Electronic Checking, Inc.,
                                              MultiECom, LLC and Online Resource Center, LLC

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,;
MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED
COMPLAINT
Case No.:  4:11-cv-05226 YGR

1

## **DEMAND FOR JURY TRIAL**

2          ZAAZOOM Defendants hereby demand a trial by jury.

3

4    Dated: January 10, 2013                          DENNIS A. WINSTON,
                                                    A PROFESSIONAL LAW CORPORATION
5

6

7                                          By __/s/_Dennis A. Winston_____
                                           Dennis A. Winston Attorneys for
8                                          Defendants ZaaZoom Solutions, LLC; ZaZa
                                           Pay, LLC;  Automated Electronic Checking,
9                                          Inc., MultiECom, LLC and Online Resource
                                           Center, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS ZAAZOOM SOLUTIONS, LLC; ZAZA PAY, LLC; AUTOMATED ELECTRONIC CHECKING, INC,;
MULTIECOM, LLC AND ONLINE RESOURCE CENTER, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED
COMPLAINT
Case No.:  4:11-cv-05226 YGR