**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

**ARIAS, OZZELLO & GIGNAC, LLP**
Mike Arias (CSB #115385)
Denis M. Delja (CSB #256126)
6701 Center Drive West, 14th Floor
Los Angeles, California 90045-1558
Telephone: (310) 670-1600
Facsimile:  (310) 670-1231
marias@aogllp.com
dmdelja@aogllp.com

Attorneys for Plaintiffs
AMBER KRISTI MARSH AND STACIE EVANS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ZAAZOOM SOLUTIONS, LLC, *et al.*,<br><br>          Defendants. | **CLASS ACTION**<br><br>Case No. 4:11-cv-05226-YGR (KAW)<br><br>**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY** |

1   **STIPULATED PROTECTIVE ORDER**

2   Subject to the approval of the United States District Court for the Northern District

3   of California, Oakland Division (the "Court"), this Stipulated Protective Order Concerning

4   Discovery and Confidentiality ("Discovery Order") among Plaintiffs Amber Kristi Marsh

5   and Stacie Evans and Defendants Zaazoom Solutions, LLC, Zaza Pay LLC (dba

6   Discount Web Member Sites, LLC, Unlimited Local Savings, LLC, Web Discount Club,

7   Web Credit Rpt. Co., MegaOnlineClub, LLC, and RaiseMoneyForAnything), MultiECom,

8   LLC (dba Online Discount Membership, Web Discount Company, and Liberty Discount

9   Club), Online Resource Center, LLC (dba Web Coupon Site, USave Coupon, and UClip),

10  First Bank Of Delaware, First National Bank Of Central Texas, Jack Henry & Associates,

11  Inc. (dba ProfitStars), Automated Electronic Checking, Inc., and Data Processing

12  Systems, LLC (individually a "Party," collectively the "Parties"), by and through their

13  counsel of record, is made in the above-captioned action with respect to the following

14  recitals:

15  WHEREAS, on May 9, 2011, Plaintiffs filed the instant action, now entitled *Marsh,*

16  *et al. v. Zaazoom Solutions, LLC, et al.*, United States District Court, Northern District of

17  California, Oakland Division, Case Number 3:11-cv-05226-YGR, in state court, and

18  Defendants subsequently removed it to federal court on October 26, 2011;

19  WHEREAS, the Parties expect to conduct discovery among themselves and with

20  Non-Parties (each a "Non-Party" and collectively, the "Non-Parties");

21  WHEREAS, disclosure and discovery activity in this action are likely to involve

22  production of confidential, proprietary, or private information for which special protection

23  from public disclosure and from use for any purpose other than prosecuting this litigation

24  may be warranted;

25  WHEREAS, good cause exists to establish procedures for the designation and

26  protection of "Confidential" or "Confidential – Attorneys' Eyes Only" information in this

27  Action; and,

28  Accordingly, the Parties herby stipulate to and petition the Court to enter the

**STIP AND [PROP] ORDER CONCERNING
DISCOVERY AND CONFIDENTIALITY**

1  following Discovery Order.  The Parties acknowledge that this Discovery Order does not

2  confer blanket protections on all disclosures or responses to discovery and that the

3  protection it affords from public disclosure and use extends only to the limited information

4  or items that are entitled to confidential treatment under the applicable legal principles.

5  The Parties further acknowledge that this Discovery Order does not entitle them to file

6  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

7  must be followed and the standards that will be applied when a Party seeks permission

8  from the Court to file material under seal.

9        NOW, THEREFORE, it is hereby stipulated and agreed, by and among the

10  Parties, through their respective counsel, as follows:

11  **A.     DEFINITIONS**

12       The following definitions shall apply to this Discovery Order:

13       1.     "Action" shall mean and refer to the above-captioned matter, *Marsh, et al. v.*

14  *Zaazoom Solutions, LLC, et al.*, United States District Court, Northern District of

15  California, Oakland Division, Case Number 3:11-cv-05226-YGR, including all appellate

16  proceedings relating thereto.

