**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMBER KRISTI MARSH,<br><br>    Plaintiff,<br><br>vs.<br><br>ZAAZOOM SOLUTIONS, et al.,<br><br>    Defendants. | Case No.: 11-cv-5226 YGR (KAW)<br><br>ORDER REGARDING DISCOVERY DISPUTES |

In this putative class action, Plaintiffs Amber Kristi Marsh and Stacie Evans ("Plaintiffs") allege that Defendants ZaaZoom Solutions, LLC, Automated Electronic Checking, Inc., and Data Processing Systems, LLC, ("Defendants"), together with other Defendants who have not joined in the discovery disputes presently before the Court, operated an internet scam in which remotely created checks were created to pay monthly membership fees for coupon services, using Plaintiffs' personal and banking information, which the Plaintiffs had entered on websites for the purpose of obtaining payday loans.

On April 19, 2013, Plaintiffs' counsel filed a joint letter brief regarding a discovery dispute. Dkt # 160. On April 23, the parties filed a stipulated protective order, which the undersigned entered on April 25. Dkt # 161, 162. On April 26, Plaintiffs' counsel filed a second joint letter brief regarding a second discovery dispute. Dkt # 163.

1    The Court notes that neither joint letter is signed by counsel for Defendants. This deficiency
2 violates the Court's standing order. *See* Standing Order for Magistrate Judge Kandis A. Westmore at
3 2 ("the parties shall draft and file a jointly signed letter").

4    The first joint letter is about Defendants' responses to Plaintiffs' discovery requests.
5 Plaintiffs served one set of interrogatories and one set of requests for production on each of the
6 Defendants listed above. According to the first joint letter, Defendants have objected to all of the
7 discovery, and have not provided answers to any of the interrogatories, or produced any documents.
8 Dkt #160 at 3-4 ("Defendants did not produce a single document nor any relevant information.
9 Instead, Defendants relied on a series of boilerplate objections and claimed they did not have the
10 resources to respond"). But according to the second joint letter, Defendants have provided some
11 discovery responses in response to the interrogatories, including some of the identities of ZaaZoom
12 Solutions LLC's former employees, and the existence of an insurance policy pursuant under which
13 Defendants are seeking coverage. *See* Dkt # 163 at 3-4. The parties attached copies of the discovery
14 propounded, but not of Defendants' responses, to the first joint letter. It is unclear whether, and to
15 what extent, Defendants have responded to the discovery requests.

16    Plaintiffs' discovery seeks the following information: contact and other identifying
17 information for members of the ZaaZoom class action; copies of and identification of remotely
18 created checks pertaining to this suit; documents evidencing the consent of persons to enroll in the
19 coupon program; documents showing refunds made by Defendants; identification of membership
20 program websites and affiliates, copies of the ZaaZoom and payday loan websites, and agreements,
21 communications, and payments between the operators of ZaaZoom and payday loan websites;
22 website traffic data about the ZaaZoom websites; identification of payment processors, and
23 agreements and communications between ZaaZoom and its payment processors; complaints and
24 customer service inquiries about the ZaaZoom programs, and identification of persons who provided
25 customer service; identification of employees and former employees; identification of banks where
26 Defendants had depository accounts, and into which remotely created checks were deposited; and
27 identification of insurance policies that might provide coverage in this action.

This case has not yet been certified as a class action. Pre-certification discovery of class information is proper when the plaintiff either makes a prima facie showing that Rule 23 is satisfied or when the plaintiff shows "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Here, it does not appear that Plaintiffs have done so. Plaintiffs' portion of the joint letter does not address Rule 23 standards, or explain how the discovery sought is likely to produce substantiation of the class allegations. Nor have Plaintiffs argued that some of the discovery they seek is merits discovery, rather than class discovery, and that merits discovery is appropriate at this stage of the proceedings. *See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 594 (9th Cir. 2010), rev'd on other grounds, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (U.S. 2011) ("district courts retain wide discretion in class certification decisions, including the ability to cut off discovery to avoid a mini-trial on the merits at the certification stage"). Because these issues must be resolved, the Court will not, at this time, address Defendants' request for sharing of the discovery costs or Defendants' objection to some of the discovery on the basis of the putative class members' privacy. Plaintiffs' request in the first joint letter to compel discovery is, therefore, denied without prejudice.

The parties may re-file a joint letter signed by counsel for both parties, explaining what, if any, discovery has already been produced, with copies of relevant discovery requests and responses, and discussing the relevant pre-certification discovery standards. Further meet and confer before refiling a joint letter is encouraged.

The second joint letter is about Defendants' initial disclosures. Federal Rule of Civil Procedure 26(a)(1)(c) requires a party to make initial disclosures at or within 14 days of the Rule 26(f) conference, unless a different time is set by stipulation or court order. The parties stipulated to serve their initial disclosures by March 29, 2013. *See* Dkt # 145 at 12. Plaintiffs and the other Defendants in the case met this deadline, but the Defendants who are a party to this joint letter did not. Defendants state that the parties subsequently modified this agreement through the meet and confer process, and that the parties agreed that the initial disclosures should coincide with the production of the rest of the discovery. Plaintiffs contend that the initial disclosures are untimely, and seek evidentiary sanctions.

It appears that there is no further stipulation or court order modifying the due date of the initial disclosures. As such, Defendants' initial disclosures are past due. Within seven days of the date of this order, the parties are ordered to again meet and confer to agree on a date by which Defendants' initial disclosures will be produced. Defendants may not refuse to produce the initial disclosures based on the timing of other discovery. If the parties are unable to fully resolve the dispute through the meet and confer process, they shall file another joint letter to the Court, at which point the Court will consider awarding sanctions against Defendants or Defendants' counsel.

Accordingly, it is hereby ORDERED that:

1. The relief requested in the parties' joint letters is denied without prejudice. *See* Dkt # 160, 163.

2. The parties shall meet and confer within seven days of the date of this order regarding the production of Defendants' initial disclosures.

DATE: May 1, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE