1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **NORTHERN DISTRICT OF CALIFORNIA**

7

8 | AMBER KRISTI MARSH, et al., | Case No.: 11-cv-5226 YGR (KAW)

9 | Plaintiffs, | ORDER ON DISCOVERY DISPUTE

10

11 | vs.

12 | ZAAZOOM SOLUTIONS, et al.,

13 | Defendants.

14

15

16     In this putative class action, Plaintiffs Amber Kristi Marsh and Stacie Evans ("Plaintiffs")

17 allege that Defendants ZaaZoom Solutions, LLC, Automated Electronic Checking, Inc., and Data

18 Processing Systems, LLC, ("Defendants"), together with other Defendants who have not joined in

19 the discovery disputes presently before the Court, operated an internet scam in which remotely

20 created checks were created to pay monthly membership fees for coupon services, using Plaintiffs'

21 personal and banking information, which the Plaintiffs had entered on websites for the purpose of

22 obtaining payday loans.

23     On June 14, 2013, the parties filed a joint letter regarding a discovery dispute about

24 Defendants' responses to Plaintiffs' interrogatories and document requests. *See* Dkt # 170. The

25 parties disagree regarding three issues: (1) whether Plaintiffs have made a prima facie showing that

26 Fed. R. Civ. P. 23 is satisfied, or the discovery sought is likely to produce substantiation of the class

27 allegations; (2) whether the stipulated protective order is adequate to protect the class members'

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   privacy; and (3) whether Defendants are entitled to cost-shifting.  The Court rules in favor of

2   Plaintiffs with respect to each issue.

3        Plaintiffs' discovery seeks the following information: contact and other identifying

4   information for members of the ZaaZoom class action; copies of and identification of remotely

5   created checks pertaining to this suit; documents evidencing the consent of all persons to enroll in

6   the coupon program; documents showing refunds made by Defendants; identification of membership

7   program websites and affiliates, copies of the ZaaZoom and payday loan websites; agreements,

8   communications, and payments between the operators of ZaaZoom and payday loan websites;

9   website traffic data about the ZaaZoom websites; identification of payment processors, and

10  agreements and communications between ZaaZoom and its payment processors; complaints and

11  customer service inquiries about the ZaaZoom programs, and identification of persons who provided

12  customer service; identification of employees and former employees; identification of banks where

13  Defendants had depository accounts, into which remotely created checks were deposited; and

14  identification of insurance policies that might provide coverage in this action.

15       The Court addresses each of the issues identified by the parties in turn.

16  **1.     Pre-certification discovery of class information is proper.**

17       The parties disagree whether discovery of class information is appropriate at this stage of the

18  proceedings.  This case has not yet been certified as a class action.  Pre-certification discovery of

19  class information is proper when the plaintiff either makes a prima facie showing that Rule 23 is

20  satisfied or when the plaintiff shows "that discovery is likely to produce substantiation of the class

21  allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

22       Here, Defendants brought a motion to dismiss the third amended complaint on the basis that

23  it failed to state claims sufficient for a legally cognizable class action.  Specifically, Defendants

24  argued that Plaintiffs' claims, on their face, depended on predominantly individual issues as to each

25  of the Plaintiffs state of mind, and Defendants' conduct.  Judge Gonzalez Rogers rejected these

26  arguments and denied Defendants' motion to dismiss, writing, "[g]ranting a motion to dismiss class

27  allegations at the pleading stage is rare, and the better practice is to deny such a motion until the case

28  evolves more fully through discovery."  Dkt # 132 at 30.

United States District Court
Northern District of California

1    Thus, by denying Defendants' motion to dismiss and approving of discovery, Judge Gonzalez

2    Rogers implicitly found that Plaintiffs had made a sufficient showing regarding class certification, or

3    that discovery was likely to produce substantiation of the class allegations.  *See Nguyen v. Baxter*

4    *Healthcare Corp.*, 275 F.R.D. 503, 507 (C.D. Cal. 2011) (stating that "after a prima facie case is

5    alleged and a motion to dismiss is denied, pre-certification communication by class counsel with

6    potential class members must be permitted").  *See also Dukes v. Wal-Mart Stores, Inc*., 603 F.3d

