**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

**ARIAS, OZZELLO & GIGNAC, LLP**
Mike Arias (CA Bar No. 115385)
Alfredo Torrijos (CA Bar No. 222458)
6701 Center Drive West, 14th Floor
Los Angeles, California 90045-1558
Telephone: (310) 670-1600
Facsimile:  (310) 670-1231
marias@aogllp.com
atorrijos@aogllp.com

Attorneys for Plaintiffs
AMBER KRISTI MARSH AND STACIE EVANS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **AMBER KRISTI MARSH** and **STACIE EVANS,** individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**ZAAZOOM SOLUTIONS, LLC**, *et al.*,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No. 3:11-cv-05226-WHO<br><br>**PLAINTIFFS' REQUEST FOR CLERK TO ENTER DEFAULT AGAINST DEFENDANTS ZAAZOOM SOLUTIONS, LLC, ZAZA PAY LLC, MULTIECOM, LLC, ONLINE RESOURCE CENTER, LLC, AUTOMATED ELECTRONIC CHECKING, INC., AND DATA PROCESSING SYSTEMS, LLC** |

Case No. 3:11-cv-05226-WHO                **REQUEST FOR CLERK TO ENTER DEFAULT**

EAST\59876597.2

1 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2 Plaintiffs Amber Kristi Marsh and Stacie Evans hereby request that the Clerk of the above-entitled Court enter default in this action against defendants ZaaZoom Solutions, LLC, ZaZa Pay LLC, MultiECom, LLC, Online Resource Center, LLC, Automated Electronic Checking, Inc., and Data Processing Systems, LLC (collectively, the "ZaaZoom Defendants"). The entry of default is appropriate in this situation because the ZaaZoom Defendants are corporations or other artificial entities, which are not represented by licensed counsel.

Pursuant to Rule 55(b)(2), the Court may enter a default judgment where the clerk, under Rule 55(a), has previously entered the party's default based upon failure to plead or otherwise defend the action. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010). Courts in the Ninth Circuit have held that corporations and other artificial entities must be represented by licensed counsel to defend a lawsuit. *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). While natural persons who are *pro se* litigants can represent themselves, they cannot represent corporations, companies or other artificial entities. *See Dr. JKL Ltd.*, 749 F. Supp. 2d at 1046.

The entry of default and default judgment may be imposed for a corporation's failure to engage licensed counsel to represent it. *See Dr. JKL Ltd.*, 749 F. Supp. 2d at 1046. Where an attorney initially appears for a corporation but later withdraws as counsel, and the corporation fails to engage replacement counsel, entry of default is appropriate. *See High Country Broad. Co., Inc.*, 3 F.3d at 1245 (entry of default against corporation was appropriate where attorney had appeared for corporation in district court for limited purpose of filing answer in cross complaint, court had ordered corporation to retain counsel for the remainder of the litigation but corporation failed to do so); *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993 (9th Cir. 2007) (entry of default against corporation was warranted in action asserting delinquent contributions to employee benefit plans, where corporation conceded that it

violated local court rule requiring corporation to be represented by counsel, and corporation's former attorney provided corporation with actual notice of this requirement before he withdrew).

The case here is analogous to *High Country Broad. Co.* and *Employee Painters' Trust.* The ZaaZoom Defendants are all corporations or other artificial entities. The ZaaZoom Defendants were previously represented by Dennis Winston. (Declaration of Jeffrey M. Rosenfeld in Support of Request for Clerk to Enter Default ("Rosenfeld Decl.") ¶2.) In July 2013, Dennis Winston passed away. (Rosenfeld Decl. ¶3 & Ex. A.) On July 24, 2013, Plaintiffs' counsel was contacted by Gary Crandall, a Colorado attorney who had served as an outside general counsel for some if not all of the ZaaZoom Defendants. (Rosenfeld Decl. ¶3 & Ex. A.) Mr. Crandall informed Plaintiffs' counsel of Mr. Winston's passing and informed Plaintiffs' counsel that the ZaaZoom Defendants were exploring their options for new legal representation. (Rosenfeld Decl. ¶3 & Ex. A.)

On October 8, 2013, the Court held a case management conference. In anticipation of the case management conference, Plaintiffs' counsel sent Mr. Crandall a draft of the parties' joint case management statement and informed Mr. Crandall of the upcoming conference. (Rosenfeld Decl. ¶4 & Ex. B.) In response, Mr. Crandall stated that "ZaaZoom cannot hire new counsel at this time." (Rosenfeld Decl. ¶4 & Ex. B.) Following the case management conference, Plaintiffs' counsel contacted Mr. Crandall and informed him that unless the ZaaZoom Defendants found new counsel, Plaintiffs would seek entry of default. (Rosenfeld Decl. ¶5 & Ex. C.)

In summary, default against the ZaaZoom Defendants is appropriate because the ZaaZoom Defendants are artificial persons that have not retained licensed counsel to represent them despite the passage of several months.

## **CONCLUSION**

For the reasons set forth above, the Clerk should enter default in this action against defendants ZaaZoom Solutions, LLC, ZaZa Pay LLC, MultiECom, LLC, Online Resource Center, LLC, Automated Electronic Checking, Inc., and Data Processing

1  Systems, LLC.

3  Respectfully Submitted,

4  DATED: October 22, 2013

**KRONENBERGER ROSENFELD, LLP**

By: ___s/ Jeffrey M. Rosenfeld___
       Jeffrey M. Rosenfeld

Attorneys for Plaintiffs