UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER KRISTI MARSH, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>FIRST BANK OF DELAWARE, et al.,<br><br>　　　　　Defendants. | Case No. 11-cv-05226-WHO<br><br>**ORDER DENYING MOTION TO SEAL**<br>Re: Dkt. No. 220 |

On December 27, 2013, the plaintiffs filed an Administrative Motion to File Under Seal. Dkt. No. 220. The motion seeks to seal two categories of information: (1) documents designated as confidential by defendants Jack Henry & Associates, Inc., and First National Bank of Central Texas, and (2) documents containing personal information about plaintiffs and third parties.

For the reasons below, the motion is DENIED.

## LEGAL STANDARD

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). But this right is not absolute. To balance the competing interests of the public's right of inspection against litigants' need for confidentiality, a party seeking to file under seal matters related to dispositive motions must provide "compelling reasons" to do so; similarly, a party seeking to file under seal matters related to non-dispositive motions must provide "good cause" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Even under the laxer "good cause" standard, a party seeking to seal materials must make a "particularized showing . . . with respect to any individual document" to justify its request. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). Under that standard,

a party that only offers "tepid and general justifications" necessarily "fail[s] to demonstrate any specific prejudice or harm." *See Kamakana*, 447 F.3d at 1186. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

## DISCUSSION

Under Civil Local Rule 79-5(e)(1), if a party seeks to file under seal materials designated as confidential by another party, the designating party must submit within four days a declaration establishing that the information sought to be filed under seal is sealable. Where a party fails to support sealing with the required declaration, the motion to file under seal should be denied. *See Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. 12-cv-3856-PJH, 2013 WL 897914, at *2-*3 (N.D. Cal. Mar. 8, 2013).

The plaintiffs seek to file under seal Exhibits 16-19, 21, and 23-31 of the Declaration of Jeffrey M. Rosenfeld in Support of Plaintiff's Motion for Class Certification. These are documents designated as confidential by defendants Jack Henry & Associates, Inc., and First National Bank of Central Texas. The defendants, however, have not submitted the declaration required by Civil Local Rule 79-5(e)(1). That alone warrants denying the motion to seal.

Even if the defendants filed the requisite declaration, the motion to seal would be denied for failing to comply with Civil Local Rule 79-(5)(b), which requires all such motions to be "narrowly tailored to seek sealing only of sealable material." This motion, however, indiscriminately seeks to seal over 300 pages of documents, many portions of which do not appear to be sealable material. Documents sought to be sealed must be carefully redacted to ensure that only sealable material is protected. In a class action, the public right of access to court documents is especially heightened. This motion, however, fails to adhere to the Court's rules and Ninth Circuit law.

The plaintiffs also seek to seal Exhibits 12-14, 20, 32-35 of the Declaration of Jeffrey M. Rosenfeld in Support of Plaintiff's Motion for Class Certification. The plaintiffs seek to seal these documents "because they contain [ ] personal information about Plaintiffs and third parties."

1  The motion to seal these documents should also be denied for failing to be "narrowly
2  tailored to seek sealing only of sealable material." Again, the plaintiffs indiscriminately seek to
3  seal a voluminous amount of documents containing material that does not appear to be sealable.
4  Personal information only—such as names, addresses, emails, and bank numbers—should be
5  redacted. Yet the plaintiffs attempt to shield wholesale documents which the public has the right
6  to access. *Kamakana*, 447 F.3d at 1178-79.

7  The Court will deny this motion for the additional reason that it fails to comply with Civil
8  Local Rule 79-5(d)(2), which, among other things, requires that "[t]he courtesy copy of unredacted
9  declarations and exhibits [ ] be presented in the same form as if no sealing order was being sought.
10 In other words, if a party is seeking to file under seal one or more exhibits to a declaration, or
11 portions thereof, the courtesy copy should include the declaration with all of the exhibits attached,
12 including the exhibits, or portions thereof, sought to be filed under seal, with the portions to be
13 sealed highlighted or clearly noted as subject to a sealing motion." The plaintiffs did provide this.

**CONCLUSION**

Because the plaintiffs fail to substantively and procedurally comply with the Court's rules and Ninth Circuit law concerning motions to seal, the motion to seal is DENIED WITHOUT PREJUDICE. The hearing on the Motion for Class Certification and for Appointment of Class Counsel (Dkt. No. 214) currently scheduled for February 5, 2014, as well as the hearing on the Motion to Strike Class Allegations (Dkt. No. 208) scheduled for the same day, is VACATED. The plaintiffs are ORDERED to re-file a motion to seal that fully complies with Civil Local Rule 79-5 promptly. The Court will then set a new hearing date for the Motion for Class Certification and for Appointment of Class Counsel and the Motion to Strike Class Allegations.

**IT IS SO ORDERED.**

Dated: January 13, 2014

WILLIAM H. ORRICK
United States District Judge