1

2

3                     UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6    AMBER KRISTI MARSH, et al.,              Case No. 11-cv-05226-WHO

                       Plaintiffs,
7
                                              ORDER TO SHOW CAUSE WHY
8              v.                             DEFAULT SHOULD NOT BE
                                              ENTERED
9    FIRST BANK OF DELAWARE, et al.,

10                     Defendants.

11

12         On October 22, 2013, the plaintiffs filed Plaintiffs' Request For Clerk To Enter Default

13   Against Defendants Zaazoom Solutions, LLC, Zaza Pay LLC, Multiecom, LLC, Online Resource

14   Center, LLC, Automated Electronic Checking, Inc., and Data Processing Systems, LLC

15   (collectively, "the Zaazoom defendants"), because each of these entities had been unrepresented

16   by licensed counsel since the death of Dennis A. Winston, Esq., their previous counsel, on July 17,

17   2013.  On October 24, 2013, the Court ordered the Zaazoom defendants to show cause why

18   default and default judgment should not be entered against them for not being represented by

19   counsel before the Court.  Dkt. No. 187.  In particular, the Court ordered the Zaazoom defendants

20   to respond within 30 days or default shall be entered against them, and ordered the plaintiffs to

21   serve the order on the Zaazoom defendants by mail.  The Court stated that the order shall be

22   vacated if counsel appears on behalf of the Zaazoom defendants.  The plaintiffs certified that they

23   served the Zaazoom defendants.  Dkt. No. 188.

24         Because defendants Zaazoom Solutions, LLC, Zaza Pay LLC, Multiecom, LLC, Online

25   Resource Center, LLC, and Automated Electronic Checking, Inc., did not respond, nor did counsel

26   appear on their behalf, the Court ordered that default judgment be entered against them.  Dkt. No.

27   195.

28         In the order entering default judgment, the Court noted that the docket reflected that Data

1    Processing Systems, LLC, was represented by the law firm of Sheppard Mullin Richter &

2    Hampton LLP.  Based on this, the Court did not enter default against Data Processing Systems.

3          On December 26, 2013, counsel Neil Popovic, Esq., of Sheppard Mullin filed a status

4    report informing the Court that Mr. Winston had replaced him and Sheppard Mullin as counsel for

5    Data Processing Systems.  Dkt. No. 213.  Although the parties filed a Consent Order Granting

6    Substitution of Attorney on April 13, 2012, Dkt. No. 102, the order was not processed due to a

7    filing error, but Mr. Winston died before the error could be corrected.  Sheppard Mullin thus

8    remained on the docket as counsel.

9          At a hearing on January 15, 2014, Mr. Popovic appeared and raised this issue with the

10   Court.  The Court construes counsel's request as a motion to withdraw.  That motion is granted,

11   conditioned on the final acts described in the concluding paragraph below.

12         As the Court explained in its Order, corporations and limited liability companies can only

13   appear in federal court through counsel.  *Rowland v. Calif. Men's Colony, Unit II Men's Advisory

14   Council*, 506 US 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F. 3d 1244, 1245

15   (9th Cir. 1993); CIVIL LOCAL RULE 3-9(b) ("A corporation, unincorporated association,

16   partnership or other such entity may appear only through a member of the bar of this Court.").

17         Based on the foregoing and the Court's earlier Order to Show Cause, the Court ORDERS

18   Data Processing Systems to show cause why default and default judgment should not be entered

19   against it for not being represented by counsel before the Court.  *See Employee Painters' Trust v.

20   Ethan Enters., Inc.,* 480 F. 3d 993, 998 (9th Cir. 2007).  Data Processing Systems shall respond to

21   this Order within 15 days from the date below or default shall be entered against it.  This Order

22   shall be vacated if counsel appears on behalf of Data Processing Systems within 15 days.

23

24

25

26

27

28

United States District Court
Northern District of California

2

1    The Court further ORDERS Mr. Popovic (1) to serve a copy of this Order on Data

2    Processing Systems by mail to its last known address and (2) to file a certificate of service within

3    three days from the date below.

4    **IT IS SO ORDERED.**

5    Dated: January 16, 2014



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

3