UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company, **ZAZA PAY LLC**, a Delaware Limited Liability Company dba Discount Web Member Sites, LLC, Unlimited Local Savings, LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and RaiseMoneyForAnything; **MULTIECOM, LLC**, a Colorado Limited Liability Company dba Online Discount Membership, Web Discount Company, and Liberty Discount Club; **ONLINE RESOURCE CENTER, LLC**, a Delaware Limited Liability Company dba Web Coupon Site, USave Coupon, and UClip; **MOE TASSOUDJI**, an individual, **BILL CUEVAS**, an individual, **FIRST BANK OF DELAWARE**, a Delaware Corporation, **FIRST NATIONAL BANK OF CENTRAL TEXAS**, a Texas Corporation; **SUNFIRST BANK**, a Utah Corporation; **JACK HENRY & ASSOCIATES, INC.**, a Delaware Corporation dba ProfitStars; **AUTOMATED ELECTRONIC CHECKING, INC.**, a Nevada Corporation; **DATA PROCESSING SYSTEMS, LLC**, a Delaware Limited Liability Company and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.  3:11-cv-05226-WHO<br><br>**ORDER CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |

-1-

On January 15, 2014, the Court held a hearing on Plaintiff Stacie Evans's unopposed motion for certification of a settlement class and for preliminary approval of a class action settlement. The Court, having considered the motion and the Parties' proposed settlement, grants Plaintiff's motion as follows:

1.  The Court has reviewed the terms of the Parties' Settlement Agreement ("Agreement"), submitted as Exhibit 1 to the Kronenberger Declaration, Dkt. No. 198-1, and preliminarily finds that the Agreement, modified as agreed to by the parties at the hearing and as reflected in the modified Class Notice attached to this Order, appears sufficiently fair, reasonable, and adequate to warrant dissemination of class notice of the proposed settlement and to schedule a formal fairness hearing. The Court finds that the Agreement contains no obvious deficiencies and that the Parties entered into the settlement in good faith, following arm's length negotiations between their respective counsel. The Court adopts the definitions set forth in the Agreement and all defined words or phrases used in this Order shall have the same meaning as in the Agreement.

2.  The Court certifies the following class for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons whose banking accounts were drawn on by way of remotely created checks created by or on behalf of the ZaaZoom Defendants and deposited at First Bank of Delaware, or from whom Membership Fees were collected and deposited at First Bank of Delaware, or who incurred Bank Account Fees in connection with a collection or attempted collection of Membership Fees by any instrument deposited at First Bank of Delaware, from May 6, 2007 to January 15, 2014.

Excluded from the Settlement Class are defendant First Bank of Delaware ("FBD") and its subsidiaries and affiliates, employees, officers, directors, agents and representatives and their family members; Class Counsel; all judicial officers who have presided over the Action; and all persons who have timely elected to become Opt-Outs from the Settlement Class in accordance with this Order.

3.  The Court finds that, for the purpose of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the class. Joinder of all class members in a single proceeding would be impracticable, if not impossible, because of their

numbers and dispersion. Common issues exist among class members and predominate over questions affecting individual class members. Plaintiff's claims are typical of those of the Settlement Class. Plaintiff and her counsel will fairly and adequately protect the interests of the Settlement Class. Plaintiff has no interest antagonistic to those of the Settlement Class and has retained counsel experienced and competent to prosecute this matter on behalf of the class. Finally, a class settlement is superior to other available methods for a fair resolution of the controversy.

4.  The Court appoints Plaintiff Stacie Evans to serve as class representative. Further, pursuant to Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Karl S. Kronenberger, Jeffrey M. Rosenfeld, and Alison B. Kwan of Kronenberger Rosenfeld, LLP, and Mike Arias and Alfredo Torrijos of Arias Ozzello & Gignac LLP to serve as Class Counsel.

5.  Pursuant to Rule 23(c)(2)(B) and Rule 23(e) of the Federal Rules of Civil Procedure, the Court orders that the Settlement Class be given notice of the pendency of this action and the Parties' proposed settlement. The Court finds that the Class Notice dissemination procedure set forth in Paragraphs 57-63 of the Settlement Agreement, as modified by the parties at the hearing and reflected in the modified Class Notice attached to this Order, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements as set forth by law. Accordingly, the Court adopts and incorporates the Class Notice dissemination procedures set forth in Paragraphs 57-63 of the Agreement, as modified by the parties at the hearing and reflected in the modified Class Notice attached to this Order, into this Order.

