UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company, **ZAZA PAY LLC**, a Delaware Limited Liability Company dba Discount Web Member Sites, LLC, Unlimited Local Savings, LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and RaiseMoneyForAnything; **MULTIECOM, LLC**, a Colorado Limited Liability Company dba Online Discount Membership, Web Discount Company, and Liberty Discount Club; **ONLINE RESOURCE CENTER, LLC**, a Delaware Limited Liability Company dba Web Coupon Site, USave Coupon, and UClip; **MOE TASSOUDJI**, an individual, **BILL CUEVAS**, an individual, **FIRST BANK OF DELAWARE**, a Delaware Corporation, **FIRST NATIONAL BANK OF CENTRAL TEXAS**, a Texas Corporation; **SUNFIRST BANK**, a Utah Corporation; **JACK HENRY & ASSOCIATES, INC.**, a Delaware Corporation dba ProfitStars; **AUTOMATED ELECTRONIC CHECKING, INC.,** a Nevada Corporation; **DATA PROCESSING SYSTEMS, LLC**, a Delaware Limited Liability Company and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 3:11-cv-05226-WHO<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT CONCERNING FIRST BANK OF DELAWARE** |

This matter came for hearing on June 25, 2014, before the Honorable William Orrick upon the motion of Plaintiff Stacie Evans and the Class she represents (hereinafter, collectively, "Plaintiff") and not opposed by Defendant First Bank of Delaware ("FBD") for final approval of the Class Action Settlement Agreement and Release entered into on December 11, 2013 ("the Agreement"). Due and adequate notice having been given to the members of the settlement Class, and the Court having considered the Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Settlement, and having reviewed the entire record in this action ("the Action"), and good cause appearing therefor, the Court, finds that:

WHEREAS, a dispute arose between Plaintiff and FBD due to alleged violations of California, Arizona, and federal law stemming primarily from the collection or attempted collection of Membership Fees for discount coupon subscriptions or Membership Programs from Settlement Class Members' bank accounts through the medium of remotely created checks ("RCCs") and the subsequent deposit of such RCCs in depository accounts maintained by FBD. Named Plaintiff filed an initial class action complaint on May 6, 2011, a First Amended Complaint on July 22, 2011, a Second Amended Complaint on September 23, 2011, and a Third Amended Complaint ("TAC") on April 10, 2012;

WHEREAS, in the operative TAC, Plaintiff asserted claims for negligence, Statutory negligence under California Commercial Code § 3404, conversion, Violation of California's unfair business practices under Business & Professions Code § 17200, and Violation of the 18 U.S.C. § 2510 (the "Wiretap Act") on behalf of (1) a nationwide class of persons who contend that, *inter alia*, funds were withdrawn from their bank accounts without their knowledge, permission, or authorization; and (2) a California subclass of persons who contend that, *inter alia*, funds were withdrawn from their bank accounts without their knowledge, permission, or authorization;

WHEREAS, in two rounds of motion-to-dismiss proceedings, this Court dismissed all of Plaintiff's claims against FBD other than the common law negligence claim;

WHEREAS, FBD expressly denies the allegations of wrongdoing and violations of law alleged in this Action, and denies any liability whatsoever to Plaintiff or to the Class Members;

WHEREAS, without admitting any liability, claim, or defense the parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty, and business disruption of ongoing litigation;

WHEREAS, this Court granted preliminary approval of the parties' Agreement in this Action on January 22, 2014 ("Preliminary Approval Order");

WHEREAS, notice to the Class Members was sent in accordance with the Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed Settlement was duly held and a decision reached;

NOW, therefore, the Court grants final approval of the Settlement, and **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. This Order Granting Final Approval of Settlement ("Final Approval Order") incorporates by reference the definitions set forth in the Agreement, and all terms used herein shall have the same meaning as set forth in the Agreement.

2. The Court has personal jurisdiction over the Plaintiff and all members of the Settlement Class, and the Court has subject matter jurisdiction to approve the Settlement and Agreement and all Exhibits thereto.  The Court will have continuing jurisdiction over this matter until all obligations stated in the Agreement have been complied with and thereafter if any issues pertaining to this Action or the Agreement arise.

3. The Court has determined that the notice given to the Class fully and accurately informed all persons in the Class of all material elements of the proposed Settlement, including the plan of allocation of the Cash Payment and the application for service award to the Named Plaintiff and the application for an attorney's fees award to Class Counsel, constituted the best notice practicable under the circumstances; constituted valid, due, and sufficient notice to all

Class Members; and complied fully with the Class Action Fairness Act, Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

4. The Court has determined that no member of the Class, and no other person, requested exclusion from the Settlement Class, nor objected to the Settlement.

