**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **AMBER KRISTI MARSH** and **STACIE EVANS,** individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**ZAAZOOM SOLUTIONS, LLC**, *et al.*,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No. 3:11-cv-05226-WHO<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT WITH DEFENDANTS FIRST NATIONAL BANK OF CENTRAL TEXAS AND JACK HENRY & ASSOCIATES, INC.** |

On February 7, the Court certified the following class as to Defendants First National Bank of Central Texas ("FNBCT") and Jack Henry & Associates, Inc ("Jack Henry"):

> All residents of California from whom Membership Fees were collected (or who incurred Bank Account Fees in connection with a collection or attempted collection of Membership Fees) by way of remotely created check(s) drafted by Defendant Jack Henry & Associates, Inc. and deposited with First National Bank of Central Texas, from May 6, 2007 to the date of the preliminary approval order (the "Class"). [D.E. No. 265.]

On September 10, 2014, the Court held a hearing on Plaintiff Amber Kristi Marsh's unopposed motion for preliminary approval of a class action settlement with respect to the Class and as to Defendants FNBCT and Jack Henry only. Having considered the motion and the Parties' proposed settlement, the Court grants Plaintiff's motion as follows:

1. The Court has reviewed the terms of the Parties' Settlement Agreement ("Agreement"), submitted as Exhibit 1 to the Rosenfeld Declaration [D.E. No. 298], and preliminarily finds that the Agreement appears sufficiently fair, reasonable, and adequate to warrant dissemination of class notice of the proposed settlement and to schedule a formal fairness hearing. The Court finds that the Agreement contains no obvious deficiencies and that the Parties entered into the settlement in good faith, following arm's length negotiations between their respective counsel. The Court adopts the definitions set forth in the Agreement and all defined words or phrases used in this Order shall have the same meaning as in the Agreement.

2. Pursuant to Rule 23(c)(2)(B) and Rule 23(e) of the Federal Rules of Civil Procedure, the Court orders that the Class be given notice of the pendency of this action and the Parties' proposed settlement. The Court finds that the Class Notice dissemination procedure set forth in Paragraphs 46-48 of the Settlement Agreement: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of their right to object or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements as set forth by law. Accordingly, the Court

1 adopts and incorporates the Class Notice dissemination procedures set forth in Paragraphs 46-48 of the Agreement into this Order.

3. The Court approves the Class Notice and the Postcard Notice attached as Exhibits A-B to the Agreement. The Court also approves the creation of a Settlement Website by the Settlement Administrator.

4. The Court appoints KCC Class Action Services, LLC ("KCC"), as Settlement Administrator to disseminate notice to the Class and administer the settlement. The Court orders KCC to: (i) complete dissemination of notice to the Class by twenty-five (25) business days after entry of this order in accordance with Paragraphs 46-48 of the Agreement; (ii) file proof of the dissemination of notice to the Class at or before the Final Approval Hearing; (iii) establish a post office box in KCC's name to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other communications; (iv) promptly furnish Class Counsel, Defense Counsel, FNBCT, and Jack Henry with copies of any and all written requests for exclusion, notices of intention to appear, or other communications from Class Members; and (v) provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) business days after the close of the 45-day opt-out period and file a declaration attesting to the completeness and accuracy thereof no later than three (3) business days thereafter or on such other date as the Parties may direct.

5. The Court sets a Final Approval Hearing on **December 17, 2014, at 2 p.m.** to consider the fairness, reasonableness, and adequacy of the proposed settlement and Agreement and determine whether it should finally be approved by the Court. At that time, the Court will hear any applications for an Attorneys' Fee Award, expenses, and/or Plaintiff's Service Award.

6. The Court sets **November 10, 2014**, as the deadline for filing the final approval motion and the application for the Attorneys' Fee Award.

7. The Court sets **December 3, 2014**, as the deadline for filing any reply memorandum in further support of final approval of the proposed settlement or the Attorneys' Fee Award application.

//

8. The Court orders that any Class Member who wishes to exclude himself or herself from the Settlement Class must submit a written request for exclusion to the Settlement Administrator via first class United States mail postmarked no later than **November 24, 2014**. Any Class Member who does not submit a timely written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

9. The Court orders that any Class Member who does not exclude himself or herself from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement, the proposed settlement, or to the Attorneys' Fee Award should submit his or her objections to the Court at the address listed on the Class Notice, via first class United States mail postmarked no later than **November 24, 2014**, or by hand no later than the same date. The objection should be in writing, signed by the Settlement Class Member, and should contain all of the following information: (i) the objector's full name, address, and telephone number; (ii) the Membership Program(s) in which the objector was enrolled and for which deductions were taken from the objector's bank account; (iii) a written statement of all grounds for the objections accompanied, if possible, by any legal support for such objections; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) whether the objector intends to appear at the Final Approval Hearing; and (vi) if the objector intends to appear at the Final Approval Hearing through counsel, the identity of the attorney(s) representing the objector who will appear at the Final Approval Hearing.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement, the proposed settlement, or to the Attorneys' Fee Award shall be at the Settlement Class Member's own expense.  Any Settlement Class Member who does not file a timely written objection in accordance with the procedures stated herein shall be foreclosed from seeking any adjudication or review of this settlement by appeal or otherwise. The parties shall not have the right to depose any objector.

//

//

Case No. 3:11-cv-05226-WHO    3    **ORDER GRANTING PRELIMINARY APPROVAL MOTION**

10. Any Settlement Class Member who timely files a written objection but whose objection is overruled by the Court will remain a member of the Settlement Class and receive the Cash Payment set forth in the Settlement Agreement.

11. The Court preliminarily enjoins all Class Members unless and until they have timely excluded themselves from the Settlement Class (i) from filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding against FNBCT or Jack Henry in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding against FNBCT or Jack Henry as a class action on behalf of any Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims.

As set forth above, the Court preliminarily approves the Parties' class action settlement and Agreement.

**IT IS SO ORDERED.**

**DATED:** September 11, 2014

_____
The Honorable William H. Orrick
United States District Judge

Case No. 3:11-cv-05226-WHO     4     **ORDER GRANTING PRELIMINARY APPROVAL MOTION**