UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER KRISTI MARSH and STACIE EVANS, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**ZAAZOOM SOLUTIONS, LLC**, a Delaware Limited Liability Company, **ZAZA PAY LLC**, a Delaware Limited Liability Company dba Discount Web Member Sites, LLC, Unlimited Local Savings, LLC, Web Discount Club, Web Credit Rpt. Co., MegaOnlineClub, LLC, and RaiseMoneyForAnything; **MULTIECOM, LLC**, a Colorado Limited Liability Company dba Online Discount Membership, Web Discount Company, and Liberty Discount Club; **ONLINE RESOURCE CENTER, LLC**, a Delaware Limited Liability Company dba Web Coupon Site, USave Coupon, and UClip; **MOE TASSOUDJI**, an individual, **BILL CUEVAS**, an individual, **FIRST BANK OF DELAWARE**, a Delaware Corporation, **FIRST NATIONAL BANK OF CENTRAL TEXAS**, a Texas Corporation; **SUNFIRST BANK**, a Utah Corporation; **JACK HENRY & ASSOCIATES, INC.**, a Delaware Corporation dba ProfitStars; **AUTOMATED ELECTRONIC CHECKING, INC.,** a Nevada Corporation; **DATA PROCESSING SYSTEMS, LLC**, a Delaware Limited Liability Company and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 11-cv-05226-WHO<br><br>**ORDER ON MOTION FOR CLARIFICATION OF THE ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT CONCERNING FIRST BANK OF DELAWARE**<br><br>Re: Dkt. No. 300 |

## INTRODUCTION

Plaintiff's inaptly styled motion for clarification arises from the settlement administrator's whopping underestimate of the cost of administrating the settlement in this case. The motion at its core seeks relief from my June 26, 2014 order granting final approval of a class action settlement

between plaintiff Stacie Evans and the class she represents (collectively, "plaintiff") and defendant First Bank of Delaware ("FBD") because of mistake, inadvertence, surprise, or excusable neglect. *See* Dkt. No. 289 (Order Granting Final Approval of Class Action Settlement and Judgment Concerning First Bank of Delaware) ("Final Approval Order").  Some increase in the settlement administrator's fees is justified, so I will GRANT the motion in part.

**BACKGROUND**

Plaintiff's asserted need for a modification of the Final Approval Order results from a series of changes in the settlement administrator's estimated costs and plaintiff's failure to timely communicate some of those changes to the Court.

KCC Class Action Services, LLC ("KCC") was appointed settlement administrator on January 22, 2014 as part of this Court's preliminary approval of the settlement between plaintiff and FBD.  Dkt. No. 253 ¶ 7 (Order Certifying Settlement Class and Preliminarily Approving Class Action Settlement).  KCC's estimated cost of settlement administration at the time was $115,179.  Robin Decl. ¶ 4 (Dkt. No. 301).  On March 13, 2014, after removing duplicate names from the list of class members, KCC provided the parties with a reduced estimate of $93,334.  Robin Decl. ¶ 5, Ex. B.  On March 28, 2014, plaintiff filed a motion for final approval, citing the $93,334 figure as the estimated cost of settlement administration.  Dkt. No. 269 at 8.

On April 10, 2014, in anticipation of the April 28, 2014 claims filing deadline, the parties requested that KCC perform certain "notice enhancements" to increase the claims filing rate, including a supplemental email notice to class members.  Robin Decl. ¶ 6.  KCC agreed and informed the parties that the notice enhancements would increase the estimated cost of settlement administration to $112,593.  *Id.*  After delivery of the supplemental email notice, class members submitted an additional 915 claims to KCC.  Robin Decl. ¶ 7.

On June 11, 2014, plaintiff filed a status report.  Dkt. No. 283.  It described the various steps taken by KCC to notify class members and generate claims but did not inform the Court of the nearly $20,000 increase in KCC's cost estimate.  *Id.*  On June 25, 2014, plaintiff filed a proposed final approval order.  Dkt. No. 287.  The proposed order awarded payment to KCC in an amount "not to exceed $115,000" but did not explain the basis for that figure.  Dkt. No. 287 ¶ 13.

I issued the Final Approval Order on June 26, 2014. Dkt. No. 289. In line with the previous information provided to me, I granted KCC payment in the amount of $93,334. *Id.* ¶ 14.

