**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **AMBER KRISTI MARSH** and **STACIE EVANS,** individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**ZAAZOOM SOLUTIONS, LLC**, *et al.*,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No. 3:11-cv-05226-WHO<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT WITH DEFENDANTS JACK HENRY & ASSOCIATES, INC. AND FIRST NATIONAL BANK OF CENTRAL TEXAS** |

This matter came on for hearing on December 17, 2014 before the Honorable William H. Orrick upon the motion of Plaintiff Amber Kristi Marsh and the Class she represents (hereinafter "Plaintiff"), and not opposed by Defendants Jack Henry & Associates, Inc. ("Jack Henry") and First National Bank of Central Texas ("FNBCT") (collectively, "Defendants") for final approval of the Class Action Settlement Agreement and Release last signed by a party on August 5, 2014 (the "Agreement").  Due and adequate notice having been given to the members of the Class, and the Court having considered the Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the entire record in this action, and good cause appearing therefor, the Court finds that:

WHEREAS, a dispute arose between Plaintiff and Defendants due to alleged violations of California and federal law stemming primarily from the collection or attempted collection of Membership Fees for discount coupon subscriptions for Membership Programs from Settlement Class Members' bank accounts through the medium of remotely created checks ("RCCs") drafted by Jack Henry and the subsequent deposit of such RCCs in depository accounts maintained by FNBCT.  Named Plaintiff filed an initial class action complaint on May 6, 2011, a First Amended Complaint on July 22, 2011, a Second Amended Complaint on September 23, 2011, and a Third Amended Complaint ("TAC") on April 10, 2012;

WHEREAS, in the operative TAC, Plaintiff asserted claims for negligence, statutory negligence under California Commercial Code § 3404, conversion, violation of California's unfair business practices under Business & Professions Code § 17200, and violation of the 18 U.S.C. § 2510 (the "Wiretap Act") on behalf of (1) a nationwide class of persons who contend that, inter alia, funds were withdrawn from their bank accounts without their knowledge, permission, or authorization; and (2) a California subclass of persons who contend that, inter alia, funds were withdrawn from their bank accounts without their knowledge, permission, or authorization;

WHEREAS, in two rounds of motion to dismiss proceedings, this Court dismissed all of Plaintiff's claims against FNBCT other than the common law negligence claim;

WHEREAS, after the two rounds of motion to dismiss proceedings, claims for violation

of the Business and Professions Code §17200, conversion, and negligence remained against Jack Henry;

WHEREAS, Defendants expressly deny the allegations of wrongdoing and violations of law alleged in this action; and deny any liability whatsoever to Plaintiff and to the Class Members;

WHEREAS on February 7, 2014 the Court certified the following Class:

> All residents of California from whom Membership Fees were collected (or who incurred Bank Account Fees in connection with a collection or attempted collection of Membership Fees) by way of remotely created check(s) drafted by Defendant Jack Henry & Associates, Inc. and deposited with First National Bank of Central Texas, from May 6, 2007 to the date of the preliminary approval order (the "Class"). [D.E. No. 265.]

WHEREAS, without admitting any liability, claim, or defense the parties determined that it was mutually advantageous to settle this action and to avoid the costs, delay, uncertainty, and business disruption of ongoing litigation;

WHEREAS, this Court granted preliminary approval of the parties' Agreement in this action on September 11, 2014 [D.E. No. 304] ("Preliminary Approval Order");

WHEREAS, notice to the Class Members was sent in accordance with the Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed settlement having been duly held and a decision reached.

NOW, therefore, the Court grants final approval of the settlement, and **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. This Order Granting Final Approval of Settlement ("Final Approval Order") incorporates by reference the definitions set forth in the Agreement, and all terms used herein shall have the same meaning as set forth in the Agreement.

2. The Court has personal jurisdiction over the Plaintiff and all members of the Settlement Class, and the Court has subject matter jurisdiction to approve the settlement and the

Agreement and all exhibits thereto.  The Court will have continuing jurisdiction over this matter until all obligations stated in the Agreement have been complied with and thereafter if any issues pertaining to this action and/or the Agreement arise.

3. The Court has determined that the notice given to the Class fully and accurately informed all persons in the Class of all material elements of the proposed settlement, including the description of the planned allocation of the Cash Payment and the application for service award to the Named Plaintiff and the application for an attorneys' fees award to Class Counsel, constituted the best notice practicable under the circumstances, constituted valid, due, and sufficient notice to all Class Members, and complied fully with the Class Action Fairness Act, Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable laws.

4. The Court has determined that no member of the Class, and no other person, requested exclusion from the Settlement Class, nor objected to the settlement.

5. The Court hereby grants final approval of the Agreement as fair, reasonable, and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the parties to consummate the settlement in accordance with the terms of the Agreement.

6. The plan of distribution as set forth in the Agreement providing for the distribution of the Net Settlement Amount to Class Members is approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. The Court hereby finds that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the settlement and this Agreement.

8. The Court approves the payment of reasonable Settlement Administration Costs to the Settlement Administrator, KCC Class Action Services ("KCC"), not to exceed $28,832.  In the event that the Settlement Administrator's reasonable costs of administering the Settlement exceed $28,832, the Settlement Administrator shall file a declaration with the Court explaining the basis for the costs above $28,832 and seeking approval for payment of the additional reasonable Settlement Administration Costs out of the amount remaining from the Net Settlement Amount.

9. The Court approves an award of attorneys' fees of $28,750 and costs and expenses of $607.95 to Class Counsel, which shall be paid from, and not in addition to, the Settlement Fund.

10. The Court approves an award to Named Plaintiff Amber Kristi Marsh, on account of her service to the Class, in the amount of $1,000, which shall be paid from, and not in addition to, the Settlement Fund.

11. The Court approves the payment of any unclaimed settlement proceeds to be remitted under the *cy pres* doctrine to the Samuelson Law, Technology & Public Policy Clinic at the University of California Berkeley School of Law (Boalt Hall).

12. Each party is to bear his, her or its own costs and attorneys' fees, except as provided in the Agreement and as set forth above in this Final Judgment and Order. Without affecting the finality of this Final Judgment and Order, the Court reserves exclusive and continuing jurisdiction over the Action, the Named Plaintiff Amber Kristi Marsh, the Class, and the Defendants Jack Henry and FNBCT for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Preliminary Approval Order, the distribution of the Settlement Fund, the Final Judgment, and this Order.

13. Upon entry of this Final Judgment and Order, and by operation of this Final Judgment and Order, the claims of each Settlement Class Member against Jack Henry and FNBCT, and against any and all of the Releasees as defined in the Agreement, are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Agreement.

14. By operation of this Final Judgment and Order, all members of the Settlement Class are hereby forever barred and enjoined from prosecuting the Released Claims against any of the Releasees as defined in the Agreement.

15. Each member of the Settlement Class is bound by this Final Judgment and Order, including, without limitation, the release of claims as set forth in the Agreement.

16. This Final Judgment and Order and the Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendants of any liability, claim, or

wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim, or wrongdoing in this Action or in any other proceeding.

17. The Court enters this Final Judgment and Order dismissing this Action as against FNBCT and Jack Henry only.

18. The Court finds that there is no just reason for delay of entry of this Final Judgment and hereby directs its entry.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: December 17, 2014

_____
The Honorable William H. Orrick
United States District Judge