17       2.     "Challenging Party" shall mean any person that challenges the designation

18  of Confidential Information as "Confidential" or "Confidential-Attorney's Eyes Only" under

19  this Discovery Order.

20       3.     "Confidential – Attorneys' Eyes Only Information" shall include (i) personal

21  financial and banking information about clients and customers of Defendants, (ii) any

22  information protected from public Disclosure pursuant to any state or federal law

23  regarding the protection of private customer and/or financial information, including the

24  Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*, and any other similar state or federal

25  law or case or order or constitutional provision; and (iii) any trade secret.  "Confidential –

26  Attorneys' Eyes Only Information" does not include any information that a Party has

27  made publicly available.

28       4.     "Confidential Document" shall mean Documents that contain Confidential

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

Information, that have not been publicly disclosed, and that the Producing Party (as defined below) designates as "Confidential" or "Confidential – Attorneys' Eyes Only" in the manner set forth in this Discovery Order; provided, however, that by agreeing to this Discovery Order, no Party waives the right to challenge any Producing Party's designation of any Document as "Confidential" or "Confidential – Attorneys' Eyes Only" or right to seek a protective order for protection of "Confidential Information."

5.    "Confidential Information" shall mean confidential, private consumer, and/or proprietary information that has not been made available to the general public that concerns or relates to proprietary, business or personal financial information, and/or any other information that the Producing Party contends should be protected from disclosure and that may be subject to a protective order under FRCP (26)(c) and any other applicable law or orders in any other federal case, including Confidential Documents.

6.    "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Discovery Order

7.    "Disclose" or "Disclosure" means shown, divulged, revealed, produced, described, or transmitted, in whole or in part.

8.    "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

9.    "Document" means and refers to all things that come within the definition of "document" contained in Federal Rule of Civil Procedure 34(a)(1), including without limitation, documents of any kind, however reproduced and however transcribed; electronic recordings of any kind, electronically stored information, including computer program files, data files, source code, CD-ROM or electronic mail; photographs or other visual or audio-visual recording of any kind, including still or motion pictures, microfilm, microfiche, videotapes or laser discs; and sound recording of any kind, including voice

Case No. 4:11-cv-05226-YGR (KAW)          **STIP AND [PROP] ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY**

1   mail, cassette, microcassettes, or compact discs.  Every original draft, iteration or non-

2   identical copy is a separate Document as that term is used herein and any "Document"

3   which is the subject of another order in any other Federal Action.

4         10.     "Legend" as used herein shall mean a stamp or similar insignia stating

5   "Confidential" or "Confidential – Attorneys' Eyes Only," or other appropriate term or terms

6   identifying the level of confidentiality of the Document.

7         11.     "Non-Party" shall mean any natural person, partnership, corporation,

8   association, or other legal entity not named as a Party to this Action.

9         12.     "Party" shall mean any party to this Action, including all of its officers,

10  directors, employees, consultants, retained experts, and outside counsel of record (and

11  their support staffs).

12        13.     "Producing Party" shall mean a Party or Non-Party that produces

13  Disclosure or Discovery Material in this Action.

14        14.     "Protected Material" shall mean any Disclosure or Discovery Material that is

15  designated as "Confidential" or "Confidential-Attorney's Eyes Only" under this Discovery

16  Order.

17        15.     "Receiving Party" means a Party that receives Disclosure or Discovery

18  Material from a Producing Party.

19        16.     When reference is made in this Discovery Order to any Document, the

20  singular shall include the plural, and plural shall include the singular.