7    571, 594 (9th Cir. 2010), rev'd on other grounds, 131 S. Ct. 2541 (2011) ("district courts retain wide

8    discretion in class certification decisions" regarding precertification discovery).  Because Judge

9    Gonzalez Rogers made this finding, discovery of class information must be permitted.

10    Defendants argue that because their initial disclosures have shown that "the putative class

11    members, including class plaintiffs Evans and Marsh, were provided specific notice through double

12    email confirmations of their decisions to sign up for coupon club membership," further discovery

13    should not be permitted.  Similarly, Defendants argue that the named Plaintiffs should not be

14    allowed to represent the class because they admitted that they received email confirmations of their

15    decision to join the coupon clubs.  Essentially, Defendants argue that their initial disclosures prove

16    the allegations in the complaint—that the class members were signed up for the coupon club

17    membership without their consent—are false, and therefore, that regardless of Judge Gonzalez

18    Rogers' earlier ruling that discovery should be conducted, this Court should not allow the discovery

19    to go forward.  In other words, Defendants ask this Court to make a finding on the merits that the

20    allegations in Plaintiffs' complaint are false, and cut off Plaintiffs' ability to conduct discovery to

21    prove their allegations.  The Court rejects this argument.  Defendants' argument that the named

22    Plaintiffs may not represent the class, on the basis of evidence that they consented to join the coupon

23    clubs, would more properly be raised in a motion for summary judgment before Judge Gonzalez

24    Rogers, as it requires an evidentiary finding regarding the merits of those Plaintiffs' claims.

25    Defendants briefly argue that Plaintiffs should not be allowed to have "unfettered access to

26    contact" the entire nationwide class.  Defendants' rationale is unclear.  They do not appear to argue

27    that such discovery is overly burdensome.

28

United States District Court
Northern District of California

1    Finally, Defendants argue that the discovery sought reveals embarrassing information

2    regarding the putative class members.  This argument is addressed in the section below.

3    **2.      The stipulated protective order adequately protects potential class members'**

4    **privacy.**

5    As stated above, Defendants argue that some of the discovery Plaintiffs seek contains

6    "potentially embarrassing information" about potential class members.  Specifically, Defendants

7    argue that the disclosure of the class members' names, and in some cases, that their checks were

8    returned for insufficient funds, is embarrassing to the class members.

9    Where discovery is relevant, but involves the disclosure of private information, the Court

10   must perform "a 'careful balancing' of the 'compelling public need' for discovery against the

11   'fundamental right of privacy.'"  *Artis v. Deere & Co.*, 276 F.R.D. 348, 352-53 (N.D. Cal. 2011)

12   (citations omitted).

13   The parties have entered into a stipulated protective order in this case.  *See* Dkt # 162.  They

14   have agreed that personal financial and banking information about clients and customers of

15   Defendants shall be designated "Attorneys' Eyes Only Information."  The information that class

16   members' checks were returned for insufficient funds falls into this category, and appears to be

17   adequately protected by the protective order.  In addition, the parties have agreed that "confidential,

18   private consumer, and/or proprietary information that has not been made available to the general

19   public that concerns or relates to proprietary, business or personal financial information, and/or any

20   other information that the Producing Party contends should be protected from disclosure and that

21   may be subject to a protective order under FRCP (26)(c)" shall be designated as "Confidential

22   Information" and be protected from disclosure.  It appears that any documents containing the class

23   members' basic contact information falls into this category, and would be protected from disclosure

24   by the protective order.

25   Defendants do not explain why the protective order is inadequate to protect potential class

26   members from embarrassment, other than arguing that "the very act of contacting" the potential class

27   members is potentially embarrassing to them.  The Court notes that unlike other cases, being named

28   as a member of the class in this case is indeed potentially embarrassing, as it indicates that the class

1  member may have been suffering from financial problems.  *See Bottoni v. Sallie Mae, Inc.*, C 10-

2  03602 LB, 2012 WL 8304347 (N.D. Cal. June 1, 2012) ("The court's general view is that ordinarily,

3  protective orders are enough, but this case involves special privacy concerns because the class

4  members defaulted on their loans.").  However, it is difficult to understand how the act of contacting

5  the potential class members would result in embarrassment to them.  The act of contacting them

6  involves nothing more than a phone call or a letter, and does not involve any public disclosure of

7  their identity.  On the other side of the balancing equation, Plaintiffs have a compelling need to

8  contact the potential class members in this case to develop their claims.  Accordingly, the Court

9  finds that the protective order is sufficient to protect the potential class members' privacy interests in

10  this case.  *See Willner v. Manpower, Inc.*, C 11-2846 JSW MEJ, 2012 WL 4902994 at *5-*6 (N.D.