6.  The Court approves the Class Notice, as modified in the attachment to this Order, and the Short Form Notice, Postcard Notice, Publication Notice, and Claim Form, attached as Exhibits A-E to the Agreement, which shall be modified to conform with the Court's modified

Class Notice.  The Court also approves the creation of a Settlement Website by the Settlement Administrator.

7.     The Court appoints KCC Class Action Services, LLC ("KCC"), as Settlement Administrator to disseminate notice to the Settlement Class and administer the settlement.  The Court orders KCC to:  (i) complete dissemination of notice to the Settlement Class by twenty-five (25) business days after entry of this order in accordance with Paragraphs 57-63 of the Agreement, as modified by the parties at the hearing and reflected in the modified Class Notice attached to this Order; (ii) file proof of the dissemination of notice to the Settlement Class at or before the Final Approval Hearing; (iii) establish a post office box in KCC's name to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other communications; (iv) promptly furnish Class Counsel, Defense Counsel, and FBD with copies of any and all written requests for exclusion, notices of intention to appear, or other communications from Settlement Class Members; and (v) provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) business days after the close of the 60-day opt-out period and file a declaration attesting to the completeness and accuracy thereof no later than three (3) business days thereafter or on such other date as the Parties may direct.

8.     The Court sets a Final Approval Hearing on **June 25, 2014, at 2 p.m.** to consider the fairness, reasonableness, and adequacy of the proposed settlement and Agreement and determine whether it should finally be approved by the Court.  At that time, the Court will hear any applications for attorney's fees, expenses, or incentive awards.

9.     The Court sets **March 28, 2014**, as the deadline for filing the final approval motion and the application for the Attorney's Fee Award.

10.    The Court sets **June 11, 2014**, as the deadline for filing any reply memorandum in further support of final approval of the proposed settlement or the Attorney's Fee Award application.

11.    The Court orders that any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must submit a written request for exclusion to the

Settlement Administrator via first class United States mail postmarked no later than **April 28, 2014**. Any Settlement Class Member who does not submit a timely written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

12. The Court orders that any Settlement Class Member who does not exclude himself or herself from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement, the proposed settlement, or to the Attorney's Fee Award should submit his or her objections to the Court at the address listed on the Class Notice, via first class United States mail postmarked no later than **May 26, 2014**, or by hand no later than the same date. The objection should be in writing, signed by the Settlement Class Member, and should contain all of the following information: (i) the objector's full name, address, and telephone number; (ii) the Membership Program(s) in which the objector was enrolled and for which deductions were taken from the objector's bank account; (iii) a written statement of all grounds for the objections accompanied, if possible, by any legal support for such objections; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) whether the objector intends to appear at the Final Approval Hearing; and (vi) if the objector intends to appear at the Final Approval Hearing through counsel, the identity of the attorney(s) representing the objector who will appear at the Final Approval Hearing. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement, the proposed settlement, or to the Attorney's Fee Award shall be at the Settlement Class Member's own expense. Any Settlement Class Member who does not file a timely written objection in accordance with the procedures stated herein shall be foreclosed from seeking any adjudication or review of this settlement by appeal or otherwise. The parties shall not have the right to depose any objector.

13. Any Settlement Class Member who timely files a written objection but whose objection is overruled by the Court will have ten (10) business days to file a Claim Form and become a member of the Settlement Class.

14. The Court preliminarily enjoins all Settlement Class Members unless and until they have timely excluded themselves from the Settlement Class (i) from filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding against FBD in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding against FBD as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims.

As set forth above, the Court preliminarily approves the Parties' class action settlement and Agreement.