5. The Court hereby grants final approval of the Agreement as fair, reasonable, and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the parties to consummate the Settlement in accordance with the terms of the Agreement.

6. The plan of distribution as set forth in the Agreement providing for the distribution of the Net Settlement Amount to Class Members is approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. The Court hereby finds that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the settlement and this Agreement.

8. A class of individuals has been formed for settlement purposes only as follows: all persons whose banking accounts were drawn on by way of remotely created checks created by or on behalf of the ZaaZoom Defendants and deposited at FBD, or from whom Membership Fees were collected and deposited at FBD, or who incurred Bank Account Fees in connection with a collection or attempted collection of Membership Fees by any instrument deposited at FBD, from May 6, 2007 to January 15, 2014 (the "Class").

9. The Class has over 559,500 members and is sufficiently numerous that joinder is not practicable.

10. There are questions of law and fact common to the members of the Class. Common questions of law and fact include:

- Plaintiff and the Class have made the common factual allegation that the ZaaZoom Defendants enrolled them in Membership Programs and withdrew, or attempted to withdraw, Membership Fees without their knowledge or consent;

- Plaintiff and the Class have also made the common factual allegations that the ZaaZoom Defendants effected these unlawful withdrawals by RCCs, which they deposited in an account with FBD; and

- Plaintiff and the Class have made the common allegation that FBD engaged in common law negligence by disregarding warning signs that the ZaaZoom Defendants' Membership Programs—and the RCCs associated with those programs—were fraudulent.

For settlement purposes only, these common questions of law and fact predominate over any questions affecting individual members of the Class, and a Rule 23 class action is superior to other available methods for the fair and efficient resolution of this Action.

11. The claims of the Class Representative are typical of the claims of the members of the Class in that they arise out of the same facts and present the same legal theories as they all arise out of the same common factual allegation that remotely created checks were created by or on behalf of the ZaaZoom Defendants and deposited at FBD without the authorization of members of the Class. For settlement purposes only, the Court need not determine questions of the legal test for common law negligence in the 50 states, nor determine whether the Class could be certified for the purpose of contested litigation, because FBD has, for settlement purposes only, agreed to make the Cash Payment set forth in the Agreement.

12. Stacie Evans, as Class Representative, has fairly and adequately protected the interests of the Class by retaining Class Counsel who are skilled in actions of this type and as evidenced by the negotiation of the Agreement.

13. The Court approves the payment of reasonable Settlement Administration Costs to the Settlement Administrator, KCC Class Action Services, in the amount of $93,334.00.

14. The Court approves an award of attorney's fees of $131,000.00 and costs and expenses of $15,333.95 to Class Counsel, which shall be paid from, and not in addition to, the Settlement Fund.

15. The Court approves an award to Named Plaintiff Stacie Evans, on account of her service to the Class, in the amount of $2,500.00, which shall be paid from, and not in addition to, the Settlement Fund.

16. The Court approves the payment of any unclaimed settlement proceeds to be remitted under the *cy pres* doctrine to the Samuelson Law, Technology & Public Policy Clinic at the University of California, Berkeley, School of Law (Boalt Hall).

17. Each party is to bear his, her or its own costs and attorney's fees, except as provided in the Agreement and as set forth above in this Final Judgment and Order. Without affecting the finality of this Final Judgment and Order, the Court reserves exclusive and continuing jurisdiction over the Action, the Named Plaintiff Stacie Evans, the Class, and the Defendant FBD for the purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Preliminary Approval Order, the distribution of the Settlement Fund, the Final Judgment, and this Order; and (b) hearing and determining the application of the Named Plaintiff Stacie Evans for a service award on account of her risks taken and time and expense incurred on behalf of the Class in bringing this Action; and (c) hearing and determining the application by Class Counsel for an award of attorney's fees, costs, and expenses, which hearings shall take place concurrently with the hearing for this Final Judgment and Order.

18. Upon entry of this Final Judgment and Order, and by operation of this Final Judgment and Order, the claims of each Class Member against FBD, and against any and all of the Releasees as defined in the Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Agreement.

19. By operation of this Final Judgment and Order, all members of the Class are hereby forever barred and enjoined from prosecuting the Released Claims against any of the Releasees as defined in the Agreement.

20. Each member of the Class is bound by this Final Judgment and Order, including, without limitation, the release of claims as set forth in the Agreement.

21. This Final Judgment and Order and the Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by FBD of any liability, claim, or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim, or wrongdoing in this Action or in any other proceeding.

22. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement, and each party shall retain his, her, or its rights to move for or oppose certification of the Class.

23. The Court enters this Final Judgment and Order dismissing this Action as against FBD only. The Court finds that there is no just reason for delay of entry of this Final Judgment and hereby directs its entry.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: June 26, 2014

_____
Honorable William H. Orrick
United States District Judge