The day after the Final Approval Order was issued, the parties asked KCC to provide them with an updated estimate for the total cost of settlement administration. Robin Decl. ¶ 9. On June 30, 2014, KCC informed the parties that the estimated cost had increased to between $145,389.73 and $149,589.73. *Id.* KCC has since reduced its estimate to $143,963.84. *Id.* KCC states that the unexpected increase in cost is due primarily to: (1) more than four times the projected number of mailings being returned as undeliverable, requiring KCC to perform many more address searches and re-mailings than expected; and (2) receiving more than five times the estimated number of minutes of "live operator line charges." Robin Decl. ¶ 8, Ex. F. KCC's email on June 30, 2014 was the first time the parties learned that the $112,593 estimate from April 10, 2014 had been exceeded. Robin Decl. ¶ 9.

Plaintiff filed the instant motion and supporting declaration from KCC on August 21, 2014. Dkt. Nos. 300-01. Plaintiff requests that the Final Approval Order be modified under Rule 60(b)(1) to increase KCC's payment to $143,963.84.[1] Plaintiff and KCC state that the payment increase will not result in any reduction of benefits to class members, because the unclaimed portion of the settlement fund is more than sufficient to cover the additional cost. Mot. 2; Robin Decl. ¶ 2. Plaintiff and KCC further state that although the increased payment will decrease the award to the *cy pres* beneficiary – the Samuelson Law, Technology & Public Policy Clinic at the University of California, Berkeley, School of Law ("Samuelson Clinic") – the Samuelson Clinic will still receive a significant sum. Mot. 2; Robin Decl. ¶ 2. Plaintiff did not provide an estimate of the total amount to be paid either to class members or to the Samuelson Clinic.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(1) allows a district court to modify a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P.

---

[1] The motion also seeks modification under subsections (2) and (6) of Rule 60(b). Mot. 4. Because subsection (1) is the more appropriate basis for modification here, I do not consider the other subsections.

60(b)(1); *see also, Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008) ("Rule 60(b)(1)…grants the power to correct judgments…which have issued due to inadvertence or mistake.") (internal quotation marks and citations omitted). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Lemoge v. United States,* 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotation marks and citation omitted). "At least four factors are considered: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (internal quotation marks and citation omitted). Neglect may be excusable even where the omission is "attributable to negligence" or "caused by carelessness." *Lemoge,* 587 F.3d at 1192 (internal quotation marks and citations omitted).

A motion under Rule 60(b)(1) "must be made within a reasonable time [and] no more than a year after the entry of the judgment or order" which the movant seeks to be modified. Fed. R. Civ. P. 60(c)(1). Apart from this procedural requirement, whether to grant a Rule 60(b)(1) motion is within "the sound discretion of the district court." *Barber v. State of Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994).

**DISCUSSION**

Modification of the Final Approval Order is appropriate. Neither FBD nor class members will be prejudiced by a reasonable increase in KCC's payment. FBD has submitted a notice of non-opposition to the motion explaining that it does not oppose the requested modification because: (1) it believes the "miscommunication with the Court regarding the amount of [KCC's] fees and costs was inadvertent;" (2) KCC "has worked efficiently and has given fair value to the parties and to the class;" and (3) granting the motion "would not result in the reduction of any payment to any class member, because there still will be unclaimed funds subject to *cy pres* distribution." Dkt. No. 302 at 1.

FBD's last point is particularly important. Class members will not be harmed in any way by the requested modification. KCC attests in its declaration that the modification will have "no

impact on payments to class members." Robin Decl. ¶ 3. Although the *cy pres* distribution would be reduced by an increased payment to KCC, each class member who has filed a claim will receive the exact same benefit he or she would receive were KCC's payment to remain set at $93,334. *Id.* There is no indication that any class member will be prejudiced by a minor redistribution of funds between the Samuelson Clinic and KCC. As I noted in the Final Approval Order, no class member has objected to the settlement or requested exclusion from the settlement class on any ground, let alone on the ground that the payments to the Samuelson Clinic and KCC were unsatisfactory. Dkt. No. 289 ¶ 4.