21  **B.**   **<u>SCOPE</u>**

22       The protections conferred by this Discovery Order cover not only Protected

23  Material, but also (1) any information copied or extracted from Protected Material (2) all

24  copies, excerpts, summaries, or compilations of Protected Material; and (3) any

25  testimony, conversations, or presentations by Parties or their Counsel to third parties not

26  affiliated with the Action that might reveal Protected Material.  However, the protections

27  conferred by this Discovery Order do not cover the following information:  (a) any

28  information that is in the public domain at the time of disclosure to a Receiving Party or

Case No. 4:11-cv-05226-YGR (KAW)          **STIP AND [PROP] ORDER CONCERNING**
                                                **DISCOVERY AND CONFIDENTIALITY**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Discovery Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**C.      TERMS OF THE DISCOVERY ORDER**

1.      Exercise of Restraint and Care in Designating Material for Protection.

a.      Each Party or Non-Party that designates information or items for protection under this Discovery Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, Documents, items, or oral or written communications that qualify – so that other portions of the material, Documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Discovery Order.

b.      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

c.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

2.      Designation of Documents.

a.      A Producing Party may designate non-publicly disclosed Documents as "Confidential" that the Producing Party reasonably and in good faith believes contain or refer to Confidential Information.  Further, a Producing Party may designate non-

**STIP AND [PROP] ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY**

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

publicly disclosed Documents as "Confidential – Attorneys' Eyes Only" that the Producing Party reasonably and in good faith asserts contain Confidential-Attorney's Eyes Only Information.

b.     A Producing Party may designate a Document as "Confidential" or "Confidential – Attorneys' Eyes Only" by affixing the appropriate Legend to all copies of the Document at the time of production.  The Producing Party must make Document designations at the time of production or within a reasonable time thereafter if such designations are inadvertently omitted.

c.     A Party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" a Confidential Document produced by someone else by informing in writing all Parties of the Bates-number of such Document within thirty (30) days of that Party's receipt of the Document or within thirty (30) days of the entry of this Discovery Order, whichever is later.  All Parties receiving written notice of such designation shall affix the appropriate Legend to all pages of any copy or copies of such Document in their possession.

d.     Any Party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (i) making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies thereof); or (ii) informing counsel for all other Parties of such designation in writing within seven (7) days after receipt of the final transcript (in which case any Party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

3.     <u>Provisions and Limitations of Use.</u>

a.     All Protected Material in the Action shall be used solely for purposes of the prosecution, defense, or settlement of the Action, and for no other purpose, except as otherwise stated within this Discovery Order.  This Discovery Order does not affect the

**STIP AND [PROP] ORDER CONCERNING
DISCOVERY AND CONFIDENTIALITY**

1  admissibility or the use of Protected Material for purposes of the prosecution, defense, or

2  settlement of the Action.

3      b.    Unless the Designating Party agrees otherwise, and subject to the

4  other provisions of this Discovery Order, Documents designated "Confidential" and any

5  summaries, charts or notes made therefrom, and any facts or information contained

6  therein or derived therefrom, shall not be disclosed to any person except: (i) the Court

7  and its officers; (ii) counsel of record and employees of counsel of record; (iii) the Parties

8  to the Action (including any current employees, agents, officers or directors of such

9  Parties); (iv) independent contractors, experts, consultants or advisors who are employed

10 or retained by, or on behalf of, any of the Parties or counsel for the Parties to this Action

11 to assist in preparation of the trial ("Contractors"); (v) stenographic reporters who are

12 involved in depositions or any Court hearings or proceedings ("Court Reporters"); (vi)

13 copy service vendors ("Vendors"); and (vii) any other person as to whom the Parties

14 agree in writing that disclosure is appropriate ("Other Authorized Persons").

15     c.    Unless the Designating Party agrees otherwise, and subject to the

16 other provisions of this Discovery Order, Documents designated "Confidential –

17 Attorneys' Eyes Only" and any summaries, charts or notes made therefrom, and any

18 facts or information contained therein or derived therefrom, shall not be disclosed to any

19 persons except: (i) the Court and its officers; (ii) Designated Counsel of record and

20 employees of Designated Counsel of record; (iii) independent contractors, experts,

21 consultants or advisors who are employed or retained by, or on behalf of, any of the

22 Parties or counsel for the Parties to this Action to assist in preparation of the trial

23 ("Contractors"); (iv) stenographic reporters who are involved in depositions or any Court