11  Cal. Oct. 16, 2012) (in class action where plaintiffs sought the disclosure of names, mailing

12  addresses, email addresses, and phone numbers of putative class members, holding that "Defendant's

13  privacy objections must yield to Plaintiff's request for the information" and noting that the "parties

14  can craft a protective order that limits the use of any contact information to the parties in this

15  litigation and protects it from disclosure").

16      Defendants propose that the Court impose "a sampling of the class plaintiffs' information

17  under procedures by which class plaintiffs could chose to opt-in the class if they chose" and assert,

18  "[s]ampling would minimize the burden and potential embarrassment for all."  Joint Letter at 10.

19  But in general, sampling is a tool for dealing with overly burdensome discovery requests.  *See*, *e.g.*,

20  *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 503 (E.D. Cal. 2012) reconsideration

21  denied, CIV-F-09-0701 AWI, 2013 WL 1222055 (E.D. Cal. Mar. 25, 2013).  *Cf. Feske v. MHC*

22  *Thousand Trails Ltd. P'ship*, 11-cv-4124-PSG, 2012 WL 1123587 (N.D. Cal. Apr. 3, 2012) (finding

23  that sampling was appropriate to address privacy concerns of third parties where the burden or

24  expense of the proposed discovery outweighed its likely benefit).  Defendants do not appear to argue

25  that the discovery requests are overly burdensome.  Sampling would do nothing to protect the

26  privacy of the potential class members who are included in the sample.  As Defendants do not argue

27  that the discovery is overly burdensome, the Court rejects Defendants' proposal that sampling be

28  used.

United States District Court
Northern District of California

5

### 3.      Cost sharing is not appropriate.

Defendants argue that Plaintiffs should share the costs of producing the discovery, because Defendants are now defunct business entities and do not have the resources to respond to the discovery requests.

Generally, there is a presumption that a responding party must bear the expense of complying with discovery requests, but if the discovery is unduly burdensome or expensive, the responding party may seek an order "conditioning discovery on the requesting party's payment of the costs." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).  When the discovery sought is electronically stored, this test "turns primarily on whether it is kept in an accessible or inaccessible format."  *OpenTV v. Liberate Technologies*, 219 F.R.D. 474, 476 (N.D. Cal. 2003), citing *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003).  Cost-sharing should only be considered when inaccessible data is sought.  *See Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003).  Defendants do not argue that the data is in an inaccessible format; Plaintiffs represent that Defendants stated during the meet and confer process that they do not know the format in which the data is kept.  Accordingly, the presumption that Defendants must bear the costs of discovery has not been overcome.

Even if the data were inaccessible, cost-sharing would likely not be appropriate.  Courts consider the following factors would be considered in determining whether cost-sharing is appropriate: 1) the extent to which the request is specifically tailored to discover relevant information; 2) the availability of such information from other sources; 3) the total cost of production, compared to the amount in controversy; 4) the total cost of production, compared to the resources available to each party; 5) the relative ability of each party to control costs and its incentive to do so; 6) the importance of the issues at stake in the litigation; and 7) the relative benefits to the parties of obtaining the information. *OpenTV v. Liberate Technologies*, 219 F.R.D. at 476.  Defendants do not discuss these factors, and it appears to the court that only factor four, the total cost of production compared to the resources available to each party, weighs in favor of cost-sharing, while the other factors are neutral or weigh against cost-sharing.

United States District Court
Northern District of California

Accordingly, Defendants have not overcome the presumption that they must bear the expense of responding to discovery, and cost-sharing is not appropriate.

Accordingly, it is hereby ORDERED that the relief requested by Defendants in the joint letter is denied.  Defendants shall respond to Plaintiffs' discovery requests within 30 days of the date of this order.

DATE: July 5, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California