**IT IS SO ORDERED.**

Dated: January 22, 2014

   The Honorable William H. Orrick
   United States District Judge

# IMPORTANT NOTICE

# YOU MAY BE ENTITLED TO BENEFITS FROM A CLASS ACTION SETTLEMENT

Subject to Court approval, as to First Bank of Delaware ("FBD") only, a proposed settlement has been reached in a class action alleging that ZaaZoom (defined below) attempted to withdraw money from consumers' bank accounts without authorization and deposited such funds at FBD. The lawsuit alleges, among other things, that ZaaZoom, along with other entities, obtained consumers' bank account information after they applied online for pay day loans, and used that information to enroll consumers in online membership programs without their knowledge or approval and then deposited such funds at FBD. The representative plaintiff claims that FBD, and other defendants, violated Federal electronic communications and banking laws, as well as California consumer protection laws. FBD strongly denies any claims of wrongdoing, but has agreed to settle the lawsuit (defined below) to avoid the burden and cost of further litigation.

You may be a Settlement Class Member if: **(1)** you were enrolled in an online membership program for discount coupon subscriptions, through use of a remotely created check ("RCC") created in your name, offered by any of ZaaZoom Solutions, LLC, Zaza Pay LLC, Discount Web Member Sites LLC, Unlimited Local Savings LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub LLC, RaiseMoneyForAnything, MultiEcom, LLC, Online Discount Membership, Web Discount Company, Liberty Discount Club, Online Resource Center, LLC, Web Coupon Site, USave Coupon, UClip, and/or any other entity offering discount coupon subscriptions controlled and operated by ZaaZoom Solutions, LLC and/or Zaza Pay LLC (collectively "ZaaZoom"); **AND (2)** you believe that you did not authorize ZaaZoom to create and deposit an RCC in your name; **AND (3)** your banking account was drawn on by way of an RCC and deposited at FBD, or Membership Fees were collected from your banking account and deposited at FBD, or you incurred Bank Account Fees, such as overdraft fees, in connection with a collection or attempted collection of Membership Fees by any instrument deposited at FBD, between May 6, 2007 and January 15, 2014. **If you received this notice, you have been identified as a likely Settlement Class Member based on our records.**

*Your Legal Rights Are Affected Even If You Do Not Act. Please Read This Notice Carefully.*

| A SUMMARY OF **YOUR** RIGHTS AND CHOICES | | |
|---|---|---|
| You May: | Summary: | Due Date: |
| Submit a Claim | You may be eligible to receive a Cash Payment if you qualify but you must submit a Claim Form. If you submit a Claim Form, you will be bound by the terms of the Settlement and give up your right to sue on your own regarding any claims that are part of the Settlement. | April 28, 2014 |
| Ask to be Excluded | You can opt out of the Settlement. If you do so you will not be eligible to receive a Cash Payment. But you retain the right to sue on your own regarding any claims that are part of the Settlement. | April 28, 2014 |

EAST\56949454.1

-ii-

| | | |
|---|---|---|
| Submit an Objection | You may write to the Court and explain why you do not like the Settlement.  You may appear and speak at the Fairness Hearing on your own or through a lawyer hired by you.  After your objection is heard by the Court you may file a Claim Form. | May 26, 2014 |
| Do Nothing | You receive no money or compensation. You give up the right to sue on your own regarding any claims that are part of the Settlement. | N/A |

**THESE RIGHTS AND OPTIONS
-AND THE DEADLINES TO EXERCISE THEM-
ARE EXPLAINED IN THIS NOTICE.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1. Why is There a Notice?........................................................................................... 1
2. What is a Class Action and Who is Involved?......................................................... 1
3. What Lawsuit is Involved in This Settlement?........................................................ 1
4. What is This Class Action About?........................................................................... 1
5. Why is There a Settlement? ..................................................................................... 1

**SETTLEMENT MEMBERS**

6. Am I a Member of the Settlement Class?................................................................ 2

**THE PROPOSED SETTLEMENT**

7. What Benefits Will I Receive as a Settlement Class Member?............................... 3
8. Are the Settlement Benefits Available Now?.......................................................... 3

**YOUR RIGHTS AND OPTIONS**

9. What Happens if I do Nothing? ............................................................................... 3
10. If I Remain in the Settlement Class, What Claims Do I Give Up?......................... 3
11. Why Would I Ask to be Excluded? ......................................................................... 5
12. How Do I Exclude Myself From the Settlement Class?.......................................... 5
13. Can I Object to the Settlement? ............................................................................... 5
14. When is the Fairness Hearing? ................................................................................ 7
15. Do I Have to Attend the Fairness Hearing?............................................................. 7
16. May I Speak at the Fairness Hearing? ..................................................................... 7