Plaintiff's failure to properly communicate KCC's increasing cost estimates to me was clearly inadvertent. The Ninth Circuit has made clear that omissions resulting from "negligence" or "carelessness" may be excusable in certain circumstances. *Lemoge*, 587 F.3d at 1192; *see also, Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (characterizing an attorney's "calendaring mistake caused by the failure to apply a clear local rule" as a "weak justification" but nevertheless excusing the attorney's failure to timely file a summary judgment opposition); *Pincay v. Andrews*, 389 F.3d 853, 859-60 (9th Cir. 2004) (recognizing that "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered" yet upholding the district court's excusable neglect finding); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1222-25 (9th Cir. 2000) (finding excusable neglect where an attorney missed a filing deadline while he was out of the country because of a family emergency and did not contact the district court until 16 days after his return due to "jet lag and the time it took to sort through the mail"). There is no evidence of bad faith on the part of plaintiff, FBD, or KCC. *See Bateman*, 231 F.3d at 1225 ("[T]here is no evidence that [the attorney] acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness."). And, KCC's increased costs were caused at least in part by plaintiff and FBD's efforts to seek out more class members and generate additional claims.

The circumstances of this case are different from those that typically justify Rule 60(b)(1) relief. As the Ninth Circuit has observed, "because Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits,

with the interest of both litigants and the courts in the finality of judgments, nearly all of the cases in which relief has been granted under the excusable neglect standard involve situations in which a party was prevented from obtaining an adjudication on the merits." *Harvest*, 531 F.3d at 747-48 (internal quotation marks, citations, and brackets omitted).  Rule 60(b)(1) motions are typically granted to provide relief from a default or other judgment based on a party's total failure to prosecute their case.  *See, e.g., Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1110-12 (9th Cir. 2011) (default judgment); *Ahanchian*, 624 F.3d at 1262 (failure to file a timely summary judgment opposition); *Pincay*, 389 F.3d at 859-60 (failure to file a timely notice of appeal).  That is not the situation here.  Nevertheless, the lack of prejudice to either FBD or the class members, the inadvertent nature of plaintiff's omission, the absence of evidence of bad faith, and the minimal impact modification will have on these proceedings all weigh in favor of modifying the Final Approval Order.

That said, plaintiff's request for a $143,963 payment to KCC, a more than $50,000 increase from the figure stated in plaintiff's motion for final approval, is excessive.  If KCC were paid that amount, plaintiff's counsel and KCC would end up with a substantially greater share of the settlement fund than the class members.[2]  Relief from a judgment under Rule 60(b)(1) must be on "just terms."  Fed. R. Civ. P. 60(b); 11 Wright & Miller, Fed. Prac. & Proc. Civ. § 2857 (3d ed.).  If I had been faced with a motion for preliminary or final approval that awarded plaintiff's counsel and KCC substantially more than half the settlement fund, I likely would have rejected it as unreasonable and unfair to the class.

The $115,000 figure included in plaintiff's proposed final approval order, but not explained at the time, represents both a reasonable payment to KCC and a more appropriate split of the settlement fund, with class members and the *cy pres* recipient retaining just over half.  Awarding KCC more than that runs the risk of equitable relief under Rule 60(b)(1) leading to an inequitable result.

---

[2] The settlement fund is $527,750.  Dkt. No. 269 at 2.  The Final Approval Order awards plaintiff's counsel $146,333 in fees and costs.  Dkt. No. 289 ¶ 14.  If KCC were paid $143,963, plaintiff's counsel and KCC would receive a combined $290,296, substantially more than half the settlement fund ($263,875).

6

**CONCLUSION**

The motion is GRANTED IN PART. Paragraph 13 of the Final Approval Order is hereby revised to read: "The Court approves the payment of reasonable Settlement Administration Costs to the Settlement Administrator, KCC Class Action Services, in the amount of $115,000." This order does not modify the Final Approval Order in any other way and shall not result in the reduction of any payment otherwise payable to any class member under the Final Approval Order and the settlement agreement between plaintiff and FBD incorporated therein. Because this modification of the Final Approval Order does not affect the rights and benefits of class members, no further notice is required. *See Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 641 (5th Cir. 2012); *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337-38 (2d Cir. 2006).

**IT IS SO ORDERED**.

Dated: September 25, 2014



WILLIAM H. ORRICK
United States District Judge