24 hearings or proceedings ("Court Reporters"); (v) copy service vendors ("Vendors"); and

25 (vi) any other person as to whom the Parties agree in writing that disclosure is

26 appropriate ("Other Authorized Persons").   Documents designated "Confidential –

27 Attorneys' Eyes Only" and any summaries, charts or notes made therefrom, and any

28 facts or information contained therein or derived therefrom, shall not be disclosed to in-

Case No. 4:11-cv-05226-YGR (KAW)                    **STIP AND [PROP] ORDER CONCERNING**
                                                     **DISCOVERY AND CONFIDENTIALITY**

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

1   house counsel.

2         d.      "Designated Counsel" as set forth in Section C.3.c.(ii) above are

3   limited to counsel of record in the Action.  Other than persons as expressly set forth in

4   this Section, no other counsel shall be permitted access to Documents designated

5   "Confidential – Attorney's Eyes Only" in this Action unless otherwise agreed to by all of

6   the Parties in writing.  "Designated Counsel" does not include in-house counsel.

7         e.      Documents designated "Confidential – Attorneys' Eyes Only" shall

8   not be disclosed to a Party, or to any officer, director, employee or agent of a Party,

9   unless otherwise agreed by the Designating Party or Parties in writing.

10        4.      Duty to Inform of Order.  Unless the Designating Party agrees otherwise,

11  Documents designated "Confidential" may be disclosed to persons referred to in

12  categories, (v) - (vii) of Section C.3.b (i.e. Contractors, Court Reporters, Vendors and

13  Other Authorized Persons), and Documents designated "Confidential – Attorney's Eyes

14  Only" may be disclosed to persons referred to in categories, (iv) - (vi) of Section C.3.c

15  (i.e. Contractors, Court Reporters, Vendors and Other Authorized Persons), only after

16  such persons have been provided with, and have reviewed, a copy of this Discovery

17  Order.

18        5.      Persons Required to Sign Order.  Unless the Designating Party agrees

19  otherwise, Documents designated "Confidential" may be disclosed to persons referred to

20  in categories (ii), (iii) and (iv) of Section C.3.b (i.e. counsel of record and Parties), and

21  Documents designated "Confidential – Attorney's Eyes Only" may be disclosed to

22  persons referred to in category (ii) and (iii) of Section C.3.c (i.e. Designated Counsel of

23  record), only after such persons have been provided with a copy of this Discovery Order

24  and have signed the Discovery Order by signing the Certification attached hereto as

25  Exhibit A.  This Certification shall be retained by the counsel to the Party disclosing the

26  Protected Material to such persons and shall be produced upon request of any Party.

27        6.      Copies.  Any person who obtains access to Protected Material under this

28  Discovery Order shall not make copies, abstracts, extracts, analyses, summaries, or

Case No. 4:11-cv-05226-YGR (KAW)          **STIP AND [PROP] ORDER CONCERNING**
                                          **DISCOVERY AND CONFIDENTIALITY**

1   other materials which contain, reflect or disclose Confidential Information, except for use

2   in prosecuting or defending the Action, and each such copy, abstract, extract, analysis,

3   summary, or other material which contains, reflects, or discloses Confidential Information

4   is to be treated in accordance with the provisions of this Discovery Order.  All copies of

5   material marked "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance

6   with Paragraph B.2 of this Order shall again be marked with the respective designation if

7   the original Legend was not reproduced in the duplicating process.  In the event that

8   copies are made in accordance with the foregoing, all such copies shall constitute, and

9   be treated as, Protected Material as provided in this Discovery Order.  Any person

10  making, or causing to be made, copies of any Protected Material, shall make certain that

11  each copy bears the appropriate Legend pursuant to the requirements of this Discovery

12  Order.

13          6.      Agreement to Maintain Confidentiality.  Unless and until otherwise ordered

14  by the Court, or otherwise agreed by the Parties, all Protected Material shall be treated

15  as such under this Discovery Order, including after the conclusion of this Action as set

16  forth in Section 15.