**THE LAWYERS REPRESENTING YOU**

17. Does the Settlement Class Have a Lawyer? ............................................................ 7
18. Should I Hire My Own Lawyer? ............................................................................. 7
19. How Will Class Counsel Be Paid?........................................................................... 7
20. Will the Class Representatives Request Any Payments In Addition to the Settlement Benefits? ................................................................................................ 8

**MORE INFORMATION**

21. Where Can I Get More Information?....................................................................... 8
22. May I Contact the Court or FBD Directly? ............................................................. 8

**BASIC INFORMATION**

1. **Why is There a Notice?**

   The purpose of this Notice is to inform potential Class Members about the proposed Settlement of a class action lawsuit before the Court decides whether to approve the Settlement. This Notice explains:

   o What the lawsuit and the Settlement are about.

   o Who is a member of the Settlement Class.

   o Who represents the Settlement Class Members in the lawsuit.

   o What your legal rights and choices are.

   o How and by when you need to act.

2. **What is a Class Action and Who is Involved?**

   In a class action lawsuit, one or more people, called "Class Representatives," sue on behalf of people who plaintiffs believe have similar claims. The people together are called the "Class" or "Class Members." One of the people who initiated this lawsuit, the Plaintiff, and the company being sued, First Bank of Delaware ("FBD"), have reached a proposed Settlement. The Court that is considering whether to approve the Settlement has allowed, or "certified," this case as a class action for purposes of settlement only, and all decisions that the Court makes concerning the Settlement will affect everyone in the Class.

3. **What Lawsuit is Involved In This Settlement?**

   A class action was filed in the United States District Court for the Northern District of California entitled *Amber Marsh and Stacie Evans et al., v. ZaaZoom Solutions, et al.,* Case No. 3:11-cv-05226-WHO (the "Class Action").

4. **What is This Class Action About?**

   This Class Action alleges that ZaaZoom Solutions, LLC, Zaza Pay LLC, Discount Web Member Sites LLC, Unlimited Local Savings LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub LLC, RaiseMoneyForAnything, MultiEcom, LLC, Online Discount Membership, Web Discount Company, Liberty Discount Club, Online Resource Center, LLC, Web Coupon Site, USave Coupon, UClip, and/or any other entity offering discount coupon subscriptions controlled and operated by ZaaZoom Solutions, LLC and/or Zaza Pay LLC (collectively "ZaaZoom") along with FBD and other defendants violated state and federal laws by attempting to withdraw money from consumers' bank accounts for Internet-based Membership Programs without the consumers' authorization.

   FBD strongly denies any wrongdoing, but has agreed to settle the lawsuit to avoid the burden and cost of further litigation.

5.  **Why is There a Settlement?**

    The Court did not decide in favor of Plaintiff or FBD.  The Class Representative and Class Counsel (listed below) believe that the claims asserted in the Class Action have merit, but believe that the Settlement is in the best interests of the Settlement Class. Class Counsel have evaluated information made available in the course of the lawsuit and settlement negotiations and have taken into account the risks and uncertainties of proceeding with the Class Action.  Those risks include the uncertainty of obtaining and maintaining class certification, prevailing on the merits, proving substantial damages at trial, and prevailing on post-trial motions and likely appeals.  Additionally, there is the risk that FBD may not have the money to pay any judgment even if Plaintiff wins at trial.  Based upon the consideration of these and other factors, including the substantial time and expense of further litigation, Class Counsel believe that it is in the best interests of the Settlement Class to settle the Class Action on the terms described below.

    FBD strongly denies any wrongdoing and does not believe it has any liability to the Class Representatives or the Settlement Class. However, FBD believes that it is in its best interests to settle the Class Action under the terms of the Settlement Agreement and obtain closure on these matters to avoid the uncertainty, expense, and diversion of business resources resulting from further litigation.

    The proposed settlement is with FBD only.  The lawsuit will continue against the other defendants.