17          7.      Objections to Designation.

18                  a.      Following the receipt of Documents marked "Confidential" or

19  "Confidential – Attorneys' Eyes Only," any Party may object to the designation of such

20  Document and seek a modification of such designation by providing written notice of

21  each designation it is challenging and describing the basis for the challenge to the

22  Designating Party as set forth in Sections 7(b) and (c) herein.

23                  b.      The Challenging Party shall initiate the dispute resolution process by

24  providing written notice of each designation it is challenging and describing the basis for

25  each challenge. To avoid ambiguity as to whether a challenge has been made, the

26  written notice must recite that the challenge to confidentiality is being made in

27  accordance with this specific paragraph of the Discovery Order, the Parties shall attempt

28  to resolve each challenge in good faith and must begin the process by conferring directly

Case No. 4:11-cv-05226-YGR (KAW)                    **STIP AND [PROP] ORDER CONCERNING**
                                                    **DISCOVERY AND CONFIDENTIALITY**

1  (in voice to voice dialogue; other forms of communication are not sufficient) within 14

2  days of the date of service of notice.  In conferring, the Challenging Party must explain

3  the basis for its belief that the confidentiality designation was not proper and must give

4  the Designating Party an opportunity to review the designated material, to reconsider the

5  circumstances, and, if no change in designation is offered, to explain the basis for the

6  chosen designation.  A Challenging Party may proceed to the next stage of the challenge

7  process only if it has engaged in this meet and confer process first or establishes that the

8  Designating Party is unwilling to participate in the meet and confer process in a timely

9  manner.

10         c.      If the objecting Party and the Designating Party are unable to resolve

11  the objection, the objecting Party may move the Court for an order with respect to the

12  disputed information.   Each such motion must be accompanied by a competent

13  declaration affirming that the movant has complied with the meet and confer

14  requirements imposed in the preceding paragraph.  The objecting Party's obligation to

15  seek de-designation of Documents does not affect the Designating Party's burden to

16  show that the Document is correctly designated as "Confidential" or "Confidential –

17  Attorneys' Eyes Only."  In the event that any Party files a motion to release a Document

18  from a designation as "Confidential" or "Confidential – Attorneys' Eyes Only," the motion

19  must be filed under seal (in compliance with Civil Local Rule 79-5) to the extent it

20  discloses Protected Material.   Until the Court rules on the motion, all parties shall

21  continue to afford the Protected Material at issue the level of protection to which it is

22  entitled under the Producing Party's designation.

23         8.      Separate Discovery Order or Modification of This Discovery Order.  This

24  Discovery Order shall be without prejudice to the right of the Parties to the Action to

25  present a motion to the Court for a separate protective order as to any particular

26  Document or information, including restrictions differing from those specified in this

27  Discovery Order.  In addition, this Discovery Order shall not be deemed to prejudice the

28  Parties in any way in any future application for modification of this Discovery Order.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

9. <u>Additional Disclosure</u>. If counsel wish to disclose Protected Material to any person not identified in paragraph C.3.b. or C.3.c. above, including without limitation, a person or party that produced the Protected Material, or any third party who was the author or recipient of Protected Material, he or she must proceed in the following manner: the names of the persons to whom Protected Material is to be disclosed shall be provided in writing to counsel for the Designating Party, along with the basis for their need to know, and a description with reasonable specificity of the Protected Material to be disclosed. Counsel for the Designating Party shall have seven (7) court days to object to such disclosure in writing. If an objection to the disclosure is asserted by counsel to the Designating Party, the Party wishing to disclose the Protected Material must apply for relief to the Court. Such Protected Material shall not be disclosed pending a decision by the Court on such motion. Prior to the disclosure of Protected Material to any such person, the person must agree to be bound by the terms of this Discovery Order and/or any other order by a federal court applicable to the Protected Material by signing the Certification in the form of Exhibit A hereto. By such execution, the person represents that he or she understands the terms of this Discovery Order and that he or she agrees to be bound by its terms. The person will be shown only such identified Protected Material as is essential to enable him or her to render the assistance required.