    The parties engaged in extensive settlement negotiations, participated in mediation before a retired judge who is a professional mediator, and shared significant amounts of information about the Class Action before reaching the Settlement.

    This Notice does not imply that any court has found or would have found that FBD violated the law, that a class would have been certified, or that any member of the proposed class would have recovered any amount of damages if the Class Action was not settled.

**SETTLEMENT MEMBERS**

To find out if you are entitled to benefits from this Settlement, you first have to determine if you are a Class Member.

6.  **Am I a Member of the Settlement Class?**

    You are a member of the Settlement Class if:

    - You were enrolled in an online membership program for discount coupon subscriptions, through use of a remotely created check ("RCC") created in your name, offered by any of ZaaZoom Solutions, LLC, Zaza Pay LLC, Discount Web Member Sites LLC, Unlimited Local Savings LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub LLC, RaiseMoneyForAnything, MultiEcom, LLC, Online Discount Membership, Web Discount Company, Liberty Discount Club, Online Resource Center, LLC, Web Coupon Site, USave Coupon, UClip, and/or any

- other entity offering discount coupon subscriptions controlled and operated by ZaaZoom Solutions, LLC and/or Zaza Pay LLC (collectively "ZaaZoom"); AND

- You believe you did not authorize ZaaZoom to create and deposit an RCC in your name; AND

- Your banking account was drawn on by way of an RCC and deposited at FBD, or Membership Fees were collected from your banking account and deposited at FBD, or you incurred Bank Account Fees in connection with a collection or attempted collection of Membership Fees by any instrument deposited at FBD, between May 6, 2007 and January 15, 2014.

**If you received this notice, you have been identified as a likely Settlement Class Member based on our records.**

## THE PROPOSED SETTLEMENT

This Notice provides a summary of some, but not all, of the terms of the Settlement Agreement.  Click [here] to see a copy of the entire Settlement Agreement. The Settlement Agreement must be approved by the Court and become "Final" before any benefits are paid.

**7. What Benefits Will I Receive as a Settlement Class Member?**

Class Members who submit a Claim Form that is approved, and who do not exclude themselves (i.e., "opt out") from the Settlement, will be eligible to receive a Cash Payment of up to $60.00.

**8. Are the Settlement Benefits Available Now?**

No. No money or benefits are available now because the Court has not yet decided whether to approve the Settlement. There is no guarantee that money or benefits will ever be distributed. However, if you want to participate in the Settlement in the event that it obtains approval, you must submit a Claim Form. Click [here] to submit a Claim Form online or to print the Claim Form for mailing. You can also call 1-855-330-5893 to have a Claim Form mailed to you. The deadline to submit a Claim Form is **April 28, 2014**.

## YOUR RIGHTS AND OPTIONS

You need to decide whether to participate in the Settlement.

**9. What Happens if I do Nothing?**

If you do nothing, you will automatically be a member of the Settlement Class, and all of the Court's orders will apply to you and legally bind you. Therefore, in order to receive *any benefit* from the Settlement, you must submit a valid Claim Form. Click [here] to submit a Claim Form online or to print the Claim Form for mailing. You can also call 1-855-330-5893 to have a Claim Form mailed to you.

**10. If I Remain in the Settlement Class, What Claims Do I Give Up?**

If you remain in the settlement class, you will essentially give up any and all claims against FBD, its successors in interest, and anyone connected to them, that arise from the allegations in this lawsuit.  The full scope of the release of claims, which you should read, is set forth below:

In consideration of the payments made by FBD and the entire Settlement Agreement (which may be found here -insert link), and upon the Effective Date, you and your respective agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and all of their past, present and future representatives and predecessors will release and forever discharge FBD Liquidating Trust as successor in interest to First Bank of Delaware ("FBD") and each of its parent, subsidiary and affiliated companies, entities, trust(s), predecessors, successors and each of its owners, shareholders, beneficiaries, officers, directors, agents, servants, employees, attorneys, independent contractors, insurers, affiliated entities and all other persons acting on its behalf (collectively, the "Releasees"), from all present and any and all future claims and any and all liability whatsoever arising out of, relating to, or concerning the facts alleged in the Third Amended Complaint in the Class Action (which may be found here -insert link) and in the Recitals found in the Settlement Agreement (which may be found here -insert link), including, but not limited to, any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, claims for breach of contract, claims for violation of privacy, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, restitution, rescission, claims for contribution or indemnification, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Class Action, suspected or unsuspected, contingent or matured, under federal, state or local law, which you had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences prior to the Preliminary Approval Date relating to or arising out of, or connected with or resulting from any claim or cause of action which was or could have been asserted in the Class Action which arose from the transactions or events alleged in the Class Action (collectively, the "Released Claims")