10. <u>Filing Confidential Material</u>. No Protected Material shall be filed in the public record of the Action. All material so designated in accordance with the terms of this Discovery Order that is filed with the Court, and any pleadings, motions or other papers containing Protected Material, shall be filed in accordance with the procedures set forth by the Court for filing documents under seal under Civil Local Rule 7 and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable.

11. <u>Inadvertent Production or Disclosure of Protected Material</u>. The inadvertent production or disclosure of Protected Material by a Producing Party shall not constitute a waiver of any claim of confidentiality where (a) the Producing Party notifies the receiving Party in writing of such inadvertent disclosure within ten (10) business days of becoming

**STIP AND [PROP] ORDER CONCERNING
DISCOVERY AND CONFIDENTIALITY**

1  aware of such disclosure, and (b) within thirty (30) days of such notice, the Producing

2  Party provides properly re-designated Documents to the receiving Party.   During the

3  thirty (30) day period after notice, the materials shall be treated as designated in the

4  Producing Party's notice.   Upon receipt of properly re-designated Documents, the

5  receiving Party shall return all unmarked or incorrectly designated Documents to the

6  Producing Party within five (5) business days.  All Parties, however, reserve all rights to

7  challenge the confidential status of such inadvertent production or disclosure.

8          12.     Inadvertent Disclosure of Protected Material to Third Parties.    Upon

9  learning that Protected Material has been inadvertently disclosed by a receiving Party to

10 any person not authorized to receive them by this Discovery Order, then the receiving

11 Party shall:  (a) immediately notify the Designating Party; (b) use its best efforts to obtain

12 the return of any such Protected Material and to bind such person to the terms of this

13 Agreement; (c) within seven (7) business days of the discovery of such disclosure, inform

14 such person of all provisions of this Discovery Order and identify such person to the

15 Designating Party; and (d) request that such person sign the Certification attached hereto

16 as Exhibit A.   The executed Certification shall be served upon counsel for the

17 Designating Party within ten (10) business days of its execution by the person to whom

18 the Protected Material was inadvertently disclosed.  Nothing in this Paragraph is intended

19 to limit the remedies that the Designating Party may pursue for breach of this Discovery

20 Order.

21          13.     Non-Party's Protected Material Sought to Be Produced in This Action.

22          a.     The terms of this Discovery Order are applicable to information

23 produced by a Non-Party in this Action and designated as "Confidential" or "Confidential -

24 Attorney's Eyes Only."  Such Protected Material produced by a Non-Party in this Action is

25 protected by the remedies and relief provided by this Discovery Order.  Nothing in these

26 provisions shall be construed as prohibiting a Non-Party from seeking additional

27 protections.

28          b.     In the event a Party is required, by a valid discovery request, to

**STIP AND [PROP] ORDER CONCERNING
DISCOVERY AND CONFIDENTIALITY**

produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that  some or all of the  information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Discovery Order for this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

c.     If the Non-Party fails to object or seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the Discovery Request subject to appropriate designation as Confidential Information or under this Discovery Order.   If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary or an agreement between the Non-Party and a Party, the Non-Party shall bear the burden and expense of seeking the protection of its Confidential Information.

14.     <u>Subpoena of Protected Material</u>.  If at any time any Protected Material is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such Protected Material, the Party to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to the Designating Party and shall make no disclosure unless fourteen (14) court days have elapsed from the date on which written notice was given without objection by the Designating Party or unless the Designating Party has consented in

**STIP AND [PROP] ORDER CONCERNING
DISCOVERY AND CONFIDENTIALITY**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

1    writing.