With regard to the Released Claims encompassed in the paragraph immediately above, you acknowledge that you are aware that you may later discover facts in addition to or different from those which you now know or believe to be true with regard to the Class Action or any other subject of this Agreement, but that you intend to fully, finally, and forever settle and release all disputes and differences, known and unknown, suspected or unsuspected, which now exist or formerly existed between or among you and the Releasees with respect to the Released Claims and that in furtherance of this intention, this release shall be and will remain a full and general release of the Class Action and any other subject matter of this Agreement notwithstanding the discovery or existence of any additional or different facts relating to the Class Action or any other subject of this Agreement.  You expressly

acknowledge that you are familiar with principles of law such as Section 1542 of the Civil Code of the State of California. California Civil Code § 1542 provides that:

> ***A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.***

To the extent that California or other law may be applicable to the Agreement, you expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein will be knowingly and voluntarily waived and relinquished to the fullest extent permitted by law solely in connection with unknown claims that relate to the claims or causes of action against FBD set forth in the Class Action, and you agree and acknowledge that this is an essential term of the Release. In connection with the Release, you acknowledge that you are aware that you may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those which you now know or believe to be true with respect to matters released herein.

**11. Why Would I ask to be Excluded?**

You may want to exclude yourself from the Settlement Class if intend to file or already filed a lawsuit or arbitration against FBD or its affiliates for the Released Claims and want to continue that lawsuit or arbitration individually, on your own behalf. If you do not exclude yourself, you will be legally bound by all orders of the Court regarding the Settlement Class, the Settlement Agreement, and the Released Claims. All Settlement Class Members who do not ask to be excluded will be forever barred from asserting against FBD and its affiliates any and all actions, claims, causes of action, proceedings, or rights of any nature and description whatsoever regarding the Released Claims, as more fully described in Section 10 above and in the Settlement Agreement. If you request exclusion you shall not be entitled to recover any benefits from the Settlement.

**12. How Do I Exclude Myself From the Settlement Class?**

You may exclude yourself ("opt out") from the Settlement Class by sending a written request to the Settlement Administrator postmarked no later than **April 28, 2014**. Your request for exclusion must contain the following information:

- o  Your name, address and telephone number;
- o  The Membership Program(s) in which you were enrolled; and
- o  A signed statement that you wish to be excluded from the Settlement Class.

Please send your request for exclusion to the following address:

*Evans v. ZaaZoom* Settlement Administrator
c/o KCC Class Action Services

P.O. Box 43233<br>
Providence, RI 02940-3233

If you exclude yourself from the Settlement, you cannot object to the Settlement and you will **not** receive any money or other benefits from the Settlement.

**13. Can I Object to the Settlement?**

Yes, but **not** if you exclude yourself from the Settlement Class. Objecting is simply telling the Court that you do not like something about the Settlement. All objections that are filed by the deadline of **May 26, 2014** will be considered at the Fairness Hearing on June 25, 2014. After your objection is heard by the Court, you may file a Claim Form. If you do not file an objection, you waive your right to appeal any Court order or judgment related to the Settlement.

To object to the Settlement, file a written objection in *Amber Marsh and Stacie Evans et al. v. ZaaZoom Solutions et al.*, Case No. 3:11-cv-05226-WHO, in the United States District Court for the Northern District of California.

**File an objection by sending it to, or depositing it at, the address below.** Your written objection should include or state:

o   Your full name, address, and telephone number;

o   The Membership Program(s) in which you were enrolled and for which deductions were taken from your bank account;

o   A written statement of all grounds for your objections accompanied, if possible, by any legal support for such objections;

o   Copies of any papers, briefs or other documents upon which your objection is based; and

o   Whether you intend to appear at the Final Approval Hearing.

o   If you intend to appear at the Final Approval Hearing through counsel, the identity of the attorney(s) representing you who will appear at the Final Approval Hearing.