2          15.    Continuation of Protection After Disposition.    The termination of

3    proceedings in the Action or a final disposition of the Action shall not relieve any of the

4    Parties from the obligation of maintaining the confidentiality of all Protected Material

5    produced and designated pursuant to this Discovery Order, unless all of the Parties

6    agree otherwise. ~~The Court shall retain jurisdiction to resolve any dispute concerning the~~

7    ~~use of Protected Material disclosed hereunder.~~   Within sixty days (60) of the final

8    disposition or termination of the Action, every Party shall certify in writing that the Party

9    has destroyed all Protected Material, except that counsel for any Party may keep an

10    archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

11    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

12    work product, and consultant or expert work product, even if such materials contain

13    Protected Material.  Any such archival copies that contain Protected Material shall remain

14    subject to this Discovery Order as set forth herein.

15          16.    Inadvertent Production of Privileged or Protected Documents.  Pursuant to

16    Federal Rule of Evidence 502(d) and (e), disclosure in the course of discovery of any

17    Document or information (whether designated as Protected Material or not) shall not be

18    deemed to waive whatever privilege or immunity from discovery might otherwise attach to

19    the Document or information produced, including without limitation the attorney-client

20    privilege, the work product doctrine, the bank examination privilege, and/or common

21    interest or the joint defense privilege.  If such information is inadvertently produced, such

22    production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to,

23    any claim of privilege or work-product protection for such information.  If a Party has

24    inadvertently produced information subject to a claim of privilege or protection, upon

25    written request made by the Producing Party within ten (10) business days of discovery

26    of such inadvertent production, the information for which a claim of inadvertent

27    production is made, including all copies, shall be returned within seven (7) business days

28    of such request unless the receiving Party intends to challenge the Producing Party's

Case No. 4:11-cv-05226-YGR (KAW)                **STIP AND [PROP] ORDER CONCERNING**
                                                **DISCOVERY AND CONFIDENTIALITY**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

1   assertion of privilege or protection.  All copies of inadvertently produced Documents shall

2   be destroyed, and any Document or material information reflecting the contents of the

3   inadvertently produced information shall be expunged.  If a Receiving Party objects to the

4   return of such information within the seven (7) business day period described above, the

5   Producing Party may move the Court for an order compelling the return of such

6   information.  Pending the ruling, a Receiving Party may retain the inadvertently produced

7   Documents in a sealed envelope and shall not make any use of such information.

8           17.   <u>No Waiver of Bank Examination Privilege</u>. Defendants First Bank of

9   Delaware and First National Bank of Texas (the "Bank Defendants") are or were banks

10  regulated by various state or federal bank regulatory agencies, including the Federal

11  Deposit Insurance Corporation (the "FDIC"), the Office of the Comptroller of the Currency

12  of the United States Department of the Treasury (the "OCC"), the Board of Governors of

13  the Federal Reserve System and applicable Federal Reserve Banks (the "Federal

14  Reserve"), the United States Treasury, and/or the Delaware Office of the State Bank

15  Commissioner (the Delaware Department of Financial Institutions) (collectively, the "Bank

16  Regulatory Agencies").  Nothing in this Discovery Order shall be construed to require the

17  Bank Defendants to produce any materials, information, or Documents subject to the

18  Bank Examination Privilege, which is a privilege governed by federal or state law

19  applicable to the Bank Defendants and the Bank Regulatory Agencies, and that cannot

20  be waived by the Bank Defendants.  In the event of any production, whether through

21  inadvertence, mistake, or otherwise, of any Document subject to the Bank Examination

22  Privilege, the receiving Party shall, upon discovery of such production, return such

23  Document(s) and all copies thereof without the necessity of notice, demand, or further

24  proceedings, provided however, that nothing contained herein shall prevent the

25  Producing Party from making a demand for return of such a  Document, nor prohibit any

26  court from making an order for return of the Document.

27          18.   By stipulating to the entry of this Discovery Order, no Party waives any right

28  it otherwise would have to object to disclosing or producing any information or item on



1  any ground not addressed in this Discovery Order.  Similarly, no Party waives any right to

2  object on any ground to use in evidence of any of the material covered by this Discovery

3  Order.

4      19.    This Discovery Order may be executed in counterparts with the same force

5  and effect as if executed in one complete document, and facsimile or scanned PDF

6  copies of original signatures shall have the same force and effect as originals.