The deadline to file your objection is **May 26, 2014**. The address for the Court is:

>   Clerk of the Court
>   U.S. District Court for the Northern District of California
>   450 Golden Gate Ave.
>   San Francisco, CA 94102

**14. When is the Fairness Hearing?**

The Court will hold a Fairness Hearing on **June 25, 2014, at 2 p.m.** in Courtroom 2 of the United States District Court for the Northern District of California, the Honorable William H. Orrick presiding, located at 450 Golden Gate Ave., San Francisco, CA 94102. The date of the Fairness Hearing may change, so please refer to the Settlement website to confirm the date and time of the Fairness Hearing. At the Fairness Hearing, the Court will consider if:

- o   The Settlement is fair, reasonable, and adequate;
- o   The Settlement should be approved; and
- o   If there are any objections to the Settlement.

**15. Do I Have to Attend the Fairness Hearing?**

No. Your attendance at the Fairness Hearing is not required even if you submit a written objection. However, you or your attorney may attend the hearing at your own expense.

**16. May I Speak at the Fairness Hearing?**

Yes.  The Court will determine the order of the speakers, and may limit the number if many objectors appear to, and have, the same argument to make.  You should file a written objection as described above that indicates that you intend to appear.  You may also enter an appearance through an attorney hired at your own expense.

## THE LAWYERS REPRESENTING YOU

**17. Does the Settlement Class Have a Lawyer?**

Yes.  The Court appointed the law firms of Arias, Ozzello & Gignac, LLP and Kronenberger Rosenfeld, LLP to represent you and the other Settlement Class Members. They are called "Class Counsel."  More information about these law firms, their practices, and their lawyers is available at www.aogllp.com and www.krinternetlaw.com.

**18. Should I Hire My Own Lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. However, you may hire an attorney at your own expense to represent you and speak on your behalf.

**19. How Will Class Counsel be Paid?**

If the Court approves the Settlement Agreement at the Fairness Hearing, then Class Counsel will ask the Court for an award of reasonable attorneys' fees in an amount not to exceed $132,000, and reimbursement of verifiable expenses incurred as a result of the Class Action in an amount not to exceed $18,000.

The Court will determine how much Class Counsel are paid.

**20. Will the Class Representatives Request Any Payments in Addition to the Settlement Benefits?**

Yes. The Class Representative in this Class Action is Stacie Evans. Class Counsel will request that the Court grant a service award of up to $2,500 to Ms. Evans as Class Representative for her efforts in obtaining the benefits of the Settlement for the Class.

**MORE INFORMATION**

**21. Where Can I Get More Information?**

This Notice is only a summary of relevant court documents. Click [here] to see complete copies of case-related documents. If you have further questions, you may:

- Call the Settlement Administrator at the toll free number: 1-855-330-5893

- Write to the Settlement Administrator:

  *Evans v. ZaaZoom Solutions* Settlement Administrator
  c/o KCC Class Action Services
  P.O. Box 43233
  Providence, RI 02940-3233

- If you wish to contact Plaintiff's Counsel regarding the Settlement, you may contact them directly as follows:

| | |
|---|---|
| Mike Arias, Esq. | Karl Kronenberger, Esq. |
| Arias, Ozzello & Gignac, LLP | Kronenberger Rosenfeld, LLP |
| 6701 Center Drive West, Suite 1400 | 150 Post Street, Suite 520 |
| Los Angeles, CA 90045 | San Francisco, CA 94108 |
| (310) 670-1600 | (415) 955-1155 |

**22. May I Contact the Court or FBD Directly?**

Please do not contact the Court or FBD's attorneys regarding this Settlement. They cannot provide you any advice.

However, you may contact ZaaZoom Solutions, LLC or Zaza Pay, LLC to discuss your enrollment in any of their Membership Programs, including any requests to withdraw from or cancel any Membership Program in which you are currently enrolled. Please do not contact ZaaZoom Solutions, LLC or Zaza Pay, LLC or their attorneys to discuss this lawsuit or Settlement.