7      20.    The Parties agree to be bound by the terms of this Discovery Order

8  pending entry of the Discovery Order by the Court.

9      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10 Respectfully submitted,

11 DATED:  April 19, 2013                    **KRONENBERGER ROSENFELD, LLP**

12

13                                          By: /s/ Jeffrey M. Rosenfeld

                                               Jeffrey M. Rosenfeld
14

15                                          Attorneys for Plaintiffs Amber Kristi Marsh
                                            and Stacie Evans
16

17 DATED:  April 19, 2013                    **ARIAS, OZZELLO & GIGNAC, LLP**

18

19                                          By: /s/ Denis M. Delja

                                               Denis M. Delja
20

21                                          Attorneys for Plaintiffs Amber Kristi Marsh
                                            and Stacie Evans

22 DATED:  April 19, 2013                    **DENNIS A. WINSTON A PROFESSIONAL
                                            LAW CORPORATION**
23

24                                          By: /s/ Dennis A. Winston

25                                             Dennis A. Winston

26                                          Attorney for Defendants Zaazoom
                                            Solutions, LLC; Zaza Pay LLC,
27                                          MultiECom, LLC, Online Resource Center,
                                            LLC, and Data Processing Systems, LLC
28

   Case No. 4:11-cv-05226-YGR (KAW)               **STIP AND [PROP] ORDER CONCERNING
                                                  DISCOVERY AND CONFIDENTIALITY**

1   DATED:  April 19, 2013              **DLA PIPER LLP (US)**

2

3                                       By: /s/ Paul J. Hall
                                             Paul J. Hall

4

5                                       Attorney for Defendant First Bank of
                                        Delaware

6   DATED:  April 19, 2013              **GRAY DUFFY LLP**

7

8                                       By: /s/ Richard M. Williams
                                             Richard M. Williams

9

10                                      Attorney for Defendants First National Bank
                                        of Central Texas and Jack Henry &
11                                      Associates

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY DISCOVERY ORDER

By this Acknowledgement and Agreement to be Bound (the "Certification"), I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order Concerning Discovery and Confidentiality ("Discovery Order") that was issued by the United States District Court for the Northern District of California in the case entitled, *Marsh, et al. v. Zaazoom Solutions, LLC, et al.,* Case No. 11-cv-05226-YGR (the "Action").  I agree to comply with and to be bound by all the terms of this Discovery Order and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt.  I agree that I will not disclose in any manner any Protected Material (as defined in the Discovery Order) or any other item that is subject to this Discovery Order to any person or entity except in compliance with the Discovery Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Discovery Order, even if such enforcement proceedings occur after termination of this Action.

Dated:_____

NAME:            _____

SIGNATURE:    _____

ADDRESS:       _____

                         _____

TELEPHONE:    _____

**STIP AND [PROP] ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY**

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
9
**OAKLAND DIVISION**

10

11

AMBER KRISTI MARSH and | **CLASS ACTION**
12
STACIE EVANS, individually and on
behalf of a class of similarly situated | Case No. 4:11-cv-05226-YGR (KAW)
13
persons,

**[PROPOSED] ORDER RE:**
14
Plaintiffs, | **STIPULATED PROTECTIVE ORDER**
**CONCERNING DISCOVERY AND**
15
**CONFIDENTIALITY**

16
vs.

17
ZAAZOOM SOLUTIONS, LLC, *et al.*,

18
Defendants.

19

20          Based upon the foregoing Stipulation of the Parties, and good cause appearing

21  thereby, IT IS SO ORDERED.

22

    Dated: April 25, 2013
23
    MAGISTRATE JUDGE KANDIS A. WESTMORE

24

25

26

27

28

Case No. 4:11-cv-05226-YGR (KAW)          **STIP AND [PROP] ORDER CONCERNING**
                                          **DISCOVERY AND CONFIDENTIALITY**